
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA; STATE OF NEW YORK; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; DISTRICT OF COLUMBIA; STATE OF HAWAI'I; STATE OF ILLINOIS; OFFICE OF THE GOVERNOR** ex rel. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky**; STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF WASHINGTON; STATE OF WISCONSIN,**<br><br>                                                    Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS,** in her official capacity as U.S. Secretary of Agriculture**; U.S. DEPARTMENT OF AGRICULTURE'S OFFICE OF INSPECTOR GENERAL,**<br><br>                                                    Defendants. | Case No. **3:25-cv-06310-MMC** |

**DECLARATION OF MARK LADOV**

I, Mark Ladov, declare that the following is true and correct:

1. I am an attorney licensed to practice law in the State of New York and admitted *pro hac vice* in this litigation. I am Special Counsel in the Office of the New York State Attorney General, and counsel to Plaintiff the State of New York. I make this declaration in support of Plaintiffs' motion for a stay or preliminary injunction.

2. I am over the age of 18 and have personal knowledge of all the facts stated herein, except to those matters stated upon information and belief; as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

3. Attached as Exhibit A is a copy of a letter that was received via email by a staff member of the Governor's Office of the State of New York on the evening of August 20, 2025.

4. The letter purports to be a "formal warning under 7 C.F.R. § 276.4(d)(2) to New York's Department of Social Services," an agency that does not exist. (The administration of SNAP benefits in New York State is overseen by New York's Office of Temporary and Disability Assistance (OTDA).)

5. The letter threatens to "disallow up to $275,375,223.87 for Department of Social Services' SNAP administrative expenses for each quarter in which Department of Social Services is out of compliance with the requirements of this letter."

6. This proposed disallowance would total over $1.1 billion per year, a figure that far exceeds the federal government's share of New York State's SNAP administration costs. OTDA previously stated in this litigation that New York State expends approximately $818 million in administrative costs to run its SNAP program each year, approximately $409 million of which is reimbursed by the federal government. *See* Declaration of Wendy DeMarco, ECF Doc. No. 59-21, ¶ 5.

7.      Attached as Exhibit B is a copy of a letter dated July 30, 2025, sent by OTDA Commissioner Barbara C. Guinn to USDA Deputy Under Secretary Patrick Penn in response to USDA's data demands.  Among other objections, Commissioner Guinn's letter observed that "there are significant legal and logistical hurdles that would need to be resolved before OTDA could act on the overly burdensome demand by USDA-FNS for the SNAP participant data outlined in the SORN."  The letter further explained that "prior to any legally authorized ongoing or large-scale data transmission, OTDA follows standard data security protocols, which include negotiating and executing a data sharing agreement or memorandum of understanding to govern the transfer, use, and retention of the data."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 7, 2025, at New York, NY.

                                                        */s/ Mark Ladov*

                                                        Mark Ladov

# EXHIBIT A



**U.S. DEPARTMENT OF AGRICULTURE**

August 20, 2025

Governor Kathy Hochul
NYS State Capitol Building
Albany, New York 12224

Dear Governor Hochul,

This formal warning is sent as a follow-up to our August 12, 2025 advance notification to New York's Department of Social Services for non-compliance with the U.S. Department of Agriculture's (USDA) requirement to submit Supplemental Nutrition Assistance Program (SNAP) enrollment data by July 30, 2025.

The advanced notification followed USDA's several earlier requests[1] for SNAP enrollment data and required Department of Social Services to come into compliance with Federal requirements at 7 U.S.C. 2020(e)(8)(A) by transmitting SNAP enrollment data no later than close of business Friday, August 15, 2025. In response to State requests, on August 14, 2025, USDA extended the deadline for compliance to August 19, 2025. Although many states have fully complied with the law and submitted SNAP enrollment data to USDA, as of the date of this letter, the Food and Nutrition Service (FNS) has not received complete enrollment data from Department of Social Services.

This letter serves as a formal warning under 7 C.F.R. § 276.4(d)(2) to New York's Department of Social Services for failure to comply with requirements for providing SNAP enrollment data. Unless Department of Social Services can demonstrate compliance by transmitting the SNAP enrollment data for New York, FNS will initiate a disallowance of Federal funding.

