1  ROB BONTA
   Attorney General of California
2  PAUL STEIN
   Supervising Deputy Attorney General
3  ANDREW Z. EDELSTEIN
   ANNA RICH
4  EDWARD P. WOLFE
   MARIA F. BUXTON
5  ROBIN GOLDFADEN
   SEBASTIAN BRADY
6  WILLIAM BELLAMY
   Deputy Attorneys General
7  State Bar No. 347029
     1300 I Street, Suite 125
8    Sacramento, CA 95814
     Telephone: (916) 210-6086
9    Fax:  (916) 324-8835
     E-mail:  William.Bellamy@doj.ca.gov
10 *Attorneys for Plaintiff State of California*

11 *Additional Counsel Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA; STATE OF NEW YORK; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; DISTRICT OF COLUMBIA; STATE OF HAWAIʻI; STATE OF ILLINOIS; OFFICE OF THE GOVERNOR** ex rel. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky; **STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF OREGON; OFFICE OF THE GOVERNOR** ex rel. Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania; **STATE OF RHODE ISLAND; STATE OF WASHINGTON; STATE OF WISCONSIN,**<br><br>                              Plaintiffs, | 3:25-cv-06310-MMC<br><br>**PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA**<br><br><br>Courtroom:  7<br>Judge:        Hon. Maxine M. Chesney<br>Action Filed: 7/28/2025 |

1
2          v.
3  **UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS,** in her official capacity as U.S. Secretary of
4  Agriculture; **U.S. DPEARTMENT OF AGRICULTURE'S OFFICE OF**
5  **INSPECTOR GENERAL,**
6
7                          Defendants.

# EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER

PLEASE TAKE NOTICE that Plaintiffs the States of California, New York, Arizona, Colorado, Connecticut, Delaware, Hawai'i, Illinois, Maine, Maryland, Michigan, Minnesota, Nevada, New Jersey, New Mexico, Oregon, Rhode Island, Washington, Wisconsin, the District of Columbia, the Commonwealth of Massachusetts, the Office of The Governor ex rel. Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania, and the Office of The Governor ex rel. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky (collectively, "Plaintiffs" or "Plaintiff States") will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 65 and N.D. Cal. Local Rule 65-1 to modify the temporary restraining order issued on September 18, 2025 (the "TRO") against Defendants United States Department of Agriculture (USDA) and USDA Secretary Brooke Rollins (collectively, "Defendants").

Specifically, Plaintiff States move to modify the TRO to bar Defendants from acting on USDA's formal warning letters to Pennsylvania, including by disallowing SNAP funding.

This motion is based on this Ex Parte Motion; the Amended Complaint; the accompanying Memorandum of Points and Authorities; the supporting declarations; this Court's file; and any matters properly before the Court.

As set forth in the accompanying Memorandum of Points and Authorities, absent the requested modification, Pennsylvania will suffer a loss of administrative funding that will have an imminent impact on the ability of Pennsylvania to administer its SNAP Program. Accordingly, the Plaintiffs seek to add Pennsylvania to the TRO.

Notice of this Ex Parte Motion has been provided to Defendants as set forth in the accompanying Brady Declaration. Defendants stated in response that they oppose expansion of the TRO.

//
//
//
//

1

PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA (3:25-cv-06310)

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Pennsylvania Governor Josh Shapiro joined this lawsuit in the wake of receiving a letter from USDA stating that Pennsylvania's proposal to produce data regarding food stamp applicants and recipients demanded by USDA was insufficient and that USDA intends to disallow hundreds of millions of dollars in administrative funding for Pennsylvania's SNAP program. As with the other Plaintiff States that received a data demand from USDA, Pennsylvania is likely to face irreparable harm as a result of Defendants' actions. S*ee* Pfs.' Mot. for Stay or Prelim. Inj. (Mot.) at 21–24, ECF No. 59; *see also* TRO Op. at 14–15, ECF No. 83. Additionally, Pennsylvania's claims against Defendants are identical to those of Plaintiff States and do not raise any additional factual or legal issues. Given that Pennsylvania faces an imminent loss of funding, Pennsylvania requires urgent relief. As such, the Court should expand the scope of the TRO to also protect Pennsylvania from the enforcement of this unlawful demand and should include Pennsylvania in any future injunctive relief.

