1   JENNIFER SELBER
    General Counsel
2   MICHAEL J. FISCHER
    Executive Deputy General Counsel
3   JACOB B. BOYER
    Deputy General Counsel
4   PA State Bar No. 322311
     30 North Third St., Ste. 200
5    Harrisburg, PA 17101
     Telephone:  (717) 831-2847
6    E-mail:  mjfischer@pa.gov

7   *Attorneys for Plaintiff Governor Josh Shapiro*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA; STATE OF NEW YORK; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; DISTRICT OF COLUMBIA; STATE OF HAWAI'I; STATE OF ILLINOIS; OFFICE OF THE GOVERNOR** ex rel. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky; **STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF OREGON; OFFICE OF THE GOVERNOR** ex rel. Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania; **STATE OF RHODE ISLAND; STATE OF WASHINGTON; STATE OF WISCONSIN,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS,** in her official capacity as U.S. Secretary of Agriculture; **U.S. DEPARTMENT OF** | 3:25-cv-06310<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA**<br><br><br>Date:        9/30/2025<br>Time:       10:00 a.m.<br>Courtroom:  7<br>Judge:      Hon. Maxine M. Chesney<br>Action Filed: 7/28/2025 |

**AGRICULTURE'S OFFICE OF INSPECTOR GENERAL,**

Defendants.

**SUPPLEMENTAL BRIEF IN SUPPORT OF EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER**

Plaintiff Josh Shapiro, in his official capacity as Governor of Pennsylvania, respectfully submits this supplemental brief in further support of plaintiffs' ex parte motion to modify the temporary restraining order to bar Defendants from acting on USDA's formal warning letters to Pennsylvania, including by disallowing SNAP funding. Because Pennsylvania satisfies the criteria for a temporary restraining order and is otherwise identically situated to the other plaintiff states in all material respects, the motion should be granted.

**FACTUAL BACKGROUND**

The original plaintiff states filed this action on July 28, 2025, challenging USDA's unprecedented demand for five years' worth of personal information on applicants and participants in the SNAP program. USDA threatened to disallow payment of all expenses relating to the administration of the SNAP program that were charged to the federal government—hundreds of millions of dollars for certain states—unless the data was turned over by an arbitrary and unrealistic deadline.

The original plaintiff states moved for a stay or preliminary injunction on August 18, 2025. *See* Dkt. 59. This Court, after holding a hearing, concluded that the states were likely to succeed on their claim that the USDA's request was unlawful insofar as USDA intended to use and share the data beyond anything permitted under the SNAP Act, as set forth in the USDA's System of Records Notice, 90 Fed. Reg. 26,521 (June 23, 2025). *See California v. United States Dept. of Agriculture*, No. 25-CV-06310-MMC, 2025 WL 2678567 (N.D. Cal. Sept. 18, 2025) ("TRO Order"). In fact, the Court found that state custodians of SNAP data "are required by law to safeguard information they obtain from applicant households and are permitted to disclose such information only for the limited purposes" and therefore "are, in effect, **prohibited** from disclosing it where the recipient announces in advance an intent to use it for some other purpose." *Id.* at *6 (emphasis added). Because that is the case here, this Court concluded federal law likely

1

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA
(3:25-cv-06310)

"**prohibits** [state agencies] from disclosing to USDA the information demanded in the formal warnings." *Id.* at *7 (emphasis added).

This Court further found that the states would suffer irreparable harm in the absence of temporary relief and satisfied the remaining injunction factors. *Id.* at *8-*9. It entered a temporary restraining order preventing USDA from acting on the warning letters it had sent to states, "including by disallowing SNAP funding." *Id.* at *10. The Court deferred action on the preliminary injunction request and asked for further briefing on two topics raised by USDA for the first time at the hearing.

