| | |
|---|---|
| 1 | JENNIFER SELBER |
| | General Counsel |
| 2 | MICHAEL J. FISCHER |
| | Executive Deputy General Counsel |
| 3 | JACOB B. BOYER |
| | Deputy General Counsel |
| 4 | PA State Bar No. 324396 |
| | 30 North Third St., Ste. 200 |
| 5 | Harrisburg, PA 17101 |
| | Telephone: (717) 460-6787 |
| 6 | E-mail: jacobboyer@pa.gov |

*Attorneys for Plaintiff Governor Josh Shapiro*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA; STATE OF NEW YORK; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; DISTRICT OF COLUMBIA; STATE OF HAWAI'I; STATE OF ILLINOIS; OFFICE OF THE GOVERNOR** ex rel. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky; **STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF OREGON; OFFICE OF THE GOVERNOR** ex rel. Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania; **STATE OF RHODE ISLAND; STATE OF WASHINGTON; STATE OF WISCONSIN,** | 3:25-cv-06310 <br><br> **REPLY IN SUPPORT OF PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA** <br><br> Date: 9/30/2025 <br> Time: 10:00 a.m. <br> Courtroom: 7 <br> Judge: Hon. Maxine M. Chesney <br> Action Filed: 7/28/2025 |
| Plaintiffs, | |
| v. | |
| **UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS,** in her official capacity as U.S. Secretary of Agriculture; **U.S. DEPARTMENT OF AGRICULTURE'S OFFICE OF INSPECTOR GENERAL,** | |
| Defendants. | |

# REPLY BRIEF IN SUPPORT OF EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER

Governor Shapiro respectfully requests that the Court grant the motion to modify the existing temporary restraining order as expeditiously as possible, which Plaintiffs believe can be done without further argument. Although Plaintiffs do not believe an administrative appeal is either required or an adequate substitute for judicial relief, Pennsylvania must file an administrative appeal on September 30 to preserve its rights if it is not protected by this Court's TRO by that date. Governor Shapiro further requests that if this Court includes Pennsylvania within the TRO, it also toll the deadline for Pennsylvania to seek administrative relief under 7 C.F.R. § 276.7.[1] Granting the requested relief is appropriate for the reasons described in Plaintiffs' earlier briefs and for the reasons provided in this reply.

\*   \*   \*   \*   \*

Since receiving USDA's demand to turn over an unprecedented volume of SNAP data, Pennsylvania has repeatedly communicated to USDA that it was evaluating what it would take for the Department of Human Services (PA DHS) to comply, which included identifying appropriate measures to secure any data that is produced and determining whether complying would be legal. Pennsylvania did so twice through letters from PA DHS and then again in a meeting with USDA earlier this month. Pham Decl., ¶¶ 25, 28, 31 (Dkt. 88-1). Pennsylvania even offered to turn over data responsive to USDA's request if USDA would agree to data and security protocols and would agree to avoid the data uses that led this Court to conclude that compelling compliance with the data demand was prohibited. Pham Decl. ¶ 32. Pennsylvania renewed that offer earlier this week. *See* 2nd Suppl. Pham Decl., ¶¶ 1-2 (Ex. D); *see also* USDA Opp'n to Motion to Modify TRO at 6 n.2 (Dkt. 89) (acknowledging the renewed offer to produce data).

---

[1] Non-jurisdictional filling deadlines are presumptively subject to equitable tolling. *Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 208-09 (2022); *U.S. v. Wong*, 575 U.S. 402, 407-08 (2015); *see also Joseph v. United States*, 505 F. Supp. 3d 977, 980-81 (N.D. Cal. 2020) (applying equitable tolling to filing deadline for appeal of SNAP disqualification). There is nothing about the administrative appeals available under 7 C.F.R. § 276.7 that would rebut the presumption.

1

REPLY IN SUPPORT OF PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA (3:25-cv-06310)

Rather than agree to follow the law and receive Pennsylvania's data, USDA delivered escalating threats to Governor Shapiro that, if executed, would severely damage Pennsylvania's SNAP program and undermine Pennsylvania's ability to meet the needs of its residents most in need of food assistance. *See* Suppl. Pham Decl., ¶¶ 1-4 (Dkt. 88-3). Those threats culminated in a September 20 notice to Governor Shapiro that USDA would begin disallowing more than a hundred million dollars per quarter of Pennsylvania's administrative SNAP costs. Pham Decl., ¶ 34.

Governor Shapiro joined this lawsuit within two days of USDA's making clear it would not accept Pennsylvania's offer to produce SNAP data if doing so meant USDA needed to affirm its willingness to follow the law. He immediately moved for inclusion in the existing TRO because the legal claims and facts relating to Pennsylvania are no different from those that led to this Court's entry of a TRO protecting the initial Plaintiffs.

USDA's arguments that the existing TRO should not be modified to protect an additional similarly situated party are disconnected from this factual history and improperly attempt to relitigate the Court's TRO decision. These arguments require only a brief response.

