1   ROB BONTA
    Attorney General of California
2   PAUL STEIN
    Supervising Deputy Attorney General
3   ANDREW Z. EDELSTEIN
    ANNA RICH
4   EDWARD P. WOLFE
    MARIA F. BUXTON
5   ROBIN GOLDFADEN
    WILLIAM BELLAMY
6   SEBASTIAN BRADY
    Deputy Attorneys General
7   State Bar No. 330904
     455 Golden Gate Avenue, Suite 11000
8    San Francisco, CA 94102-7004
     Telephone: (415) 510-3592
9    Fax: (415) 703-5480
     E-mail: Sebastian.Brady@doj.ca.gov
10  *Attorneys for Plaintiff State of California*

11  *Additional counsel listed on signature page*

12                    IN THE UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                        SAN FRANCISCO DIVISION

15

16

17

18  | **STATE OF CALIFORNIA, *et al.*,** | Case No. 3:25-cv-06310-MMC |

19                          Plaintiff,   **PLAINTIFF STATES' SUPPLEMENTAL BRIEF IN RESPONSE TO COURT'S**

20       **v.**                          **SEPTEMBER 29, 2025 ORDER, ECF No. 94**

21
    **UNITED STATES DEPARTMENT OF**
22  **AGRICULTURE, *et al.*,**           Date: October 9, 2025
                                         Time: 10:00 a.m.
23                        Defendants.    Courtroom: 7
                                         Judge: Maxine M. Chesney
24                                       Trial Date: None set
                                         Action Filed: July 28, 2025

25

26

27

28

1

As directed by the Court (ECF No. 94 at 2), Plaintiff States submit this supplemental brief in response to Defendants' last-minute argument concerning administrative exhaustion. Defendants' latest untimely argument should not alter the Court's determination that Plaintiffs' claims are ripe for adjudication. 7 U.S.C. section 6912(e) does not apply here in the first place, and even if it did, it is the sort of non-jurisdictional requirement that this Court can and should excuse.

## I.    SECTION 6912(E) DOES NOT APPLY HERE.

Section 6912(e) does not apply here for two independent reasons. First, there are no administrative procedures that apply to the challenges Plaintiffs raise in this motion. And second, Section 6912(e) does not apply to States in the first place.

### A.    There Are No Applicable Administrative Procedures To Exhaust.

Section 6912(e) requires "person[s]" to "exhaust all administrative appeal procedures established by the Secretary [of USDA] or required by law" before bringing an action against USDA. For this provision to have any application, however, there must be a regulatory process that actually "address[es]" the particular challenge brought by a litigant. *Munsell v. Dep't of Agric.*, 509 F.3d 572, 579 (D.C. Cir. 2007). Plaintiffs challenge the legality of USDA's demand for SNAP data and there is no administrative process created to adjudicate such challenges.

*Munsell* is particularly instructive here. In that case, the D.C. Circuit faced two sets of challenges to USDA's regulation of meat processors: first, a trade association of meat processors regulated by USDA challenged particular "regulatory policies" set by USDA, and second, an individual meat processor challenged various enforcement actions USDA had taken against it. *Id.* at 579; *see id.* at 575–78. The court determined that the latter challenges "relate[d] to USDA enforcement actions taken against the company," and were therefore required to be processed first through the regulatory appeal procedures set up for such actions. *Id.* at 579. By contrast, because the trade association "challenge[d] . . . USDA's regulatory policies" and USDA could point to no "'appeal procedures established by the Secretary' to address [the trade association's challenge seeking] declaratory and injunctive relief," the trade association was "not subject to the strictures of 7 U.S.C. § 6912(e)." *Id.*

2

Plaintiff States' Suppl. Brief in Response to Court's September 29, 2025 Order, ECF No. 94  (3:25-cv-06310-MMC)

