BRETT A. SHUMATE
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BENJAMIN S. KURLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*, | Case No. 3:25-cv-06310-MMC |
| *Plaintiffs*, | |
| v. | **MOTION TO VACATE RESPONSE DEADLINE AND ORDER SUMMARY JUDGMENT SCHEDULE** |
| UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, | |
| *Defendants*. | |

3:25-cv-06310-MMC MOT. TO VACATE RESPONSE DEADLINE AND ORDER SUMMARY JUDGMENT SCHEDULE

1

Pursuant to Local Rules 6-3 and 7-11, Defendants hereby move the Court to vacate the current deadline for Defendants to respond to Plaintiffs' Amended Complaint and order the parties to submit a joint scheduling order, or separate proposals, for cross-motions for Summary Judgment, no later than December 19, 2025. In support of this stipulation, the Defendants submit the following:

1. On July 28, 2025, Plaintiffs filed their original Complaint in this matter. ECF No. 1.
2. Plaintiffs served Defendants with their Complaint, which was received on August 4, 2025. ECF No. 51. Pursuant to Local Rule 16-5, Defendants' response to Plaintiffs' Complaint was due 90 days from August 4, 2025, or November 3, 2025.
3. On September 22, 2025, Plaintiffs filed an Amended Complaint. ECF No. 84. Pursuant to Federal Rule of Civil Procedure 15(a)(3), when a party amends a complaint, the deadline to respond is set for either "the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." As 14 days from the date of the Amended Complaint (October 6, 2025) was shorter than the original deadline (November 3, 2025), the Amended Complaint did not alter the due date of Defendants' response.
4. On October 1, 2025, the Federal Government entered a lapse in appropriations, during which time government counsel was prevented from working on matters involving this case which otherwise did not comply with the Anti-Deficiency Act, 31 U.S.C. §1341. That same day, Defendants submitted an Administrative Motion for a Stay in Light of the Lapse of Appropriations. ECF No. 95.
5. On October 1, 2025, the Court granted in part Defendants' stay motion. ECF No. 97. Specifically, the Court stayed all proceedings and extended all deadlines "for a period of time commensurate with the duration of the lapse in appropriations" except for the hearing and briefing on Plaintiffs' then-pending Motion for a Preliminary Injunction. *Id.* at 1. The Court directed the Government to "promptly notify the Court as soon as

the government shutdown has ended" and "if necessary given the circumstances of this case," confer with Plaintiffs' counsel to submit a joint proposed schedule for the remainder of litigation. *Id.* at 2. Thus, pursuant to the Court's order, Defendants' Answer deadline was stayed pending the shutdown.

6. On October 15, 2025, the Court granted Plaintiffs' Motion for a Preliminary Injunction. ECF No. 106.

7. On November 13, 2025, the Federal Government shutdown came to an end. That same day, counsel for Defendants notified the Court of the reinstatement of appropriations and committed to conferring with Plaintiffs regarding further scheduling in this matter. ECF No. 108.

8. As the lapse in appropriations lasted 43 days, Defendants' deadline to respond to Plaintiffs' Complaint and produce an administrative record was extended from November 3, 2025, to December 16, 2025, by function of the Court's Order Granting Defendants' Stay Motion. ECF No. 97 at 1 (staying deadlines "for a period of time commensurate with the duration of the lapse in appropriations.").

9. The Parties have met and conferred over email several times since November 13. *See* Decl. of Benjamin Kurland ¶ 1 ("Kurland Decl."). As a result of these communications, the Parties filed a Joint Status Report on November 28, 2025, informing the Court that on November 24, 2025, USDA sent the Plaintiff States a proposed data security protocol and renewed request to send USDA data related to SNAP. ECF No. 109 ¶ 6. Within the Joint Status Report, the Parties requested additional time for (1) Plaintiffs to respond to USDA's proposed protocols, and to accommodate (2) counsel's preplanned leave and (3) the December 15 deadline by which the Solicitor General will decide whether to appeal the Court's October 15 Order. *Id.* ¶ 7. The Parties informed the Court that they would meet and confer again regarding a schedule for the remaining matters in this case. *Id.*

3:25-cv-06310-MMC MOT. TO VACATE RESPONSE DEADLINE AND ORDER SUMMARY JUDGMENT SCHEDULE

10. On December 8, 2025, Plaintiffs provided Defendants with a response to USDA's November 24 Letter. *See* Kurland Decl. ¶ 3; *see also* Ex. A to Kurland Decl. The Letter posed numerous questions and proposals regarding USDA's proposed data security protocols. The Letter requested a response from USDA by December 15, 2025.

11. Since receiving Plaintiffs' response, USDA has been working on a response to Plaintiffs' questions and comments to the proposed protocols. *See* Kurland Decl. ¶ 4. Defendants believe that reaching a mutually agreeable protocol that facilitates the transfer of SNAP data to USDA will resolve many, if not all, of the underlying issues in this case, facilitating an ultimate resolution.

12. Defendants' counsel contacted Plaintiffs' counsel twice to suggest an extension of Defendants' response deadline in a stipulated motion, first before the parties submitted their Joint Status Report and then after. This offer included a commitment by Defendants not to move to lift the preliminary injunction during the pendency of the extension or any appeal. *See* Kurland Decl. ¶ 5. Plaintiffs declined to stipulate to such an extension without additional conditions, to which Defendants could not agree as they were not relevant to a simple request for an extension of time and unnecessary given that the Court's preliminary injunction remains in place.

13. As such, Defendants hereby request that the Court vacate the answer deadline and order the parties to submit a joint scheduling order, or separate proposals, for cross-motions for Summary Judgment, no later than December 19, 2025.

14. Defendants believe that this is the most efficient way to reach the merits of the case. An answer or other response to Plaintiffs' amended complaint would not move the case forward, as the posture has changed since the filing of the amended complaint.

15. As noted earlier, the deadline was previously extended by function of Defendants' stay motion.

16. If the Court denies this motion, Defendants propose that any response to the complaint be due 10 days from the date of such denial.

17. A proposed order is attached to this motion.

Dated:                                               Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

_____
BENJAMIN S. KURLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 598-7755
ben.kurland@usdoj.gov

*Counsel for Defendants*

3:25-cv-06310-MMC MOT. TO VACATE RESPONSE DEADLINE AND ORDER SUMMARY JUDGMENT SCHEDULE