ROB BONTA
Attorney General of California
PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
ANDREW Z. EDELSTEIN
ANNA RICH
JANE REILLY
LIAM O'CONNOR
SEBASTIAN BRADY
WILLIAM BELLAMY
MARIA F. BUXTON
Deputy Attorneys General
State Bar No. 318563
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone:  (415) 510-3873
 Fax:  (415) 703-5480
 E-mail:  Maria.Buxton@doj.ca.gov
*Attorneys for Plaintiff State of California*

*Additional counsel listed on signature page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, ET AL.**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL.**<br><br>Defendants. | Case No. **3:25-cv-06310-MMC**<br><br>**PLAINTIFF STATES' OPPOSITION TO DEFENDANTS' MOTION TO VACATE RESPONSE DEADLINE AND ORDER SUMMARY JUDGMENT SCHEDULE, ECF NO. 110**<br><br>Courtroom: 7<br>Judge: Maxine M. Chesney<br>Trial Date: None set<br>Action Filed: July 28, 2025 |

Plaintiffs the States of California, New York, Arizona, Colorado, Connecticut, Delaware, Hawaiʻi, Illinois, Maine, Maryland, Michigan, Minnesota, New Jersey, New Mexico, Oregon, Rhode Island, Washington, Wisconsin, the District of Columbia, the Commonwealth of Massachusetts, the Office of The Governor ex rel. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky, and the Office of The Governor ex rel. Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania (collectively, Plaintiffs or Plaintiff States) submit this response to Defendants' Motion to Vacate Response Deadline and Order Summary Judgment Schedule, ECF No. 110.

## RESPONSE

Plaintiffs do not oppose extending Defendants' answer deadline by 30 days and providing the Parties with additional time to file motions for summary judgment, but do oppose vacating (or extending) Defendants' deadline to produce an administrative record, which is currently due on December 16, 2025. *See* L. R. 16-5 (default rule that agency defendants must produce the administrative record with their answer). Defendants appear to suggest that no administrative record is necessary in this case, *see* ECF No. 110 (Mot.) ¶ 14, but provide no reason that they should be permitted to bypass the Federal Rules of Civil Procedure and the Local Rules to skip straight to summary judgment motions without first producing an administrative record. Moreover, as set forth below, Plaintiffs may be harmed by any further delay in the production of the administrative record, while Defendants fail to show that timely providing the administrative record will cause them any "substantial harm or prejudice," as required by Local R. 6-3(a)(3).

**A. Defendants have not shown that complying with their deadline to provide an administrative record will harm or prejudice them.**

Providing the administrative record at this point will not "substantial[ly] harm or prejudice" Defendants. L. R. 6-3(a)(3). In fact, Defendants do not even attempt to make this required showing. *See generally* Mot. Defendants also have not sought to make the "showing of good cause" required by this Court's Standing Order. Nor could they: Defendants have already produced an administrative record in separate litigation raising related claims to those here. *See* Not. of Filing of Certified List of the Contents of the Suppl. Admin. R., *Pallek v. Rollins*, 1:25-

1

cv-1650 (D.D.C. Aug. 27, 2025) (ECF No. 35). The administrative record in this case will likely have some overlap with that one, meaning the burden on Defendants is likely minimal. Further, this deadline cannot come as a surprise to Defendants, as this case was filed five months ago.

**B. A timely administrative record is critical to move this case forward, especially now that Defendants have renewed their data demand and are already threatening to penalize Plaintiffs.**

When counsel met and conferred about extending Defendants' deadline, Defendants initially suggested that more time was needed "to give the parties the opportunity to negotiate out the protocol" that Defendants have proposed. *See* Buxton Decl. Ex. C at 2. Plaintiffs were amenable to a 30-day extension of Defendants' response deadline, so long as USDA also agreed not to take steps during that time to disallow Plaintiffs' SNAP funding; otherwise, the parties would be forced into yet another round of emergency injunction briefing rather than negotiating a data and security protocol, which Defendants suggest will "resolve many" of "the underlying issues in this case." Mot. at 4; *see* Buxton Decl., Ex. C at 1. Defendants failed to respond to this suggestion and filed the instant motion instead, seeking to stay their own deadlines while attempting to retain the ability to wield disallowance of federal funds as a cudgel against Plaintiffs—and, if past is prologue, setting up further emergency briefing before this Court, this time over the holidays.

In this context, far from "not mov[ing] the case forward," Mot. at 4, producing the administrative record pursuant to the schedule required by the Local Rules will serve at least three concrete, immediate ends.

