1  ROB BONTA
   Attorney General of California
2  PAUL STEIN
   ROBIN GOLDFADEN
3  Supervising Deputy Attorneys General
   ANDREW Z. EDELSTEIN
4  ANNA RICH
   JANE REILLY
5  LIAM O'CONNOR
   SEBASTIAN BRADY
6  WILLIAM BELLAMY
   MARIA F. BUXTON
7  Deputy Attorneys General
   State Bar No. 318563
8   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
9   Telephone: (415) 510-3873
    Fax: (415) 703-5480
10  E-mail: Maria.Buxton@doj.ca.gov
   *Attorneys for Plaintiff State of California*

11

12                 IN THE UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15

16

17  | **STATE OF CALIFORNIA, ET AL.** | Case No. **3:25-cv-06310-MMC** |

18                          Plaintiffs,   **DECLARATION OF MARIA F. BUXTON**
                                          **IN SUPPORT OF PLAINTIFF STATES'**
19                                        **OPPOSITION TO DEFENDANTS'**
                                          **MOTION TO VACATE RESPONSE**
20            v.                          **DEADLINE AND ORDER SUMMARY**
                                          **JUDGMENT SCHEDULE, ECF NO. 110**
21

22  **UNITED STATES DEPARTMENT OF**
    **AGRICULTURE, ET AL.**
                                          Courtroom: 7
23                          Defendants.   Judge: Maxine M. Chesney
                                          Trial Date: None set
24                                        Action Filed: July 28, 2025

25

26

27

28

### DECLARATION OF MARIA F. BUXTON

I, Maria F. Buxton, declare as follows:

1.    I am a Deputy Attorney General in the Office of the Attorney General of California and one of the attorneys responsible for representing the State of California in the above-captioned action.  I offer this declaration in support of Plaintiff States' Opposition to Defendants' Motion to Vacate Response Deadline and Order Summary Judgment Schedule, ECF No. 110.

2.    I have personal knowledge of all the facts stated herein.  If called as a witness, I could and would testify competently to the matters set forth below.

3.    On October 1, 2025, this Court—at Defendants' request—stayed this case apart from the preliminary injunction proceedings in light of the government shutdown and directed Defendants to notify the Court when the shutdown ended and "if necessary given the circumstances of this case, confer with opposing counsel and submit within two weeks a joint proposed schedule for the remainder of litigation."  ECF No. 97 at 2.

4.    Defendants' counsel notified the Court of the end of the shutdown on November 13, 2025 and told the Court it would "confer with Plaintiffs regarding further scheduling in this matter."  ECF No. 108.

5.    A week later, having received no communications from Defendants, counsel for Plaintiffs emailed Defendants' counsel on Friday, November 21, 2025 and suggested meeting and conferring regarding next steps.

6.    Counsel engaged in an extensive email exchange in which Defendants initially took the position that the Court's stay order had eliminated any response deadline entirely before eventually conceding that they remained obligated to respond to the Amended Complaint.

7.    In the midst of this exchange, on November 24, the Monday of Thanksgiving week, Defendants sent Plaintiffs' Governors' offices—rather than Plaintiffs' counsel or SNAP agencies—a renewed data demand together with a proposed data and security protocol and demanded responses by December 1, the Monday after Thanksgiving.  *See* ECF No. 109.

8.    Upon request, Defendants then granted Plaintiffs an extension until 9:00 A.M. Pacific Time on Monday, December 8, but refused to extend that deadline any further.

1

9.    Counsel for Plaintiffs then drafted a joint status report updating the Court on these developments that Defendants' counsel eventually agreed to; Defendants made no suggestions regarding scheduling their response deadline or other deadlines for this Joint Status Report.

10.    A true and correct copy of this email exchange is attached as **Exhibit A**.

11.    On Tuesday, December 2, 2025, counsel for Plaintiffs emailed counsel for Defendants asking what they proposed as a schedule going forward.  The next day, December 3, 2025, counsel for Defendants responded saying Defendants' lead counsel, Mr. Kurland, should be back that Friday, December 5, and could suggest next steps at that point.  A true and correct copy of this email exchange is attached as **Exhibit B**.

