ROB BONTA
Attorney General of California
PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
ANDREW Z. EDELSTEIN
ANNA RICH
JANE REILLEY
SEBASTIAN BRADY
WILLIAM BELLAMY
MARIA F. BUXTON
LIAM E. O'CONNOR
Deputy Attorneys General
State Bar No. 330050
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone:  (415) 510-3915
 Fax:  (415) 703-5480
 E-mail:  Liam.OConnor@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, ET AL.**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL.**<br><br>Defendants. | Case No. **3:25-cv-06310-MMC**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF STATES' MOTION TO ENFORCE OR EXPAND PRELIMINARY INJUNCTION**<br><br>Date: February 13, 2026<br>Time: 9:00 a.m.<br>Courtroom: 7<br>Judge: Maxine M. Chesney<br>Trial Date: None set<br>Action Filed: July 28, 2025 |

**[PROPOSED] ORDER**

The Court has considered the motion to enforce or expand the preliminary injunction filed by Plaintiffs the States of California, New York, Arizona, Colorado, Connecticut, Delaware, Hawaiʻi, Illinois, Maine, Maryland, Michigan, Minnesota, New Jersey, New Mexico, Oregon, Rhode Island, Washington, Wisconsin, the District of Columbia, the Commonwealth of Massachusetts, the Office of The Governor ex rel. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky, and the Office of The Governor ex rel. Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania.

The Court hereby **GRANTS** the motion to enforce the preliminary injunction it entered on October 15, 2025. ECF No. 106 (PI Order). In the PI Order, the Court held that Defendant U.S. Department of Agriculture's (USDA) initial demand that States produce Supplemental Nutrition Assistance Program (SNAP) applicants' and recipients' data was likely contrary to law.

After entry of the PI Order, USDA renewed its data demand in letters to Plaintiff States on November 24. The renewed demand is similar to the initial demand, except that USDA included a proposed data and security protocol.

Now, having considered the Parties' briefs and arguments of counsel, the Court finds that USDA's renewed demand violates the existing PI Order. USDA's renewed demand fails to cure two principal defects the Court identified in its PI Order: it still would permit applicant data to be disclosed and used in violation of § 2020(e)(8)(A)(ii), *see* PI Order at 18-19, and it still lacks an agreed-upon data and security protocol, as required by § 2020(a)(3), *see* PI Order at 13.

The Court previously found that "USDA has announced its intent to use [SNAP applicants' information] in ways well beyond those permitted under § 2020(e)(8)(A)(ii)," including by asserting in the System of Records Notice (SORN) for the new SNAP Database "the right to disclose the data to a number of entities, including numerous entities that are not assistance programs, and for purposes other than the administration or enforcement of the programs referenced in § 2020(e)(8)(A)(i)." PI Order at 18 (citing 9 Fed. Reg. at 26522-23). Thus, the Court held that Plaintiffs are "likely to show the SNAP Act prohibits them from disclosing to USDA the information demanded." *Id.* at 19.

1

The facts that led the Court to this conclusion have not changed with USDA's renewed demand and proposed protocol. The renewed demand relies on the same SORN as the relevant authority for the collection. USDA Protocol § 5 (citing 90 Fed. Reg 26521). The SORN has not been amended, despite Defendants' representations in September 2025 that they would amend it. ECF No. 90-1 ¶¶ 10-12.

In addition to failing to cure the defects in the SORN, USDA refused to close related loopholes in its proposed protocol that seem intended to permit the disclosure and use of applicant data in violation of § 2020(e)(8)(A)(i). Most notably, while the protocol limits "access" to the SNAP Database itself by other federal agencies, it contains no restriction on USDA's ability to *disclose* information from the database to other federal agencies—something that the Information Silos Executive Order, cited by USDA in its demand and its SORN, expressly dictate. *See* USDA Revised Protocol § 2.1.1 (citing Exec. Order No. 14243, 90 Fed. Reg. 13,681 (Mar. 20, 2025)); *see also* 90 Fed. Reg. 26521 (same).

In these circumstances, where the "Information Silos" Executive Order directs federal agencies to obtain "unfettered access" to state data and share it across the federal government (90 Fed. Reg. 13,681 (Mar. 20, 2025)), where USDA has already announced its intent to disclose and use applicant data outside of § 2020(e)(8)(A)(ii)'s restrictions, PI Order at 18, and where USDA has failed to amend its SORN and its proposed data and security protocol to comply with § 2020(e)(8)(A)(ii), USDA's renewed demand violates the preliminary injunction. PI Order at 18.

Separate and apart from this deficiency, the renewed demand violates the preliminary injunction because USDA still has not obtained an agreed-upon data and security protocol. The Court previously recognized that 7 U.S.C. § 2020(a)(3) "requires USDA and a State agency to *agree to* data and security protocols *before* the State agency is required to provide the SNAP records demanded by USDA." PI Order at 13 (emphasis added). But USDA now contends that § 2020(a)(3) does not make an agreed-upon protocol a "condition" at all, and that it only needs to abide by a data and security protocol agreed to by the States if it chooses to enter into one. USDA Dec. 23 Ltr. at 2.

2

[Proposed] Order Granting Pl. States' Mot. to Enforce or Expand the Prelim. Inj. (Case No. 3:25-cv-06310-MMC)

USDA disregards both the Court's order (*see* PI Order at 12, 13) and the plain meaning of Congress's words. Congress expressly provided that the relevant "records . . . shall . . . be made available, *subject to* data and security protocols agreed to by the State agency and Secretary," not (as USDA would have it) that the records shall be made available, *regardless of whether* there are data and security protocols agreed to by the State agency. USDA's interpretation would re-write the statute altogether, which neither the agency nor the Court can do. *See Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 123 (2018) ("this Court is not free to 'rewrite the statute' to the Government's liking"); PI Order at 17 (declining to adopt USDA's interpretation that would have re-written § 2020(e)(8)).

In short, the Court recognized in its PI order that USDA lacks authority to enforce its original demand under § 2020(a)(3) without an agreed-upon data and security protocol. *See* PI Order at 13. USDA has not cured this fundamental defect. Therefore, the renewed demand and associated threat of administrative funding disallowances violates the PI Order.

Based on the foregoing, Defendants are prohibited by the existing injunction from disallowing SNAP funding based on Plaintiff States' failure to comply with the demands set forth in USDA's November 24 or December 23 letters or otherwise acting thereon.

**IT IS SO ORDERED.**

Dated: _____          _____

                                                       MAXINE M. CHESNEY
                                                      United States District Judge

3

[Proposed] Order Granting Pl. States' Mot. to Enforce or Expand the Prelim. Inj. (Case No. 3:25-cv-06310-MMC)