ROB BONTA
Attorney General of California
PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
ANDREW Z. EDELSTEIN
ANNA RICH
JANE REILLEY
SEBASTIAN BRADY
WILLIAM BELLAMY
MARIA F. BUXTON
LIAM E. O'CONNOR
Deputy Attorneys General
State Bar No. 330050
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 510-3915
 Fax: (415) 703-5480
 E-mail: Liam.OConnor@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, ET AL.** <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL.** <br><br> Defendants. | Case No. **3:25-cv-06310-MMC** <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF STATES' MOTION FOR AN EXPANDED PRELIMINARY INJUNCTION** |

**[PROPOSED] ORDER**

Before the Court is Plaintiffs' Motion to Enforce or Expand the Preliminary Injunction. ECF No. 116 (Mot.); *see* ECF No. 106 (First PI Order).[1] Specifically, Plaintiffs seek an order barring Defendants from disallowing Plaintiffs' SNAP funding based on Plaintiffs' noncompliance with Defendants' renewed data demand as set forth in Defendants' November 24, 2025, and December 23, 2025, letters or from otherwise acting thereon.

The Court determines that Defendants' renewed data demand is beyond the scope of the First PI Order and therefore declines to enforce the existing preliminary injunction. However, the Court finds that Plaintiffs have satisfied the factors for a new preliminary injunction and therefore expands the existing preliminary injunction to prohibit Defendants from enforcing or otherwise acting on the renewed data demand.

First, Plaintiffs have shown that they are likely to prevail on their claim that the renewed demand is contrary to 7 U.S.C. § 2020(e)(8), because Defendants' proposed protocol purports to permit Defendants to share applicant household data with persons and for purposes beyond what is permitted by 7 U.S.C. § 2020(e)(8). *See* First PI Order at 19.[2]

Second, Plaintiffs have established that they are likely to prevail on their claim that the renewed demand is contrary to 7 U.S.C. § 2020(a)(3), because that subsection "requires USDA and a State agency to agree to data and security protocols *before* the State agency is required to provide the SNAP records demanded by USDA." First PI Order at 13 (emphasis added). Defendants' proposed protocol, which purports to permit USDA to share and use applicant

---

[1] For purposes of this order, "Plaintiff States" or "Plaintiffs" include State of California, the State of New York, the State of Arizona, the State of Colorado, the State of Connecticut, the State of Delaware, the District of Columbia, the State of Hawai'i, the State of Illinois, the Office of the Governor ex rel. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky, the State of Maine, the State of Maryland, the Commonwealth of Massachusetts, the State of Michigan, the State of Minnesota, the State of New Jersey, the State of New Mexico, the State of Oregon, the Office of the Governor ex rel. Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania, the State of Rhode Island, the State of Washington, and the State of Wisconsin. The State of Nevada is also a plaintiff, but it did not join the present Motion.

[2] Defendants' proposed protocol was attached to their December 23 letter. *See* ECF No. 116-3, Ex. C. Since the hearing, Defendants have filed a notice that they have issued another proposed protocol, ECF No. 128, which was not addressed in the parties' briefs and has not been considered by the Court. Plaintiffs have represented that they are reviewing Defendants' latest proposed protocol and will respond as soon as practicable.

1

household data in ways not permitted by 7 U.S.C. § 2020(e)(8), has not been agreed to by Plaintiffs.

Plaintiffs have also established a likelihood of irreparable harm absent injunctive relief and that the balance of the hardships and the public interest favor injunctive relief. *See* First PI Order at 21-24.

Accordingly, Plaintiffs' Motion is hereby GRANTED IN PART, and Defendants are PRELIMINARY ENJOINED from disallowing Plaintiffs' SNAP funding based on Plaintiffs' noncompliance with Defendants' renewed data demands set forth in Defendants' November 24 and December 23 letters or from otherwise acting thereon.[3]

**IT IS SO ORDERED.**

Dated: _____          _____

MAXINE M. CHESNEY
United States District Judge

---

[3] Because Defendants have not established a likelihood of harm or a likelihood of success on the merits of any appeal, the Court declines to impose a bond or to stay this preliminary injunction pending any appeal. *See* First PI Order at 24-25.