BRETT A. SHUMATE
Assistant Attorney General
TYLER BECKER
Counsel to the Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BENJAMIN S. KURLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*, | Case No. 3:25-cv-06310-MMC |
| *Plaintiffs*, | |
| v. | **JOINT STATUS REPORT** |
| UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, | |
| *Defendants*. | |

Pursuant to the Court's orders dated December 16, 2025 (ECF No. 112), February 9, 2026 (ECF No. 123), February 27, 2026 (ECF No. 136), March 9, 2026 (ECF No. 138), and March 23 (ECF No. 140), the parties submit the following status report. The parties have met and conferred and have been unable to come to an agreement on how to move forward in this matter. As such, the parties present their respective positions as follows.

**PLAINTIFFS' POSITION**

The purpose of this JSR is to propose a "schedule for cross-motions for summary judgment." ECF No. 112.  Pursuant to this Court's orders and Local Rule 16-5, Plaintiffs propose the following case schedule, which would ensure that this matter expeditiously proceeds to a final judgment on the merits:

| Event | Deadline |
|---|---|
| Plaintiffs' Second Amended Complaint | Friday, April 3 |
| Defendants' production of the administrative record for the Second Amended Complaint | Friday, April 17 |
| Deadline for any motion regarding the completeness of the administrative records or discovery | Friday, May 1 |
| Plaintiffs' motion for summary judgment | Friday, May 15, or 28 days after Defendants have complied with any order resolving any motion regarding the completeness of the administrative record or discovery, whichever is later |
| Defendants' opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment | 28 days after Plaintiffs' motion for summary judgment |
| Plaintiffs' opposition to Defendants' cross-motion for summary judgment and Plaintiffs' reply | 14 days after Defendants' cross-motion |

Because Defendants have refused to provide an administrative record with documents relevant to the renewed data demands unless and until Plaintiffs amend their complaint, Plaintiffs' proposed schedule builds in time for Plaintiffs to file their proposed Second Amended Complaint (SAC);[1] for Defendants to produce an administrative record in response to Plaintiffs' SAC; and for the resolution of any disputes regarding the completeness of the administrative records or discovery.

Plaintiffs suggested this schedule to Defendants on Thursday, March 26.  Rather than agree or propose alternative case deadlines, Defendants responded to Plaintiffs on Monday afternoon with a

[1] On Thursday, March 26, Plaintiffs sent a copy of their proposed SAC to Defendants and requested Defendants' consent to amendment pursuant to Federal Rule of Civil Procedure 15(a)(2). Defendants responded that they "do not oppose [Plaintiffs] filing the amended complaint pursuant to whatever timeline the [Court] establishes."  A copy of this correspondence is attached as Exhibit L.

statement of their position for a disputed JSR.  In short, Defendants seek to use this JSR as a vehicle to request that the Court lift the order (ECF No. 134) that currently prohibits Defendants from enforcing their renewed data demands.  *See infra* p. 8 (asking the court "to resolve the narrow differences between the parties on FNS's proposed protocol").

If Defendants wish to seek such relief, then they must file a properly noticed motion as set forth in the governing rules, which afford Plaintiffs the opportunity to file an opposition brief and supporting evidence.  *See* L.R. 7-1(a)(1), 7-2.[2]  Of course, Defendants can still do this under Plaintiffs' proposed case schedule.  And if Defendants are intent on asking the Court to lift the second preliminary injunction order, then they should first be required to produce an administrative record with documents relevant to the renewed data demands.[3]  To this end, Plaintiffs' proposed schedule would set a reasonable deadline of April 17 for production of the administrative record for the renewed demands that were enjoined more than a month ago.  *See* L.R. 16-5; Fed. R. Civ. P. 15(a)(3).  Otherwise, the Court will be forced to again address Plaintiffs' claims not on an administrative record, but instead on a "[a] new record made initially in the reviewing court," such as "litigation affidavits."  *League v. Ross*, No. 20-CV-05799-LHK, 2020 WL 5441356, at *12 (N.D. Cal. Sept. 10, 2020) (citations omitted).

