ROB BONTA
Attorney General of California
PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
ANDREW Z. EDELSTEIN
ANNA RICH
JULIA HEMING SEGAL
LIAM E. O'CONNOR
MARIA F. BUXTON
WILLIAM BELLAMY
SEBASTIAN BRADY
Deputy Attorneys General
State Bar No. 330904
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone:  (415) 510-3592
 Fax:  (415) 703-5480
 E-mail:  Sebastian.Brady@doj.ca.gov
*Attorneys for Plaintiff State of California*

*Additional Counsel Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, ET AL.** | Case No. **3:25-cv-06310-MMC** |
| Plaintiffs, | **NOTICE OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MARCH 31, 2026 STATEMENT** |
| v. | |
| **UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL.** | |
| Defendants. | |

In their position statement in the parties' March 31, 2026 Joint Status Report, Defendants included a further amendment to their proposed data protocol. *See* ECF No. 143 at 7-8. Plaintiffs' response is attached hereto as Exhibit A. For the Court's awareness, Plaintiffs are also attaching as Exhibit B a separate letter sent to Defendants that requests production of a complete administrative record by April 17, 2026.

Dated:  April 14, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
ANDREW Z. EDELSTEIN
ANNA RICH
JULIA HEMING SEGAL
LIAM E. O'CONNOR
MARIA F. BUXTON
WILLIAM BELLAMY
SEBASTIAN BRADY

*/s/ Sebastian Brady*
SEBASTIAN BRADY
Deputy Attorneys General
*Attorneys for Plaintiff State of California*

1

Letitia James
Attorney General of New York

*/s/ Mark Ladov*
Mark Ladov
Special Counsel
Julie Dona
Special Counsel
28 Liberty St.
New York, NY 10005
(212) 416-8240
mark.ladov@ag.ny.gov

*Attorneys for Plaintiff State of New York*


Kristin Mayes
Attorney General of Arizona

*/s/ Hayleigh S. Crawford*
Hayleigh S. Crawford (AZ No. 032326)
Luci D. Davis (AZ No. 035347)
2005 N. Central Ave. Phoenix, AZ 85004
(602) 542-3333
Hayleigh.Crawford@azag.gov
Luci.Davis@azag.gov
ACL@azag.gov

*Attorneys for Plaintiff State of Arizona*


William Tong
Attorney General of Connecticut

*/s/ Janelle R. Medeiros*
Janelle R. Medeiros
Special Counsel for Civil Rights
165 Capitol Ave
Hartford, CT 06106
(860) 808-5020
Janelle.Medeiros@ct.gov

*Attorneys for Plaintiff State of Connecticut*


Kwame Raoul
Attorney General of Illinois

*/s/ Sherief Gaber*
Harpreet K. Khera
Bureau Chief, Special Litigation
Sherief Gaber
Assistant Attorney General
115 S. LaSalle St., 35th Flr.
Chicago, Illinois 60603
(773) 590-7127
sherief.gaber@ilag.gov

*Attorneys for Plaintiff State of Illinois*


Philip J. Weiser
Attorney General of Colorado

*/s/ David Moskowitz*
David Moskowitz
Deputy Solicitor General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6000
david.moskowitz@coag.gov

*Attorneys for Plaintiff State of Colorado*


Kathleen Jennings
Attorney General of Delaware

*/s/ Vanessa L. Kassab*
Ian R. Liston
Director of Impact Litigation
Vanessa L. Kassab
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Attorneys for Plaintiff State of Delaware*

2

Brian L. Schwalb
Attorney General for the District of Columbia

/s/ Nicole S. Hill
Nicole S. Hill
Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 727-4171
nicole.hill@dc.gov

*Attorneys for Plaintiff District of Columbia*

Anne E. Lopez
Attorney General of Hawaiʻi

/s/ Kalikoʻonālani D. Fernandes
David D. Day
Special Assistant to the Attorney General
Kalikoʻonālani D. Fernandes
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Attorneys for Plaintiff State of Hawaiʻi*

Office of The Governor *ex rel*. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky

/s/ S. Travis Mayo
S. Travis Mayo
General Counsel
Taylor Payne
Chief Deputy General Counsel
Laura C. Tipton
Deputy General Counsel
Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
taylor.payne@ky.gov
laurac.tipton@ky.gov

*Attorneys for Plaintiff Kentucky Governors' Office*

Aaron M. Frey
Attorney General of Maine

/s/ Brendan Kreckel
Brendan Kreckel
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 0433-0006
Tel.:  207-626-8800
Fax:  207-287-3145
brendan.kreckel@maine.gov

*Attorneys for Plaintiff State of Maine*

3

Anthony G. Brown
Attorney General of Maryland

*/s/ James C. Luh*
James C. Luh
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6411
jluh@oag.state.md.us

*Attorneys for Plaintiff State of Maryland*

Andrea Joy Campbell
Attorney General of Massachusetts

*/s/ Katherine Dirks*
Katherine Dirks
Chief State Trial Counsel
Cassandra Thomson
Assistant Attorney General
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
cassandra.thomson@mass.gov

*Attorneys for Plaintiff Commonwealth of Massachusetts*

Dana Nessel
Attorney General of Michigan

*/s/ Neil Giovanatti*
Neil Giovanatti
Bryan Beach
Assistant Attorneys General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
giovanattin@michigan.gov
beachb@michigan.gov

*Attorneys for Plaintiff State of Michigan*

Keith Ellison
Attorney General of Minnesota

*/s/ Joseph R. Richie*
Joseph R. Richie
Special Counsel
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 300-0921
joseph.richie@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

Jennifer Davenport
Attorney General of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008)
Assistant Attorney General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
kashif.chand@law.njoag.gov

*Attorneys for Plaintiff State of New Jersey*

Raúl Torrez
Attorney General of the State of New Mexico

*/s/ Steven Prefrement*
Steven Perfrement
Senior Litigation Counsel
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
SPerfrement@nmdoj.gov
505-601-7727

*Attorneys for the State of New Mexico*

4

Dan Rayfield
Attorney General of Oregon

/s/ Scott P. Kennedy
Scott P. Kennedy
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 453-9050
Fax (971) 673-5000
Scott.Kennedy@doj.oregon.gov

*Attorneys for Plaintiff State of Oregon*

Josh Shapiro, in his official capacity as
Governor of the Commonwealth of
Pennsylvania

