IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, ET AL.**<br><br>                                  Plaintiffs,<br><br>   v.<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL.**<br><br>                                  Defendants. | Case No. **3:25-cv-06310-MMC-KAW**<br><br>**PARTIES' JOINT LETTER CONCERNING UNRESOLVED DISCOVERY DISPUTES** |

Pursuant to the Court's June 2, 2026 Order (ECF No. 174), the Court's June 8, 2026 Order (ECF No. 175), Civil Local Rule 37-1, and the Standing Order for Civil Cases Before Magistrate Judge Kandis A. Westmore, the parties attest that they have met and conferred regarding this dispute, most recently by videoconference on June 11, 2026. The parties further attest that they have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery. The parties are at an impasse and seek the Court's assistance to resolve the dispute.

Pursuant to Judge Westmore's Standing Order for Civil Cases ¶ 14(b), the parties provide the attached joint letter regarding the disputed Requests for Production. As instructed by the June 8, 2026 Order, the parties separately filed a stipulation and proposed order seeking additional pages for this joint submission.

For the Court's convenience, the parties attach a copy of Plaintiff States' First Set of Requests for Production (ECF 173-1) as Exhibit A to this letter.

A. **Request for Production 1: All Documents considered by USDA in connection with the drafting and issuance of the SNAP Data Preliminary Report, including but not limited to (i) all factual materials, calculations, data analyses, artificial intelligence prompts or results, reports, and research considered by the report's authors, whether or not those materials were included in the final report; (ii) all report drafts; and (iii) all internal agency communications concerning the drafting and publication of the report.**

Defendants' Position: RFP 1 is irrelevant and overbroad in seeking deliberative materials, which are not part of an administrative record and are irrelevant to APA review. The request seeks documents like "all report drafts" and "all internal agency communications concerning the drafting and publication of the report" which are deliberative materials. The request is overbroad and irrelevant in seeking materials that would not aid the Court in adjudicating Plaintiffs' APA claims, such as "all factual materials," "calculations," "data analyses," and "artificial intelligence research or prompts." The Court does not need raw data to review Plaintiffs' APA claims.

Plaintiffs' Position: Plaintiffs allege that USDA is using misleading analyses of SNAP data to make false claims about fraud, waste and abuse in support of its demands for Plaintiff States' data and in opposition to Plaintiffs' requests for injunctive relief. This RFP seeks discovery that is targeted to test that claim. As Defendants concede, this RFP seeks "factual materials" (including calculations, data analyses and AI prompts) that are not protected by deliberative process privilege. *See Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 n.4 (9th Cir. 2024). If Defendants believe responsive documents include privileged material, those documents should be redacted and logged appropriately. But "if the government can segregate and disclose non-privileged factual information within a document, it must." *Karnoski v. Trump*, 926 F.3d 1180, 1204 (9th Cir. 2019) (citation omitted).

B. **Request for Production 2: Documents showing the means used by USDA to analyze information in the SNAP Information Database or to identify "fraud, waste or abuse" in the administration or enforcement of SNAP using states' SNAP data, including the "automated scripts and queries" referenced on page 5 of the SNAP Data Preliminary Report, Appendix B, and any other instructions, algorithms, Excel formulas, pivot tables, database queries, or artificial intelligence tools.**

Defendants' Position: RFP 2 is overbroad and irrelevant because FNS has already provided the Preliminary Report which is sufficient to analyze Plaintiffs' claims. Additionally, the methodology at the level of algorithms, Excel formulas, pivot tables, database queries, or artificial intelligence tools is irrelevant to adjudicating Plaintiffs' APA claims.

Plaintiffs' Position: As noted in RFP 1, Plaintiffs allege the Preliminary Report is false and misleading, and Defendants have offered it to support their demands for Plaintiff States' data and to oppose Plaintiffs' requests for injunctive relief. For example, USDA claims that "Dummy SSNs" are evidence of nearly $1 billion in "implied annual financial exposure" (*see* CALIFORNIA_FNS_003128), even though the agency's own Inspector General concluded in May 2026 that missing SSNs reflect individuals who have "applied for a number" and are not

2

evidence of fraud, waste or abuse.[1] As another example, the report claims to identify "at least $3 billion a year of potential fraud, waste, and abuse," CALIFORNIA_FNS_003123, but its chart of "Findings" lists much less than $3 billion of "Annual Implied Dollars," CALIFORNIA_FNS_003128. These underlying materials are therefore relevant; and as factual materials they are not privileged.

