# EXHIBIT A

ROB BONTA
Attorney General of California
PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
ANDREW Z. EDELSTEIN
ANNA RICH
LIAM E. O'CONNOR
MARIA F. BUXTON
WILLIAM BELLAMY
SEBASTIAN BRADY
JULIA HEMING SEGAL
Deputy Attorneys General
State Bar No. 363672
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone:  (415) 229-0128
 Fax:  (415) 703-5480
 E-mail:  Julia.HemingSegal@doj.ca.gov
*Attorneys for Plaintiff State of California*

*Additional counsel listed on signature page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, ET AL.<br><br>                                              Plaintiffs,<br><br>                          v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL.<br><br>                                              Defendants. | Case No. **3:25-cv-06310-MMC**<br><br>**PLAINTIFF STATES' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS UNITED STATES DEPARTMENT OF AGRICULTURE AND SECRETARY BROOKE ROLLINS** |

Propounding Party:    Plaintiff States

Responding Parties:    United States Department of Agriculture; Secretary Brooke Rollins

Set No.:                      One

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS**

Plaintiff States hereby serve upon defendants the U.S. Department of Agriculture (USDA) and Secretary Brooke Rollins the following first set of requests for the production of documents. Plaintiffs request that Defendants respond to these requests within thirty (30) days after service. These requests are subject to the instructions and definitions set forth herein and as specified in Rule 34 of the Federal Rules of Civil Procedure and Rule 34-1 of the Local Rules of the United States District Court for the Northern District of California.

**DEFINITIONS**

1. "Plaintiffs" or "Plaintiff States" shall mean the consolidated plaintiffs in the above-captioned matter.

2. "Defendants" shall refer to the U.S. Department of Agriculture, Secretary Brooke Rollins, and anyone acting on their behalf.

3. "Department" or "USDA" shall refer to the U.S. Department of Agriculture, including its subagencies, and any employees, agents, representatives, or contractors working on behalf of the U.S. Department of Agriculture or its subagencies.

4. "Secretary" shall refer to defendant Secretary Brooke Rollins and any employees, agents, representatives, or contractors working on behalf of defendant Secretary Brooke Rollins.

5. "USDA-OIG" shall refer to the U.S. Department of Agriculture Office of the Inspector General.

6. The terms "and" and "or" as used herein shall, unless the context does not permit, be construed to mean "and/or."

7. The term "any" as used herein, shall, unless the context does not permit, be construed to mean "any and all."

8. The terms "include" or "including" shall mean "include without limitation" and "including without limitation."

9. "DHS" means the Department of Homeland Security, including all of its subagencies, and all of its employees.

10. "DOGE" means the Department of Governmental Efficiency and the U.S. DOGE

1

Service, as well as any DOGE employees who were detailed to or employed by the USDA.

11. "Document" is used herein in the broadest sense of the term and means all records and other media of expression of whatever nature (handwritten, typed, recorded, or otherwise) however and wherever created, produced or stored (manually, mechanically, electronically or otherwise), including without limitation all versions whether draft or final, all annotated or nonconforming or other copies, electronic mail ("e-mail"), instant messages, text messages, Blackberry or other wireless device messages, voicemail, calendars, date books, appointment books, diaries, books, papers, files, notes, confirmations, accounts statements, correspondence, memoranda, reports, records, journals, registers, analyses, code (e.g., C/C++/C#, SQL, JavaScript), algorithms, code repositories (e.g. GitHub), commit messages, audit logs, data or databases (e.g., Oracle, postgres or other SQL or non-SQL systems), plans, manuals, policies, telegrams, faxes, telexes, wires, telephone logs, telephone messages, message slips, minutes, notes or records or transcriptions of conversations or communications or meetings, tape recordings, videotapes, disks, and other electronic media, microfilm, microfiche, storage devices, press releases, contracts, agreements, notices and summaries.

12. "Employee(s)" means individuals who were in the past or are presently employed by the Department.

13. "EBT Vendors" means Fidelity Information Services, LLC ("FIS"), Conduent State and Local Services, Inc. ("Conduent"), and any other company who provides EBT processing services to state agencies, and all of their officers, directors, owners, members, partners, affiliates, predecessors, successors, parents, subsidiaries, divisions, agents, consultants, lobbyists, attorneys, employees, contractors, and representatives of these entities.

14. "Fourth Proposed Protocol" means USDA's proposed data protocol provided as Attachment B to the May 2026 Data Demand.

15. "National Accuracy Clearinghouse" or "NAC" means the National Accuracy Clearinghouse data system authorized under 7 U.S.C. 2020(x).

16. "Palantir" means Palantir Technologies Inc. and all of its officers, directors, owners, members, partners, affiliates, predecessors, successors, parents, subsidiaries, divisions, agents,

consultants, lobbyists, attorneys, employees, contractors, and representatives of these entities.

