IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, ET AL.**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL.**<br><br>Defendants. | Case No. **3:25-cv-06310-MMC-KAW**<br><br>**PARTIES' JOINT LETTER CONCERNING UNRESOLVED DISCOVERY DISPUTES** |

Pursuant to the Court's June 2, 2026 Order (ECF No. 174), the Court's June 8, 2026 Order (ECF No. 175), Civil Local Rule 37-1, and the Standing Order for Civil Cases Before Magistrate Judge Kandis A. Westmore, the parties attest that they have met and conferred regarding this dispute, most recently by videoconference on June 11, 2026. The parties further attest that they have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery. The parties are at an impasse and seek the Court's assistance to resolve the dispute.

Pursuant to Judge Westmore's Standing Order for Civil Cases ¶ 14(b), the parties provide the attached joint letter regarding the disputed Interrogatories.

For the Court's convenience, the parties attach a copy of Plaintiff States' First Set of Interrogatories (ECF 173-2) as Exhibit A to this letter.

**Interrogatory No. 1**: "Identify all individuals at USDA, DOGE or any other federal agency, or any third-party contractors involved in (i) USDA's decision to issue the Challenged Data Demands, (ii) the drafting of the Challenged Data Demands, (iii) the design or development of the SNAP Information Database and (iv) the preparation of the SNAP ID SORN. For each identified individual, provide that individual's name, title, employer, and role."

Defendants' Position: ROG 1 is irrelevant and overbroad to the extent it seeks the identity of individuals who were not decisionmakers around whose decisions the administrative record is constructed. The identity of these individuals and their personal information is unnecessary to resolve Plaintiffs' APA claims and their justification for ignores that deliberative materials are not properly part of an administrative record. *See Blue Mountains Biodiversity Proj. v. Jeffries*, 99 F.4th 438, 444 (9th Cir. 2024).

Plaintiffs' Position: Defendants' objections rely on the incorrect premise that their administrative record is complete and shows the basis of their decisionmaking and administrative action. As Plaintiffs have argued in their accompanying letter brief, this is not the case. These interrogatories seek information to fill the gaps and omissions in Defendants' existing administrative record.

Plaintiffs' interrogatory seeks identities of "all individuals . . . involved in" the relevant decisions, and is therefore not irrelevant or overbroad. Defendants' contention that the only relevant identities are "decisionmakers around whose decisions the administrative record is construed" is unsupported and has no basis in law. On the contrary, a proper administrative record "includes not only documents that literally pass[ed] before the eyes of the final agency decision maker but also documents that were considered and relied upon by subordinates who provided recommendations to the decision-maker." *Regents of Univ. of California v. United States Dep't of Homeland Sec.*, No. C 17-05211 WHA, 2017 WL 4642324, at *2–3 (N.D. Cal. Oct. 17, 2017) (internal quotations and citation omitted). And the identities of the individuals involved in these decisions, including their titles, employers, and roles, reflect on the motivations for and nature of Defendants' initiative to collect this data, particularly to the extent that individuals outside of USDA were involved in the decisionmaking process. *See, e.g. Authors Guild v. Nat''l Endowment for the Humans.,* No. 25-CV-3657 (CM), 2025 WL 3678097, at *6 (S.D.N.Y. Dec. 18, 2025).

**Interrogatory No. 2:** "Identify all individuals who are or were part of the SNAP Program Integrity Data Team, as referenced on page 2 of the SNAP Data Preliminary Report, and any other individual who authored or otherwise contributed to the SNAP Data Preliminary Report. For each identified individual, provide that individual's name, title, employer, role, and the dates they served on the SNAP Program Integrity Data Team or participated in the report drafting process."

Defendants' Position: ROG 2 is irrelevant and overbroad. It is not relevant to Plaintiffs' APA claims the specific FNS staff who work on the SNAP Program Integrity Data Team. Plaintiffs have established no bad faith assembling any specific report and their request seems lie nothing more than an attempt to name-and-shame staff-level employees.