FNS will determine whether Department of Social Services has demonstrated such compliance based on successful completion of either of the two actions outlined in this letter.

- Department of Social Services must submit, within 30 days from receipt of this letter, evidence that it has complied.

- If Department of Social Services is unable to provide such evidence of compliance, it must submit, within 30 days from receipt of this letter, a corrective action proposal that FNS finds acceptable. The corrective action proposal must demonstrate how and by what date it will comply with the data sharing requirements outlined in USDA Secretary Brooke Rollins' letter to State agencies on July 9, 2025. Department of Social Services

---

[1] In letters dated May 6, 2025, July 9, 2025, and July 25, 2025, USDA informed Department of Social Services of this data collection.

Office of the Under Secretary for Food, Nutrition, and Consumer Services
1400 Independence Avenue, SW, Washington, DC 20250-9600

USDA is an Equal Opportunity Provider, Employer, and Lender

must also submit progress reports to FNS as set forth in the approved corrective action proposal.

If Department of Social Services fails to demonstrate compliance with the data sharing requirements to the satisfaction of FNS, FNS will disallow up to $275,375,223.87 for Department of Social Services' SNAP administrative expenses for each quarter in which Department of Social Services is out of compliance with the requirements of this letter, in accordance with 7 CFR 276.4. Because the data is needed to enhance the Government's ability to detect overpayments and fraud in SNAP, FNS has calculated this amount using New York's Federal Fiscal Year (FFY) 2024 SNAP Quality Control payment error rate of 14.09%. As Department of Social Services is aware, the SNAP Quality Control system measures how accurately State agencies determine eligibility and benefit amounts and, therefore, is the best measure available to FNS to estimate the cost of Department of Social Services' noncompliance with USDA's data request. The amount of $275,375,223.87 represents 14.09% of New York's FFY 2024 total allotments, divided by four.

The complete transmission of the required SNAP enrollment data is imperative to ensure FNS and the State agency have full insight into SNAP program integrity. In the absence of data, FNS lacks key information necessary to ensure effective stewardship of taxpayer dollars. FNS has already discovered from states that are complying with this statutory data sharing requirement that fraud or duplication in state distribution of federal funds has gone unreported and needs remediation. FNS stands ready to assist Department of Social Services with resolving the deficiencies through continued technical assistance to ensure its data is transmitted in compliance with Federal requirements.

If Department of Social Services wishes to discuss these matters further, please contact the FNS Tech Team at SNAPdatabase@usda.gov.


Sincerely,

Patrick A. Penn
Deputy Under Secretary
Food, Nutrition, and Consumer Services

# EXHIBIT B



**KATHY HOCHUL**
Governor
**BARBARA C. GUINN**
Commissioner
**RAJNI CHAWLA**
Executive Deputy Commissioner

July 30, 2025

Patrick Penn
Deputy Under Secretary
Food, Nutrition and Consumer Services
1400 Independence Avenue, SW
Washington, DC 20250-9600

Re: SNAP Information Database

Dear Deputy Under Secretary Penn:

The New York State Office of Temporary and Disability Assistance (OTDA) is in receipt of the July 9, 2025, July 23, 2025, and July 25, 2025 letters from the United States Department of Agriculture Food and Nutrition Service (USDA-FNS) requesting State agency Supplemental Nutrition Assistance Program (SNAP) data in relation to the System of Records Notice (SORN) published on June 23, 2025, which proposed the creation of a large federal database of SNAP participant information including sensitive personally identifiable information (PII).  The letters sought production of the data by July 30, 2025. OTDA submitted a comment in opposition to the SORN on July 23, 2025, enclosed herein. OTDA also encloses herein a multi-state comment in opposition to the SORN that the New York Attorney General (NYAG) joined in submitting on July 18, 2025. OTDA additionally notes that on July 28, 2025, the NYAG and the attorneys general of several other states filed a suit to challenge the development of this new system of records and corresponding demands for state-held data, alleging that they are contrary to statute and the Constitution and reflect an arbitrary and capricious departure from past policy. *See California et al. v. U.S. Dep't of Agriculture et al.*, Civ. Action No. 3:25-6310 (N.D. Cal.).