### FACTUAL BACKGROUND

This case arises out of USDA's unprecedented efforts to obtain personal identifying information (PII) on all applicants and recipients of benefits from state agencies administering the Supplemental Nutrition Assistance Program (SNAP). Specifically, USDA demanded that Plaintiff States, including the Commonwealth of Pennsylvania, produce, at breakneck speed, virtually *all* of the PII and other data they maintain on food stamp applicants and recipients going back five years. As set forth in Plaintiff State's Complaint, ECF No. 1, filed July 28, USDA's demand for SNAP data violates the Administrative Procedure Act in multiple ways, is ultra vires, and violates the Spending Clause.

On August 12, 2025, USDA doubled down on its demand, sending many governors a letter asserting that, if States did not provide the PII to USDA by August 15, USDA would issue a "formal warning" of noncompliance, which starts the clock for the suspension or disallowance of the SNAP administrative funding States rely on to run their SNAP programs. Pham Decl. ¶¶ 26-

2

27; ECF No. 59 at 7 & n.4; *see* 7 C.F.R. § 276.4(e). The office of Pennsylvania Governor Josh Shapiro was among the recipients of these letters. Pham Decl. ¶ 26.

USDA refused to stay the August 15 deadline pending resolution of the case, instead extending the deadline by just four days. *See* ECF No. 59-2, Exs. I, J. On August 18, to prevent irreparable harm to the Plaintiff States and the inevitable noncompliance proceedings and funding cuts that USDA's letter threatened, Plaintiffs filed a motion for a stay or preliminary injunction temporarily blocking USDA's data demand and any associated noncompliance procedures. *See* ECF No. 59.

After filing their motion, Plaintiffs again asked USDA to stay its demand, this time pending the outcome of the motion. Brady Decl. ¶ 5. USDA again refused. *Id.* Instead, USDA escalated its threat by serving the governors of several states, including Pennsylvania, with a "formal warning" and notifying them that the punishment for not turning over the data will be the disallowance of a catastrophic amount of SNAP funding. Pham Decl. ¶ 29. As to Pennsylvania, USDA stated its intention to disallow $115,304,035.91 in SNAP administrative expenses for each quarter DHS is deemed out of compliance. Pham Decl. ¶ 29. This formal warning, sent on August 20, triggered a 30-day period after which USDA could begin disallowing administrative funding to Pennsylvania if Pennsylvania failed to submit a corrective action plan to USDA. *See* 7 C.F.R. § 276.4(e). That period expired on **September 19, 2025**.

On September 10, members of the Pennsylvania Department of Human Services ("PA DHS") met with USDA to ask about USDA's intended use of the data demanded and security protocols for the data. Pham Decl. ¶ 31. USDA would not provide an answer as to how USDA intended to use the data, how or when the data would be shared with other federal agencies, or what security protocols would apply if the data were shared with other federal agencies. *Id.*

Addressing the imminent harm facing Pennsylvania raised procedural complexities. There was the burden imposed on the Court by the parties' request for an expedited hearing on the preliminary injunction motion, which was necessary due to the pending disallowance threat. Additionally, there was the burden on the Court stemming from the number and complexity of the issues raised in the preliminary injunction motion. In light of these issues, as well as the fact that

3

1   Pennsylvania is similarly situated with the rest of the Plaintiff States and so does not present any
2   additional factual or legal complications to the issues before the Court, Plaintiff States determined
3   that, having previously notified Defendants of this possible addition, Brady Decl. ¶ 6, the most
4   efficient course would be to bring *this* Motion after the Court had an opportunity to address the
5   initial motion. Again, because Pennsylvania is similarly situated to the other Plaintiff States and
6   raises no different or distinct issues, this approach does not prejudice Defendants.

7   The Court heard oral argument on the motion for preliminary injunction on September 16
8   and issued a temporary restraining order on September 18. The TRO provides that: "Specifically,
9   with respect to all Plaintiff States other than the State of Nevada, the USDA is hereby
10  TEMPORARILY ENJOINED from acting on [its] formal warning letters, including by
11  disallowing SNAP funding." TRO Op. at 17–18. The Court also set a supplemental briefing and
12  hearing schedule for Plaintiff States' motion for preliminary injunction.