Governor Shapiro and Pennsylvania's Department of Human Services (PA DHS), which administers the SNAP program in Pennsylvania, shared the concerns of the original plaintiff states regarding USDA's unprecedented request. However, Pennsylvania officials sought to work with USDA to arrive at a solution that would address its privacy and other concerns while still enabling it to comply with USDA's request. *See* Pham Decl., at ¶¶ 25-32 (Ex. A) That effort was unsuccessful: although USDA agreed to meet with Pennsylvania to discuss its concerns, it declined to divulge any information regarding its plans for the data, including which other federal agencies USDA would share data with, under what circumstances USDA would share data with other agencies, and how data would be safeguarded if shared with other federal agencies. *Id.* ¶ 31. Nevertheless, PA DHS met the deadline USDA set for states to propose how they would comply with the data demand. In the corrective action proposal Pennsylvania submitted last Friday, PA DHS communicated that it would provide USDA with the data it demanded on a defined schedule once USDA confirmed that it would not use the data as described in Routine Uses 8 and 11 and once the parties agreed on data security protocols. *Id.* ¶ 32. In so doing, PA DHS noted this Court's finding that complying with USDA's request was likely unlawful given Routine Uses 8 and 11. *Id.* USDA responded forty-five minutes later stating that Pennsylvania's plan was "unacceptable" because it did not identify a specific date by which it would produce all relevant data. *Id.* ¶ 33. It did not address Pennsylvania's concerns in any way, nor did it acknowledge this Court's decision.

2

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF STATES' EX PARTE MOTION TO MODIFY
TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA
(3:25-cv-06310)

The following day—Saturday, September 20—USDA emailed Governor Shapiro a formal Notice of Disallowance, which threatened to disallow $115,304,035.91 in federal funding each quarter unless it complied with USDA's unlawful demands. *Id.* ¶ 34. This disallowance will start in ten days, unless Pennsylvania files an administrative appeal.

Earlier this week, the plaintiff States filed an amended complaint, adding Governor Shapiro as a plaintiff. *See* Dkt. 84. They also immediately moved to extend the TRO to cover Pennsylvania. *See* Dkt. 85. Following a hearing, the Court requested additional briefing on the request to extend the TRO to Pennsylvania.

## ARGUMENT

### I. Governor Shapiro Has Authority to Bring this Case

During yesterday's hearing, counsel for USDA questioned whether Governor Shapiro had authority to bring this matter. To be clear, the precise issue raised by counsel actually concerns who can *represent* Governor Shapiro, not whether he has authority to bring this action. The Governor plainly has Article III standing. PA DHS is being threatened with the imminent disallowance of hundreds of millions of administrative expenses. And the Pennsylvania Constitution vests "[t]he supreme executive power" in the Governor, Pa. Const. art. IV, § 2, and he oversees all executive agencies in Pennsylvania, including PA DHS. Indeed, USDA sent the notice of disallowance that threatened to revoke Pennsylvania's administrative funding to Governor Shapiro.

To the extent USDA argues that the Governor is represented by the wrong counsel under Pennsylvania law, it is doubtful that this Court is the proper forum for this dispute. Regardless, the Governor's current attorneys—from the Governor's Office of General Counsel—are authorized to represent him and the interests of the Pennsylvania executive branch in this case.

Under Pennsylvania's Commonwealth Attorneys Act, the Governor may request that the Attorney General authorize the Office of General Counsel to represent him or other officials in any action "by or against any executive branch agency, the Governor or other executive branch official." 71 P.S. § 732-303(a).

3

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA
(3:25-cv-06310)

Prior to the filing of the amended complaint, Governor Shapiro followed the process set forth under Pennsylvania law to enable his Office of General Counsel to represent him in this matter. *See* Fischer Decl. ¶¶ 3-4, (Ex. B). The Governor requested to be represented by the Office of General Counsel, and the Attorney General granted the Governor's request.

In fact, Pennsylvania law clearly permits the Office of General Counsel to represent the Governor even if the Attorney General denies the request, as noted in the Attorney General's grant of delegation. *See* 71 P.S. § 732-303(b).

Accordingly, there is no dispute that the Office of General Counsel may represent the Governor in this matter.