**First**, as Judge Chhabria just ruled, delay in joining a lawsuit is not reason to deny injunctive relief to new plaintiffs who face irreparable harm where there is no evidence the delay was indicative of gamesmanship. Order, *State of California v. U.S. Dep't of Health & Human Servs.*, No. 25-cv-05536-VC (N.D. Cal. Sept. 22, 2025) (Dkt. 127); *see also* Min. Order, *California v. U.S. Dep't of Transp.*, No. 25-cv-208 (D.R.I. July 17, 2025) (including new plaintiffs in existing preliminary injunction). Indeed, "delay is but a single factor" in the irreparable harm analysis, and courts are "loath to withhold relief solely on that ground." *Arc of Cal. v. Douglas*, 757 F.3d 975, 990-91 (9th Cir. 2014) (internal quotations omitted).

Here, this Court has already ruled that Plaintiffs have shown a likelihood of irreparable injury and USDA, for its part, has recognized that the harm facing Pennsylvania is no different from that facing the initial Plaintiffs. USDA Opp'n at 7. And while USDA suggests the delay in joining this lawsuit is unexplained, USDA Opp'n at 4-5, the record makes abundantly clear what

2

REPLY IN SUPPORT OF PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA (3:25-cv-06310)

Pennsylvania has been doing since this lawsuit was filed, *see* Pa. Suppl. Br. of Mot. to Modify TRO at 1-3 (Dkt. 88).

Pennsylvania worked to find a legally permissible way to comply with USDA's data demand without litigation. Once USDA definitively communicated it would not commit to following the law unless ordered to do so—and proceeded to issue a formal notice to Pennsylvania that it would disallow millions in critical funds—Governor Shapiro joined this lawsuit so Pennsylvania would not face any actual disallowance. The timing of joining the lawsuit reflects that the risk of irreparable harm Pennsylvania faces is now at its peak, and options short of litigation failed.

The choice Pennsylvania now confronts is whether to yield to USDA's demand to engage in conduct that this Court has ruled is likely prohibited or potentially face a crippling loss of SNAP funding. Opting to litigate once presented with no alternative to that choice is thoroughly reasonable.

**Second**, although USDA maintains that there is a public interest in its receipt of data that could reveal issues in SNAP administration, USDA Opp'n at 7-8, this Court already ruled that proclaimed interest does not outweigh Plaintiffs' interests here, *California v. United States Dep't of Agric.*, No. 25-cv-06310, 2025 WL 2678567, at *9 (N.D. Cal. Sept. 18, 2025) ("TRO Order").

In any event, USDA itself is the only impediment to realizing its asserted public interest. Again, Pennsylvania has twice offered to turn over data responsive to USDA's request if USDA agrees to data protocols and commits not to use the data for purposes this Court has already ruled likely exceed what is legally allowed. Pham Decl., ¶ 32; 2nd Suppl. Pham Decl., ¶¶ 1-2.

Further, USDA correctly notes that there is an interest in conserving judicial resources, USDA Opp'n at 7, but that is exactly what Pennsylvania attempted to do. Pennsylvania proposed a resolution that did not require litigation. Governor Shapiro is only in court because USDA was not a willing partner. Additionally, by joining this action, rather than initiating independent litigation, he has preserved judicial resources.[2]

---

[2] Whether the Pennsylvania Attorney General could have represented the Governor has nothing to do with this motion. USDA's gross mischaracterization of the facts, however, must be (continued…)

3

REPLY IN SUPPORT OF PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY
RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA (3:25-cv-06310)

**Third**, USDA attempts to relitigate this Court's prior decision that this matter is ripe. TRO Order at *5. The Court's earlier (correct) ripeness decision applies here because the only motion before the Court is whether Pennsylvania should be protected under the existing TRO—a request that falls neatly within courts' powers to supervise and modify existing injunctions. *See Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright*, 364 U.S. 642, 647 (1961). There is no request for any new injunctive relief.[3]

Having previously failed to convince the Court that Plaintiffs' claims are not ripe, USDA now cites a statute to support its ripeness argument that it failed to raise in any prior brief or at either hearing already held in this case. *See* USDA Opp'n at 3 (citing 7 U.S.C. § 6912). That statute is neither jurisdictional nor an absolute bar to judicial review absent administrative exhaustion. *McBride Cotton Cattle Corp. v. Veneman*, 290 F.3d 973, 978-79 (9th Cir. 2002).

And the action here need not proceed through the administrative review process under 7 C.F.R. § 276.7, because this is not an appeal of USDA's disallowance decision. *See* 7 C.F.R. § 276.7(a)(1) (describing the claims subject to the administrative appeal process). Instead, it is a request to review if USDA's demand for information is legally permissible. The injunctive relief here forestalls the disallowance of funds and protects parties that are contesting whether the underlying demand itself is lawful.