Just so here. The relevant USDA regulation provides only for appeals of "action[s] to disallow Federal funds." 7 C.F.R. § 276.4(f). Such appeals proceed "in accordance with the procedures specified in [7 C.F.R.] § 276.7," *id.*, which likewise only applies, as relevant here, to "disallowances of Federal funds" from state agencies, *id.* § 276.7(a)(1). USDA itself has acknowledged in this case that administrative appeals under these regulations are limited to "decision[s] to suspend or disallow funds." ECF No. 72 at 9. But Plaintiffs are not challenging here disallowance decisions issued under 7 C.F.R. § 276.4. Instead, Plaintiffs are challenging USDA's demand that Plaintiffs turn over unprecedented amounts of personally identifiable information on SNAP applicants, beneficiaries, and household members, as this Court has recognized. *See* TRO at 3, ECF No. 83 (Sept. 18, 2025) ("By the instant motion, Plaintiff States seek a preliminary injunction prohibiting USDA from demanding the SNAP data and from instituting noncompliance proceedings, i.e., disallowing funding as a consequence of noncompliance."). And this Court has found that "the demand for SNAP data constitutes final agency action" and is thus subject to challenge under the APA. *Id.* at 8. Just as in *Munsell*, the fact that the challenged agency action could ultimately be implemented through a particular enforcement action that could itself be administratively appealed does not mean that a party affected by the underlying agency action must wait for and then administratively appeal such an enforcement action before it may challenge the underlying agency action in court. Indeed, with the exception of Pennsylvania, Plaintiffs have not yet received a disallowance decision that could be administratively appealed under 7 C.F.R. § 276.4.[1]

## B. Section 6912(e) Does Not Require States To Exhaust Administrative Remedies.

Defendants' newfound reliance on Section 6912(e) is particularly perplexing in light of the fact that this section only requires "person[s]" to exhaust administrative remedies. 7 U.S.C. § 6912(e). The applicable definitional provision does not define "person," *see* 7 U.S.C. § 6902,

---

[1] Defendants reference in passing 7 U.S.C. § 2023(a), which suffers from the same flaw as these regulations because it only applies where States challenge "a claim against a State agency." 7 U.S.C. § 2023(a)(1). None of Plaintiffs seek to challenge here a claim against a State agency, and no Plaintiff other than Pennsylvania has had such a claim made against it.

3

1 and there is a "longstanding interpretive presumption that 'person' does not include the

2 sovereign." *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 780 (2000). This

3 presumption "may be disregarded only upon some affirmative showing of statutory intent to the

4 contrary." *Vermont Agency of Nat. Res. V. U.S. ex rel. Stevens*, 529 U.S. 765, 780 (2000).

5 Defendants have offered no such affirmative showing here.

6       Indeed, their reading is even less tenable because 7 U.S.C. § 2023, which Defendants

7 point to as the applicable source of administrative remedies, ECF No. 89 at 3–4, does reference

8 States but expressly provides that they do *not* have to exhaust their administrative remedies in

9 order to seek judicial review. That statute provides that where a "State agency is aggrieved by" a

10 "claim against a State agency" made by USDA, the "State agency . . . *may*, in accordance with

11 regulations promulgated under this chapter, within ten days of the date of delivery of such notice,

12 file a written request for an opportunity to submit information in support of its position to such

13 person or persons as the regulations may designate." 7 U.S.C. § 2023(a)(1), (3) (emphasis added).

14 And "[i]f such a request is not made or if such . . . State agency fails to submit information in

15 support of its position after filing a request, the administrative determination shall be final." *Id.*

16 § 2023(a)(4). The statute goes on to provide that "[i]f the . . . State agency feels aggrieved by such

17 final determination, it may obtain judicial review thereof." *Id.* § 2023(a)(13). The explicitly

18 optional nature of the administrative remedy here aligns with the explicitly optional nature of the

19 administrative appeal in 7 C.F.R. § 276.4(f): "After [USDA] has taken action to disallow Federal

20 funds the State agency *may* request an appeal . . . ." (emphasis added).