*First*, if Plaintiffs are required to file another motion for interim relief, keeping Defendants' current deadline in place will ensure that this Court can address such a motion on the administrative record as the Administrative Procedure Act requires, not on "'[a] new record made [by Defendants] initially in the reviewing court,' especially a declaration drafted [by Defendants] for litigation." *League v. Ross*, No. 20-CV-05799-LHK, 2020 WL 5441356, at *12 (N.D. Cal. Sept. 10, 2020) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)) (explaining that such a litigation declaration "would be an impermissible post hoc rationalization that does not reveal the

Plaintiff States' Opp'n to Defs.' Mot. to Vacate Resp. Deadline (Case No. 3:25-cv-06310-MMC)

1  agency's reasons for acting at the time of the action").  This is especially important because
2  Defendants have already relied heavily on just such prepared-for-litigation declarations.  *See* ECF
3  No. 72-1 (Decl. of Corley ISO Defs.' Opp'n to Mot. for Prelim. Inj.); ECF No. 90-1 (Suppl. Decl.
4  of Corley lSO Defs.' Suppl. Br. in Opp'n to Mot. for Prelim. Inj.).

5   In this regard, Plaintiffs note that even before they had an opportunity to respond to
6  Defendants' proposed protocol, Defendant Rollins claimed that she would immediately withhold
7  potentially hundreds of millions of dollars of federal funding from Plaintiffs.  *See* The White
8  House, *President Trump Hosts a Cabinet Meeting, Dec. 2, 2025*, at 59:45-1:00:33 (YouTube Dec.
9  2, 2025) ("[A]s of next week we have begun and will begin to stop moving federal funds into
10  those states until they comply" with USDA's data demand).[1]  Defendant Rollins then announced
11  on X: "NO DATA, NO MONEY — it's that simple."  Brooke Rollins (@SecRollins), X (Dec. 2,
12  2025 11:11 a.m. PST).[2]

13   *Second*, to the extent that Defendants actually seek to negotiate a data and security protocol
14  in good faith, producing the administrative record will facilitate these negotiations.  Plaintiffs still
15  need clarification on many key aspects of USDA's collection before they can adequately assess
16  USDA's proposed protocol.  *See, e.g.*, ECF No. 110-1 at 12-16 (Plaintiffs requesting clarification
17  on several aspects to move negotiations forward).  Because the administrative record must
18  include "all documents and materials directly or indirectly considered by agency decision-makers
19  and includes evidence contrary to the agency's position," it should provide at least some measure
20  of clarity to inform negotiations.  *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir.
21  1989) (internal quotation marks omitted).

22   *Third*, should the administrative record be incomplete and additional discovery needed,
23  requiring Defendants to produce it now would allow time for Plaintiffs to properly brief a request
24  for such discovery, prior to any motion for summary judgment.  *See* L. R. 16-5.

---

[1] Available at https://www.youtube.com/watch?v=pZSd7jn9CSc.
[2] Available at https://x.com/SecRollins/status/1995933975211397454?s=20https://x.com/SecRollins/status/1995933975211397454.

3

Plaintiff States' Opp'n to Defs.' Mot. to Vacate Resp. Deadline (Case No. 3:25-cv-06310-MMC)

## CONCLUSION

The Court should deny Defendants' Motion, direct Defendants to produce the administrative record by the original deadline, grant Defendants a 30-day extension of their deadline to answer or otherwise respond to Plaintiffs' Amended Complaint to January 16, 2026, and direct the parties to meet and confer and submit a joint proposed schedule for cross-motions for summary judgment by January 23, 2026.

Dated: December 15, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
ANDREW Z. EDELSTEIN
ANNA RICH
EDWARD P. WOLFE
JANE REILLY
LIAM O'CONNOR
SEBASTIAN BRADY
WILLIAM BELLAMY

/s/ Maria F. Buxton
MARIA F. BUXTON
DEPUTY ATTORNEYS GENERAL
*Attorneys for Plaintiff State of California*

Letitia James
Attorney General of New York

/s/ Mark Ladov
Mark Ladov
Special Counsel
Julie Dona
Special Counsel
28 Liberty St.
New York, NY 10005
(212) 416-8240
mark.ladov@ag.ny.gov
*Attorneys for Plaintiff State of New York*

Kristin Mayes
Attorney General of Arizona

/s/ Hayleigh S. Crawford
Hayleigh S. Crawford (AZ No. 032326)