12.    A week later, Wednesday, December 10, lead counsel for Defendants emailed and suggested extending their response deadline by 30 days.

13.    Later that day, counsel for Plaintiffs asked Defendants to clarify whether Defendants planned to seek a stay of the preliminary injunction.  Counsel also noted that public statements by Defendant Rollins suggested USDA planned to issue new formal warning letters rather than negotiate in good faith over the terms of a data and security protocol, and asked for clarification.

14.    Defendants refused to offer any clarification on forthcoming disallowances, saying instead: "[a]s for the possibility of a future disallowance, Plaintiffs' agreeing to extend the answer deadline here would not affect Plaintiffs' ability to seek appropriate relief, if such an eventuality came to pass."  Defendants committed to not seeking a stay of the preliminary injunction order even if they did appeal, and said Defendants "are merely seeking to extend the answer deadline pending an appeal determination and to give the parties the opportunity to negotiate out the protocols."

15.    Plaintiffs' counsel responded by agreeing to extend the response deadline if Defendants "agree[d] not to disallow federal funding or otherwise enforce USDA's demand as articulated in its November 24, 2025 letter for 60 days."  Counsel noted that "We think this is necessary to give the parties breathing room to continue discussing the protocols, as you suggest."

16.    A true and correct copy of this email exchange is attached as **Exhibit C**.

1    17.  Defendants' counsel never responded to this offer and instead filed the Motion to

2    Vacate.  ECF No. 110.

3        18.  In their Motion to Vacate, Defendants state that they declined to stipulate to

4    "additional conditions . . . as they were not relevant to a simple request for an extension of time

5    and unnecessary given that the Court's preliminary injunction remains in place."  However,

6    Defendants have taken the position—which Plaintiffs contest—that that they do not believe the

7    existing preliminary injunction prevents them from commencing noncompliance proceedings in

8    the event that Plaintiffs refuse to comply with the renewed data demand, including on the grounds

9    that it remains unlawful.

10

11   I declare under the penalty of perjury that the foregoing is true and correct.

12

13   Executed on December 15, 2025 at San Francisco, California.

14

15                                                     Maria F. Buxton

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

| | |
|---|---|
| **From:** | Maria Buxton |
| **To:** | "Shapiro, Elizabeth (CIV)"; Kurland, Benjamin S (CIV) |
| **Cc:** | Sebastian Brady; Paul Stein; Gaber, Sherief; Ladov, Mark; Jane Reilley |
| **Subject:** | RE: California v. USDA - Next Steps |
| **Date:** | Friday, November 28, 2025 2:00:00 PM |

Confirming receipt, thanks. We'll go ahead and file this with the letter and the two attachments as you describe below. I am redacting the name/address of the letter recipient only to avoid confusion, since the letter is an exemplar of the identical letters that were sent to several plaintiff states.

Best,

Maria

**From:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Sent:** Friday, November 28, 2025 8:16 AM
**To:** Maria Buxton <Maria.Buxton@doj.ca.gov>; Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Ladov, Mark <Mark.Ladov@ag.ny.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** RE: California v. USDA - Next Steps

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Maria, this version is fine.  You have our permission to file.  For clarity, Attachment A should be the letter, plus the two attachments to the letter.
Thanks.

**From:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Sent:** Wednesday, November 26, 2025 5:51 PM
**To:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Ladov, Mark <Mark.Ladov@ag.ny.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. USDA - Next Steps

Betsy,

I've accepted your edits in the attached and made one additional edit in response. And yes, we had intended Attachment A to be a copy of the letter sent to plaintiff states (which I assume were all the same).  Please let us know if this is acceptable.