At this point, the most efficient path to resolution of this case is to complete production of the record and to proceed to a final judgment on the merits.  For months, Plaintiffs have repeatedly attempted to seek clarity, but USDA has refused to answer whether USDA will commit to reject any

---

[2] *See also Sequen v. Albarran*, - F.Supp.3d -, 2025 WL 3773755, at * 2 (N.D. Cal. 2025) ("requests to substantively modify [a] preliminary injunction" must be made "pursuant to a properly filed motion" "rather than at [a] status conference"); *Largan Precision Co., Ltd. v. Fujinon Corp.*, No. C 10–1318 SBA (JL), 2011 WL 1226040, at *5 (N.D. Cal. March 31, 2011) ("It is black letter law that a party seeking to obtain an Order from the Court does so by filing a motion").

In addition to ignoring the Court's order to propose a "schedule for cross-motions for summary judgment," ECF No. 112, Defendants have not followed the procedures for requesting a status conference.  *See* Standing Orders for Cases Assigned to the Honorable Maxine M. Chesney, ¶ 7 (Jan. 4, 2022) ("Parties seeking to . . . request special status conferences . . . shall submit . . . a motion or administrative request in accordance with Civil Local Rule 6-3 or 7-11, as appropriate").

[3] *See, e.g.*, *Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582 (D.C. Cir. 2001) (vacating and remanding denial of preliminary injunction because "the court, before assessing [plaintiff's] probability of success on the merits, should have required the [federal agency] to file the administrative record").

request for Plaintiffs' SNAP data from DHS or any DHS subagency, such as the request for Medicaid data that DHS/ICE have made of the Centers for Medicare & Medicaid Services.[4]  Defendants have continued to obfuscate, stating that "[7 U.S.C. §] 2020(e)(8)(A) does not provide USDA with *authority* to respond to a request from DHS for data for purpose(s) of civil immigration enforcement," Ex. J, § 1.4(iii) (emphasis added), but without acknowledging this Administration's position that other statutes (including 8 U.S.C. §§ 1360 and 1373 and 6 U.S.C. § 122, cited by DHS/ICE in their Medicaid data request) purportedly authorize such data-sharing with DHS.  Meanwhile, Vice President Vance has made unmistakenly clear that this Administration intends to use Plaintiffs' SNAP data to support its mass deportation campaign.  Associated Press, *JD Vance delivers remarks in Minneapolis*, 7:20-8:10 (Jan. 22, 2026), https://www.youtube.com/live/xHOWRMkMFU?t=439s (calling on State officials to share the "last address" of individuals "according to a SNAP application" to give immigration authorities "insight to where this person is today").

Finally, after the close of business on the East Coast today, Defendants' counsel sent Plaintiffs' counsel a revised version of Defendants' JSR position that proposes further amendments to the Amended Fourth Proposed Protocol, requesting an immediate response.  Plaintiffs' counsel will review this proposal with their respective Governors' Offices and State Agencies and respond as soon as practicable.  That said, the proper course remains for this Court to enter Plaintiffs' proposed schedule, so the parties can continue to drive this case towards a final resolution on the merits.

In sum, nothing in Defendants' position offers any basis for changing the status quo, let alone for opposing Plaintiffs' proposed case schedule. Accordingly, Plaintiffs respectfully request that the Court enter that schedule and reject Defendants' attempt to use this JSR and a status conference as a substitute

---

[4] *See* Ex. B at 12 (asking question); Ex. F at 2 (reiterating question); ECF No. 116 at 8 (reiterating concern); ECF No. 116 at 2-6 (same); Ex. D at 82:20-83:15 (same); Ex. H at 2 (reiterating question), 4 (same); Ex. I at 1-2 (same); Ex. K at 1 (same).  Defendants' refusal to clearly answer this question is all the more concerning given recent reports that DHS and DOJ have been negotiating a data sharing agreement that would permit DOJ to share confidential voter roll data with DHS's Homeland Security Investigations division, but declined to disclose such discussions in multiple ongoing litigations.  *See* Sarah N. Lynch, *Justice Dept. close to finalizing deal to hand over states' voter roll data to Homeland Security, sources say*, CBS News (March 26, 2026), available at https://www.cbsnews.com/news/justice-dept-finalizing-deal-voter-roll-data-homeland-security/.