/s/ Jacob B. Boyer
Jennifer Selber
General Counsel
Jacob B. Boyer
Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 460-6786
jacobboyer@pa.gov

*Counsel for Governor Josh Shapiro*

Peter F. Neronha
Attorney General of Rhode Island

/s/ Madeline R. Becker
Madeline R. Becker (RI Bar No. 10034)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2151
mbecker@riag.ri.gov

*Attorneys for Plaintiff State of Rhode Island*

Nicholas W. Brown
Attorney General of Washington

/s/ Jennifer K. Chung
Jennifer K. Chung, WSBA #51583
William Mcginty, WSBA #41868
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
jennifer.chung@atg.wa.gov
william.mcginty@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

Joshua l. Kaul
Attorney General of Wisconsin

/s/ Karla Z. Keckhaver
Karla Z. Keckhaver
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-6365
karla.keckhaver@wisdoj.gov

*Attorneys for Plaintiff State of Wisconsin*

5

Notice of Pls.' Response to Defs.' March 31, 2026 Statement (Case No. 3:25-cv-06310-MMC)

# EXHIBIT A

April 14, 2026

*Via E-mail*
Elizabeth J. Shapiro
Tyler Becker
Benjamin S. Kurland
ben.kurland@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
*Counsel for U.S. Department of Agriculture and Secretary of Agriculture Brooke L. Rollins*

 RE:  Response to USDA's Proposal in the March 31 Joint Status Report

Dear Counsel:

 We write in response to USDA's latest revision of Section 1.4 of its Amended Fourth Proposed Protocol within the March 31 Joint Status Report.  *See* ECF No. 143 (JSR) at 7. Although Plaintiffs proposed a reasonable protocol on February 25, USDA rejected each of the provisions Plaintiffs proposed to safeguard their SNAP data as required by 7 U.S.C. § 2020(e)(8), and USDA has refused to explain its position regarding when the data may be used and redisclosed for immigration enforcement purposes.  Then, USDA offered its latest proposal not through the meet-and-confer process, but in a last-minute edit to a joint status report. Meanwhile, Secretary Rollins continues to share falsehoods about SNAP administration on cable news programs, and she has stated that she ordered the data demands to support President Trump's lies about election integrity.[1]  And Stephen Miller offered similar lies about SNAP administration at the unveiling of the new White House "Task Force to Eliminate Fraud," while indicating that the Administration seeks to use Plaintiffs' SNAP data to support its anti-immigrant agenda, which Vice President J.D. Vance had already confirmed.[2]

---

 [1] *See, e.g.*, Fox Business, *Crackdown on SNAP fraud tied to broader push for government accountability*, at 2:45-3:05 (March 25, 2026), https://www.foxbusiness.com/video/6391640248112 (claiming that that "blue states" are "working to put people into government programs where they can buy their vote for the election" and adding "[t]hat's what this President says" and the "cabinet is working across the board to stop this fraud").
 [2] *Full Speech: JD Vance presents new fraud task force, unveils head of department*, at 8:08 to 10:40, https://www.youtube.com/watch?v=TzthI-k0LEI (Mar. 27, 2026) (Stephen Miller: "I think that most citizens probably assume that there's some verification process that takes place for the receipt of most federal benefits.  The reality is that there is not.  This is particularly true in blue states, willfully true in blue states in which all of these programs are operated entirely on the honor system. . . .  [T]ake the food stamp program as an example, SNAP . . . .  Imagine in a

1

Given the Administration's repeated statements that it seeks Plaintiffs' SNAP data for unlawful purposes, Plaintiffs cannot agree to any protocol unless the protocol clearly sets forth restrictions on the use and redisclosure of the data and is enforceable against USDA for any violations of those restrictions. As explained below, USDA's proposal still does not meet these standards.

*Use and Disclosure by Recipients of Plaintiffs' Data, Including UDSA OIG*: First and foremost, USDA's latest proposal inexplicably strikes Plaintiffs' proposed provision that, pursuant to 7 U.S.C. § 2020(e)(8), USDA—and any person or entity to whom the data is disclosed—may redisclose the data only to persons directly connected with the administration or enforcement of SNAP and other federal benefits programs and "*only so that such persons can subsequently use the data for such administration and enforcement*." *See* Ex. J, § 1.4 (redline; emphasis added).[3]

The Court has already twice made clear that 7 U.S.C. § 2020(e)(8)'s restrictions apply to recipients of Plaintiffs' SNAP data. *See* ECF No. 106 at 18 (holding that SNAP data recipients are "subject to strict limitations placed on the use of the information" set out in § 2020(e)(8)(A)(ii)); ECF No. 134 at 14-15. By striking Plaintiffs' provision, which tracked the language of § 2020(e)(8)(A), USDA has not "expressly adopt[ed] the terms of Section 2020(e)(8)(A)," as it claims. JSR at 5. If USDA could redisclose Plaintiffs' SNAP data to third parties who, in turn, could use and redisclose the data without restriction, then USDA would render § 2020(e)(8) a dead letter by "serving as a conduit between Plaintiff States and prohibited entities." ECF No. 134 at 15.

On top of that, USDA has recently taken the position that USDA OIG is not bound by 7 U.S.C. § 2020(e)(8)(A) and would not be bound by the protocol at all. Originally, USDA itself proposed in Section 4.2 that USDA OIG could access the data only "in direct support of a law enforcement investigation related to SNAP fraud, waste, or abuse," ECF No. 116-2, Ex. A § 4.2, and in Section 2.2.1 that USDA could not use the data for "Law enforcement investigations

---

community, a working-class community in the Twin Cities, uh, say a native Minnesotan who works as a lineman or works as a construction worker, works in any job that requires hard work, dedication, focus, who's worried about his ability to support for and provide his family. And then imagine that he has a neighbor who's a Somali refugee who arrived two years ago and has a Mercedes and no financial stress and no worries at all in the entire world and never seems to ever go to work at all because he just went to an office in the state, lied on a piece of paper and got unlimited free money forever for life. That is the system that is being run and that is the corruption that this task force under the leadership of the Vice President is going to demolish."); *but see, e.g.*, 7 C.F.R. §§ 273.1, *et seq.* (detailed regulatory scheme governing State agencies' certification of eligible households); *see also* Associated Press, *JD Vance delivers remarks in Minneapolis*, 7:20-8:10 (Jan. 22, 2026), https://www.youtube.com/live/xHOWRMk-MFU?t=439s.