C. **Request for Production 3: All Documents concerning the "identified data discrepancy flags" that "were returned to some of the State agencies" and the State Agencies' responses, including all "feedback on the efficacy of the flagging procedure," as referenced on page 4 of the SNAP Data Preliminary Report.**

Defendants' Position: RFP 3 is irrelevant and overbroad. The flagged data which FNS provided to the States who provided data bears no relevance to Plaintiffs' APA claims and seeking this data to "test" FNS's stated justifications without a showing of bad faith or pretext misunderstands the nature of APA as stated by Defendants in the joint letter brief. If plaintiffs were permitted to seek probing discovery based merely on conjecture and speculation, as Plaintiffs advance here, the APA's limitation to review of the administrative record would be illusory. Further, these data flags contain PII of individuals not in Plaintiffs' States and would implicate both SNAP Act and Privacy Act prohibitions on FNS disclosing sensitive data. Finally, such raw data is irrelevant to Plaintiffs' APA claims.

Plaintiffs' Position: RFP 3 tests the agency's claim that it is using SNAP data to prevent fraud, waste, and abuse. These materials are plainly relevant to Plaintiffs' position that such claims are a pretext to support the collection of SNAP data for other purposes. A transparent understanding of the analyses, rationales and methodologies used by Defendants to justify their actions should be part of a proper administrative record with or without bad faith. Plaintiffs agree that Defendants should redact PII from responsive production.

D. **Request for Production 4: Documents explaining Secretary Brooke Rollins' statement that "[USDA] asked every state for the first time in history, and this was in February [2025], to send us their [SNAP] data and let us with DOGE and a war room actually start going through this data to better understand how this explosion of SNAP benefits happened under Joe Biden. We increased almost 40% on this program in just a couple of years under the Biden administration. Of course, we know that they were trying to buy the election, but that's a conversation for another time."[2]**

Defendants' Position: RFP 4 is irrelevant and overbroad in seeking deliberative materials. This request is duplicative of Plaintiffs' other requests and materials which Defendants have included in the record explaining FNS's actions. The request inappropriately relies on an out-of-context statement from the Secretary to imply additional records exist. The statement refers to no specific document which Plaintiffs can establish FNS failed to properly include in the record.

---

[1] USDA-OIG, Inspection Report 27801-0001-31, available at
https://usdaoig.oversight.gov/sites/default/files/reports/2026-05/27801-0001-31_FR_508.pdf, at 18.
[2] For space, the parties have omitted examples included in this RFP; full text is attached as Attachment A.

Plaintiffs' Position: RFP 4 provides an exemplar statement by USDA Secretary Rollins (who has made numerous similar statements) that is relevant to Plaintiffs' claims of pretext and bad faith. *See* SAC ¶¶ 243-46. Plaintiffs are therefore entitled to probe the factual bases and context for this statement. This statement also provides evidence of DOGE's role in the challenged agency decisions and Secretary Rollins' rationale for the demands; the categorical absence of any communications or other documents concerning DOGE or Secretary Rollins' stated rationales is sufficiently clear evidence of an incomplete record, which this discovery request is targeted to address.[3]

**E. Request for Production 5: Documents describing and explaining USDA's decision to request data from EBT Vendors on or after February 13, 2025, and any materials or information that EBT Vendors provided to USDA about the data requests.**

Defendants' Position: RFP 5 is irrelevant and overbroad as Plaintiffs have raised no claims regarding FNS's requests to EBT Vendors and FNS has not pursued such requests, rendering any claims moot.

Plaintiffs' Position: FNS unsuccessfully sought SNAP data from EBT Vendors immediately before demanding it from Plaintiff States as part of the same SNAP Database initiative. Materials concerning that failed outreach are relevant to the challenged agency decisionmaking process.

**F. Request for Production 6: Documents explaining USDA's determinations that "USDA has determined that each data element requested is necessary to complete its audit" (see May 2026 Data Demand at 8), and that "USDA shall collect only the data elements necessary to achieve specific, legally permissible goals, such as fraud detection, duplicate enrollment prevention, and program integrity checks. The scope of data collection shall be limited by excluding sensitive PII unless directly relevant to these goals (i.e., the collection of data elements spelled out in the Privacy Impact Assessment)" (see Fourth Proposed Protocol § 2.2.1).[4]**

Defendants' Position: RFP 6 is irrelevant and overbroad to the extent it seeks privileged or deliberative communications that are unnecessary to APA review. Additionally, FNS has already provided documents related to its determination on necessary data elements. Plaintiffs have not met the standard to overcome the presumption of regularity.