17. "Palantir Pilot Program" means the "Supplemental Nutrition Assistance Program (SNAP) Fraud Identification and Case Workflow Platform Pilot Program" funded by USDA, as described in the Contract Summary for the award from USDA to Palantir Technologies, Inc., starting April 6, 2026, available at https://www.usaspending.gov/award/CONT_AWD_12314426F0120_1205_12314426A0009_1205, as well as any prior, subsequent, or continuing collaborative work between USDA and Palantir concerning review of the SNAP Information Database or the administration and enforcement of SNAP benefits.

18. "PII" or "personally identifiable information" means information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information that is linked or linkable to a specific individual.

19. "SNAP ID SORN" means the system of records notice (SORN) for the ''National Supplemental Nutrition Assistance Program (SNAP) Information Database" published by USDA in the Federal Register at 90 Fed. Reg. 26,521 on June 23, 2025.

20. "SNAP Information Database" means the system of records described by the SNAP ID SORN.

21. "SNAP Data Preliminary Report" means the report published by USDA on May 13, 2026 and available online at https://www.fns.usda.gov/research/snap/program-integrity-data-preliminary.

22. "State Agencies" means the agencies who administer SNAP benefits for the Plaintiff States.

23. The term "Challenged Data Demands" means all of the demands for Plaintiffs' SNAP data and records that are challenged in the Second Amended Complaint (ECF 146) or that continue from such demands, including:

    a. USDA's requests to EBT Vendors beginning in or around April 2025 (*see* SAC ¶¶ 165-175);

    b. USDA's requests to State Agencies as set forth in the letter issued by USDA on

3

May 6, 2025 (*see* SAC Exhibit A);

c.  USDA's requests to State Agencies as set forth in the letter issued by USDA on July 9, 2025 (*see* SAC Exhibit C);

d.  USDA's requests to State Agencies as set forth in the letter issued by USDA on July 23, 2025 (*see* SAC Exhibit D);

e.  USDA's requests to State Agencies as set forth in the letter issued by USDA on July 25, 2025 (*see* SAC Exhibit E);

f.  USDA's requests to State Agencies as set forth in the letter issued by USDA on November 24, 2025 (*see* SAC Exhibit F);

g.  USDA's requests to State Agencies as set forth in the letter issued by USDA on December 23, 2025 (*see* SAC Exhibit H);

h.  USDA's requests to State Agencies as set forth in the letter issued by USDA on February 17, 2026 (*see* SAC Exhibit J);

i.  USDA's requests to State Agencies as set forth in the letter issued by USDA on March 10, 2026 (*see* SAC Exhibit L);

j.  USDA's requests to State Agencies as set forth in the letter issued by USDA on March 27, 2026 (*see* SAC Exhibit N); and

k.  USDA's requests to State Agencies as set forth in the letter issued by USDA on May 15, 2026 (the "May 2026 Data Demand").

4

**INSTRUCTIONS**

1. These requests shall be construed to cover the time period from January 20, 2025 until the present, unless otherwise stated.

2. Where a claim of privilege is asserted, the attorney asserting the privilege shall provide the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

3. Pursuant to Federal Rule of Civil Procedure 26(e), these discovery demands are to be deemed continuing in nature, so as to require further and supplemental responses if the Defendants receive or identify additional information after providing their initial responses to these requests.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

All Documents considered by USDA in connection with the drafting and issuance of the SNAP Data Preliminary Report, including but not limited to (i) all factual materials, calculations, data analyses, artificial intelligence prompts or results, reports, and research considered by the report's authors, whether or not those materials were included in the final report; (ii) all report drafts; and (iii) all internal agency communications concerning the drafting and publication of the report.

**REQUEST FOR PRODUCTION NO. 2**

Documents showing the means used by USDA to analyze information in the SNAP Information Database or to identify "fraud, waste or abuse" in the administration or enforcement of SNAP using states' SNAP data, including the "automated scripts and queries" referenced on page 5 of the SNAP Data Preliminary Report, Appendix B, and any other instructions, algorithms, Excel formulas, pivot tables, database queries, or artificial intelligence tools.

**REQUEST FOR PRODUCTION NO. 3**

All Documents concerning the "identified data discrepancy flags" that "were returned to some of the State agencies" and the State Agencies' responses, including all "feedback on the efficacy of the flagging procedure," as referenced on page 4 of the SNAP Data Preliminary Report.

**REQUEST FOR PRODUCTION NO. 4**

Documents explaining Secretary Brooke Rollins' statement that "[USDA] asked every state for

5

the first time in history, and this was in February [2025], to send us their [SNAP] data and let us with DOGE and a war room actually start going through this data to better understand how this explosion of SNAP benefits happened under Joe Biden. We increased almost 40% on this program in just a couple of years under the Biden administration. Of course, we know that they were trying to buy the election, but that's a conversation for another time."[1]   Documents produced in response to this Request for Production should include but not be limited to:

    A.  Documents explaining when, how and by whom the decision to create the SNAP Information Database was made;

    B.  Documents identifying all intended goals and uses of the SNAP Information Database;

    C.  Documents identifying and describing all individuals at USDA and DOGE involved in this "war room" collaboration, including their title and role;

    D.  All Documents between Defendants and DOGE concerning the SNAP Information Database and the Challenged Data Demands;

    E.  All Documents considered by Secretary Rollins as a basis for her assertion that "we know that they were trying to buy the election" with SNAP benefits; and

    F.  All Documents concerning the use or potential use of the SNAP Information Database and Challenged Data Demands for purposes relating to purported election integrity.