2

Plaintiffs' Position: Plaintiffs allege that USDA is using misleading analyses of SNAP data to make false claims about fraud, waste, and abuse. This interrogatory seeks to identify who authored or otherwise contributed to that report, including their employer and role, to ensure that these individuals' participation in the agency decisionmaking is reflected in the record. Plaintiffs reiterate their response to Interrogatory 1.

**Interrogatory No. 3:** "Identify all persons who have ever had access to the SNAP Information Database or information held within that system of records. For each identified individual, provide that individual's name, title, employer, contact information and role, as well as the time period during which the individual had access to the SNAP Information Database or information held within that system of records."

Defendants' Position: ROG 3 is irrelevant and overbroad. In numerous places in the record FNS has confirmed that only FNS personnel have access to the SNAP Information Database. *See, e.g.*, Preliminary Report at 3 ("USDA implements role-based access control (RBAC) following the principle of least privilege, with access limited to specifically designated employees within the FNS Program Integrity Division."). As such, the names, positions, and other personal information of staff-level employees requested by Plaintiffs' is not relevant to Plaintiffs' APA claims.

Plaintiffs' Position: Plaintiffs reiterate their responses to Interrogatories 1 & 2. The objection also makes conclusory allegations about facts at issue that the interrogatory seeks to identify; allegations by counsel about facts at issue should be reduced to interrogatory responses verified by an appropriate agency officer or agent who is answering under oath, *see* Fed. R. Civ. P. 33(b)(1)(B), (3), or through responsive documents, *see* Fed. R. Civ. P. 33(d).

**Interrogatory No. 4:** "Identify any analysis, report, memorandum, statistical analysis or policy recommendation developed by USDA, any other federal agency or employee, or any other third-party using data collected for the SNAP Information Database."

Defendants' Position: ROG 4 is irrelevant and overbroad to the extent it seeks and deliberately requests deliberative materials.

Plaintiffs' Position: It is unclear to Plaintiffs why the requested documents and information would be *per se* deliberative materials. Nor is the mere fact that any such document exists privileged. Defendants cite to no propositions of law to support their position that ascertaining the identity of otherwise relevant documents would be improper merely because Defendants assert privilege over them. Should Defendants believe that any materials responsive to this interrogatory are privileged, the proper course of action would be to disclose their identity, reserving their rights to assert such privilege in response to a request to produce those documents.

This interrogatory seeks identification of a presumptively limited set of documents that are relevant to understanding USDA's intent, motivations and justifications for demanding states' records, as well as the formal reasoning and decisionmaking processes inherent to those actions, and USDA's claims that injunctive relief would harm USDA and be against the public interest.

**Interrogatory No. 5:** "Identify all individuals involved in reviewing and responding to Plaintiff States' proposed edits to USDA's proposed data and security protocols. For each identified individual, provide that individual's name, title, employer, contact information, and role."

Defendants' Position: ROG 5 is irrelevant and overbroad. Defendants have provided all the correspondence between FNS and the States in the administrative record. *See* AR 32–46. It is immaterial and irrelevant to Plaintiffs' APA claims the individual staff who participated in crafting the agency's responses.

Plaintiffs' Position: Defendants have put at issue their rejection of Plaintiffs' proposed data and security protocols. *See, e.g.,* SAC Exs. H, J, L & N. This interrogatory seeks to identify who authored or otherwise contributed to those responses, including their employer and role, to ensure that these individuals' participation in the agency decisionmaking is reflected in the record.

**Interrogatory No. 6**: "Identify any agreement, draft agreement or proposed agreement between USDA and any other agency or party to share data from the SNAP Information Database."

Defendants' Position: ROG 6 is irrelevant and overbroad. Plaintiffs have done nothing to show that there are any agreements, draft agreements, or proposed agreements between USDA and any other agency that were not included in the record or relevant to Plaintiffs' APA claims. This is insufficient to overcome the presumption of regularity. Additionally, this interrogatory in requesting draft and proposed agreements seeks deliberative materials that are not part of an APA record. There is no evidence in the record that FNS is attempting to share data outside of USDA and FNS has affirmatively stated in its proposed protocol that it will not share data where doing so would violated SNAP Act Section 2020(e)(8)(A).