Consistent with OTDA's previously submitted comments in opposition to the SORN, OTDA is unable to comply with the request to submit data, especially in light of the July 30, 2025 deadline, for the reasons outlined below.

- The routine uses outlined in the SORN violate the privacy safeguards established for SNAP participants in 7 U.S.C. § 2020(e)(8) and 7 CFR § 272.1(c)(1) and constitute impermissible use and disclosure.  USDA is seeking to expand the list of parties to whom State records obtained from information provided by SNAP applicant and recipient households may be disclosed without amending applicable federal statute and regulation.

- Federal statute and regulation do not require that data maintained by State agencies and their vendors and/or contractors be made available to the USDA-FNS except for as specifically provided for in law and regulation, which as stated, does not include for the purposes set forth in the SORN.  While State agencies are required to make records available for inspection and audit under 7 U.S.C. § 2020(a)(3)(B)(i), subject to data and security protocols agreed to by the State agency and USDA, there is no general mandate that State agencies share SNAP participant data and SNAP transaction data with USDA-FNS outside of that context. Additionally, there is no general mandate that SNAP data maintained by vendors and/or contractors be transmitted to USDA-FNS as Part 272 of Title 7 of the CFR does not apply to vendors and/or contractors. As such, there is no applicable law or regulation that would require transmission of the requested data in this context.

- USDA-FNS is not responsible, nor authorized, to determine or verify eligibility for SNAP applicants and recipients.  State agencies are responsible for the day-to-day administration of SNAP, including determining eligibility and issuing benefits per 7 U.S.C. § 2020(a)(1) and 7 CFR § 271.4. Thus, USDA-FNS has no authority to request the data it seeks for the stated purpose of verifying SNAP recipient eligibility.  Additionally, the data elements sought by USDA-FNS as listed in the SORN, *to wit*, names, Social Security Numbers, dates of birth, residential addresses, Electronic Benefit Transaction card numbers, and case record identifier numbers or other identifiers or data elements maintained by states, vendors and/or contractors to identify SNAP recipients, are insufficient to make an eligibility determination.

- State agencies are already responsible for performing regular and thorough program integrity checks to protect against dual enrollment, fraud, program violations, and to ensure accuracy and validity of income determinations, immigration status and other necessary eligibility factors per 7 U.S.C. § 2020.

- The Paperwork Reduction Act minimizes the paperwork burden for State governments resulting from the collection of information by or for the federal government and Circular A-130, issued by the Office of Management and Budget to eliminate inefficient and wasteful reporting, directs federal agencies to maintain an inventory of their information systems that create, collect, use, process, store, maintain, disseminate, disclose or dispose of PII to allow the agencies to reduce their PII to the minimum necessary for the proper performance of authorized agency functions.

Additionally, even if none of the above stated reasons were applicable, there are significant legal and logistical hurdles that would need to be resolved before OTDA could act on the overly burdensome demand by USDA-FNS for the SNAP participant data outlined in the SORN. There has been no clear guidance from USDA-FNS on "other identifiers or data elements maintained by states, vendors and/or contractors to identify SNAP recipients" or "information derived from and associated with EBT transactions".  Further, prior to any legally authorized ongoing or large-scale data transmission, OTDA follows standard data security protocols, which include negotiating and executing a data sharing agreement or memorandum of understanding to govern the transfer, use, and retention of the data.  For example, OTDA has signed Memoranda of Understanding with the USDA for the Electronic Disqualified Recipient System and the Accenture State SNAP Recipient Fraud project.  In light of these considerations, the July 30, 2025 deadline for State agencies to submit the SNAP participant data outlined in the SORN would be unfeasible to meet even if there were no other considerations precluding transmission.

-3-

OTDA will continue to comply with federal and state law when it comes to awarding and administering benefits, including by ensuring that SNAP is only provided to individuals and families who are eligible, and by continuing to meet our obligations under existing data sharing agreements. For the reasons stated herein, OTDA respectfully urges that USDA-FNS withdraw the requests for data delineated in the above-referenced letters, or, at minimum, stay the deadline to submit the requested data pending resolution of the litigation referenced above.

                          Sincerely,

                          *Barbara C. Guinn*

                          Barbara C. Guinn

Enc.

cc:  Rajni Chawla
      Valerie Figueroa
      Tiffinay M. Rutnik