13  On September 19, PA DHS sent USDA a corrective action proposal as required by the
14  August 20 formal warning. Pham Decl. ¶ 32 & Ex. 1. PA DHS communicated that once USDA
15  confirmed that it would not use Pennsylvania's data in ways that violate federal law, PA would
16  negotiate in good faith with USDA to reach agreement on applicable data and security protocols
17  and, within two weeks of reaching agreement on such protocols, would agree with USDA on a
18  schedule for production of responsive data. Pham Decl. ¶ 32.

19  USDA immediately responded that the corrective action proposal was "unacceptable."
20  Pham Decl. ¶ 33 & Ex. 2. Then, on Saturday, September 20, USDA sent Governor Shapiro a
21  notice of disallowance stating that because USDA determined that the corrective action proposal
22  was unacceptable, it would be disallowing $115,304,035.91 in administrative funding for each
23  quarter in which PA DHS is out of compliance. Pham Decl. ¶ 34 & Ex. 3.

24  On Monday, September 22, Plaintiff States filed an Amended Complaint adding Governor
25  Shapiro as a Plaintiff, after previously alerting Defendants that additional States may be joining
26  the litigation. Brady Decl. ¶¶ 6, 9.

As Pennsylvania faces the same irreparable harms and raises no new legal issues in this litigation, Plaintiff States respectfully request that the previously entered TRO be extended to Pennsylvania.

**ARGUMENT**

**I.  Ex Parte Relief Is Necessary to Prevent Immediate and Irreparable Injury**

As explained above, USDA provided notice on September 20 that it will cut off administrative funding to Pennsylvania's SNAP program despite Pennsylvania having submitted a corrective action proposal. As such, a regularly noticed motion to amend the existing TRO to extend to Pennsylvania will not prevent the irreparable harm to Pennsylvania set forth below.

Moreover, the addition of Pennsylvania as a plaintiff in this case amounts to circumstances warranting extension of the TRO. *See Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright*, 364 U.S. 642, 647 (1961); *cf. Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 675 (7th Cir. 2019) ("[T]he new pleadings did no more than to add Tactical Fleet to the list of parties; they had no effect on Auto Driveaway's basic grievance. The preliminary injunction is still in place . . . . If circumstances change, the parties are always free to return to the district court to ask for changes."). Indeed, in similar circumstances, district courts have recently expanded orders granting injunctive relief to similarly situated plaintiffs added through an amended complaint filed after the orders issued. *See* Min. Order, *California v. U.S. Dep't of Transp.*, No. 25-cv-208 (D.R.I. July 17, 2025) ("Plaintiff's Motion to Amend the Preliminary Injunction 62 is GRANTED. The Plaintiff has shown through their submission that the preliminary injunction should apply to newly added Plaintiffs the District of Columbia and the Commonwealth of Kentucky for all the reasons the Court has previously ruled the preliminary injunction should apply to the original state Plaintiffs. The Defendants produced no counter evidence."); *see also* Order, *State of California v. U.S. Dep't of Health & Human Servs.*, No. 25-cv-05536-VC (N.D. Cal. Sept. 22, 2025) (ECF No. 127) (granting motion to amend preliminary injunction to include newly added parties where, as here, there was no reason to suspect "tactical gamesmanship").

//

5

PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO
INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA  (3:25-cv-06310)

## II. Pennsylvania Will Suffer Irreparable Harm If Excluded from the Order

Pennsylvania is similarly situated to the original Plaintiff States. The loss of administrative funding – $115,304,035.91 in SNAP administrative expenses for each quarter DHS is deemed out of compliance – being threatened by Defendants will have an immediate impact on Pennsylvania's ability to administer its SNAP program. Pham Decl. ¶ 29. USDA funds roughly half of Pennsylvania's administrative costs. Pham Decl. ¶ 30. Furthermore, Pennsylvania manages an extensive SNAP caseload. Pham Decl. ¶ 6. As such, Pennsylvania will be unable to compensate for the loss of federal funding in the short-term. Worse, this loss of funding would require Pennsylvania to make extensive changes to its staffing and undermine its ability to comply with existing SNAP requirements, including Quality Control Reviews. Pham Decl. ¶ 30.