## II.   Pennsylvania Satisfies the Requirements for a Temporary Restraining Order

Last week, this Court ruled that the plaintiff states had demonstrated that they met the criteria for a temporary restraining order preventing USDA from disallowing SNAP funding based on their refusal to produce certain sensitive data to USDA. *See California v. United States Dept. of Agriculture*, No. 25-CV-06310-MMC, 2025 WL 2678567 (N.D. Cal. Sept. 18, 2025). Pennsylvania is identically situated to the other plaintiff states in all material respects: it is likely to succeed on the merits; it will suffer irreparable harm in the absence of relief; and both the balance of equities and the public interest tip in its favor.

### A.   Pennsylvania Is Likely to Succeed on the Merits

This Court has already concluded that plaintiffs are "likely to show the SNAP Act prohibits them from disclosing to USDA the information demanded in the formal warnings and, consequently, that they have shown a likelihood of success on their claim that USDA, in making such demand, acted in a manner contrary to law." TRO Order at *7. Pennsylvania, which is now a plaintiff in this action, is advancing the same claim as the original plaintiffs and is similarly likely to succeed on that claim.

### B.   Pennsylvania Will Suffer Irreparable Harm in the Absence of Relief

This Court previously found that the other plaintiff states would suffer irreparable harm in the absence of temporary relief. *See* TRO Order at *8-*9. For the same reasons, Pennsylvania will

4

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA
(3:25-cv-06310)

suffer irreparable harm if it is not included within the scope of the TRO.

In fact, Pennsylvania is in an even more precarious position than the other plaintiff states. The USDA has stated its intention to disallow $115,304,035.91 in SNAP administrative expenses from Pennsylvania each quarter. Pham Decl., ¶ 34. Administrative expenses are reimbursed to PA DHS by USDA on a rolling basis. *See* Suppl. Pham Decl., ¶¶ 1-2 (Ex. C).[1] If the Court does not rule by September 30, Pennsylvania could immediately face disallowance. *Id.* ¶ 5.

Pennsylvania cannot replace such a significant amount of funding, and as a result would be unable to operate the SNAP program as required if this threat were carried out. *See Id.* ¶¶ 3-4, 6.

### C. The Remaining Injunction Factors Favor Pennsylvania

The two remaining factors—balance of hardships and the public interest—merge when the federal government is the defendant. *See* TRO Order at *9. This Court has already concluded that the balance of hardships tip in favor of the plaintiff states, and that is all the more true with respect to Pennsylvania, which stands to lose more than $100 million imminently.

This Court has already rejected USDA's argument that withholding data irreparably harms the public or the government by thwarting the government's desire to carry out a specific policy objective. *Id.* That conclusion is even more true as to Pennsylvania, given that Pennsylvania offered to provide USDA with the requested SNAP data if USDA confirmed it would not use the data in ways that this Court concluded would likely violate federal law. Pham Decl., ¶ 32. USDA refused that offer. Whatever injuries USDA may now claim to its lawful policy objectives are self-imposed.

### III. No Other Considerations Warrant Excluding Pennsylvania from the Temporary Restraining Order

Governor Shapiro is now a plaintiff in this action, and intends to join with the other plaintiff states in their request for a preliminary injunction. Pennsylvania is identically-situated to the other

---

[1] At the hearing, undersigned counsel stated that it was his understanding that administrative expenses were paid on a quarterly basis. That statement was incorrect; while reports are filed on a quarterly basis, expenses are reimbursed on a rolling basis. Suppl. Pham Decl., ¶ 5.

plaintiffs states in all material respects, and, as discussed above, satisfies the criteria for issuance of a temporary restraining order. And there are no other considerations that would justify excluding Pennsylvania from the TRO's scope.

As discussed in plaintiffs' previous brief, courts have not hesitated to add additional plaintiffs to the scope of injunctions entered against the federal government where there is no material legal or factual difference in the claims raised by the additional plaintiff. *See* Min. Order, *California v. U.S. Dep't of Transp.,* No. 25-cv-208 (D.R.I. July 17, 2025) ("Plaintiff's Motion to Amend the Preliminary Injunction 62 is GRANTED. The Plaintiff has shown through their submission that the preliminary injunction should apply to newly added Plaintiffs the District of Columbia and the Commonwealth of Kentucky for all the reasons the Court has previously ruled the preliminary injunction should apply to the original state Plaintiffs. The Defendants produced no counter evidence.").