Indeed, by USDA's own telling, Plaintiffs could not obtain all the relief sought here through the administrative appeal process. In USDA's view, a party that uses the administrative review process to challenge disallowance is protected during the period of the appeal. Yet USDA also insists that if the appeal fails, the appealing party is subject to disallowance dating back to

---

corrected. The Governor never requested that the Attorney General represent him here and so no such request was "declined." *Contra* USDA Opp'n at 8. The Attorney General granted the Governor's request to be represented by his Office of General Counsel—also known as a delegation request. *See* Ex. to Fischer Decl. (Dkt. 88-2). In granting that request, the Attorney General noted that even if he had "declined" the delegation request, Pennsylvania law would still permit the Governor to litigate and be represented by his Office of General Counsel. *See* 71 P.S. § 732-303(b).

[3] *Trump v. CASA*, 606 U.S. 831 (2025), has no bearing here. That case addressed whether courts' equitable powers permit relief to nonparties. *Id.* at 843-44. *CASA* is inapposite as to what relief to provide a party. *Contra* USDA Opp'n at 1.

4

REPLY IN SUPPORT OF PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA (3:25-cv-06310)

when USDA first stated it would impose a penalty—meaning the amount of the funding at risk increases every day of the administrative appeal. Brady Decl., ¶¶ 9-10 & Ex. Q (Dkt. 67-1). If USDA is right, the administrative appeal effectively operates as a penalty should any party unsuccessfully seek relief through it rather than immediately yield to whatever USDA demands.

Pennsylvania need not assume that risk before seeking judicial intervention. *Hyatt v. OMB*, 908 F.3d 1165, 1173 (9th Cir. 2018); *see also S.F. Herring Ass'n v. Dep't of Interior*, 946 F.3d 564, 582 (9th Cir. 2019). The Supreme Court has noted that parties are not required to "bet the farm"—here meaning risk losing around $115 million per quarter of funding that is essential to operate SNAP in Pennsylvania—before testing the validity of an agency demand. *Free Enterprise Fund v. Public Co. Accounting Oversight Board*, 561 U.S. 477, 490 (2010).

Forcing Pennsylvania to make that bet and rely on the administrative process here would be even more unreasonable given USDA's inconsistent positions.

USDA's August 20 warning stated that Pennsylvania could avoid penalties if it complied with the data demand by September 19, defining compliance as either producing data or submitting an acceptable corrective action proposal. Pham Decl., ¶ 29. Despite submitting a corrective action proposal that offered to agree to data and security protocols by October 10 and then to a production timeline within two weeks (so by October 24), Pham Decl., ¶ 32, USDA deemed the corrective action proposal Pennsylvania submitted on September 19 as unacceptable merely because it did not state a definitive date for compliance, Pham Decl., ¶ 33. USDA's subsequent notice of disallowance stated that administrative costs will be disallowed while Pennsylvania is out of compliance. Pham Decl., ¶ 34.

On September 26, Pennsylvania submitted a revised corrective action proposal, which was materially unchanged from the first except to state that Pennsylvania would produce responsive data by November 24—a definitive date—once Pennsylvania and USDA agreed to data and security protocols and USDA affirmed it would follow the law. 2nd Pham Suppl. Decl., ¶¶ 1-2.

In USDA's opposition brief with this Court, it acknowledges the revised proposal but says it is flawed because Pennsylvania still insists USDA first commit to following the law as described by the Court, adding that the revised proposal is untimely. USDA Opp'n at 6 n.2. In a

5

REPLY IN SUPPORT OF PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA (3:25-cv-06310)

single footnote, USDA has changed both why it rejected Pennsylvania's corrective action proposal (treating USDA's need to confirm compliance with the law as the issue rather than the absence of a date) and what constitutes compliance (suggesting that corrective action proposals no longer constitute compliance, contrary to the August 20 warning). USDA's conduct only emphasizes the need for immediate judicial intervention.

## CONCLUSION

The Court should grant Plaintiffs' motion and modify the existing TRO prohibiting Defendants from enforcing their demand for SNAP data, including by allowing SNAP funding, against Pennsylvania, and include Pennsylvania in any future injunctive relief. The Court should also toll the deadline for Pennsylvania to administratively appeal its disallowance notice.

Dated: September 28, 2025           Respectfully submitted,

Jennifer Selber
General Counsel

*/s/ Michael J. Fischer*
Michael J. Fischer*
Executive Deputy General Counsel
Jacob B. Boyer*
Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 831-2847
mjfischer@pa.gov

*Counsel for Governor Josh Shapiro*

* *pro hac vice forthcoming*

6

REPLY IN SUPPORT OF PLAINTIFF STATES' EX PARTE MOTION TO MODIFY TEMPORARY RESTRAINING ORDER TO INCLUDE ADDITIONAL PLAINTIFF STATE PENNSYLVANIA (3:25-cv-06310)