21       Even assuming Section 6912(e) could apply to States, this Court should read this section

22 in harmony with Section 2023. *See, e.g.*, *Momeni v. Chertoff*, 521 F.3d 1094, 1097 (9th Cir. 2008)

23 (explaining that where a court "can construe two statutes so that they conflict, or so that they can

24 be reconciled and both can be applied, it is obliged to reconcile them"); *see also Epic Sys. Corp.*

25 *v. Lewis*, 584 U.S. 497, 511 (2018) ("Respect for Congress as drafter counsels against too easily

26 finding irreconcilable conflicts in its work."). Section 6912(e) only requires exhaustion where the

27 procedures are "established by the Secretary or required by law." 7 U.S.C. § 6912(e). The

28 procedures set out in 7 U.S.C. § 2023 are, as just explained, not "required by law" to be exhausted

4

Plaintiff States' Suppl. Brief in Response to Court's September 29, 2025 Order, ECF No. 94  (3:25-cv-06310-MMC)

1    and it would be passing strange to read the *optional* regulatory procedures established by USDA

2    in 7 C.F.R. §§ 276.4 and 276.7 to implement this *optional* statutory procedure as being made

3    mandatory through the backdoor of Section 6912(e)'s reference to procedures "established by the

4    Secretary." Moreover, to the extent there is a conflict between these two statutes, "'[i]t is a

5    commonplace of statutory construction that the specific'"—here, Section 2023—"'governs the

6    general'"—here, Section 6912(e). *N.L.R.B. v. SW Gen., Inc.*, 580 U.S. 288, 305 (2017).[2]

7    **II.    EXHAUSTION SHOULD BE EXCUSED.**

8         Even if Section 6912(e)'s exhaustion requirement did apply here, it is a non-jurisdictional

9    requirement that may be excused. *See McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973,

10   980 (9th Cir. 2002); *see also Maronyan v. Toyota Motor Sales, U.S.A., Inc.*, 658 F.3d 1038, 1040

11   (9th Cir. 2011) ("[S]tatutorily created exhaustion requirements ordinarily constitute prudential

12   affirmative defenses that may be defeated by compelling reasons for failure to exhaust.").

13   Excusing exhaustion is appropriate where a plaintiff raises a claim that is "'(1) collateral to a

14   substantive claim of entitlement, (2) colorable, and (3) one whose resolution would not serve the

15   purposes of exhaustion.'" *McBride Cotton & Cattle Corp.*, 290 F.3d at 980; *see also Johnson v.*

16   *Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) (explaining this test). All three requirements are met

17   here, and forcing Plaintiffs to exhaust their administrative remedies in this case would subject

18   them to irreparable harm.

19       **A.    Plaintiffs' Claims Are Collateral To Those Subject To 7 C.F.R. § 276.4.**

20        "A claim is collateral if it is not 'bound up with the merits so closely that [the court's]

21   decision would constitute interference with agency process.'" *McBride Cotton & Cattle Corp.*,

22   290 F.3d at 980. In *McBride*, the Ninth Circuit held that claims challenging a USDA policy

23   regarding debt collection under the Constitution, statute, and regulation were collateral because

24   they presented "facial challenges to the Secretary's policy, and they are asserted in light of

25   constitutional and statutory law, as well as regulatory provisions," and there was "no agency

26

27   ─────────────
         [2] The "notwithstanding" clause in Section 6912(e) cannot overcome this conclusion. Such
     clauses "just show[] which of two or more provisions prevails in the event of a conflict," and here
28   there is no conflict. *N.L.R.B. v. SW Gen., Inc.*, 580 U.S. 288, 302 (2017).