Kwame Raoul
Attorney General of Illinois

/s/ Sherief Gaber
Harpreet K. Khera
Bureau Chief, Special Litigation
Sherief Gaber
Assistant Attorney General
115 S. LaSalle St., 35th Flr.
Chicago, Illinois 60603
(773) 590-7127
Harpreet.Khera@ilag.gov
*Attorneys for Plaintiff State of Illinois*

Philip J. Weiser
Attorney General of Colorado

/s/ David Moskowitz
David Moskowitz

4

| | | |
|---|---|---|
| 1 | Luci D. Davis (AZ No. 035347) | Deputy Solicitor General |
| | 2005 N. Central Ave. Phoenix, AZ 85004 | Colorado Department of Law |
| 2 | (602) 542-3333 | 1300 Broadway, 10th Floor |
| | Hayleigh.Crawford@azag.gov | Denver, CO 80203 |
| 3 | Luci.Davis@azag.gov | Phone: (720) 508-6000 |
| | ACL@azag.gov | david.moskowitz@coag.gov |
| 4 | *Attorneys for Plaintiff State of Arizona* | *Attorneys for Plaintiff State of Colorado* |
| 5 | William Tong | Kathleen Jennings |
| | Attorney General of Connecticut | Attorney General of Delaware |
| 6 | | |
| | */s/ Janelle R. Medeiros* | */s/ Vanessa L. Kassab* |
| 7 | Janelle R. Medeiros | Ian R. Liston |
| | Special Counsel for Civil Rights | Director of Impact Litigation |
| 8 | 165 Capitol Ave | Vanessa L. Kassab |
| | Hartford, CT 06106 | Deputy Attorney General |
| 9 | (860) 808-5020 | Delaware Department of Justice |
| | Janelle.Medeiros@ct.gov | 820 N. French Street |
| 10 | *Attorneys for Plaintiff State of Connecticut* | Wilmington, DE 19801 |
| | | (302) 683-8899 |
| 11 | | vanessa.kassab@delaware.gov |
| | | *Attorneys for Plaintiff State of Delaware* |
| 12 | | |
| | Brian L. Schwalb | Anne E. Lopez |
| 13 | Attorney General for the District of Columbia | Attorney General of Hawaiʻi |
| 14 | */s/ Nicole S. Hill* | */s/ Kalikoʻonālani D. Fernandes* |
| | Nicole S. Hill | David D. Day |
| 15 | Assistant Attorney General | Special Assistant to the Attorney General |
| | Office of the Attorney General for the District | Kalikoʻonālani D. Fernandes |
| 16 | of Columbia | Solicitor General |
| | 400 Sixth Street, NW | 425 Queen Street |
| 17 | Washington, D.C. 20001 | Honolulu, HI 96813 |
| | (202) 727-4171 | (808) 586-1360 |
| 18 | nicole.hill@dc.gov | kaliko.d.fernandes@hawaii.gov |
| | *Attorneys for Plaintiff District of Columbia* | *Attorneys for Plaintiff State of Hawaiʻi* |
| 19 | | |
| 20 | Office of The Governor *ex rel*. Andy Beshear, | Aaron M. Frey |
| | in his official capacity as Governor of the | Attorney General of Maine |
| 21 | Commonwealth of Kentucky | |
| | | */s/ Brendan Kreckel* |
| 22 | */s/ S. Travis Mayo* | Brendan Kreckel |
| | S. Travis Mayo | Assistant Attorney General |
| 23 | General Counsel | Office of the Attorney General |
| | Taylor Payne | 6 State House Station |
| 24 | Chief Deputy General Counsel | Augusta, ME 0433-0006 |
| | Laura C. Tipton | Tel.: 207-626-8800 |
| 25 | Deputy General Counsel | Fax: 207-287-3145 |
| | Office of the Governor | brendan.kreckel@maine.gov |
| 26 | 700 Capitol Avenue, Suite 106 | *Attorneys for Plaintiff State of Maine* |
| | Frankfort, KY 40601 | |
| 27 | (502) 564-2611 | |
| | travis.mayo@ky.gov | |
| 28 | taylor.payne@ky.gov | |

5

Plaintiff States' Opp'n to Defs.' Mot. to Vacate Resp. Deadline (Case No. 3:25-cv-06310-MMC)

laurac.tipton@ky.gov
*Attorneys for Plaintiff Kentucky Governors' Office*

Anthony G. Brown
Attorney General of Maryland

*/s/ James C. Luh*
James C. Luh
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6411
jluh@oag.state.md.us
*Attorneys for Plaintiff State of Maryland*