Thanks,
Maria

---

**From:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Sent:** Wednesday, November 26, 2025 12:24 PM
**To:** Maria Buxton <Maria.Buxton@doj.ca.gov>; Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Ladov, Mark <Mark.Ladov@ag.ny.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** RE: California v. USDA - Next Steps

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Maria,
Attached are our edits to the JSR.  We assume the Attachment you reference will be the USDA correspondence including its two attachments.  I am signing off for the holiday.  If this is acceptable to you, you have our permission to file this version.  If we need to negotiate further, we can pick it up on Friday.
Best,
Betsy

---

**From:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Sent:** Wednesday, November 26, 2025 1:35 PM
**To:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Ladov, Mark <Mark.Ladov@ag.ny.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. USDA - Next Steps

Betsy,

Thanks for confirming that extension – we appreciate it.  As to whether USDA is entitled to this data with a data and security protocol, we can discuss that further next week. The plaintiff states remain fully committed to the success and integrity of SNAP, as well as to complying with all applicable statutes and regulations (including federal laws that govern the use and protection of SNAP data; USDA regulations that govern SNAP audits; and federal and state laws that protect the privacy and security of personal information submitted by SNAP users). We intend to review USDA's latest request in light of the Court's order, and with those principles in mind.

As Ben and I had discussed, in light of the two-week deadline imposed by the Court's stay order, we'd like to file a brief joint status report either today or Friday, to memorialize next steps and update the Court. I've attached a draft here - please let us know if we have your permission to file.

Thanks,
Maria

---

**From:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Sent:** Wednesday, November 26, 2025 6:02 AM
**To:** Maria Buxton <Maria.Buxton@doj.ca.gov>; Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Ladov, Mark <Mark.Ladov@ag.ny.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** RE: California v. USDA - Next Steps

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Maria,

The agency is asking only that you agree or provide comments to the security protocols. States, including plaintiff states, have been submitting the same type of information to FNS under less protective versions. I believe the parties agree — as well as the court — that USDA is entitled under (a)(3) to the requested data "subject to data and security protocols agreed to by the State agency and the Secretary." Although we are anxious to receive any comments to the proposed protocols, we are willing to wait until noon EST on December 8 so as not to disturb everyone's holiday. We have also corrected the error that resulted in three States receiving two copies of the same exhibit and resent packages to those states.

Best,
Betsy

---

**From:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Sent:** Tuesday, November 25, 2025 3:32 PM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Cc:** Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Ladov, Mark <Mark.Ladov@ag.ny.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>

**Subject:** [EXTERNAL] RE: California v. USDA - Next Steps

Betsy and Ben,

It has come to our attention that yesterday, the Monday of Thanksgiving week, USDA sent several Plaintiff States a letter demanding the same data that is the subject of this case and the Court's PI order. The letters were sent to Governors' Offices, rather than the appropriate state agencies or Plaintiffs' counsel, and several of the letters reference two exhibits, but only attach one.

Putting aside whether the demand violates the Court's preliminary injunction order, the letter asks for a response within 7 days (Dec. 1). This is an unreasonable timeline to respond, particularly given the holiday this week, the complexity of the issues, and the fact that we are in the midst of attempting to negotiate a mutually agreeable schedule for this litigation. We remain willing to agree to a reasonable schedule for Defendants' response deadline, but we expect the same courtesy from USDA. We'd also like to avoid having to bother the Court with this, especially during a holiday week, a desire that I'm sure DOJ shares.

To that end, can DOJ confirm that USDA will extend the deadline for a response to its latest letter until at least Dec. 8, to allow the Parties a chance to meet and confer about this and a case schedule next week? If so, we can draft up a short JSR to submit to the Court before the two-week deadline runs, explaining our intention to further meet and confer next week. Please let us know by 9AM PST/ 12PM EST tomorrow.

Thanks,

Maria

**Maria F. Buxton**
Deputy Attorney General
California Attorney General's Office | Government Law Section
455 Golden Gate Avenue, Suite 11000 | San Francisco, CA 94102 | Tel: 415-510-3873
maria.buxton@doj.ca.gov

---

**From:** Maria Buxton
**Sent:** Monday, November 24, 2025 3:51 PM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Ladov, Mark <Mark.Ladov@ag.ny.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** RE: California v. USDA - Next Steps

Hi Ben and Betsy –

Thanks for this clarification. We're going to confer with the other plaintiffs first thing tomorrow and then will circle back with you about this.

Best,

Maria

---

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Monday, November 24, 2025 1:17 PM
**To:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Cc:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Sebastian Brady
<Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Gaber, Sherief
<sherief.gaber@ilag.gov>; Ladov, Mark <Mark.Ladov@ag.ny.gov>; Jane Reilley
<Jane.Reilley@doj.ca.gov>
**Subject:** RE: California v. USDA - Next Steps

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that
> appear suspicious.