---

for a "duly noticed motion" to lift the existing preliminary injunction order.  L.R. 7-1(a).

## DEFENDANTS' POSITION

Defendants request that the Court convene a status conference at its earliest convenience. Defendants have worked valiantly to negotiate a reasonable protocol with Plaintiffs but have only been met with unreasonably rejections.  Most recently, Defendants provided Plaintiffs with a proposed protocol, which gave them virtually everything they requested.  *See* Ex. J (Amended Fourth Proposed Protocol).  Plaintiffs, however, rejected that reasonable proposal.  *See* Ex. K (Plaintiffs' March 30 Letter).[5]

The Amended Fourth Proposed Protocol expressly adopts the terms of Section 2020(e)(8)(A) in Section 1.4, provides that the Protocol will control notwithstanding any provision of the SORN in Section 5.1, and even includes a specific provision addressing civil immigration enforcement at Plaintiffs' request in Section 1.4(iii).  This is precisely the framework the Court and all parties agreed to during the February 13, 2026, preliminary injunction hearing.[6]

---

[5] For the same reason, Plaintiffs' accusation *supra* that Defendants rashly rejected Plaintiffs' March 26 schedule is off base.  On March 26, Defendants were working on the Amended Fourth Proposed Protocol, which was issued on the next day.  Defendants, therefore, still hoped the parties could reach agreement on a reasonable protocol.  It was not until after the Amended Fourth Proposed Protocol was issued, but Plaintiffs continued to press for laborious summary judgment proceedings, did Defendants realize that Plaintiffs intended to reject any FNS proposal, no matter how reasonable.

[6] *See* Ex. D, February 13 Hearing Transcript at 33:10–12 (The Court: "If you want to just cut [Plaintiffs] off, all you have to do is import (e)(8) into the protocol, and they [would] be essentially silenced."); *id.* at 47:23–48:5 (The Court: "Now, apparently they would be satisfied with your airlifting into the protocol the restrictions that are set out in (e)(8).  And then you're going to need -- I mean, maybe it just reads like (e)(8) reads so that you don't get into access, disclosure, whatever.  Because the verbs apparently get to be a stumbling block too.  Just looking at (e)(8) -- I guess it would -- you would have to have an intro to it."); *id.* at 84:7–17 (The Court: "Now, let's say, for discussion purposes, that [Plaintiffs] end up being faced with a proposed protocol that says, very clearly, we are not going to disclose beyond (e)(8).  All right?  Now, you could simply say, I don't believe you, but I don't know that you can make that much of a showing if they've actually committed to not doing it.  It was one thing to say you haven't stopped yourself from doing it.  So I expect you're going to do it.  But if somebody says, as a contractual matter, we're not going to do it, then you would have to have some evidence that, in spite of that type of agreement, they'd do it.  And I don't think we have that yet."); *id.* at 89:9–12 (The Court: "if you leave the SORN as it is, you may have to make some reference to it in the protocol as to why the protocol controls over the SORN, very much like irrespective of a -- some other law might let you do, this law is not going to let you do it.").  And Plaintiffs agreed.  *Id.* at 47:9–13 (Plaintiffs' counsel: "If defendants were willing to copy and paste the provisions of (e)(8) and say that those provisions govern any re-disclosure and any subsequent use of applicant data, I think that would largely address our concern with (e)(8)."); *id.* at 47:14–19 (The Court: "All right.  So rather than them saying they'll comply with (e)(8) of section 2020, if they said, we will comply with the following -- you know, however they say -- and then spell it out.  [Plaintiffs' counsel]: Yes.  I think the words are quite

Yet Plaintiff still rejected this agreed-upon approach, and their reasons bear little resemblance to reality. In their March 30 Letter, Plaintiffs allege that USDA is still not committing to abide by Section 2020(e)(8)(A). March 30 Letter at 1. Not so. One need look no further than Section 1.4 of the Amended Fourth Proposed Protocol to see this is not the case.[7] And the parties and Court never discussed a specific commitment to address civil immigration enforcement, likely because it is inherent in following Section 2020(e)(8)(A). Even still, FNS included this provision to satisfy Plaintiffs' lingering mistrust that, despite repeated assurances and adoption of Section 2020(3)(8)(A)'s text, that somehow FNS intends to share data contrary to the terms of Section 2020(e)(8)(A).