[3] All exhibit citations refer to the exhibits to the JSR.

beyond coordination regarding criminal and administrative SNAP violations," *id.* § 2.2.1.  USDA has since erased those limitations.  USDA's Section 4.2 now provides that the "protocol does not limit access" by USDA OIG, Ex. J, § 4.3, and USDA has deleted the provision limiting its use of the data for law enforcement purposes altogether, *see id.* § 2.2.  Meanwhile, USDA has claimed that it "cannot agree" to language that "limit[s] the USDA Office of the Inspector General's and other law enforcement's authority to 7 U.S.C. § 2020(e)(8)(A) and its implementing regulations." Ex. G at 4.

But States are obligated under 7 U.S.C. § 2020(e)(8) to safeguard this data from unauthorized use and disclosure.  And in § 2020(e)(8), *Congress* set specific restrictions on the use and disclosure of Plaintiffs' SNAP data, including for law enforcement purposes.  *See* 7 U.S.C. § 2020(e)(8) (A), (C), (E) (data may be disclosed to law enforcement officials to enforce the FNA or to apprehend specified criminal suspects).  The SNAP Information Database cannot serve as a "conduit" that allows USDA OIG (or any other federal agency) to amass and broadly redisclose Plaintiffs' SNAP data in a manner that renders the FNA's restrictions on data use and disclosure meaningless.

*Interagency Requests for Plaintiffs' Data for Immigration Enforcement*:  Second, Plaintiffs have for months asked USDA to commit that 7 U.S.C. § 2020(e)(8) prohibits USDA, along with any other recipient of Plaintiffs' SNAP data, from complying with any interagency request for the data for immigration enforcement purposes, such as the request for Medicaid data that DHS/ICE have made of the Centers for Medicare & Medicaid Services, citing 8 U.S.C. § 1373, 8 U.S.C. § 1360, and 6 U.S.C. § 122.  *See* JSR at 4 n.4 (collecting citations).  Defendants have repeatedly refused to do so.

At the same time, Defendants have failed to provide any coherent rationale for rejecting Plaintiffs' provision clarifying that 7 U.S.C. § 2020(e)(8) *prohibits* the use or redisclosure of Plaintiffs' SNAP data for immigration enforcement purposes.  *See* Exs. I, K.  After USDA initially relied on 8 U.S.C. § 1373 as its sole basis for rejecting Plaintiffs' proposed provision, *see* Ex. G at 3, Plaintiffs explained in their March 25 letter that 8 U.S.C. § 1373—which provides USDA with no authority to redisclose Plaintiffs' SNAP data—is entirely inapplicable, *see* Ex. I at 2.  Plaintiffs further explained that 8 U.S.C. § 1360 and 6 U.S.C. § 122 do not permit USDA to redisclose Plaintiffs' SNAP data in contravention of 7 U.S.C. § 2020(e)(8)'s specific prohibition on the use or redisclosure of SNAP data for any purpose other than the administration of SNAP or other federal benefits programs.  *See* Ex. I at 2.  USDA declined to respond.

Defendants' latest proposal similarly fails to provide assurances that USDA will adhere to the understanding that 7 U.S.C. § 2020(e)(8)(A) *prohibits* USDA (and any person or entity to whom the data is disclosed) from sharing Plaintiffs' SNAP data with DHS for immigration

enforcement purposes.[4]  Although the proposal strikes language in Section 1.4 that previously provided that USDA may use or redisclose the data "as specified in . . . any other applicable law[,]" USDA's proposal still states only that "[7 U.S.C. §] 2020(e)(8)(A) *does not provide USDA with authority to respond* to a request from DHS for data for purpose(s) of civil immigration enforcement," JSR at 7 (emphasis added)—not that it *prohibits* USDA (and any person or entity to whom the data is disclosed) from granting or otherwise ceding to a request from DHS or any DHS subagency made under 8 U.S.C. § 1360, 8 U.S.C. § 1373, or 6 U.S.C. § 122.  And USDA has simultaneously maintained that it "must respond to all lawful requests." Ex. G at 4; *see, e.g.*, ECF No. 118 at 10 n.3.  Without confirmation in the protocol that the parties agree that USDA will follow 7 U.S.C. § 2020(e)(8) even when presented with a request citing these other statutes—as well as 5 U.S.C § 552a(b)(7)[5]—there can be no "agreed to" protocol.  7 U.S.C. § 2020(a)(3)(B)(i).

*Use and Disclosure of Plaintiffs' Data for Criminal Immigration Enforcement*:  Third, USDA's recent edits to the protocol suggest that it may share Plaintiffs' SNAP data with other federal agencies for criminal immigration enforcement.

That is particularly concerning because DHS and ICE have already made unprecedented bulk data requests for millions of individuals from another federal agency, the Internal Revenue Service (IRS), allegedly for purposes of criminal immigration enforcement.  Specifically, DHS and ICE requested that IRS disclose "confidential information for ICE's 'full alien population' of *over 7 million individuals*," purportedly for the purpose of assisting "criminal investigations under 8 U.S.C. § 1325," which criminalizes unauthorized entry into the United States.  *Ctr. for Taxpayer Rights v. IRS*, -- F.Supp.3d --, 2025 WL 3251044, *5 (D.D.C. 2025) (emphasis added), *appeal filed*, No. 26-5006 (D.C. Cir. Jan. 13, 2026).  IRS rejected that request for failure to comply with the relevant provision of the Internal Revenue Code, 26 U.S.C. § 6103(i)(2), which authorizes the disclosure of taxpayer data for nontax criminal enforcement only if specified conditions are met.  In response, DHS and ICE requested that IRS disclose "the last known address of approximately *1.28 million individuals* identified by ICE," purportedly for the purpose of assisting criminal investigations under 8 U.S.C. § 1253(a)(1), which criminalizes remaining in the United States for more than 90 days after a final order of removal.  *Id.* at *6 (emphasis

---

[4] In a footnote of the JSR, Defendants for the first time addressed 8 U.S.C. §§ 1360 and 1383 and 6 U.S.C. § 122.  *See* JSR at 6 n.7.  While the footnote acknowledges that 7 U.S.C. § 2020(e)(8)(A) "bear[s] little resemblance" to statutes that have permitted other agencies to share data with DHS, it does not confirm Defendants will follow 7 U.S.C. § 2020(e)(8)(A) by denying requests from DHS or any DHS subagency for Plaintiffs' SNAP data.