Plaintiffs' Position: RFP 6 seeks material necessary to test Plaintiffs' claim that USDA is demanding PII that is not necessary to improve SNAP administration but will further the Administration's goals of immigration enforcement and data pooling. A complete administrative record includes "all documents and materials directly or indirectly considered by agency decision-makers." The categorical absence of *any* internal documents concerning what USDA considered in reaching its determination regarding the scope of its data demands is clear

---

[3] *See, e.g., Treez, Inc. v. United States Dep't of Homeland Sec.*, No. 22-CV-07027-RS (TSH), 2023 WL 4240142, at *4 (N.D. Cal. June 27, 2023), *objections overruled,* No. 22-CV-07027-RS, 2023 WL 4846164 (N.D. Cal. July 28, 2023) ("[B]y pointing to the absence of any communications . . . , Plaintiffs have sufficiently identified materials allegedly omitted from the record." (citation omitted)).
[4] For space, the parties have omitted examples included in this RFP; full text is attached as Attachment A.

evidence of an incomplete record, which this discovery request is targeted to address. If Defendants believe responsive documents are privileged they should be logged appropriately.

**G. Request for Production 7: Documents concerning USDA's e-mail on March 27, 2026, that it is "pausing further development on the National Accuracy Clearinghouse temporarily as we take an opportunity to leverage new technology and enhance functionality in order to achieve the Secretary of Agriculture's goal of stopping fraud and abuse" and any plans by USDA to replace or supplement the National Accuracy Clearinghouse by using the SNAP Information Database.**

Defendants' Position: RFP 7 is irrelevant and overbroad because the decision to temporarily pause development of the National Accuracy Clearinghouse is not at issue in this case. Further, the Court has already addressed Plaintiffs' claims about alternative protections, demonstrating that the production which Plaintiffs see is not necessary for the Court's review. *See* ECF No. 134 at 18–19.

Plaintiffs' Position: RFP 7 is necessary to test Plaintiffs' claim that USDA is arbitrarily and capriciously ignoring existing fraud, waste, and abuse protections, such as the National Accuracy Clearinghouse (NAC), in favor of systems that are less effective and less protective of households' privacy. USDA claims it needs this data to prevent duplicate benefits, a type of fraud and misuse that Congress designed the NAC to address; RFP 7 is relevant to Plaintiffs' allegation that this claim is pretextual.

**H. Request for Production 8: All Documents reflecting or constituting communications between Defendants and any other federal agency (including, but not limited to, DOGE, DHS, or USDA-OIG), federal employee (including, but not limited to, White House officials), federal contractor (including, but not limited to, Palantir) or other third party concerning the use or potential use of data collected for the SNAP Information Database.**

Defendants' Position: RFP 8 is irrelevant and overbroad in seeking deliberative or privilege communications, which are not part of an administrative record. Additionally, RFP 8 seeks documents related to White House officials, implicating the Presidential communications privilege, without any attempt to meet the heightened standard for seeking such communications. *See In re Sealed Case*, 121 F.3d 729, 754 (D.C. Cir. 1997).

Plaintiffs' Position: RFP 8 seeks communications relevant to Plaintiffs' claims that the data demands are pretextual and would permit applicant data to be used and disclosed in a manner that is contrary to law. Plaintiffs are prepared to address Defendants' overbreadth objection by discussing relevant custodians after Defendants respond to Interrogatories No. 1-5. Plaintiffs agree to defer production of communications with White House officials (other than DOGE, to the extent Defendants claim DOGE is covered by this privilege), and to renew the request for such communications when Plaintiffs can demonstrate they are directly relevant to their trial claims and unavailable elsewhere. *See Karnoski v. Trump*, 926 F.3d 1180, 1205 (9th Cir. 2019).