**REQUEST FOR PRODUCTION NO. 5**

Documents describing and explaining USDA's decision to request data from EBT Vendors on or after February 13, 2025, and any materials or information that EBT Vendors provided to USDA about the data requests.

**REQUEST FOR PRODUCTION NO. 6**

Documents explaining USDA's determinations that "USDA has determined that each data element requested is necessary to complete its audit" (see May 2026 Data Demand at 8), and that "USDA shall collect only the data elements necessary to achieve specific, legally permissible

---

[1] Fox News, "CORRUPT SYSTEM": Illegal immigrants' use of SNAP benefits revealed, at 3:09-3:24 (YouTube Nov. 2, 2025), available at https://youtu.be/piXXRqJQdKs?si=I7JBRPghWdhARKty&t=188. *See also* Second Amended Complaint ¶¶ 243-246.

goals, such as fraud detection, duplicate enrollment prevention, and program integrity checks. The scope of data collection shall be limited by excluding sensitive PII unless directly relevant to these goals (i.e., the collection of data elements spelled out in the Privacy Impact Assessment)" (see Fourth Proposed Protocol § 2.2.1). Documents produced in response to this Request for Production shall include but not be limited to:

    A.  Documents identifying all of USDA's "specific, legally permissible goals" for the SNAP Information Database, as well as any other goals considered by USDA;

    B.  Documents explaining how USDA determined that each requested data element is "necessary" for these "specific, legally permissible goals";

    C.  Documents explaining how USDA determined its need for all "sensitive PII" requested in the Challenged Data Demands, including USDA's consideration of alternatives to collecting unredacted and unencrypted PII to meet its "specific, legally permissible goals"; and

    D.  Documents explaining how USDA determined that existing systems of records and programs were insufficient to satisfy the goals of the SNAP Information Database and Challenged Data Demands.

**REQUEST FOR PRODUCTION NO. 7**

Documents concerning USDA's e-mail on March 27, 2026, that it is "pausing further development on the National Accuracy Clearinghouse temporarily as we take an opportunity to leverage new technology and enhance functionality in order to achieve the Secretary of Agriculture's goal of stopping fraud and abuse" and any plans by USDA to replace or supplement the National Accuracy Clearinghouse by using the SNAP Information Database.

**REQUEST FOR PRODUCTION NO. 8**

All Documents reflecting or constituting communications between Defendants and any other federal agency (including, but not limited to, DOGE, DHS, or USDA-OIG), federal employee (including, but not limited to, White House officials), federal contractor (including, but not limited to, Palantir) or other third party concerning the use or potential use of data collected for the SNAP Information Database.

7

**REQUEST FOR PRODUCTION NO. 9**

All Documents concerning the role of any other federal agency (including, but not limited to, DOGE, DHS, or USDA-OIG), federal employee (including, but not limited to, White House officials), federal contractor (including, but not limited to, Palantir) or other third party (including, but not limited to, the Foundation for Government Accountability) in (i) issuing and drafting the Challenged Data Demands, (ii) analyzing the existence of waste, fraud or abuse in the SNAP program, and (iii) analyzing data held in the SNAP Information Database. Documents produced in response to this Request for Production shall include but not be limited to any contracts, memoranda of understanding (MOUs), statements of work (SOWs), data protocols, or other agreements, including drafts, between USDA and any federal agency, employee, contractor or other party concerning access to, development of, or use of the SNAP Information Database.

**REQUEST FOR PRODUCTION NO. 10**

All documents concerning the use or potential use of the SNAP Information Database and Challenged Data Demands for purposes relating to enforcing federal immigration laws.

**REQUEST FOR PRODUCTION NO. 11**

All Documents reflecting records of any meetings, videoconferences or calls where USDA's demands for states' SNAP data were discussed, including calendar invites, meeting notes and lists of attendees.

**REQUEST FOR PRODUCTION NO. 12**

All Documents concerning the use of states' SNAP data as part of the Palantir Pilot Program.

**REQUEST FOR PRODUCTION NO. 13**

All Documents concerning Defendants' interpretation and implementation of Executive Order 14243, "Stopping Waste, Fraud, and Abuse by Eliminating Information Silos, including any directions or guidance from the Executive Office of the President concerning implementation of Executive Order 14243.

Respectfully submitted,

ROB BONTA
Attorney General of California

8

PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
ANDREW Z. EDELSTEIN
ANNA RICH
LIAM E. O'CONNOR
MARIA F. BUXTON
WILLIAM BELLAMY
SEBASTIAN BRADY


*/s/ Julia Heming Segal*
JULIA HEMING SEGAL
Deputy Attorneys General
*Attorneys for Plaintiff State of California*

9