Plaintiffs' Position: There are ample allegations and evidence already in the record to suggest that Defendants seek to broadly share and redisclose states' SNAP data in ways that do not comport with law. Defendants have claimed Executive Order Executive Order 14243— "Stopping Waste, Fraud, and Abuse by Eliminating Information Silos" as an explicit justification for the SNAP ID database, and that executive order directs all agencies to "ensure the Federal Government has unfettered access to comprehensive data from all State programs that receive Federal funding." USDA's Office of the Inspector General has made similar claims that it can access all USDA records, and is not bound by the disclosure restrictions of 7 U.S.C. §2020(e)(8), which could permit it to serve as a conduit to other federal agencies for unlimited and unlawful purposes. Likewise USDA has refused to explain its position regarding when the data may be used and redisclosed for immigration enforcement purposes. *See, e.g.* ECF No. 154 at 1. Finally, Defendants' own public statements as well as other statements by high-ranking administration officials, as articulated in Plaintiffs in the accompanying letter brief, show that Defendants seek to re-disclose states' SNAP data in ways Plaintiffs allege violate the law.

These facts and circumstances all show that these agreements, should they exist, are relevant to Plaintiffs' claims that the SNAP ID database and USDA's demand of Plaintiffs' records would permit SNAP household records to be used and disclosed in a manner that is contrary to law. Defendants should either identify responsive documents to this interrogatory or state that none exist.

**Interrogatory No. 7:** "For each agreement identified in your response to Interrogatory No. 6, describe the basis for the decision to enter into that agreement, and the anticipated use of data from the SNAP Information Database that would result from any such agreement."

Defendants' Position: ROG 7 is overbroad and irrelevant for the same reasons as ROG 6.

Plaintiffs' Position: Plaintiffs reiterate their response to Defendants' objection to ROG 6; this interrogatory is tailored to evince discoverable evidence of Defendants' reasoned decisionmaking concerning any sharing of SNAP data as well as intended uses of that data, which are at the heart of several of Plaintiffs' claims.


Dated:  June 18, 2026                         Respectfully submitted,

ROB BONTA
Attorney General of California
PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
ANDREW Z. EDELSTEIN
ANNA RICH
JULIA HEMING SEGAL
SEBASTIAN BRADY
MARIA F. BUXTON
WILLIAM BELLAMY
LIAM E. O'CONNOR


 /s/ *Julia Heming Segal*
JULIA HEMING SEGAL
Deputy Attorneys General
*Attorneys for Plaintiff State of California*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

TYLER BECKER
Counsel to the Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch


 /s/ *Benjamin S. Kurland*
BENJAMIN S. KURLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 598-7755
ben.kurland@usdoj.gov