As with the original Plaintiff States, Pennsylvania cannot avoid injury by simply acquiescing to USDA's demands. USDA has already rejected Pennsylvania's corrective action proposal. Furthermore, disclosure of sensitive PII would have a chilling effect on SNAP participation in Pennsylvania. Pham Decl. ¶¶ 10, 20; *see* 55 Pa. Code Chapter 105. The mere prospect of disclosure likely already has had a chilling effect in the State. The experience of other Plaintiff States is illustrative; Illinois observed decreased participation in its Summer EBT program for families with SNAP-eligible children "correlated with increasing fears about use of benefits data for immigration enforcement purposes." *See* ECF No. 59-12 at ¶ 47. Ultimately, a reduction in SNAP enrollment will cause irreparable long-term harm and costs for Pennsylvania. Pham Decl. ¶ 21.

## III. USDA Will Suffer No Prejudice

Expanding the TRO to cover Pennsylvania will in no way prejudice USDA. Pennsylvania is similarly situated to the other Plaintiff States and does not present any unique or different issues. Additionally, Plaintiff States previously alerted opposing counsel that additional states might join the lawsuit. As such, there is no prejudice.

//

//

//

6

PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA  (3:25-cv-06310)

**IV. The Balance of Hardships and the Public Interest Favor Expanding the TRO**

For the same reasons stated in the original Plaintiff States' motion for preliminary injunction, *see* EFC No. 59 at pp. 24–25, and found by the Court in its TRO, TRO Op. at 16, the balance of the equities and the public interest favor an expanded order.

## CONCLUSION

The Court should grant Plaintiffs' motion and modify the existing TRO prohibiting Defendants from enforcing their demand for SNAP data against Pennsylvania and include Pennsylvania in any future injunctive relief.

Dated: September 22, 2025                                    Respectfully submitted,

ROB BONTA
Attorney General of California
PAUL STEIN
Supervising Deputy Attorney General
ANDREW Z. EDELSTEIN
ANNA RICH
EDWARD P. WOLFE
MARIA F. BUXTON
ROBIN GOLDFADEN
SEBASTIAN BRADY

*/s/ William Bellamy*
WILLIAM BELLAMY
Deputy Attorney General
*Attorneys for Plaintiff State of California*

| | |
|---|---|
| Letitia James<br>Attorney General of New York | Kristin Mayes<br>Attorney General of Arizona |
| /s/ Mark Ladov<br>Mark Ladov<br>Special Counsel<br>Julie Dona<br>Special Counsel<br>28 Liberty St.<br>New York, NY 10005<br>(212) 416-8240<br>mark.ladov@ag.ny.gov<br>Attorneys for Plaintiff State of New York | /s/ Hayleigh S. Crawford<br>Hayleigh S. Crawford (AZ No. 032326)<br>Luci D. Davis (AZ No. 035347)<br>2005 N. Central Ave. Phoenix, AZ 85004<br>(602) 542-3333<br>Hayleigh.Crawford@azag.gov<br>Luci.Davis@azag.gov<br>ACL@azag.gov<br>Attorneys for Plaintiff State of Arizona |

7

PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA  (3:25-cv-06310)

Philip J. Weiser
Attorney General of Colorado

/s/ David Moskowitz
David Moskowitz
Deputy Solicitor General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6000
david.moskowitz@coag.gov
Attorneys for Plaintiff State of Colorado

William Tong
Attorney General of Connecticut

/s/ Janelle R. Medeiros
Janelle R. Medeiros
Special Counsel for Civil Rights
165 Capitol Ave
Hartford, CT 06106
(860) 808-5020
Janelle.Medeiros@ct.gov
Attorneys for Plaintiff State of Connecticut

Kathleen Jennings
Attorney General of Delaware

/s/ Vanessa L. Kassab
Ian R. Liston
Director of Impact Litigation
Vanessa L. Kassab*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov
Attorneys for Plaintiff State of Delaware

Brian L. Schwalb
Attorney General for the District of Columbia

/s/ Nicole S. Hill
Nicole S. Hill
Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 727-4171
nicole.hill@dc.gov
Attorneys for Plaintiff District of Columbia