Just two days ago, Judge Chhabria granted a similar request by Kentucky and Wisconsin, which sought to be included in the scope of a preliminary injunction against the federal government regarding the use of data. *See* Order re Motion to Amend Preliminary Injunction to Add Kentucky and Wisconsin. *See* Order, *State of California v. U.S. Dep't of Health & Human Servs.*, No. 25-cv-05536-VC (N.D. Cal. Sept. 22, 2025) (ECF No. 127). Judge Chhabria rejected the federal government's arguments that the two states were differently situated.

Additionally, Judge Chhabria addressed the federal government's suggestion that the two states had engaged in gamesmanship by observing that "delay in joining a lawsuit until after a preliminary injunction issues *could* be indicative of tactical gamesmanship and could warrant denial of a motion to expand the scope of the preliminary injunction" but finding "no reason" to think that such gamesmanship had occurred, based on the facts asserted by the states. *Id.* (emphasis added). The same logic applies here.

Any suggestion that Pennsylvania has engaged in "tactical gamesmanship" is belied by the facts. The Governor did not join the case initially because PA DHS sought to negotiate with USDA in good faith toward an agreement that would allow PA DHS to share the requested data

6

1  while ensuring that it was adequately protected. Specifically, PA DHS, like the other state
2  plaintiffs, raised concerns with USDA about the intended uses of the data as well as the security
3  protocols for transmission of the data. PA DHS officials spoke with USDA on September 10,
4  2025, to attempt to learn the facts needed to reach an agreement regarding the request. During
5  that call, USDA refused to answer PA DHS's questions regarding its intended uses of the data
6  and the security protocols it intended to follow.

7  On September 19, 2025, PA DHS submitted a corrective action proposal to USDA. In that
8  plan, PA DHS noted that this Court had entered a temporary restraining order based, in part, on
9  its determination that compliance with USDA's data request was likely prohibited, given two of
10 the intended uses identified in the June 23, 2025, system of records notice. In its corrective action
11 proposal, PA DHS stated that, once USDA agreed not to use the data in the two ways that this
12 Court identified as likely unlawful, it would enter into a data security agreement with USDA by
13 October 10, and would agree to a schedule within two weeks of that date as to when it would
14 produce the data.

15 Just forty-five minutes after PA DHS submitted its corrective action proposal, USDA
16 rejected it. USDA's notice of rejection did not acknowledge PA DHS's concerns regarding the
17 potential use of the data or the need for a security protocol. Rather, it simply provided that the
18 notice was "unacceptable" because it did not provide a date by which all the relevant data would
19 be produced. Rather than asking PA DHS to resubmit a proposal, the following day, Saturday,
20 September 20, USDA sent a notice of disallowance to Governor Shapiro, stating that it was
21 disallowing $115,304,035.91 for PA DHS's administrative expenses for each quarter that
22 Pennsylvania was out of compliance. As specified in USDA's disallowance letter, Pennsylvania
23 has until September 30, 2025, to file an administrative appeal.

24 PA DHS intends to request reimbursement for its monthly administrative expenses next
25 week. *See* Suppl. Pham Decl., ¶ 5. As a result, it faces immediate and irreparable harm if USDA
26 is permitted to carry out its threat. In fact, it faces such harm even sooner: the deadline to file an
27 administrative appeal is September 30, 2025. If PA DHS does not file an administrative appeal on
28

or before that date, it risks forfeiting its right to challenge USDA's decision in that forum.

## CONCLUSION

The Court should grant Plaintiffs' motion and modify the existing TRO prohibiting Defendants from enforcing their demand for SNAP data, including by allowing SNAP funding, against Pennsylvania and include Pennsylvania in any future injunctive relief.

Dated: September 24, 2025

Respectfully submitted,

Jennifer Selber
General Counsel

/s/ Michael J. Fischer
Michael J. Fischer*
Jacob B. Boyer*
Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 831-2847
mjfischer@pa.gov

*Counsel for Governor Josh Shapiro*

\* *pro hac vice forthcoming*

8

SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA
(3:25-cv-06310)