5

Plaintiff States' Suppl. Brief in Response to Court's September 29, 2025 Order, ECF No. 94  (3:25-cv-06310-MMC)

process by which these claims may be resolved." *Id.* at 980–81.[3] "[P]ursuing these challenges in federal court does not interfere with the agency's process." *Id.* at 981. The same holds here, as explained above. *See supra* at p. 3. Plaintiffs' motion rests on the claims that USDA's data demand is arbitrary and capricious, contrary to law, and ultra vires. *See* TRO at 6–7. These challenges "are thus facial challenges to the Secretary's policy, and they are asserted in light of . . . statutory law." *McBride Cotton & Cattle Corp.*, 290 F.3d at 981. And Defendants nowhere represent that an administrative appeal of a disallowance decision provides a mechanism to vacate the demand as to Plaintiffs on the basis of these claims. Indeed, the regulations only provide for "uphold[ing] the claim, deny[ing] the claim, or adjust[ing] the claim downward." 7 C.F.R. § 276.7(i).

### B. Plaintiffs' Claims Are Colorable.

"A colorable claim is one which is not 'wholly insubstantial, immaterial, or frivolous.'" *McBride Cotton & Cattle Corp.*, 290 F.3d at 981. By contrast, a claim is "'not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial or frivolous.'" *Id.* Plaintiffs' claims here are not wholly insubstantial, immaterial, or frivolous, and they are not made for the purpose of obtaining jurisdiction. Indeed, this Court has already found that Plaintiffs are likely to succeed on at least one aspect of their claims. *See* TRO at 11–12.

### C. Pursuing An Administrative Appeal Would Not Serve The Purposes Of Exhaustion.

The Ninth Circuit has held that an exhaustion requirement, including Section 6912(e) specifically, should be excused where requiring a party to go through the motions of exhausting administrative remedies would not "serve the purposes of exhaustion"—known as the futility exception. *McBride Cotton & Cattle Corp.*, 290 F.3d at 982; *see also Herr v. U.S. Forest Serv.*, 803 F.3d 809, 822–23 (6th Cir. 2015) (forgiving failure to exhaust under Section 6912(e) based

---

[3] Although *McBride* dealt with constitutional claims in addition to non-constitutional claims like those Plaintiffs raise in this motion, that did not affect the court's analysis, *see* 290 F.3d at 980–82, and courts have excused failure to exhaust in cases raising solely statutory claims, *see, e.g.*, *Herr v. U.S. Forest Serv.*, 803 F.3d 809, 813, 822–23 (6th Cir. 2015) (forgiving failure to exhaust under Section 6912(e) in APA case).

6

Plaintiff States' Suppl. Brief in Response to Court's September 29, 2025 Order, ECF No. 94  (3:25-cv-06310-MMC)

1   on futility); *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 606 (5th Cir. 2007)

2   (analyzing futility exception as to Section 6912(e)). "The purpose of exhaustion is to allow the

3   agency, in the first instance, to develop a detailed factual record and utilize its expertise in

4   applying its own regulations to those facts." *McBride Cotton & Cattle Corp.*, 290 F.3d at 982.

5   Where plaintiffs have asserted that an agency action is contrary to law, the Ninth Circuit has

6   explained that "nothing is gained 'from permitting the compilation of a detailed factual record, or

7   from agency expertise,'" as the court does "not need a detailed factual record for each claimant to

8   decide such a 'straightforward statutory' challenge," nor does it "require the benefit of agency

9   expertise because 'the issue posed by the class members is one purely of statutory construction.'"

10  *Johnson*, 2 F.3d at 922.

11         Likewise, Plaintiffs here assert that USDA's data demand is contrary to law and arbitrary

12  and capricious. No factual development within the administrative appeal process is necessary to

13  resolve these claims. *See, e.g.*, *Dep't of Com. v. New York*, 588 U.S. 752, 780 (2019) ("[I]n

14  reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous

15  explanation in light of the existing administrative record."). Moreover, because the administrative

16  process only provides for an appeal of a specific disallowance decision, and because USDA has

17  shown no willingness to walk back its unprecedented demand since first issuing it months ago,

18  "[i]t is unlikely that an individual claimant could . . . succeed[] in having the Secretary's policy

19  overturned . . . through the administrative process." *Johnson*, 2 F.3d at 922–23; *see McBride*