Andrea Joy Campbell
Attorney General of Massachusetts

*/s/ Katherine Dirks*
Katherine Dirks
Chief State Trial Counsel
Cassandra Thomson
Assistant Attorney General
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
cassandra.thomson@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

Dana Nessel
Attorney General of Michigan

*/s/ Neil Giovanatti*
Neil Giovanatti
Bryan Beach
Assistant Attorneys General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
giovanattin@michigan.gov
beachb@michigan.gov
*Attorneys for Plaintiff State of Michigan*

Keith Ellison
Attorney General of Minnesota

*/s/ Joseph R. Richie*
Joseph R. Richie
Special Counsel
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 300-0921
joseph.richie@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

Matthew J. Platkin
Attorney General of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008)
Assistant Attorney General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
kashif.chand@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

Raúl Torrez
Attorney General of the State of New Mexico

*/s/ Steven Prefrement*
Steven Perfrement
Senior Litigation Counsel
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
SPerfrement@nmdoj.gov
505-601-7727
*Attorneys for the State of New Mexico*

6

Plaintiff States' Opp'n to Defs.' Mot. to Vacate Resp. Deadline (Case No. 3:25-cv-06310-MMC)

| | |
|---|---|
| Dan Rayfield<br>Attorney General of Oregon<br><br>/s/ Scott P. Kennedy<br>Scott P. Kennedy<br>Senior Assistant Attorney General<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>Tel (971) 453-9050<br>Fax (971) 673-5000<br>Scott.Kennedy@doj.oregon.gov<br>*Attorneys for Plaintiff State of Oregon* | Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania<br><br>/s/ Jacob B. Boyer<br>Jennifer Selber<br>General Counsel<br>Jacob B. Boyer<br>Deputy General Counsel<br>Pennsylvania Office of the Governor<br>30 N. 3rd St., Suite 200<br>Harrisburg, PA 17101<br>(717) 460-6786<br>jacobboyer@pa.gov<br>*Counsel for Governor Josh Shapiro* |
| Peter F. Neronha<br>Attorney General of Rhode Island<br><br>/s/ Madeline R. Becker<br>Madeline R. Becker (RI Bar No. 10034)<br>Special Assistant Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>(401) 274-4400, Ext. 2151<br>mbecker@riag.ri.gov<br>*Attorneys for Plaintiff State of Rhode Island* | Nicholas W. Brown<br>Attorney General of Washington<br><br>/s/ Jennifer K. Chung<br>Jennifer K. Chung, WSBA #51583<br>William Mcginty, WSBA #41868<br>Assistant Attorneys General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>206-464-7744<br>jennifer.chung@atg.wa.gov<br>william.mcginty@atg.wa.gov<br>*Attorneys for Plaintiff State of Washington* |
| Joshua l. Kaul<br>Attorney General of Wisconsin<br><br>/s/ Karla Z. Keckhaver<br>Karla Z. Keckhaver<br>Assistant Attorney General<br>Wisconsin Department of Justice<br>Post Office Box 7857<br>Madison, Wisconsin 53707-7857<br>608-264-6365<br>karla.keckhaver@wisdoj.gov<br>*Attorneys for Plaintiff State of Wisconsin* | |

7

Plaintiff States' Opp'n to Defs.' Mot. to Vacate Resp. Deadline (Case No. 3:25-cv-06310-MMC)

# CERTIFICATE OF SERVICE

Case Name: **_California, et al. v. U.S. Department of Agriculture_**   Case No.   **3:25-cv-06310-MMC**

I hereby certify that on <u>December 15, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

1. **PLAINTIFF STATES' OPPOSITION TO DEFENDANTS' MOTION TO VACATE RESPONSE DEADLINE AND ORDER SUMMARY JUDGMENT SCHEDULE, ECF NO. 110**

2. **DECLARATION OF MARIA F. BUXTON IN SUPPORT OF PLAINTIFF STATES' OPPOSITION TO DEFENDANTS' MOTION TO VACATE RESPONSE DEADLINE AND ORDER SUMMARY JUDGMENT SCHEDULE, ECF NO. 110**

3. **[PROPOSED] ORDER SETTING CASE DEADLINES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 15, 2025</u>, at San Francisco, California.

|  |  |
|---|---|
| M. Mendiola | _M. Mendiola_ |
| Declarant | Signature |

SA2025302238