Hi Maria,

My supervisor, Betsy Shapiro, is on this email chain, and is available while I am traveling.
But I think we can do your latter suggestion of submitting a joint status report explaining
that we intend to meet and confer when I return. The Solicitor General is still
contemplating an appeal and has sixty days to complete that determination. As of now,
no appeal has been authorized, the PI remains in place, and our intent is not to seek a
stay of the PI pending any appeal or to move to stay the PI in the interim. My only concern
is that keeping the current December 11/16 Answer deadline does not provide us
enough time after I return. Would Plaintiffs agree, as part of the JSR, to extend the
answer deadline by roughly 30 days to January 16, with the understanding that the PI
would remain in place in the interim?

Thanks,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

---

**From:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Sent:** Monday, November 24, 2025 1:53 PM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Sebastian Brady
<Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Gaber, Sherief
<sherief.gaber@ilag.gov>; Ladov, Mark <Mark.Ladov@ag.ny.gov>; Jane Reilley
<Jane.Reilley@doj.ca.gov>

**Subject:** [EXTERNAL] RE: California v. USDA - Next Steps

Ben,

Thanks for your response. As I'm sure you can understand, it's difficult for us to agree to waive any deadlines, without more information about Defendants' plans. For example, USDA has not told us one way or another whether it intends to appeal the PI and, if it does, whether it intends to seek a stay of the PI pending appeal. It would be helpful if we could get on a call to discuss those next steps soon, as the two-week timeline to file a joint proposed schedule, set out by the Court in its stay order, runs on Thursday. Would your supervisor (or whoever is covering while you are out) be willing to chat with us tomorrow morning?

Alternatively, we propose submitting a joint status report to the Court this week, explaining that we intend to meet and confer when you return, and will submit a joint proposed schedule (or competing proposed schedules) by Monday, Dec. 8, so that we can still get ahead of Defendants' response deadline.

Thanks,
Maria

---

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Sunday, November 23, 2025 4:55 PM
**To:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Cc:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Ladov, Mark <Mark.Ladov@ag.ny.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** Re: California v. USDA - Next Steps

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Maria,

Additionally, it looks like the complaint was actually served on the USAO on August 4, per ECF 51. Either way, I don't think the circumstances of the case warrant pushing forward with an AR and Answer until the deadline for appeal has run. And, as you note, the PI remains in place. Perhaps then we could submit a JSR on Thursday noting that the parties have met and conferred and agree to stay that so long as the PI is in place and the governments appeal deadline has not run, a case schedule is premature. We could then meet after the deadline runs (12/15 by my count) and submit a schedule by 12/22.

Thanks,

Ben

Ps. Appreciate your flexibility around my upcoming leave.

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

**From:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Sent:** Sunday, November 23, 2025 1:10 PM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Ladov, Mark <Mark.Ladov@ag.ny.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. USDA - Next Steps

Ben – the Court granted DOJ's motion to extend deadlines "for a period of time commensurate with the duration of the lapse in appropriations." Per the attached receipt, our understanding is that the clock for Defendants' answer and administrative record started on July 30. Given the stay of deadlines during the shutdown, that puts the deadline for answering and producing an AR on Dec. 11. We are happy to discuss your client's next steps for the litigation and USDA's underlying data demand. As long as the PI remains in place, we have no problem accommodating your vacation schedule and discussing a schedule that works for all parties. But the temporary stay did not eliminate these deadlines entirely.

Let us know how you'd like to move forward. We're happy to discuss next steps over email or on a call. Alternatively, we can file a status update with the Court by next Thursday explaining that our position is that Defendants must answer and produce the AR by Dec. 11, and that DOJ's position is that Defendants currently have no obligation to answer or produce an AR.