Further, Plaintiffs allege that FNS failed to address its concerns regarding data minimization. First, as FNS has repeatedly committed, the data elements in question will be protected by Section 2020(e)(8)(A), which should have addressed Plaintiff counsel's concerns as expressed in email correspondence. *See* Ex. H at 5 (Plaintiffs' counsel: "The third point [data minimization] is related to the prior two."), 6 (Defense counsel: "To the extent Plaintiffs' concern regarding 'non-recipient data' and 'street address' is intertwined with the immigration concern mentioned above, USDA believes Section 1.4 directly speaks to the issue and hopes that the ability to resolve the first point will resolve this point.").

Even still, FNS has repeatedly explained that it requires all the data elements it has requested. *See, e.g., id.* at 6 ("those specific data points are necessary to determine and verify household income

important.").

[7] Plaintiffs' allusions to 8 U.S.C. §§ 1360 and 1373, 6 U.S.C. § 122, and the CMS and SSA cases are red herrings. FNS has never claimed that any of those provisions provides FNS authority to share data with DHS. In fact, only Plaintiffs have ever raised those statutes. *See generally* Ex. H. Further, the cases cited by Plaintiffs—*Centro de Trabajadores Unidos v. Bessent*, 167 F.4th 1218, 1230–35 (D.C. Cir. 2026) and *California v. U.S. Dep't of Health & Hum. Servs.*, No. 25-CV-05536-VC, 2025 WL 3751931 (N.D. Cal. Dec. 29, 2025)—both found that CMS and SSA *were required to* share data with DHS based on their statutes, which bear little resemblance to Section 2020(e)(8)(A), which, as FNS has repeatedly affirmed, "does not provide USDA and FNS with authority to respond to a request from DHS for data for purpose(s) of civil immigration enforcement." *See, e.g.*, Ex. H at 1; Ex. J § 1.4(iii).

Similarly, Plaintiffs' allusions to Vice President Vance and the DOJ-DHS agreement are also red herrings. For example, in the speech, Vice President Vance is clearly referring to cooperation between the States and federal government, not demanding data from FNS. Neither instance concerns FNS or indicates anything about FNS's intent, especially given the commitments FNS has repeatedly made and installed into it proposed protocols.

and prevent benefits erroneously being issued."). In fact, this is a recycled argument which the Court has already examined and rejected. *See* ECF No. 116 at 19–20 (motion to expand PI arguing USDA failed to offer good reasons for data elements requested); ECF No. 134 at 18 (Court finding that USDA has adequately considered and explained its data request). Worse still, as FNS has repeatedly pointed out, this is information the States *already provide to FNS pursuant to the QC process*, albeit in sample sizes. *See* Ex. C (FNS's December 23 Letter) at 3–4; Ex. G (FNS's March 10 Letter) at 5–6.

Based on Plaintiffs' failure to address the reality of the Amended Fourth Proposed Protocol, Defendants believe Plaintiff States are not negotiating in good faith and are unreasonably withholding consent to a protocol and to provide the relevant data contrary to their obligation under the SNAP Act. *See* ECF No. 134 ("a State is not entitled to unreasonably decline to agree to a protocol."). At the same time, FNS is willing to continue to attempt to remediate Plaintiffs' concerns. For example, while FNS still rejects Plaintiffs' implication that inclusion of the phrase "or any other applicable law" in Section 1.4 could be read to infer an attempt to circumvent Section 2020(e)(8)(A), FNS would be willing to amend the Amended Fourth Proposed Protocol as set out below to remove the phrase (and to increase readability and correct certain typographical errors):

> 1.4. Notwithstanding any other provision of this protocol, or any System of Record Notice, USDA and FNS:
>
> a) Shall not use or disclose data received under this protocol except as specified in 7 U.S.C. §§ 2020(a)(3) and (e)(8) and 7 C.F.R. § 272.1(c)(1) and (2), or any other applicable law. For the avoidance of doubt, this means that USDA and FNS (and any person or entity to whom the data is disclosed) shall not:
>
>> (i) use the data, except for administration or enforcement of the provisions of Chapter 51 of Title 7 of the U.S. Code, regulations issued pursuant to that chapter, Federal assistance programs, or federally-assisted State programs; and
>>
>> (ii) disclose the data, except to the disclosure of such information to persons directly connected with the administration or enforcement of the provisions of this chapter, regulations issued pursuant to this chapter, Federal assistance programs, or federally-assisted State programs.
>
> Section 2020(e)(8)(A) does not provide USDA and FNS with authority to respond to a request from DHS for data for purpose(s) of civil immigration enforcement.