[5] The federal government has recently revealed that DHS and ICE have also cited 5 U.S.C. § 552a(b)(7) in making data requests of CMS.  *See California v. HHS*, No. 3:25-cv-05536 (N.D. Cal. 2025), ECF No. 155-3, ¶¶ 16, 19.  But similar to 8 U.S.C. §§ 1360 and 1383 and 6 U.S.C. § 122, that section does not authorize USDA to redisclose Plaintiffs' SNAP data in contravention of 7 U.S.C. § 2020(e)(8).

added); *see id.* at *24 & n.13, 28.  IRS disclosed 47,000 taxpayers' data before a district court issued a preliminary injunction, finding that IRS had likely failed to comply with 26 U.S.C. § 6103(i)(2).  *See id.* at *1.  Among other things, the Court found an "imminent risk" that the "confidential address information [would] be impermissibly used by ICE for civil immigration enforcement" rather than criminal enforcement, *id.* at *33, in light of evidence that "ICE's representation that it [was] conducting criminal investigations" was "pretext," *id.* at *37.

To be clear, law enforcement agencies may request SNAP data directly from State agencies, provided these requests comply with the restrictions Congress enacted in the FNA.  But just as the Internal Revenue Code (26 U.S.C. § 6103(i)(2)) only authorizes the disclosure of taxpayer data for nontax criminal enforcement in limited circumstances, so too does the FNA (7 U.S.C. § 2020(e)(8)(A), (C), (E)) only authorize the disclosure of SNAP data for non-SNAP criminal enforcement in limited circumstances.  Those circumstances are limited to disclosures *by a State agency* when a "Federal, State, or local law enforcement officer" "furnishes the State agency with the name of the [household] member and notifies the agency," *inter alia*, that the household member "(I) is fleeing to avoid prosecution, or custody or confinement after conviction, for a crime (or attempt to commit a crime) that, under the law of the place the member is fleeing, is a felony (or, in the case of New Jersey, a high misdemeanor), or is violating a condition of probation or parole imposed under Federal or State law; (II) or has information that is necessary for the officer to conduct an official duty related to subclause (I)."  7 U.S.C. § 2020(e)(8)(E); *see also* 7 C.F.R. § 272.1(c)(1)(vii) (regulation implementing 7 U.S.C. § 2020(e)(8)(E)).  In short, Congress set specific restrictions on the redisclosure of Plaintiffs' SNAP data for non-SNAP criminal law enforcement purposes; those restrictions do not permit USDA (including USDA OIG) to redisclose Plaintiffs' SNAP data for criminal immigration enforcement purposes—and certainly not to redisclose it for such purposes en masse, as DHS and ICE have requested of IRS.

*Use and Disclosure of Plaintiffs' Data Pursuant to Section 2020(e)(15)*:  Fourth, Defendants have recently suggested that USDA intends to affirmatively share Plaintiffs' SNAP data for immigration enforcement purposes even absent a request from DHS or any DHS subagency.  In an email conveyed by Defendants' counsel on March 24, USDA took the position that USDA will share Plaintiffs' data with DHS to "assist with enforcement" of States' "obligation" under 7 U.S.C. § 2020(e)(15) if USDA determines that States have "fail[ed] to comply" with that subsection.  Ex. H at 1-2.  As Plaintiffs explained in their March 25 Letter, USDA's threat to share their SNAP data with DHS or any DHS subagency under the guise of 7 U.S.C. § 2020(e)(15) is plainly inconsistent with the text of that provision, which authorizes only "State agenc[ies]" to make reports to USCIS when a State agency makes a determination that an applicant is present in violation of the Immigration and Nationality Act.  *See* Ex. I at 3; *see also* 7 C.F.R. § 273.4(b) (USDA's regulation implementing 7 U.S.C. § 2020(e)(15)).  USDA has not responded to this point.

\*    \*    \*

Again, USDA must commit that Plaintiffs' SNAP data will not be used or redisclosed for immigration enforcement or other unauthorized purposes.  For example, USDA could do so in the protocol by further amendment as follows, although any such language must also be accompanied, at minimum, by terms that provide State agencies with advance notice of any disclosure of this data to federal agencies or other outside parties, as well as a mechanism to enforce these restrictions if they are not followed, as discussed below:

> 1.4. Notwithstanding any other provision of this protocol, or any System of Record Notice, USDA and FNS:
>
>   (a) Shall not use or disclose data received under this protocol except as specified in 7 U.S.C. §§ 2020(a)(3) and (e)(8) and 7 C.F.R. § 272.1(c)(1) and (2).  For the avoidance of doubt, this means that USDA and FNS (and any person or entity to whom the data is disclosed, including USDA OIG) shall not:
>
>     (i)  use the data, except for administration or enforcement of the provisions of Chapter 51 of Title 7 of the U.S. Code, and regulations issued pursuant to that chapter, Federal assistance programs, or federally-assisted State programs; and
>
>     (ii) disclose the data, except to ~~the disclosure of such information to~~ persons directly connected with the administration or enforcement of the provisions of this chapter, regulations issued pursuant to this chapter, Federal assistance programs, or federally-assisted State programs and only so that such persons can subsequently use the data for such administration or enforcement.
>
>     Section 2020(e)(8)(A) prohibits USDA and FNS (and any person or entity to whom the data is disclosed, including USDA OIG) from using or disclosing the data for purposes of investigating potential violations of civil or criminal immigration laws or enforcing civil or criminal immigration laws, including but not limited to in response to a request by the Department of Homeland Security or a subagency thereof and notwithstanding 8 U.S.C. § 1360, 8 U.S.C. § 1373, 6 U.S.C. § 122, 5 U.S.C. § 552a(b)(7), or 7 U.S.C. § 2020(e)(15). ~~does not provide USDA and FNS with authority to respond to a request from DHS for data for purpose(s) of civil immigration enforcement.~~