I.  **Request for Production 9: All Documents concerning the role of any other federal agency (including, but not limited to, DOGE, DHS, or USDA-OIG), federal employee (including, but not limited to, White House officials), federal contractor (including, but not limited to, Palantir) or other third party (including, but not limited to, the Foundation for Government Accountability) in (i) issuing and drafting the Challenged Data Demands, (ii) analyzing the existence of waste, fraud or abuse in the SNAP program, and (iii) analyzing data held in the SNAP Information Database. Documents produced in response to this Request for Production shall include but not be limited to any contracts, memoranda of understanding (MOUs), statements of work (SOWs), data protocols, or other agreements, including drafts, between USDA and any federal agency, employee, contractor or other party concerning access to, development of, or use of the SNAP Information Database.**

Defendants' Position: RFP 9 is irrelevant and overbroad because in seeking documents related to White House officials, implicating the Presidential communications privilege. Additionally, RFP 9 seeks materials unrelated to Plaintiffs' APA claims such as vendor contracts, memoranda of understanding, and statements of work.

Plaintiffs' Position: RFP 9 seeks Documents relevant to Plaintiffs' claims that the data demands are pretextual and would permit applicant data to be used and disclosed in a manner that is contrary to law, and Plaintiffs are prepared to discuss overbreadth objections after receiving Defendants' interrogatory responses. Plaintiffs will similarly defer production of White House documents (*see* RFP 8).

J.  **Request for Production 10: All documents concerning the use or potential use of the SNAP Information Database and Challenged Data Demands for purposes relating to enforcing federal immigration laws.**

Defendants' Position: RFP 10 is irrelevant and overbroad because it has been asked and answered. FNS has acknowledged that it will not and cannot share data in a manner that contradicts Section 2020(e)(8)(A) of the SNAP Act, including federal immigration laws. *See* Proposed Protocols § 1.4. Plaintiffs cannot overcome the presumption of regularity on speculation.

Plaintiffs' Position: Plaintiffs have provided specific, non-speculative evidence that the Administration intends to use SNAP data for immigration enforcement. *See, e.g.,* SAC ¶¶ 138-39; *see also id.* ¶¶ 140-151; ECF No. 154. This evidence overcomes the presumption of regularity.[5]  RFP 10 is necessary to test Defendants' persistent refusal to state that USDA will not share the demanded data with DHS or ICE for immigration enforcement. *See, e.g.,* ECF No. 154, Ex. A. Defendants should either (1) respond that no responsive documents that have not already been produced exist or (2) produce the requested documents, which are directly relevant to

---

[5] *See New York v. McMahon*, No. 25-10601-MJJ, 2026 WL 622484, at *6 (D. Mass. Feb. 11, 2026) (ordering extra-record discovery and observing that "[w]hile judicial review is deferential, we are not required to exhibit a naiveté from which ordinary citizens are free" (cleaned up) (citing *Dep't of Com. v. New York*, 588 U.S. 752, 785 (2019)).

Plaintiffs' claims that the data demands are pretextual and would permit applicant data to be used and disclosed in a manner that is contrary to law.

**K.  Request for Production 11: All Documents reflecting records of any meetings, videoconferences or calls where USDA's demands for states' SNAP data were discussed, including calendar invites, meeting notes and lists of attendees.**

Defendants' Position: RFP 11 is irrelevant and overbroad. Recordings of meetings, calendar invites, meeting notes, and lists of attendees at any meeting where USDA's data requests were discussed implicates deliberative process, attorney-client, Presidential communications, and a host of other privileges without any showing of need or how such information would be relevant to Plaintiffs' claims.

Plaintiffs' Position: RFP 11 is plainly relevant to the challenged decisionmaking process. Facts (such as the existence of meetings and lists of attendees) are not privileged and must be produced. *See Karnoski,* 926 F.3d at 1204. Responsive materials withheld for privilege should be logged appropriately.

**L.  Request for Production 12: All Documents concerning the use of states' SNAP data as part of the Palantir Pilot Program.**

Defendants' Position: RFP 12 is irrelevant and overbroad as the Palantir Pilot Program is unrelated to the claims in this case. To the extent Plaintiffs claim information regarding this contract is necessary to their claims regarding alternative waste, fraud, and abuse detection systems, the Court has already reviewed and rejected this claim based on the existing record. *See* ECF No. 134 at 18–19.

Plaintiffs' Position: As with RFP 7, this request is necessary to test Plaintiffs' claim that USDA is arbitrarily and capriciously ignoring existing fraud, waste and abuse protections, in favor of systems such as the Palantir Pilot Program,[6] which are less effective and less protective of households' privacy.