*Counsel for Defendants*

| ADDITIONAL COUNSEL FOR PLAINTIFFS | |
|---|---|
| Letitia James<br>Attorney General of New York<br><br>*/s/ Mark Ladov*<br>Mark Ladov<br>Special Counsel<br>Julie Dona<br>Special Counsel<br>28 Liberty St.<br>New York, NY 10005<br>(212) 416-8240<br>mark.ladov@ag.ny.gov<br>*Attorneys for Plaintiff State of New York* | Kwame Raoul<br>Attorney General of Illinois<br><br>*/s/ Sherief Gaber*<br>Harpreet K. Khera<br>Bureau Chief, Special Litigation<br>Sherief Gaber<br>Assistant Attorney General<br>115 S. LaSalle St., 35th Flr.<br>Chicago, Illinois 60603<br>(773) 590-7127<br>sherief.gaber@ilag.gov<br>*Attorneys for Plaintiff State of Illinois* |
| Kristin Mayes<br>Attorney General of Arizona<br><br>*/s/ Luci D. Davis*<br>Luci D. Davis (AZ No. 035347)<br>Hayleigh S. Crawford (AZ No. 032326)<br>2005 N. Central Ave. Phoenix, AZ 85004<br>(602) 542-3333<br>Luci.Davis@azag.gov<br>Hayleigh.Crawford@azag.gov<br>ACL@azag.gov<br>*Attorneys for Plaintiff State of Arizona* | Philip J. Weiser<br>Attorney General of Colorado<br><br>*/s/ David Moskowitz*<br>David Moskowitz<br>Deputy Solicitor General<br>Colorado Department of Law<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>Phone: (720) 508-6000<br>david.moskowitz@coag.gov<br>*Attorneys for Plaintiff State of Colorado* |
| William Tong<br>Attorney General of Connecticut<br><br>*/s/ Janelle R. Medeiros*<br>Janelle R. Medeiros<br>Special Counsel for Civil Rights<br>165 Capitol Ave<br>Hartford, CT 06106<br>(860) 808-5020<br>Janelle.Medeiros@ct.gov<br>*Attorneys for Plaintiff State of Connecticut* | Kathleen Jennings<br>Attorney General of Delaware<br><br>*/s/ Vanessa L. Kassab*<br>Ian R. Liston<br>Director of Impact Litigation<br>Vanessa L. Kassab<br>Deputy Attorney General<br>Delaware Department of Justice<br>820 N. French Street<br>Wilmington, DE 19801<br>(302) 683-8899<br>vanessa.kassab@delaware.gov<br>*Attorneys for Plaintiff State of Delaware* |

| | |
|---|---|
| Brian L. Schwalb<br>Attorney General for the District of Columbia<br><br>*/s/ Nicole S. Hill*<br>Nicole S. Hill<br>Assistant Attorney General<br>Office of the Attorney General for the District of Columbia<br>400 Sixth Street, NW<br>Washington, D.C. 20001<br>(202) 727-4171<br>nicole.hill@dc.gov<br>*Attorneys for Plaintiff District of Columbia* | Anne E. Lopez<br>Attorney General of Hawai'i<br><br>*/s/ Kaliko'onālani D. Fernandes*<br>David D. Day<br>Special Assistant to the Attorney General<br>Kaliko'onālani D. Fernandes<br>Solicitor General<br>425 Queen Street<br>Honolulu, HI 96813<br>(808) 586-1360<br>kaliko.d.fernandes@hawaii.gov<br>*Attorneys for Plaintiff State of Hawai'i* |
| Office of The Governor *ex rel*. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky<br><br>*/s/ S. Travis Mayo*<br>S. Travis Mayo<br>General Counsel<br>Laura C. Tipton<br>Deputy General Counsel<br>Office of the Governor<br>700 Capitol Avenue, Suite 106<br>Frankfort, KY 40601<br>(502) 564-2611<br>travis.mayo@ky.gov<br>laurac.tipton@ky.gov<br>*Attorneys for Plaintiff Kentucky Governors' Office* | Aaron M. Frey<br>Attorney General of Maine<br><br>*/s/ Brendan Kreckel*<br>Brendan Kreckel<br>Assistant Attorney General<br>Office of the Attorney General<br>6 State House Station<br>Augusta, ME 0433-0006<br>Tel.: 207-626-8800<br>Fax: 207-287-3145<br>brendan.kreckel@maine.gov<br>*Attorneys for Plaintiff State of Maine* |
| Anthony G. Brown<br>Attorney General of Maryland<br><br>*/s/ James C. Luh*<br>James C. Luh<br>Senior Assistant Attorney General<br>Office of the Attorney General<br>200 Saint Paul Place, 20th Floor<br>Baltimore, Maryland 21202<br>410-576-6411<br>jluh@oag.state.md.us<br>*Attorneys for Plaintiff State of Maryland* | Andrea Joy Campbell<br>Attorney General of Massachusetts<br><br>*/s/ Katherine Dirks*<br>Katherine Dirks<br>Chief State Trial Counsel<br>Cassandra Thomson<br>Assistant Attorney General<br>Office of the Massachusetts Attorney General<br>1 Ashburton Place Boston, MA 02108<br>(617) 963-2277<br>katherine.dirks@mass.gov<br>cassandra.thomson@mass.gov<br>*Attorneys for Plaintiff Commonwealth of Massachusetts* |