Anne E. Lopez
Attorney General of Hawai'i

/s/ Kaliko'onālani D. Fernandes
David D. Day
Special Assistant to the Attorney General
Kaliko'onālani D. Fernandes
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov
Attorneys for Plaintiff State of Hawai'i

Kwame Raoul
Attorney General of Illinois

/s/ Sherief Gaber
Harpreet K. Khera
Bureau Chief, Special Litigation
Sherief Gaber
Assistant Attorney General
115 S. LaSalle St., 35th Flr.
Chicago, Illinois 60603
(773) 590-7127
Harpreet.Khera@ilag.gov
Attorneys for Plaintiff State of Illinois

8

PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA (3:25-cv-06310)

| | |
|---|---|
| Office of The Governor ex rel. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky | Aaron M. Frey<br>Attorney General of Maine |
| /s/ S. Travis Mayo<br>S. Travis Mayo<br>General Counsel<br>Taylor Payne<br>Chief Deputy General Counsel<br>Laura C. Tipton<br>Deputy General Counsel<br>Office of the Governor<br>700 Capitol Avenue, Suite 106<br>Frankfort, KY 40601<br>(502) 564-2611<br>travis.mayo@ky.gov<br>taylor.payne@ky.gov<br>laurac.tipton@ky.gov<br>*Attorneys for Plaintiff Kentucky Governors' Office* | /s/ Brendan Kreckel<br>Brendan Kreckel<br>Assistant Attorney General<br>Office of the Attorney General<br>6 State House Station<br>Augusta, ME 0433-0006<br>Tel.: 207-626-8800<br>Fax: 207-287-3145<br>brendan.kreckel@maine.gov<br>*Attorneys for Plaintiff State of Maine* |
| ANTHONY G. BROWN<br>Attorney General of Maryland | ANDREA JOY CAMPBELL<br>Attorney General of Massachusetts |
| */s/ James C. Luh*<br>JAMES C. LUH<br>Senior Assistant Attorney General<br>Office of the Attorney General<br>200 Saint Paul Place, 20th Floor<br>Baltimore, Maryland 21202<br>410-576-6411<br>jluh@oag.state.md.us<br>*Attorneys for Plaintiff State of Maryland* | */s/ Katherine Dirks*<br>KATHERINE DIRKS<br>Chief State Trial Counsel<br>CASSANDRA THOMSON<br>Assistant Attorney General<br>Office of the Massachusetts Attorney General<br>1 Ashburton Place Boston, MA 02108<br>(617) 963-2277<br>katherine.dirks@mass.gov<br>cassandra.thomson@mass.gov<br>*Attorneys for Plaintiff Commonwealth of Massachusetts* |
| DANA NESSEL<br>Attorney General of Michigan | KEITH ELLISON<br>Attorney General of Minnesota |
| */s/ Neil Giovanatti*<br>NEIL GIOVANATTI<br>BRYAN BEACH<br>Assistant Attorneys General<br>Michigan Department of Attorney General<br>525 W. Ottawa<br>Lansing, MI 48909<br>(517) 335-7603<br>giovanattin@michigan.gov<br>beachb@michigan.gov<br>*Attorneys for Plaintiff State of Michigan* | */s/ Joseph R. Richie*<br>JOSEPH R. RICHIE<br>Special Counsel<br>445 Minnesota Street, Suite 1400<br>St. Paul, Minnesota, 55101<br>(651) 300-0921<br>joseph.richie@ag.state.mn.us<br>*Attorneys for Plaintiff State of Minnesota* |