20  *Cotton & Cattle Corp.*, 290 F.3d at 982 (holding that where the applicable administrative body

21  "lack[ed] authority to resolve the claims presented by the plaintiffs[,] [r]equiring exhaustion

22  would be an idle act"); *Herr*, 803 F.3d at 822 (forgiving failure to exhaust under Section 6912(e)

23  and explaining that "[i]f administrative review would 'come to naught,' if any efforts before the

24  agency would be 'pointless,' the courts do not insist that litigants go through the motions of

25  exhausting the claim anyway"); *Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp.*, 440 F.3d 992,

26  1000 (8th Cir. 2006) (explaining in considering waiver of Section 6912(e) that "[a]n

27  administrative remedy will be deemed futile if there is doubt about whether the agency could

28  grant effective relief"). Because "[r]equiring each individual to exhaust his administrative

7

Plaintiff States' Suppl. Brief in Response to Court's September 29, 2025 Order, ECF No. 94  (3:25-cv-06310-MMC)

remedies would result in a considerable waste of judicial resources," the futility exception to exhaustion applies. *Johnson*, 2 F.3d at 923.

### D. Requiring Exhaustion Here Would Subject Plaintiffs To Irreparable Harm.

Exhaustion is also not required because pursuing the administrative appeal would subject Plaintiffs to irreparable harm. *See, e.g.*, *Johnson*, 2 F.3d at 922 (asking whether plaintiffs "raise[d] 'at least a colorable claim' that exhaustion will cause them irreparable injury"). As this Court already held, suffering a disallowance of the magnitude threatened by USDA here would constitute irreparable harm. TRO at 14–16.

Defendants return again to the automatic stay provision. ECF No. 89 at 3–4. But they again refuse to agree that the disallowance date would be tolled during this appeal. As Plaintiffs have explained, USDA is thus putting Plaintiffs to an impossible choice: they can either capitulate to an unlawful, costly and harmful demand, or risk losing reimbursement for potentially all of their administrative costs not only going forward from a decision rejecting their appeal, but back to the final noncompliance date. *See* PI Mot. at 23–24, ECF No. 59; PI Reply at 2, ECF No. 75. The Court has already held that Plaintiffs are not required to "bet the farm" in this manner. *See Free Enterprise Fund v. Public Co. Accounting Oversight Board*, 561 U.S. 477, 490–91 (2010); TRO at 15; *cf. Hyatt v. OMB*, 908 F.3d 1165, 1173 (9th Cir. 2018) (holding that plaintiff seeking to challenge disclosure requirement "'need not assume'" substantial "'risks [by withholding the information] while waiting for [the agency] to drop the hammer in order to have [his] day in court'" (quoting *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 600 (2016))); *see also* PI Reply at 3.[4] The Court can, and should, prevent this irreparable harm by issuing a preliminary injunction and allowing Plaintiffs to pursue their claims before this Court, rather than engage in an unnecessary, irrelevant, and futile administrative process.

---

[4] Additionally, state agencies would likely be forced to significantly alter their planned operations during the administrative appeal given the amount of looming liability. *See, e.g.*, Garcia Decl. CA ¶¶ 21–25, ECF No. 59-6 (detailing how loss of funding would affect operations); *see also East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 677 (9th Cir. 2021) (holding "significant change[s] in [organization's] programs" constitutes irreparable "intangible injury").

8

Plaintiff States' Suppl. Brief in Response to Court's September 29, 2025 Order, ECF No. 94  (3:25-cv-06310-MMC)

**CONCLUSION**

This Court should reject USDA's latest attempt to muddy the waters and hold that Plaintiffs' claims are ripe for adjudication on the merits.