Best,
Maria

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Saturday, November 22, 2025 5:23 AM
**To:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Cc:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Ladov, Mark <Mark.Ladov@ag.ny.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>

**Subject:** Re: California v. USDA - Next Steps

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Maria,

By my calculation, we don't actually have an Answer deadline presently. The USAO was served 8/4, 90 days from that was 11/2, but that was during the shut down. The Court's order on the government's stay motion stayed all deadlines other than the additional briefing on the PI motion, which included the Answer/AR deadlines. The order does say that the government "if necessary given the circumstances of this case, [should] confer with opposing counsel and submit within two weeks a joint proposed schedule for the remainder of litigation."

At the moment it's not clear what the circumstances of the case warrant before the deadline for appeal runs.

So, if you agree, I think we can either wait until that time to submit a joint proposed schedule, or submit a JSR by Thursday (2 weeks from the government reopening), saying the parties are determining next steps, and will submit a joint proposed schedule after further meeting and conferring.

Thanks,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

---

**From:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Sent:** Friday, November 21, 2025 7:27:18 PM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Ladov, Mark <Mark.Ladov@ag.ny.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. USDA - Next Steps

Ben,

By our calculations, Defendants' deadline to file an Answer and administrative record is December 11 (L.R. 16-5). Is that also your understanding, and do Defendants intend to file an Answer/AR by that deadline? We're happy to work around your leave, but just want to make sure we sort out a briefing schedule ahead of that date, if necessary.

Best,

Maria

---

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Friday, November 21, 2025 3:33 PM
**To:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Cc:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Ladov, Mark <Mark.Ladov@ag.ny.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** Re: California v. USDA - Next Steps

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Maria,

Thank you for reaching out. I will out of the country on leave, and without access to my email, next week and half of the following week (Nov. 24 through Dec. 3). We are still evaluating next steps, so perhaps we can schedule a meet and confer in mid-December, ideally after the deadline to appeal.

Thanks,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

---

**From:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Sent:** Friday, November 21, 2025 4:54 PM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Ladov, Mark <Mark.Ladov@ag.ny.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** [EXTERNAL] California v. USDA - Next Steps

Good afternoon Ben,

I hope you're doing well. Now that the lapse in appropriations has ended, we think it makes sense for the parties to confer and discuss next steps.  Do you have time early next week for a call?  If you can provide your availability, we'll circulate an invite.

Thanks,
Maria

**Maria F. Buxton**
Deputy Attorney General
California Attorney General's Office | Government Law Section
455 Golden Gate Avenue, Suite 11000 | San Francisco, CA 94102 | Tel: 415-510-3873
maria.buxton@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may

violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT B

**From:** Shapiro, Elizabeth (CIV)
**To:** Maria Buxton; Kurland, Benjamin S (CIV)
**Cc:** Sebastian Brady; Paul Stein; Gaber, Sherief; Ladov, Mark; Jane Reilley
**Subject:** RE: California v. USDA
**Date:** Wednesday, December 3, 2025 9:59:36 AM

---

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Maria,
It should be obvious that the agency has no intention of violating the court's October 15, 2025 order. The government takes court orders seriously and abides by them. The court's order here was very specifically cabined to the prior demand letters under 7 U.S.C § 2020(e)(8). See Mem. Op. at pp.13-14, 25; see also Letter from Patrick Penn, Nov. 24, 2025, n.1. The Secretary's remarks related to the recent correspondence seeking your agreement to or comments on the security protocols, which the Court suggested was a prerequisite to legal collection of the requested data under Section (a)(3). As you know, and as the court acknowledged, the Department's authority pursuant to (a)(3) does not confer discretion on the States; States are obligated to produce data to the Department in the context of an (a)(3) request. Mem. Op. p. 15:2-6. Thus, far from intending to violate a court order, the Secretary's intent was to follow the court's instruction to the agency to adopt mutually agreeable security protocols. You asked for an extra week to consider the protocols, to which we agreed. We are not willing to further extend that time. The protocols match or exceed in protection those requested or accepted by the states in providing the same type of information to FNS. They should, therefore, be both uncontroversial and welcome. There is also no need for all states to coordinate; they each received the agency's communication and can respond individually. Coordination is no reason to inject further delay. With respect to next steps in the case, Ben should be back Friday and can confer with you about a plan moving forward.
Best,
Betsy

---

**From:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Sent:** Tuesday, December 2, 2025 6:43 PM
**To:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Ladov, Mark <Mark.Ladov@ag.ny.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** [EXTERNAL] California v. USDA