Defendants, however, have no confidence that this change would persuade Plaintiffs, as they

have shown no willingness to negotiate in good faith and continually reject FNS's offers without good cause.

As such, Defendants request that the Court hold a status hearing to resolve the narrow differences between the parties on FNS's proposed protocol.[8] The Court gave the parties clear and specific instructions on how to amend the protocol to comply with Section 2020(e)(8)(A), which FNS did. Additionally, since the Court's hearing on February 13, FNS accepted a myriad of proposals from Plaintiffs, explained those it could not accept, committed both in communications and in the protocol to abide—as it must—with Section 2020(e)(8)(A), and confirmed repeatedly that commitment in communications with counsel.

The Court has examined the legal issues in this case three times, resolved the crucial legal questions regarding the parties' obligations, and provided clear guidance to each party. From a practical standpoint, all that is left is for the parties to comply with the obligations the Court has determined, obviating the need for further litigation.[9] Once Plaintiffs comply with FNS's data request, the remainder of Plaintiffs claims will be moot.

To aid the Court in advance of a status conference, Defendants have attached the correspondence documenting the parties' exchanged with respect to the protocol.

Exhibit A - FNS's November 24 Letter, the First Proposed Protocol, and the requested data elements.

Exhibit B - Plaintiffs' December 8 Letter rejecting First Proposed Protocol.

Exhibit C - FNS's December 23 Letter and Second Proposed Protocol.

---

[8] Contrary to Plaintiffs' accusations *supra*, this request for a status conference is not a veiled attempt to seek Court modification of its order, at least at this point. Defendants still believe, as good negotiating partners, the Court guidance can resolve the parties' remaining disputes without the need for Plaintiffs' laborious proposed schedule.

[9] Contrary to Plaintiffs' assertions *supra*, FNS has not refused to provide an administrative record to Plaintiffs. In fact, it already has and amended that Administrative Record at Plaintiffs' request. *See* ECF Nos. 115, 125. To the extent Plaintiffs wanted the Administrative Record regarding FNS's renewed data request, that request was not covered by their Amended Complaint, which likely should have been amended when they filed their second preliminary injunction motion since they sought relief from actions they never pled. Even still, the administrative record for the renewed data request would largely consist of the documents in the attached Exhibits, all of which are in Plaintiffs' possession already.

Exhibit D - Transcript of the Court's February 13, 2026, Hearing.

Exhibit E - FNS's February 17 Letter, the Third Proposed Protocol, and a redlined version of the Third Proposed Protocol.

Exhibit F - Plaintiffs' February 25 Letter rejecting the Third Proposed Protocol and a clean and redlined version of their proposed edits to the Third Proposed Protocol.

Exhibit G - FNS's March 10 Letter, a motion to extend time in Kansas's administrative appeal of the First Data Request referenced in the March 10 Letter in which Kansas agreed to provide data to FNS in exchange for FNS's commitment to comply with Section 2020(e)(8)(A), the Fourth Proposed Protocol, and requested data elements.

Exhibit H - email correspondence between Defense counsel and Plaintiffs' counsel between March 11 and 25, 2026 in which Defense counsel repeatedly answered Plaintiff counsel's requests for clarification of remaining issues.

Exhibit I - Plaintiffs' March 25 Letter rejecting Fourth Proposed Protocol.

Exhibit J - FNS's March 27 Letter and Amended Fourth Proposed Protocol.

Exhibit K - Plaintiffs' March 30 Letter rejecting Amended Fourth Proposed Protocol.