_Notice_:  USDA's failure to address each of the issues above is especially problematic because USDA has simultaneously struck Plaintiffs' proposed provision ensuring that Plaintiffs be given notice before USDA uses or discloses Plaintiffs' SNAP data for purposes other than the administration and enforcement of SNAP, _see_ Ex. G §§ 4.4, 10.2.7—leaving Plaintiffs in the dark as to what requests USDA may accede to in the future.  Section 2020(a)(3) only requires Plaintiffs to make their records available to USDA for inspection and audit purposes; USDA itself has represented that "it does not intend to share the data it collects with outside agencies for purposes other than administering and enforcing SNAP," ECF No. 118 at 9; and USDA in the past has agreed to obtain Plaintiffs' consent before using their SNAP data for other purposes. _See, e.g._, ECF No. 116-4 at 15 (requiring, _inter alia_, that "[a]ny release or re-disclosure of information must be pre-approved, in writing, by the [State agency]"), 8 (providing that

"[i]nquiries" of the State agency's SNAP data "shall not be made by, or for, another agency, organization or individual without the prior knowledge and written consent of [the State agency]").  As Plaintiffs pointed out in their February 25, 2026 protocol proposal, prior data sharing agreements ensured that USDA could only share PII from State records with authorized individuals who were identified to State agencies, and who could only use this PII for expressly authorized uses.  *See* ECF No. 116-3 at 74; ECF No. 116-4 at 8, 15.  Similarly clear and enforceable notice provisions—modeled on language found in existing data sharing agreements—must be part of any final protocol.

The need for clarity, transparency and enforceability in the protocol is particularly salient given that, in recent filings, federal officials have admitted that they transferred data to DHS for immigration enforcement contrary to the terms of a court order and their own data-sharing policy.[6]  Therefore, any agreed-upon protocol *must* include provisions that permit States to confirm that USDA abides by the agreed-upon restrictions on data use and disclosure, such as the language previously proposed, *see* Ex. F §§ 4.4, 10.2.7, and must permit States to prevent and remedy any impermissible data use or disclosure through judicial enforcement of these provisions.

*Data Elements:*  Finally, USDA's recent proposed amendment does not address the related concerns detailed in Plaintiffs' March 25 and March 30 letters, *see* Exs. I, K, regarding the collection of data elements such as street addresses and non-recipient data that would be useful for immigration enforcement but not for the purported program integrity functions of the SNAP Information Database.  Limiting the collection of data to that which is necessary to perform the audit functions contemplated by 7 U.S.C. § 2020(a)(3) and ensuring that Plaintiffs

---

[6] *California v. HHS*, No. 3:25-cv-05536 (N.D. Cal. Apr. 9, 2026), ECF No. 155 at 7 (acknowledging that CMS has shared confidential Medicaid data with DHS and ICE "outside the scope of [the preliminary injunction]"), ECF No. 155-5, ¶ 11, ECF No. 155-3, ¶¶ 25, 33; *Ctr. for Taxpayer Rights v. IRS*, No. 25-cv-457-CKK (D.D.C. Feb. 11, 2025), ECF No. 66 ("modify[ing] . . . prior statements" and acknowledging that IRS has shared confidential taxpayer data with DHS even when DHS provided "incomplete or insufficiently populated" addresses, contrary to the agencies' data-sharing policy); *see also* David Gilbert, *The DOJ Misled a Judge About How It's Using Voter Roll Data*, WIRED (Apr. 6, 2026), https://www.wired.com/story/doj-misled-judge-voter-roll-data/ (citing *United States v. Amore*, No. 1:25-cv-00639-MSM-PAS (D.R.I. Mar. 27, 2026), ECF No. 46 (correcting inaccurate representations and acknowledging that DOJ has begun analyzing confidential voter registration data collected from States)); *AFL-CIO v. SSA*, 1:25-cv-00596-ELH (D. Md. Jan. 16, 2026), ECF No. 197 (acknowledging that SSA took actions "potentially outside of SSA policy and/or noncompliant with the [TRO]" and that DOGE may have agreed to share confidential SSA data with a political advocacy group whose "stated aim was to find evidence of voter fraud and to overturn election results in certain States").

have notice of potential misuses of the data are integral to Plaintiffs' obligation "to safeguard information they obtain from applicant households."  ECF No. 106 at 18.

Dated: April 14, 2026

Rob Bonta
Attorney General of California

*/s/ Liam E. O'Connor*
Liam E. O'Connor

Paul Stein
Robin Goldfaden
Supervising Deputy Attorneys General
Andrew Z. Edelstein
Anna Rich
Julia Heming Segal
Sebastian Brady
William Bellamy
Maria F. Buxton
Liam E. O'Connor
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
(415) 510-3915
Liam.OConnor@doj.ca.gov
*Attorneys for Plaintiff State of California*

Letitia James
Attorney General of New York

Kwame Raoul
Attorney General of Illinois

*/s/ Mark Ladov*
Mark Ladov
Special Counsel
Julie Dona
Special Counsel
28 Liberty St.
New York, NY 10005
(212) 416-8240
mark.ladov@ag.ny.gov
*Attorneys for Plaintiff State of New York*

*/s/ Sherief Gaber*
Harpreet K. Khera
Bureau Chief, Special Litigation
Sherief Gaber
Assistant Attorney General
115 S. LaSalle St., 35th Flr.
Chicago, Illinois 60603
(773) 590-7127
sherief.gaber@ilag.gov
*Attorneys for Plaintiff State of Illinois*

8

Kristin Mayes
Attorney General of Arizona

/s/ Luci D. Davis
Luci D. Davis (AZ No. 035347)
Hayleigh S. Crawford (AZ No. 032326)
2005 N. Central Ave. Phoenix, AZ 85004
(602) 542-3333
Luci.Davis@azag.gov
Hayleigh.Crawford@azag.gov
ACL@azag.gov
*Attorneys for Plaintiff State of Arizona*

Philip J. Weiser
Attorney General of Colorado

/s/ David Moskowitz
David Moskowitz
Deputy Solicitor General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6000
david.moskowitz@coag.gov
*Attorneys for Plaintiff State of Colorado*

William Tong
Attorney General of Connecticut

/s/ Janelle R. Medeiros
Janelle R. Medeiros
Special Counsel for Civil Rights
165 Capitol Ave
Hartford, CT 06106
(860) 808-5020
Janelle.Medeiros@ct.gov
*Attorneys for Plaintiff State of Connecticut*