**M.  Request for Production 13: All Documents concerning Defendants' interpretation and implementation of Executive Order 14243, "Stopping Waste, Fraud, and Abuse by Eliminating Information Silos," including any directions or guidance from the Executive Office of the President concerning implementation of Executive Order 14243.**

Defendants' Position: RFP 13 is irrelevant and overbroad as it seeks all documents and communications related to Executive Order 14243, unrelated to their relation to FNS's data requests. FNS has consistently relied on the statutory authorities authorizing it to seek records in the SNAP Act. Further this request implicates the host of privileges previously mentioned without a display of relevance nor any recognition that these materials are not part of an administrative record.

---

[6] A summary of the contract with Palantir is available on USASpending.gov: https://www.usaspending.gov/award/CONT_AWD_12314426F0120_1205_12314426A0009_1205.

7

Plaintiffs' Position: USDA's initial May 6, 2025 data demand to Plaintiff States was purportedly issued in furtherance of this Executive Order, *see* SAC, Ex. A (ECF 146 at 91), which directs agencies to "authoriz[e] and facilitat[e] both the intra- and inter-agency sharing" of data, Exec. Order No. 14243, 90 Fed.Reg. 13681, § 3 (Mar. 20, 2025). RFP 13 is thus relevant to identifying the factors that were considered by Defendants when taking the challenged agency actions and to Plaintiffs' claims that the data demands are pretextual and would permit applicant data to be used and disclosed in a manner that is contrary to law. Furthermore, intra-agency materials concerning the implementation of the EO or White House directives do not implicate the Presidential communications privilege. *See Karnoski,* 926 F.3d at 1203. Any other claims of privilege should be logged appropriately.

Dated:  June 18, 2026             Respectfully submitted,

            ROB BONTA
            Attorney General of California
            PAUL STEIN
            ROBIN GOLDFADEN
            Supervising Deputy Attorneys General
            ANDREW Z. EDELSTEIN
            ANNA RICH
            JULIA HEMING SEGAL
            SEBASTIAN BRADY
            MARIA F. BUXTON
            WILLIAM BELLAMY
            LIAM E. O'CONNOR

            /s/ *Julia Heming Segal*
            JULIA HEMING SEGAL
            Deputy Attorneys General
            *Attorneys for Plaintiff State of California*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

TYLER BECKER
Counsel to the Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch


 /s/ *Benjamin S. Kurland*
BENJAMIN S. KURLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 598-7755
ben.kurland@usdoj.gov

*Counsel for Defendants*

| ADDITIONAL COUNSEL FOR PLAINTIFFS | |
|---|---|
| Letitia James<br>Attorney General of New York<br><br>*/s/ Mark Ladov*<br>Mark Ladov<br>Special Counsel<br>Julie Dona<br>Special Counsel<br>28 Liberty St.<br>New York, NY 10005<br>(212) 416-8240<br>mark.ladov@ag.ny.gov<br>*Attorneys for Plaintiff State of New York* | Kwame Raoul<br>Attorney General of Illinois<br><br>*/s/ Sherief Gaber*<br>Harpreet K. Khera<br>Bureau Chief, Special Litigation<br>Sherief Gaber<br>Assistant Attorney General<br>115 S. LaSalle St., 35th Flr.<br>Chicago, Illinois 60603<br>(773) 590-7127<br>sherief.gaber@ilag.gov<br>*Attorneys for Plaintiff State of Illinois* |
| Kristin Mayes<br>Attorney General of Arizona<br><br>*/s/ Luci D. Davis*<br>Luci D. Davis (AZ No. 035347)<br>Hayleigh S. Crawford (AZ No. 032326)<br>2005 N. Central Ave. Phoenix, AZ 85004<br>(602) 542-3333<br>Luci.Davis@azag.gov<br>Hayleigh.Crawford@azag.gov<br>ACL@azag.gov<br>*Attorneys for Plaintiff State of Arizona* | Philip J. Weiser<br>Attorney General of Colorado<br><br>*/s/ David Moskowitz*<br>David Moskowitz<br>Deputy Solicitor General<br>Colorado Department of Law<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>Phone: (720) 508-6000<br>david.moskowitz@coag.gov<br>*Attorneys for Plaintiff State of Colorado* |
| William Tong<br>Attorney General of Connecticut<br><br>*/s/ Janelle R. Medeiros*<br>Janelle R. Medeiros<br>Special Counsel for Civil Rights<br>165 Capitol Ave<br>Hartford, CT 06106<br>(860) 808-5020<br>Janelle.Medeiros@ct.gov<br>*Attorneys for Plaintiff State of Connecticut* | Kathleen Jennings<br>Attorney General of Delaware<br><br>*/s/ Vanessa L. Kassab*<br>Ian R. Liston<br>Director of Impact Litigation<br>Vanessa L. Kassab<br>Deputy Attorney General<br>Delaware Department of Justice<br>820 N. French Street<br>Wilmington, DE 19801<br>(302) 683-8899<br>vanessa.kassab@delaware.gov<br>*Attorneys for Plaintiff State of Delaware* |