| | |
|---|---|
| Dana Nessel<br>Attorney General of Michigan<br><br>*/s/ Neil Giovanatti*<br>Neil Giovanatti<br>Assistant Attorney General<br>Michigan Department of Attorney General<br>525 W. Ottawa<br>Lansing, MI 48909<br>(517) 335-7603<br>giovanattin@michigan.gov<br>*Attorneys for Plaintiff State of Michigan* | Keith Ellison<br>Attorney General of Minnesota<br><br>*/s/ Joseph R. Richie*<br>Joseph R. Richie<br>Special Counsel<br>445 Minnesota Street, Suite 1400<br>St. Paul, Minnesota, 55101<br>(651) 300-0921<br>joseph.richie@ag.state.mn.us<br>*Attorneys for Plaintiff State of Minnesota* |
| Jennifer Davenport<br>Attorney General of New Jersey<br><br>/s/ *Kashif T. Chand*<br>Kashif T. Chand (NJ Bar No. 016752008)<br>Assistant Attorney General<br>New Jersey Office of the Attorney General,<br>Division of Law<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101<br>Tel: (973) 648-2052<br>kashif.chand@law.njoag.gov<br>*Attorneys for Plaintiff State of New Jersey* | Raúl Torrez<br>Attorney General of the State of New Mexico<br><br>*/s/ Steven Prefrement*<br>Steven Perfrement<br>Senior Litigation Counsel<br>New Mexico Department of Justice<br>408 Galisteo Street<br>Santa Fe, New Mexico 87501<br>SPerfrement@nmdoj.gov<br>505-601-7727<br>*Attorneys for the State of New Mexico* |
| Dan Rayfield<br>Attorney General of Oregon<br><br>*/s/ Scott P. Kennedy*<br>Scott P. Kennedy<br>Senior Assistant Attorney General<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>Tel (971) 453-9050<br>Fax (971) 673-5000<br>Scott.Kennedy@doj.oregon.gov<br>*Attorneys for Plaintiff State of Oregon* | Josh Shapiro, in his official capacity as<br>Governor of the Commonwealth of<br>Pennsylvania<br><br>*/s/ Jacob B. Boyer*<br>Jennifer Selber<br>General Counsel<br>Jacob B. Boyer<br>Deputy General Counsel<br>Pennsylvania Office of the Governor<br>30 N. 3rd St., Suite 200<br>Harrisburg, PA 17101<br>(717) 460-6786<br>jacobboyer@pa.gov<br>*Counsel for Governor Josh Shapiro* |

Peter F. Neronha
Attorney General of Rhode Island

/s/ *Madeline R. Becker*
Madeline R. Becker (RI Bar No. 10034)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2151
mbecker@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

Nicholas W. Brown
Attorney General of Washington

/s/ *Jennifer K. Chung*
Jennifer K. Chung, WSBA #51583
William Mcginty, WSBA #41868
Julie Maroney, WSBA #59017
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
jennifer.chung@atg.wa.gov
william.mcginty@atg.wa.gov
julie.moroney@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

Joshua L. Kaul
Attorney General of Wisconsin

/s/ *Karla Z. Keckhaver*
Karla Z. Keckhaver
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-6365
karla.keckhaver@wisdoj.gov
*Attorneys for Plaintiff State of Wisconsin*

Aaron D. Ford
Attorney General of Nevada

/s/ *Heidi Parry Stern*
Heidi Parry Stern (Bar. No. 8873)
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov
*Attorneys for Plaintiff State of Nevada*