9

PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA (3:25-cv-06310)

| | | |
|---|---|---|
| 1 | | |
| 2 | AARON D. FORD<br>Attorney General of Nevada | MATTHEW J. PLATKIN<br>Attorney General of New Jersey |
| 3 | /s/ *Heidi Parry Stern*<br>HEIDI PARRY STERN (Bar. No. 8873) | /s/ *Kashif T. Chand*<br>KASHIF T. CHAND (NJ BAR NO. 016752008) |
| 4 | Solicitor General<br>Office of the Nevada Attorney General | Assistant Attorney General<br>New Jersey Office of the Attorney General, |
| 5 | 1 State of Nevada Way, Ste. 100<br>Las Vegas, NV 89119 | Division of Law<br>124 Halsey Street, 5th Floor |
| 6 | HStern@ag.nv.gov<br>*Attorneys for Plaintiff State of Nevada* | Newark, NJ 07101<br>Tel: (973) 648-2052 |
| 7 | | kashif.chand@law.njoag.gov<br>*Attorneys for Plaintiff State of New Jersey* |
| 8 | | |
| 9 | RAÚL TORREZ<br>Attorney General of the State of New | DAN RAYFIELD<br>Attorney General of Oregon |
| 10 | Mexico | |
| 11 | /s/ *Steven Perfrement*<br>STEVEN PERFREMENT* | /s/ *Scott P. Kennedy*<br>SCOTT P. KENNEDY |
| 12 | Senior Litigation Counsel<br>New Mexico Department of Justice | Senior Assistant Attorney General<br>Oregon Department of Justice |
| 13 | 408 Galisteo Street<br>Santa Fe, New Mexico 87501 | 100 SW Market Street<br>Portland, OR 97201<br>Tel (971) 453-9050 |
| 14 | SPerfrement@nmdoj.gov<br>505-601-7727 | Fax (971) 673-5000<br>Scott.Kennedy@doj.oregon.gov |
| 15 | *Attorneys for the State of New Mexico* | *Attorneys for Plaintiff State of Oregon* |
| 16 | | |
| 17 | JOSH SHAPIRO, in his official capacity as<br>Governor of the Commonwealth of | PETER F. NERONHA<br>Attorney General of Rhode Island |
| | Pennsylvania | |
| 18 | JENNIFER SELBER | /s/ *Madeline R. Becker*<br>MADELINE R. BECKER (RI BAR NO. 10034) |
| 19 | General Counsel | Special Assistant Attorney General<br>150 South Main Street |
| 20 | /s/ *Jacob B. Boyer*<br>Jacob B. Boyer* | Providence, RI 02903<br>(401) 274-4400, Ext. 2151 |
| 21 | Deputy General Counsel<br>Pennsylvania Office of the Governor | mbecker@riag.ri.gov<br>*Attorneys for Plaintiff State of Rhode Island* |
| 22 | 30 N. 3rd St., Suite 200<br>Harrisburg, PA 17101 | |
| 23 | (717) 460-6786<br>jacobboyer@pa.gov | |
| 24 | *Counsel for Governor Josh Shapiro* | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

10

PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO
INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA  (3:25-cv-06310)

| | |
|---|---|
| NICHOLAS W. BROWN<br>Attorney General of Washington | JOSHUA L. KAUL<br>Attorney General of Wisconsin |
| */s/ Jennifer K. Chung*<br>JENNIFER K. CHUNG, WSBA #51583<br>WILLIAM MCGINTY, WSBA #41868<br>Assistant Attorneys General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>206-464-7744<br>jennifer.chung@atg.wa.gov<br>william.mcginty@atg.wa.gov<br>*Attorneys for Plaintiff State of Washington* | */s/ Karla Z. Keckhaver*<br>KARLA Z. KECKHAVER<br>Assistant Attorney General<br>Wisconsin Department of Justice<br>Post Office Box 7857<br>Madison, Wisconsin 53707-7857<br>608-264-6365<br>karla.keckhaver@wisdoj.gov<br>*Attorneys for Plaintiff State of Wisconsin*<br><br>\**pro hac vice forthcoming* |

11

PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA  (3:25-cv-06310)

# CERTIFICATE OF SERVICE

Case Name: **_California, et al. v. U.S. Department of Agriculture_**   Case No.   **3:25-cv-06310-MMC**

I hereby certify that on September 22, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

1. **PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA**
2. **DECLARATION OF SEBASTIAN BRADY IN SUPPORT OF PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA with Exhibit 1**
3. **DECLARATION OF HOA PHAM with Exhibits 1-3**
4. **[PROPOSED] ORDER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 22, 2025, at San Francisco, California.

M. Mendiola
Declarant

_(signature)_
Signature

SA2025302238
44807065.docx