Dated: October 3, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
PAUL STEIN
Supervising Deputy Attorney General
ANDREW Z. EDELSTEIN
ANNA RICH
EDWARD P. WOLFE
MARIA F. BUXTON
ROBIN GOLDFADEN
WILLIAM BELLAMY

*/s/ Sebastian Brady*
SEBASTIAN BRADY
Deputy Attorneys General
*Attorneys for Plaintiff State of California*

LETITIA JAMES
Attorney General of New York

*/s/ Mark Ladov*
MARK LADOV
Special Counsel
JULIE DONA
Special Counsel
28 Liberty St.
New York, NY 10005
(212) 416-8240
mark.ladov@ag.ny.gov
*Attorneys for Plaintiff State of New York*

KRISTIN MAYES
Attorney General of Arizona

*/s/ Hayleigh S. Crawford*
HAYLEIGH S. CRAWFORD (AZ No. 032326)
LUCI D. DAVIS (AZ No. 035347)
2005 N. Central Ave. Phoenix, AZ 85004
(602) 542-3333
Hayleigh.Crawford@azag.gov
Luci.Davis@azag.gov
ACL@azag.gov
*Attorneys for Plaintiff State of Arizona*

PHILIP J. WEISER
Attorney General of Colorado

*/s/ David Moskowitz*
DAVID MOSKOWITZ
Deputy Solicitor General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6000
david.moskowitz@coag.gov
*Attorneys for Plaintiff State of Colorado*

WILLIAM TONG
Attorney General of Connecticut

*/s/ Janelle R. Medeiros*
JANELLE R. MEDEIROS
Special Counsel for Civil Rights
165 Capitol Ave
Hartford, CT 06106
(860) 808-5020
Janelle.Medeiros@ct.gov
*Attorneys for Plaintiff State of Connecticut*

9

1

2 KATHLEEN JENNINGS
Attorney General of Delaware

BRIAN L. SCHWALB
Attorney General for the District of
Columbia

3 */s/ Vanessa L. Kassab*
IAN R. LISTON
4 Director of Impact Litigation
VANESSA L. KASSAB*
5 Deputy Attorney General
Delaware Department of Justice
6 820 N. French Street
Wilmington, DE 19801
7 (302) 683-8899
vanessa.kassab@delaware.gov
8 *Attorneys for Plaintiff State of Delaware*

*/s/ Nicole S. Hill*
NICOLE S. HILL
Assistant Attorney General
Office of the Attorney General for the
District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 727-4171
nicole.hill@dc.gov
*Attorneys for Plaintiff District of
Columbia*

9

10 ANNE E. LOPEZ
Attorney General of Hawaiʻi

KWAME RAOUL
Attorney General of Illinois

11 */s/ Kalikoʻonālani D. Fernandes*
DAVID D. DAY
12 Special Assistant to the Attorney General
KALIKOʻONĀLANI D. FERNANDES
13 Solicitor General
425 Queen Street
14 Honolulu, HI 96813
(808) 586-1360
15 kaliko.d.fernandes@hawaii.gov
*Attorneys for Plaintiff State of Hawaiʻi*

*/s/ Sherief Gaber*
HARPREET K. KHERA
Bureau Chief, Special Litigation
SHERIEF GABER
Assistant Attorney General
115 S. LaSalle St., 35th Flr.
Chicago, Illinois 60603
(773) 590-7127
Harpreet.Khera@ilag.gov
*Attorneys for Plaintiff State of Illinois*

16

17 OFFICE OF THE GOVERNOR *ex rel*. Andy
Beshear, in his official capacity as Governor of
18 the Commonwealth of Kentucky

AARON M. FREY
Attorney General of Maine

19 */s/ S. Travis Mayo*
S. TRAVIS MAYO
20 General Counsel
TAYLOR PAYNE
21 Chief Deputy General Counsel
LAURA C. TIPTON
22 Deputy General Counsel
Office of the Governor
23 700 Capitol Avenue, Suite 106
Frankfort, KY 40601
24 (502) 564-2611
travis.mayo@ky.gov
25 taylor.payne@ky.gov
laurac.tipton@ky.gov
26 *Attorneys for Plaintiff Kentucky Governors'
Office*