Betsy and Ben,

I hope you both had a restful holiday. We write to discuss a few issues in *California et al. v. USDA et al.*

First, we've just been made aware of statements that your client, Secretary Rollins, made today at a cabinet meeting with the President, stating that "as of next week" USDA has "begun

and will begin to stop moving federal funds" into Plaintiff States, "until they comply" with the demand for SNAP data that USDA made "[i]n February of this year."  A recording of those comments is available here ("In February of this year we asked for all the states for the first time to turn over their data to the federal government . . . . But 21 states, including California, New York, and Minnesota—blue states—continue to say no. So, as of next week we have begun and will begin to stop moving federal funds into those states until they comply[.]").  This raises a few questions, to which we would appreciate answers:

a. Does Secretary Rollins intend to violate the preliminary injunction in this case, and if not, can you please explain how these statements do not constitute a violation of that order?

b. If this threat was intended to refer to the letter USDA sent on Nov. 24—which Secretary Rollins clearly views as the same demand made in February that is the subject of the Court's order—can you further clarify why such a threat is not in violation of the preliminary injunction order?

c. In our last correspondence, you noted that USDA is seeking comments from Plaintiff States to the security protocols – is that still the case, or is it USDA's position that states would be in noncompliance (and subject to penalties) if they do not unequivocally agree to produce the data identified in the Nov. 24 letter subject to USDA's  proposed data sharing agreement, without any edits or suggestions?

Second, we remain open to discussing a schedule for this case going forward. Please let us know what you propose. As part of that discussion, we'd like to also discuss our deadline to respond to USDA's Nov. 24 letter.  We intend to provide a response on behalf of all Plaintiff States, and, as I'm sure you can understand, providing a meaningful response on behalf of 23 states requires some time, especially given the holiday last week.

Thanks,
Maria

**Maria F. Buxton**
Deputy Attorney General
California Attorney General's Office | Government Law Section
455 Golden Gate Avenue, Suite 11000 | San Francisco, CA 94102 | Tel: 415-510-3873
maria.buxton@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are

not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT C

| | |
|---|---|
| **From:** | Maria Buxton |
| **To:** | Kurland, Benjamin S (CIV) |
| **Cc:** | Ladov, Mark; Shapiro, Elizabeth (CIV); Gaber, Sherief; Sebastian Brady; Paul Stein; Jane Reilley |
| **Subject:** | RE: Response to USDA"s Nov. 24 Letter to Plaintiff States - California v. USDA |
| **Date:** | Thursday, December 11, 2025 11:16:23 AM |
| **Attachments:** | 2025.12.11 - Stipulated Motion to Enlarge Time to Answer_Pls Edits.docx |

Ben,

We're willing to agree to a 30-day extension of Defendants' response deadline, if Defendants will agree not to disallow federal funding or otherwise enforce USDA's demand as articulated in its November 24, 2025 letter for 60 days.  We think this is necessary to give the parties breathing room to continue discussing the protocols, as you suggest.  Otherwise, we don't understand how moving out only Defendants' deadline assists the parties in that effort.

We've proposed some tentative language in the attached (with the caveat we would still need to run this stipulation by our co-plaintiffs before signing).

Thanks,
Maria

**Maria F. Buxton**
Deputy Attorney General
California Attorney General's Office | Government Law Section
455 Golden Gate Avenue, Suite 11000 | San Francisco, CA 94102 | Tel: 415-510-3873
maria.buxton@doj.ca.gov

---

**From:** Maria Buxton
**Sent:** Thursday, December 11, 2025 9:37 AM
**To:** 'Kurland, Benjamin S (CIV)' <Ben.Kurland@usdoj.gov>
**Cc:** Ladov, Mark <mark.ladov@ag.ny.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** RE: Response to USDA's Nov. 24 Letter to Plaintiff States - California v. USDA

Hi Ben,

We'll do our best to get back to you by noon today.  We have a number of plaintiff states to coordinate with, but rest assured we are working to get you a response as soon as possible.