Based on the foregoing, Defendants request a remote status conference at the Court's earliest convenience, recognizing that April 1 through 3 are religious holidays.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

TYLER BECKER
Counsel to the Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

BENJAMIN S. KURLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW

Washington, DC 20005
Tel: (202) 598-7755
ben.kurland@usdoj.gov

*Counsel for Defendants*

Rob Bonta
Attorney General of California
Paul Stein
Robin Goldfaden
Supervising Deputy Attorneys General
Andrew Z. Edelstein
Anna Rich
Jane Reilley
Sebastian Brady
Maria F. Buxton
William Bellamy


   */s/ Liam E. O'Connor*
Liam E. O'Connor
Deputy Attorneys General
*Attorneys for Plaintiff State of California*

| ADDITIONAL COUNSEL FOR PLAINTIFFS | |
|---|---|
| Letitia James<br>Attorney General of New York<br><br>*/s/ Mark Ladov*<br>Mark Ladov<br>Special Counsel<br>Julie Dona<br>Special Counsel<br>28 Liberty St.<br>New York, NY 10005<br>(212) 416-8240<br>mark.ladov@ag.ny.gov<br>*Attorneys for Plaintiff State of New York* | Kwame Raoul<br>Attorney General of Illinois<br><br>*/s/ Sherief Gaber*<br>Harpreet K. Khera<br>Bureau Chief, Special Litigation<br>Sherief Gaber<br>Assistant Attorney General<br>115 S. LaSalle St., 35th Flr.<br>Chicago, Illinois 60603<br>(773) 590-7127<br>sherief.gaber@ilag.gov<br>*Attorneys for Plaintiff State of Illinois* |
| Kristin Mayes<br>Attorney General of Arizona<br><br>*/s/ Luci D. Davis*<br>Luci D. Davis (AZ No. 035347)<br>Hayleigh S. Crawford (AZ No. 032326)<br>2005 N. Central Ave. Phoenix, AZ 85004<br>(602) 542-3333<br>Luci.Davis@azag.gov<br>Hayleigh.Crawford@azag.gov<br>ACL@azag.gov<br>*Attorneys for Plaintiff State of Arizona* | Philip J. Weiser<br>Attorney General of Colorado<br><br>*/s/ David Moskowitz*<br>David Moskowitz<br>Deputy Solicitor General<br>Colorado Department of Law<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>Phone: (720) 508-6000<br>david.moskowitz@coag.gov<br>*Attorneys for Plaintiff State of Colorado* |
| William Tong<br>Attorney General of Connecticut<br><br>*/s/ Janelle R. Medeiros*<br>Janelle R. Medeiros<br>Special Counsel for Civil Rights<br>165 Capitol Ave<br>Hartford, CT 06106<br>(860) 808-5020<br>Janelle.Medeiros@ct.gov<br>*Attorneys for Plaintiff State of Connecticut* | Kathleen Jennings<br>Attorney General of Delaware<br><br>*/s/ Vanessa L. Kassab*<br>Ian R. Liston<br>Director of Impact Litigation<br>Vanessa L. Kassab<br>Deputy Attorney General<br>Delaware Department of Justice<br>820 N. French Street<br>Wilmington, DE 19801<br>(302) 683-8899<br>vanessa.kassab@delaware.gov<br>*Attorneys for Plaintiff State of Delaware* |

Brian L. Schwalb
Attorney General for the District of Columbia

/s/ Nicole S. Hill
Nicole S. Hill
Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 727-4171
nicole.hill@dc.gov
Attorneys for Plaintiff District of Columbia

Anne E. Lopez
Attorney General of Hawaiʻi

/s/ Kalikoʻonālani D. Fernandes
David D. Day
Special Assistant to the Attorney General
Kalikoʻonālani D. Fernandes
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov
Attorneys for Plaintiff State of Hawaiʻi

Office of The Governor ex rel. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky

/s/ S. Travis Mayo
S. Travis Mayo
General Counsel
Taylor Payne
Chief Deputy General Counsel
Laura C. Tipton
Deputy General Counsel
Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
taylor.payne@ky.gov
laurac.tipton@ky.gov
Attorneys for Plaintiff Kentucky Governors' Office