Kathleen Jennings
Attorney General of Delaware

/s/ Vanessa L. Kassab
Ian R. Liston
Director of Impact Litigation
Vanessa L. Kassab
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov
*Attorneys for Plaintiff State of Delaware*

Brian L. Schwalb
Attorney General for the District of Columbia

/s/ Nicole S. Hill
Nicole S. Hill
Assistant Attorney General
Office of the Attorney General for the District
of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 727-4171
nicole.hill@dc.gov
*Attorneys for Plaintiff District of Columbia*

Anne E. Lopez
Attorney General of Hawaiʻi

/s/ Kalikoʻonālani D. Fernandes
David D. Day
Special Assistant to the Attorney General
Kalikoʻonālani D. Fernandes
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov
*Attorneys for Plaintiff State of Hawaiʻi*

Office of The Governor *ex rel*. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky

*/s/ S. Travis Mayo*
S. Travis Mayo
General Counsel
Laura C. Tipton
Deputy General Counsel
Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
taylor.payne@ky.gov
laurac.tipton@ky.gov
*Attorneys for Plaintiff Kentucky Governors' Office*

Aaron M. Frey
Attorney General of Maine

*/s/ Brendan Kreckel*
Brendan Kreckel
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 0433-0006
Tel.:  207-626-8800
Fax:  207-287-3145
brendan.kreckel@maine.gov
*Attorneys for Plaintiff State of Maine*

Anthony G. Brown
Attorney General of Maryland

*/s/ James C. Luh*
James C. Luh
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6411
jluh@oag.state.md.us
*Attorneys for Plaintiff State of Maryland*

Andrea Joy Campbell
Attorney General of Massachusetts

*/s/ Katherine Dirks*
Katherine Dirks
Chief State Trial Counsel
Cassandra Thomson
Assistant Attorney General
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
cassandra.thomson@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

Dana Nessel
Attorney General of Michigan

*/s/ Neil Giovanatti*
Neil Giovanatti
Assistant Attorneys General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
giovanattin@michigan.gov
*Attorneys for Plaintiff State of Michigan*

Keith Ellison
Attorney General of Minnesota

*/s/ Joseph R. Richie*
Joseph R. Richie
Special Counsel
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 300-0921
joseph.richie@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

Jennifer Davenport
Attorney General of New Jersey

Raúl Torrez
Attorney General of the State of New Mexico

10

/s/ *Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008)
Assistant Attorney General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
kashif.chand@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

/s/ *Steven Prefrement*
Steven Perfrement
Senior Litigation Counsel
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
SPerfrement@nmdoj.gov
505-601-7727
*Attorneys for the State of New Mexico*

Dan Rayfield
Attorney General of Oregon

/s/ *Scott P. Kennedy*
Scott P. Kennedy
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 453-9050
Fax (971) 673-5000
Scott.Kennedy@doj.oregon.gov
*Attorneys for Plaintiff State of Oregon*

Josh Shapiro, in his official capacity as
Governor of the Commonwealth of
Pennsylvania

/s/ *Jacob B. Boyer*
Jennifer Selber
General Counsel
Jacob B. Boyer
Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 460-6786
jacobboyer@pa.gov
*Counsel for Governor Josh Shapiro*

Peter F. Neronha
Attorney General of Rhode Island

/s/ *Madeline R. Becker*
Madeline R. Becker (RI Bar No. 10034)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2151
mbecker@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

Nicholas W. Brown
Attorney General of Washington

/s/ *Jennifer K. Chung*
Jennifer K. Chung, WSBA #51583
William Mcginty, WSBA #41868
Julie Moroney, WSBA #59017
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
jennifer.chung@atg.wa.gov
william.mcginty@atg.wa.gov
julie.moroney@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

11

Joshua L. Kaul
Attorney General of Wisconsin

*/s/ Karla Z. Keckhaver*
Karla Z. Keckhaver
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-6365
karla.keckhaver@wisdoj.gov
*Attorneys for Plaintiff State of Wisconsin*

# EXHIBIT B

April 8, 2026

*Via E-mail*
Elizabeth J. Shapiro
Tyler Becker
Benjamin S. Kurland
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel: (202) 598-7755
Ben.kurland@usdoj.gov
*Counsel for Defendants*

Re: Incomplete Administrative Record

Dear Counsel:

We write in advance of Defendants' production of an administrative record (AR) responsive to the Second Amended Complaint (SAC).[1] Given that Defendants' previously produced ARs remain incomplete, and that the improperly omitted materials remain relevant to USDA's actions challenged in the Second Amended Complaint, we again request that Defendants complete the previously produced ARs by April 17, 2026 to avoid the need for motion practice.

We previously wrote to Defendants on January 16, 2026, raising objections regarding the insufficiency of the ARs produced by USDA-FNS and USDA-OIG. In your January 30, 2026 response, Defendants stated that FNS would agree to supplement its record. The supplemental AR produced by FNS on February 11, 2026, however, added only three OMB approval documents that do nothing to explain the agency's actions. *See* ECF 125; CALIFORNIA_FNS_000671-676.

The complete absence of *any* internal or inter-agency materials directly or indirectly considered by Secretary Rollins, USDA-OIG, and other USDA staff in connection with the challenged agency actions—other than a cursory one-page summary of public comments on the SORN—demonstrates that Defendants have produced an incomplete AR. For example, the AR produced

---

[1] Plaintiffs filed their original Complaint on July 28, 2025, and their Second Amended Complaint on April 3, 2026. *See* ECF 146. Federal Rule of Civil Procedure 15(a)(3) states that "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Under Civil Local Rule 16-5, the required response to a Complaint raising APA claims is an answer and certified administrative record, and these were originally due "within 90 days of the receipt of service of the summons and complaint." Although the Court extended Defendants' time to answer until after resolution of the parties' anticipated cross-motions for summary judgment, the time remaining to file the administrative record has passed. *See* ECF 112. Therefore, Plaintiffs understand the deadline for Defendants to produce an AR responsive to the Second Amended Complaint to be April 17, 2026.