Brian L. Schwalb
Attorney General for the District of Columbia

*/s/ Nicole S. Hill*
Nicole S. Hill
Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 727-4171
nicole.hill@dc.gov
*Attorneys for Plaintiff District of Columbia*

Anne E. Lopez
Attorney General of Hawai'i

*/s/ Kaliko'onālani D. Fernandes*
David D. Day
Special Assistant to the Attorney General
Kaliko'onālani D. Fernandes
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov
*Attorneys for Plaintiff State of Hawai'i*

Office of The Governor *ex rel*. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky

*/s/ S. Travis Mayo*
S. Travis Mayo
General Counsel
Laura C. Tipton
Deputy General Counsel
Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
laurac.tipton@ky.gov
*Attorneys for Plaintiff Kentucky Governors' Office*

Aaron M. Frey
Attorney General of Maine

*/s/ Brendan Kreckel*
Brendan Kreckel
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 0433-0006
Tel.: 207-626-8800
Fax: 207-287-3145
brendan.kreckel@maine.gov
*Attorneys for Plaintiff State of Maine*

Anthony G. Brown
Attorney General of Maryland

*/s/ James C. Luh*
James C. Luh
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6411
jluh@oag.state.md.us
*Attorneys for Plaintiff State of Maryland*

Andrea Joy Campbell
Attorney General of Massachusetts

*/s/ Katherine Dirks*
Katherine Dirks
Chief State Trial Counsel
Cassandra Thomson
Assistant Attorney General
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
cassandra.thomson@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

11

Dana Nessel
Attorney General of Michigan

*/s/ Neil Giovanatti*
Neil Giovanatti
Assistant Attorney General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
giovanattin@michigan.gov
*Attorneys for Plaintiff State of Michigan*

Keith Ellison
Attorney General of Minnesota

*/s/ Joseph R. Richie*
Joseph R. Richie
Special Counsel
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 300-0921
joseph.richie@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

Jennifer Davenport
Attorney General of New Jersey

/s/ *Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008)
Assistant Attorney General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
kashif.chand@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

Raúl Torrez
Attorney General of the State of New Mexico

*/s/ Steven Prefrement*
Steven Perfrement
Senior Litigation Counsel
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
SPerfrement@nmdoj.gov
505-601-7727
*Attorneys for the State of New Mexico*

Dan Rayfield
Attorney General of Oregon

*/s/ Scott P. Kennedy*
Scott P. Kennedy
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 453-9050
Fax (971) 673-5000
Scott.Kennedy@doj.oregon.gov
*Attorneys for Plaintiff State of Oregon*

Josh Shapiro, in his official capacity as
Governor of the Commonwealth of
Pennsylvania

*/s/ Jacob B. Boyer*
Jennifer Selber
General Counsel
Jacob B. Boyer
Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 460-6786
jacobboyer@pa.gov
*Counsel for Governor Josh Shapiro*

Peter F. Neronha
Attorney General of Rhode Island

/s/ *Madeline R. Becker*
Madeline R. Becker (RI Bar No. 10034)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2151
mbecker@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

Nicholas W. Brown
Attorney General of Washington

/s/ *Jennifer K. Chung*
Jennifer K. Chung, WSBA #51583
William Mcginty, WSBA #41868
Julie Maroney, WSBA #59017
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
jennifer.chung@atg.wa.gov
william.mcginty@atg.wa.gov
julie.moroney@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

Joshua L. Kaul
Attorney General of Wisconsin

/s/ *Karla Z. Keckhaver*
Karla Z. Keckhaver
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-6365
karla.keckhaver@wisdoj.gov
*Attorneys for Plaintiff State of Wisconsin*

Aaron D. Ford
Attorney General of Nevada

/s/ *Heidi Parry Stern*
Heidi Parry Stern (Bar. No. 8873)
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov
*Attorneys for Plaintiff State of Nevada*

13