*/s/ Brendan Kreckel*
BRENDAN KRECKEL
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 0433-0006
Tel.:  207-626-8800
Fax:  207-287-3145
brendan.kreckel@maine.gov
*Attorneys for Plaintiff State of Maine*

27

28

ANTHONY G. BROWN
Attorney General of Maryland

*/s/ James C. Luh*
JAMES C. LUH
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6411
jluh@oag.state.md.us
*Attorneys for Plaintiff State of Maryland*

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

*/s/ Katherine Dirks*
KATHERINE DIRKS
Chief State Trial Counsel
CASSANDRA THOMSON
Assistant Attorney General
Office of the Massachusetts Attorney
General
1 Ashburton Place Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
cassandra.thomson@mass.gov
*Attorneys for Plaintiff Commonwealth of
Massachusetts*

DANA NESSEL
Attorney General of Michigan

*/s/ Neil Giovanatti*
NEIL GIOVANATTI
BRYAN BEACH
Assistant Attorneys General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
giovanattin@michigan.gov
beachb@michigan.gov
*Attorneys for Plaintiff State of Michigan*

KEITH ELLISON
Attorney General of Minnesota

*/s/ Joseph R. Richie*
JOSEPH R. RICHIE
Special Counsel
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 300-0921
joseph.richie@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada

*/s/ Heidi Parry Stern*
HEIDI PARRY STERN (Bar. No. 8873)
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov
*Attorneys for Plaintiff State of Nevada*

MATTHEW J. PLATKIN
Attorney General of New Jersey

*/s/ Kashif T. Chand*
KASHIF T. CHAND (NJ BAR NO.
016752008)
Assistant Attorney General
New Jersey Office of the Attorney
General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
kashif.chand@law.njoag.gov
*Attorneys for Plaintiff State of New
Jersey*

11

RAÚL TORREZ
Attorney General of the State of New Mexico

*/s/ Steven Perfrement*
STEVEN PERFREMENT*
Senior Litigation Counsel
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
SPerfrement@nmdoj.gov
505-601-7727
*Attorneys for the State of New Mexico*

DAN RAYFIELD
Attorney General of Oregon

*/s/ Scott P. Kennedy*
SCOTT P. KENNEDY
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 453-9050
Fax (971) 673-5000
Scott.Kennedy@doj.oregon.gov
*Attorneys for Plaintiff State of Oregon*

JOSH SHAPIRO, in his official capacity as
Governor of the Commonwealth of
Pennsylvania

JENNIFER SELBER
General Counsel

*/s/ Michael J. Fischer*
Michael J. Fischer*
Executive Deputy General Counsel
Jacob B. Boyer*
Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 460-6786
mjfischer@pa.gov
*Counsel for Governor Josh Shapiro*

PETER F. NERONHA
Attorney General of Rhode Island

*/s/ Madeline R. Becker*
MADELINE R. BECKER (RI BAR No.
10034)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2151
mbecker@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Jennifer K. Chung*
JENNIFER K. CHUNG, WSBA #51583
WILLIAM MCGINTY, WSBA #41868
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
jennifer.chung@atg.wa.gov
william.mcginty@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

JOSHUA L. KAUL
Attorney General of Wisconsin

*/s/ Karla Z. Keckhaver*
KARLA Z. KECKHAVER
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-6365
karla.keckhaver@wisdoj.gov
*Attorneys for Plaintiff State of Wisconsin*

*\* pro hac vice forthcoming*

# CERTIFICATE OF SERVICE

Case Name: **_California, et al. v. U.S._**          Case No.  **3:25-cv-06310-MMC**
            **_Department of Agriculture_**

I hereby certify that on October 3, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **PLAINTIFF STATES' SUPPLEMENTAL BRIEF IN RESPONSE TO COURT'S SEPTEMBER 29, 2025 ORDER, ECF No. 94**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 3, 2025, at San Francisco, California.


|                   |                   |
| ----------------- | ----------------- |
| M. Mendiola       |                   |
| Declarant         | Signature         |

SA2025302238