Maria

---

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Thursday, December 11, 2025 5:35 AM
**To:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Cc:** Ladov, Mark <mark.ladov@ag.ny.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>;

Gaber, Sherief <sherief.gaber@ilag.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** Re: Response to USDA's Nov. 24 Letter to Plaintiff States - California v. USDA

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Maria,

Would it be possible to get your response by noon your time today?

Thanks,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

---

**From:** Kurland, Benjamin S (CIV)
**Sent:** Wednesday, December 10, 2025 3:02:25 PM
**To:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Cc:** Ladov, Mark <mark.ladov@ag.ny.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** RE: Response to USDA's Nov. 24 Letter to Plaintiff States - California v. USDA

Hi Maria,

The deadline for appeal has not passed yet, so I cannot make any representations about the Government's intent to appeal or not. What I can say is that we are committing not to seek a stay of the PI, even in the case of an appeal, which I believe should address any concerns you have about an imminent lifting of the protections afforded by the PI. We are merely seeking to extend the answer deadline pending an appeal determination and to give the parties the opportunity to negotiate out the protocols. As for the possibility of a future disallowance, Plaintiffs' agreeing to extend the answer deadline here would not affect Plaintiffs' ability to seek appropriate relief, if such an eventuality came to pass. But I am not sure there is more to comment more on that hypothetical.

To give you an idea of what you would be agreeing to, I have drafted up the attached stipulated motion. We believe this is a straightforward path to avoiding unnecessary litigation practice at this time given the posture of the case.

Thanks,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

---

**From:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Sent:** Wednesday, December 10, 2025 12:27 PM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Ladov, Mark <mark.ladov@ag.ny.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>;
Gaber, Sherief <sherief.gaber@ilag.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein
<Paul.Stein@doj.ca.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** [EXTERNAL] RE: Response to USDA's Nov. 24 Letter to Plaintiff States - California v. USDA

Hi Ben,

Thanks for reaching out. It would be helpful to know if DOJ is planning to appeal the PI and, if
so, if DOJ is willing to commit to not seeking a stay of that PI. I believe you're suggesting that
DOJ has decided not to appeal the PI, but wanted to clarify. Also, given Secretary Rollins'
public statements that suggest she intends to disallow SNAP funds for Plaintiff States, we are
reasonably concerned that your clients are planning to issue new formal warning letters rather
than negotiate a protocol in good faith. Can you provide any clarification on that front as well?

Thanks,
Maria

**Maria F. Buxton**
Deputy Attorney General
California Attorney General's Office | Government Law Section
455 Golden Gate Avenue, Suite 11000 | San Francisco, CA 94102 | Tel: 415-510-3873
maria.buxton@doj.ca.gov

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Wednesday, December 10, 2025 6:11 AM
**To:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Cc:** Ladov, Mark <mark.ladov@ag.ny.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>;
Gaber, Sherief <sherief.gaber@ilag.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein
<Paul.Stein@doj.ca.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** RE: Response to USDA's Nov. 24 Letter to Plaintiff States - California v. USDA

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Maria,

Thank you for your correspondence. USDA is reviewing and we will be back in touch shortly.

In the meantime, before my vacation we were discussing extending the Answer/response deadline pending the deadline for appeal. I think this makes all the more sense now as the parties are working on resolving the protocol issue. I believe my suggestion was to extend the answer deadline by roughly 30 days to January 16, with the understanding that the PI would remain in place in the interim.

If that's agreeable, I'm happy to draft up a quick stipulated motion.

Thanks,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

---

**From:** Maria Buxton <Maria.Buxton@doj.ca.gov>
**Sent:** Monday, December 8, 2025 11:06 AM
**To:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Jane Reilley <Jane.Reilley@doj.ca.gov>
**Subject:** [EXTERNAL] Response to USDA's Nov. 24 Letter to Plaintiff States - California v. USDA

Betsy and Ben,

Attached please find correspondence on behalf of Plaintiff States in *California v. USDA*, in response to the letter sent by USDA-FNS on November 24, 2025.

Best,
Maria

**Maria F. Buxton**
Deputy Attorney General
California Attorney General's Office | Government Law Section
455 Golden Gate Avenue, Suite 11000 | San Francisco, CA 94102 | Tel: 415-510-3873
maria.buxton@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.