Aaron M. Frey
Attorney General of Maine

/s/ Brendan Kreckel
Brendan Kreckel
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 0433-0006
Tel.: 207-626-8800
Fax: 207-287-3145
brendan.kreckel@maine.gov
Attorneys for Plaintiff State of Maine

Anthony G. Brown
Attorney General of Maryland

/s/ James C. Luh
James C. Luh
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6411
jluh@oag.state.md.us
Attorneys for Plaintiff State of Maryland

Andrea Joy Campbell
Attorney General of Massachusetts

/s/ Katherine Dirks
Katherine Dirks
Chief State Trial Counsel
Cassandra Thomson
Assistant Attorney General
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
cassandra.thomson@mass.gov
Attorneys for Plaintiff Commonwealth of Massachusetts

| | |
|---|---|
| Dana Nessel<br>Attorney General of Michigan<br><br>*/s/ Neil Giovanatti*<br>Neil Giovanatti<br>Bryan Beach<br>Assistant Attorneys General<br>Michigan Department of Attorney General<br>525 W. Ottawa<br>Lansing, MI 48909<br>(517) 335-7603<br>giovanattin@michigan.gov<br>beachb@michigan.gov<br>*Attorneys for Plaintiff State of Michigan* | Keith Ellison<br>Attorney General of Minnesota<br><br>*/s/ Joseph R. Richie*<br>Joseph R. Richie<br>Special Counsel<br>445 Minnesota Street, Suite 1400<br>St. Paul, Minnesota, 55101<br>(651) 300-0921<br>joseph.richie@ag.state.mn.us<br>*Attorneys for Plaintiff State of Minnesota* |
| Jennifer Davenport<br>Attorney General of New Jersey<br><br>/s/ *Kashif T. Chand*<br>Kashif T. Chand (NJ Bar No. 016752008)<br>Assistant Attorney General<br>New Jersey Office of the Attorney General,<br>Division of Law<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101<br>Tel: (973) 648-2052<br>kashif.chand@law.njoag.gov<br>*Attorneys for Plaintiff State of New Jersey* | Raúl Torrez<br>Attorney General of the State of New Mexico<br><br>*/s/ Steven Prefrement*<br>Steven Perfrement<br>Senior Litigation Counsel<br>New Mexico Department of Justice<br>408 Galisteo Street<br>Santa Fe, New Mexico 87501<br>SPerfrement@nmdoj.gov<br>505-601-7727<br>*Attorneys for the State of New Mexico* |
| Dan Rayfield<br>Attorney General of Oregon<br><br>*/s/ Scott P. Kennedy*<br>Scott P. Kennedy<br>Senior Assistant Attorney General<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>Tel (971) 453-9050<br>Fax (971) 673-5000<br>Scott.Kennedy@doj.oregon.gov<br>*Attorneys for Plaintiff State of Oregon* | Josh Shapiro, in his official capacity as<br>Governor of the Commonwealth of<br>Pennsylvania<br><br>*/s/ Jacob B. Boyer*<br>Jennifer Selber<br>General Counsel<br>Jacob B. Boyer<br>Deputy General Counsel<br>Pennsylvania Office of the Governor<br>30 N. 3rd St., Suite 200<br>Harrisburg, PA 17101<br>(717) 460-6786<br>jacobboyer@pa.gov<br>*Counsel for Governor Josh Shapiro* |

Peter F. Neronha
Attorney General of Rhode Island

/s/ *Madeline R. Becker*
Madeline R. Becker (RI Bar No. 10034)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2151
mbecker@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

Nicholas W. Brown
Attorney General of Washington

/s/ *Jennifer K. Chung*
Jennifer K. Chung, WSBA #51583
William Mcginty, WSBA #41868
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
jennifer.chung@atg.wa.gov
william.mcginty@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

Joshua L. Kaul
Attorney General of Wisconsin

/s/ *Karla Z. Keckhaver*
Karla Z. Keckhaver
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-6365
karla.keckhaver@wisdoj.gov
*Attorneys for Plaintiff State of Wisconsin*

Aaron D. Ford
Attorney General of Nevada

/s/ *Heidi Parry Stern*
Heidi Parry Stern (Bar. No. 8873)
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov
*Attorneys for Plaintiff State of Nevada*