1

by USDA-FNS fails to include USDA-FNS's communications requesting data from Plaintiff States' vendors (FIS and Conduent), even though these preceded and informed the original data demands; any communications or materials concerning DOGE, despite Secretary Rollins' public acknowledgements that USDA has partnered with DOGE on this effort; or any materials reviewed by Secretary Rollins, other agency decision-makers, or their staff when issuing and enforcing the data demands. Similarly, the AR produced by USDA-OIG contains no documents connected to its decision to demand vast amounts of PII from Plaintiff States. These glaring absences provide reasonable and non-speculative grounds for determining that the existing record is incomplete.

Your letter also stated that FNS and OIG would not produce a privilege log, and argued that much of what Plaintiffs sought represents "post-decisional materials" as to USDA's May 2025 data demand and subsequent enforcement actions. We address these last two points below.

**Post-Decisional Materials:** We disagree that "much of what Plaintiffs have requested represents post-decisional materials" that were properly excluded from the ARs for Plaintiffs' First Amended Complaint (FAC). *First*, as you noted, the challenged agency action includes FNS's May 2025 request for data and its ensuing noncompliance procedures. Therefore, Defendants must produce any materials considered by the agency when enforcing its original data demands up to and including its formal warning letters.[2] This would include, for example, any materials considered by USDA when setting its proposed disallowance amounts. *Second*, Defendants also must produce materials that were adopted by the agency as justifications for its data demands and noncompliance procedures. For example, during the preliminary injunction proceedings, Defendants claimed that their data demands and noncompliance procedures were warranted because FNS' data analysis had uncovered instances of duplicate enrollment implicating "anywhere from an estimated $570 million to $1.1 billion annualized" and "over 300,000 potential instances of *deceased* individuals actively enrolled in" SNAP. ECF 90-1 at ¶¶ 5-6 (emphasis in original). These representations to the court indicate that the agency relied on these factual analyses as justification for their actions, and therefore they should have been included in the AR.

Nonetheless, we believe that the SAC moots Defendants' objections to producing these materials. While Defendants' position has been that "USDA's initiation of a new data request in November represents a separate administrative action" not covered by the FAC, the renewed data demands beginning with USDA's November 24, 2025 letter and its subsequent attempts to enforce those demands are expressly challenged in the SAC (*see* ¶¶ 225-242). Therefore, the Defendants' AR in response to the SAC should include the documents omitted from the prior ARs as "post-decisional."

**Deliberative Process Privilege:** Although deliberative materials are generally not part of the administrative record, courts may require production of such materials (or identification of those materials on a privilege log) when there is evidence of impropriety or bad faith by the agency, or where it is otherwise necessary to determine whether documents were properly identified as

---

[2] USDA sent formal warning letters to most Plaintiff States on August 20, 2025, *see* CALIFORNIA_FNS_000619-663, but engaged in enforcement activity aimed at Pennsylvania after that date, *see* CALIFORNIA_FNS_000664-670.

deliberative. *See Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 444-45 (9th Cir. 2024); *Nat'l TPS All. v. Noem*, No. 25-cv-01766-EMC, 2025 WL 1276229, at *2 (N.D. Cal. May 2, 2025). Furthermore, the deliberative process privilege is only a qualified privilege extended to certain types of documents, and cannot be used to blanket the entirety of USDA's activities until the public announcement of their policy. The privilege is intended to limit disclosure of "documents that would 'inaccurately reflect or prematurely disclose the views of the agency, suggesting as agency position that which is as yet only a personal position.'" *Scalia v. Int'l Longshore & Warehouse Union*, 336 F.R.D. 603, 612 (N.D. Cal. 2020) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)).

The existing evidence of Defendants' bad faith or improper behavior warrants a deeper dive into the agency's decision-making process. *See Jeffries*, 99 F.4th at 445. For example, according to Secretary Rollins' recent public statements, the impetus for the data demands was her false claims about SNAP program integrity, including that a temporary 40% increase in SNAP benefits (which was implemented during the first Trump administration to assist households weather the COVID-19 pandemic) was a Biden administration effort "to buy the election." *See* Second Amended Complaint ¶¶ 242-45. These and other persistent misstatements concerning USDA's data demands, and the agency's lack of transparency around these issues, justify a greater inquiry than the current administrative record provides, and warrant a privilege log for any withheld materials under controlling precedent.

<p style="text-align:center">* * * * *</p>

Given that the improperly omitted materials should be included in any record for the renewed data demands challenged in the SAC, Defendants should at the same time supplement and complete the prior incomplete ARs—including, for any materials withheld or redacted based on assertions of privilege, a privilege log. Before Plaintiffs seek judicial intervention to resolve this discovery dispute, we request that Defendants produce that complete record (including the full AR for the SAC) by April 17, 2026. The complete supplemented AR should include (in addition to any other materials that should properly be part of the complete record):

- Communications between USDA and Plaintiff States' vendors (FIS and Conduent) concerning requests for SNAP data.
- Communications between USDA and DOGE, or any other federal agency, concerning the collection, use or disclosure of SNAP data.
- Intra-agency communications and materials received or considered by USDA staff concerning the implementation of Executive Order 14243 or inter-agency data sharing.
- All analyses of SNAP data, including all materials considered by USDA staff (whether or not relied upon) when making and enforcing USDA's initial and renewed data demands.
- Materials considered by USDA when determining the scope of its demand for unredacted PII dating back to January 2020.
- Materials considered by USDA when issuing the system of records notice for the SNAP Information Database.
- All materials reviewed by Secretary Rollins and other USDA leadership and staff concerning the collection, use and disclosure of SNAP data, including (but not limited to)

<p style="text-align:center">3</p>

all materials considered by Secretary Rollins as the basis for her assertions about SNAP administration and Plaintiff States cited in the Second Amended Complaint.

Please let us know if you would like to meet and confer on any of these issues prior to Defendants' production of a complete administrative record.


Dated: April 8, 2026

Letitia James
Attorney General of New York

*/s/ Mark Ladov*
Mark Ladov
Special Counsel
Julie Dona
Special Counsel
28 Liberty St.
New York, NY 10005
(212) 416-8240
mark.ladov@ag.ny.gov
*Attorneys for Plaintiff State of New York*


Rob Bonta
Attorney General of California

*/s/ Liam E. O'Connor*
Liam E. O'Connor

Paul Stein
Robin Goldfaden
Supervising Deputy Attorneys General
Julia Heming Segal
Sebastian Brady
William Bellamy
Maria F. Buxton
Liam E. O'Connor
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
(415) 510-3915
Liam.OConnor@doj.ca.gov
*Attorneys for Plaintiff State of California*

Kwame Raoul
Attorney General of Illinois

*/s/ Sherief Gaber*
Harpreet K. Khera
Bureau Chief, Special Litigation
Sherief Gaber
Assistant Attorney General
115 S. LaSalle St., 35th Flr.
Chicago, Illinois 60603
(773) 590-7127
sherief.gaber@ilag.gov
*Attorneys for Plaintiff State of Illinois*

4

<div style="column-count:2">

Kristin Mayes
Attorney General of Arizona

*/s/ Luci D. Davis*
Luci D. Davis (AZ No. 035347)
Hayleigh S. Crawford (AZ No. 032326)
2005 N. Central Ave. Phoenix, AZ 85004
(602) 542-3333
Luci.Davis@azag.gov
Hayleigh.Crawford@azag.gov
ACL@azag.gov
*Attorneys for Plaintiff State of Arizona*


William Tong
Attorney General of Connecticut

*/s/ Janelle R. Medeiros*
Janelle R. Medeiros
Special Counsel for Civil Rights
165 Capitol Ave
Hartford, CT 06106
(860) 808-5020
Janelle.Medeiros@ct.gov
*Attorneys for Plaintiff State of Connecticut*


Brian L. Schwalb
Attorney General for the District of Columbia

*/s/ Nicole S. Hill*
Nicole S. Hill
Assistant Attorney General
Office of the Attorney General for the District
of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 727-4171
nicole.hill@dc.gov
*Attorneys for Plaintiff District of Columbia*

Philip J. Weiser
Attorney General of Colorado

*/s/ David Moskowitz*
David Moskowitz
Deputy Solicitor General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6000
david.moskowitz@coag.gov
*Attorneys for Plaintiff State of Colorado*


Kathleen Jennings
Attorney General of Delaware

*/s/ Vanessa L. Kassab*
Ian R. Liston
Director of Impact Litigation
Vanessa L. Kassab
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov
*Attorneys for Plaintiff State of Delaware*


Anne E. Lopez
Attorney General of Hawaiʻi

*/s/ Kalikoʻonālani D. Fernandes*
David D. Day
Special Assistant to the Attorney General
Kalikoʻonālani D. Fernandes
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov
*Attorneys for Plaintiff State of Hawaiʻi*

</div>

Office of The Governor *ex rel.* Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky

*/s/ S. Travis Mayo*
S. Travis Mayo
General Counsel
Chief Deputy General Counsel
Laura C. Tipton
Deputy General Counsel
Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
laurac.tipton@ky.gov
*Attorneys for Plaintiff Kentucky Governors' Office*

Aaron M. Frey
Attorney General of Maine

*/s/ Brendan Kreckel*
Brendan Kreckel
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 0433-0006
Tel.:  207-626-8800
Fax:  207-287-3145
brendan.kreckel@maine.gov
*Attorneys for Plaintiff State of Maine*

Anthony G. Brown
Attorney General of Maryland

*/s/ James C. Luh*
James C. Luh
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6411
jluh@oag.state.md.us
*Attorneys for Plaintiff State of Maryland*

Andrea Joy Campbell
Attorney General of Massachusetts

*/s/ Katherine Dirks*
Katherine Dirks
Chief State Trial Counsel
Cassandra Thomson
Assistant Attorney General
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
cassandra.thomson@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

Dana Nessel
Attorney General of Michigan

*/s/ Neil Giovanatti*
Neil Giovanatti
Bryan Beach
Assistant Attorneys General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
giovanattin@michigan.gov
beachb@michigan.gov
*Attorneys for Plaintiff State of Michigan*

Keith Ellison
Attorney General of Minnesota

*/s/ Joseph R. Richie*
Joseph R. Richie
Special Counsel
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 300-0921
joseph.richie@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

6

Jennifer Davenport
Attorney General of New Jersey

/s/ *Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008)
Assistant Attorney General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
kashif.chand@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*


Dan Rayfield
Attorney General of Oregon

/s/ *Scott P. Kennedy*
Scott P. Kennedy
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 453-9050
Fax (971) 673-5000
Scott.Kennedy@doj.oregon.gov
*Attorneys for Plaintiff State of Oregon*


Peter F. Neronha
Attorney General of Rhode Island

/s/ *Madeline R. Becker*
Madeline R. Becker (RI Bar No. 10034)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2151
mbecker@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

Raúl Torrez
Attorney General of the State of New Mexico

/s/ *Steven Prefrement*
Steven Perfrement
Senior Litigation Counsel
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
SPerfrement@nmdoj.gov
505-601-7727
*Attorneys for the State of New Mexico*


Josh Shapiro, in his official capacity as
Governor of the Commonwealth of
Pennsylvania

/s/ *Jacob B. Boyer*
Jennifer Selber
General Counsel
Jacob B. Boyer
Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 460-6786
jacobboyer@pa.gov
*Counsel for Governor Josh Shapiro*


Nicholas W. Brown
Attorney General of Washington

/s/ *Jennifer K. Chung*
Jennifer K. Chung, WSBA #51583
William Mcginty, WSBA #41868
Julie Moroney, DC WSBA #59017
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
jennifer.chung@atg.wa.gov
william.mcginty@atg.wa.gov
julie.moroney@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

7

Joshua L. Kaul
Attorney General of Wisconsin

*/s/ Karla Z. Keckhaver*
Karla Z. Keckhaver
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-6365
karla.keckhaver@wisdoj.gov
*Attorneys for Plaintiff State of Wisconsin*

Aaron D. Ford
Attorney General of Nevada

*/s/ Heidi Parry Stern*
Heidi Parry Stern
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov
Attorneys for Plaintiff State of Nevada

8

# CERTIFICATE OF SERVICE

Case Name:   ***California, et al. v. U.S.***        Case No.   **3:25-cv-06310-MMC**
              ***Department of Agriculture***

I hereby certify that on <u>April 14, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **NOTICE OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MARCH 31, 2026 STATEMENT with Exhibits A- B**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>April 14, 2026</u>, at San Francisco, California.

M. Mendiola
Declarant

Signature

SA2025302238