# EXHIBIT A

ROB BONTA
Attorney General of California
PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
ANDREW Z. EDELSTEIN
ANNA RICH
LIAM E. O'CONNOR
MARIA F. BUXTON
WILLIAM BELLAMY
SEBASTIAN BRADY
JULIA HEMING SEGAL
Deputy Attorneys General
State Bar No. 363672
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone:  (415) 229-0128
 Fax:  (415) 703-5480
 E-mail:  Julia.HemingSegal@doj.ca.gov
*Attorneys for Plaintiff State of California*

*Additional counsel listed on signature page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, ET AL.**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL.**<br><br>Defendants. | Case No. **3:25-cv-06310-MMC**<br><br>**PLAINTIFF STATES' FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES DEPARTMENT OF AGRICULTURE** |

Propounding Party:    Plaintiff States

Responding Party:    United States Department of Agriculture

Set No.:        One

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES DEPARTMENT OF AGRICULTURE**

Pursuant to the Court's order granting leave for discovery, Rule 33 of the Federal Rules of Civil Procedure and Rule 33 of the Local Rules of the United States District Court for the Northern District of California, the State Plaintiffs request that defendant the U.S. Department of Agriculture (USDA) answer the following interrogatories under oath, separately and fully in writing, within thirty (30) days of service hereof, or such shorter time as the Court orders or the parties stipulate.

**DEFINITIONS**

1. "Plaintiffs" or "Plaintiff States" shall mean the consolidated plaintiffs in the above-captioned matter.

2. "Defendants" shall refer to the U.S. Department of Agriculture, Secretary Brooke Rollins, and anyone acting on their behalf.

3. "Department" or "USDA" shall refer to the U.S. Department of Agriculture, including its subagencies, and any employees, agents, representatives, or contractors working on behalf of the U.S. Department of Agriculture or its subagencies.

4. "Secretary" shall refer to defendant Secretary Brooke Rollins and any employees, agents, representatives, or contractors working on behalf of defendant Secretary Brooke Rollins.

5. "USDA-OIG" shall refer to the U.S. Department of Agriculture Office of the Inspector General.

6. The terms "and" and "or" as used herein shall, unless the context does not permit, be construed to mean "and/or."

7. The term "any" as used herein, shall, unless the context does not permit, be construed to mean "any and all."

8. The terms "include" or "including" shall mean "include without limitation" and "including without limitation."

9. "DHS" means the Department of Homeland Security, including all of its subagencies, and all of its employees.

1

10. "DOGE" means the Department of Governmental Efficiency and the U.S. DOGE Service, as well as any DOGE employees who were detailed to or employed by the USDA.

11. "Document" is used herein in the broadest sense of the term and means all records and other media of expression of whatever nature (handwritten, typed, recorded, or otherwise) however and wherever created, produced or stored (manually, mechanically, electronically or otherwise), including without limitation all versions whether draft or final, all annotated or nonconforming or other copies, electronic mail ("e-mail"), instant messages, text messages, Blackberry or other wireless device messages, voicemail, calendars, date books, appointment books, diaries, books, papers, files, notes, confirmations, accounts statements, correspondence, memoranda, reports, records, journals, registers, analyses, code (e.g., C/C++/C#, SQL, JavaScript), algorithms, code repositories (e.g. GitHub), commit messages, audit logs, data or databases (e.g., Oracle, postgres or other SQL or non-SQL systems), plans, manuals, policies, telegrams, faxes, telexes, wires, telephone logs, telephone messages, message slips, minutes, notes or records or transcriptions of conversations or communications or meetings, tape recordings, videotapes, disks, and other electronic media, microfilm, microfiche, storage devices, press releases, contracts, agreements, notices and summaries.

12. "Employee(s)" means individuals who were in the past or are presently employed by the Department.

13. "EBT Vendors" means Fidelity Information Services, LLC ("FIS"), Conduent State and Local Services, Inc. ("Conduent"), and any other company who provides EBT processing services to state agencies, and all of their officers, directors, owners, members, partners, affiliates, predecessors, successors, parents, subsidiaries, divisions, agents, consultants, lobbyists, attorneys, employees, contractors, and representatives of these entities.

14. "Fourth Proposed Protocol" means USDA's proposed data protocol provided as Attachment B to the May 2026 Data Demand.

15. "National Accuracy Clearinghouse" or "NAC" means the National Accuracy Clearinghouse data system authorized under 7 U.S.C. 2020(x).

16. "Palantir" means Palantir Technologies Inc. and all of its officers, directors, owners,

2

members, partners, affiliates, predecessors, successors, parents, subsidiaries, divisions, agents, consultants, lobbyists, attorneys, employees, contractors, and representatives of these entities.

17. "Palantir Pilot Program" means the "Supplemental Nutrition Assistance Program (SNAP) Fraud Identification and Case Workflow Platform Pilot Program" funded by USDA, as described in the Contract Summary for the award from USDA to Palantir Technologies, Inc., starting April 6, 2026, available at https://www.usaspending.gov/award/ CONT_AWD_12314426F0120_1205_12314426A0009_1205, as well as any prior, subsequent, or continuing collaborative work between USDA and Palantir concerning review of the SNAP Information Database or the administration and enforcement of SNAP benefits.

18. "PII" or "personally identifiable information" means information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information that is linked or linkable to a specific individual.

19. "SNAP ID SORN" means the system of records notice (SORN) for the ''National Supplemental Nutrition Assistance Program (SNAP) Information Database" published by USDA in the Federal Register at 90 Fed. Reg. 26,521 on June 23, 2025.

20. "SNAP Information Database" means the system of records described by the SNAP ID SORN.

21. "SNAP Data Preliminary Report" means the report published by USDA on May 13, 2026 and available online at https://www.fns.usda.gov/research/snap/program-integrity-data-preliminary.

22. "State Agencies" means the agencies who administer SNAP benefits for the Plaintiff States.

23. The term "Challenged Data Demands" means all of the demands for Plaintiffs' SNAP data and records that are challenged in the Second Amended Complaint (ECF 146) or that continue from such demands, including:

    a. USDA's requests to EBT Vendors beginning in or around April 2025 (*see* SAC ¶¶ 165-175);

    b. USDA's requests to State Agencies as set forth in the letter issued by USDA on

3

May 6, 2025 (*see* SAC Exhibit A);

c. USDA's requests to State Agencies as set forth in the letter issued by USDA on July 9, 2025 (*see* SAC Exhibit C);

d. USDA's requests to State Agencies as set forth in the letter issued by USDA on July 23, 2025 (*see* SAC Exhibit D);

e. USDA's requests to State Agencies as set forth in the letter issued by USDA on July 25, 2025 (*see* SAC Exhibit E);

f. USDA's requests to State Agencies as set forth in the letter issued by USDA on November 24, 2025 (*see* SAC Exhibit F);

g. USDA's requests to State Agencies as set forth in the letter issued by USDA on December 23, 2025 (*see* SAC Exhibit H);

h. USDA's requests to State Agencies as set forth in the letter issued by USDA on February 17, 2026 (*see* SAC Exhibit J);

i. USDA's requests to State Agencies as set forth in the letter issued by USDA on March 10, 2026 (*see* SAC Exhibit L);

j. USDA's requests to State Agencies as set forth in the letter issued by USDA on March 27, 2026 (*see* SAC Exhibit N); and

k. USDA's requests to State Agencies as set forth in the letter issued by USDA on May 15, 2026 (the "May 2026 Data Demand").

4

## INSTRUCTIONS

1. Each interrogatory operates and shall be responded to independently, and unless otherwise indicated, no interrogatory limits the scope of any other interrogatory.

2. If an objection is made to any part of an interrogatory, the response shall state that there is an objection to the interrogatory and the legal and factual basis for such objection.

3. No part of an interrogatory shall be left unanswered merely because an objection is made to another part of the interrogatory.

4. If any interrogatory demands an answer that the Responding Party claims may be withheld due to privilege, work product or any other privilege or immunity from disclosure, the Responding Party shall answer any portion of the interrogatory that is not subject to such a claim, and shall indicate with specificity and particularity the basis of said withholding, including:

    a. the identity of the person(s) having knowledge of the information;

    b. the identity of all persons to whom the information was communicated or otherwise made available;

    c. the job title or position of every person identified in response to subparagraphs (a) and (b);

    d. the date(s) on which the information was received or became known by each person having knowledge of its existence;

    e. a brief description of the nature and subject matter of the information; and

    f. the statute, rule or decision that is claimed to give rise to the privilege.

5. If the response to any interrogatory consists in whole or in part of an objection based upon undue burden, then with respect to such response: (a) provide such information as can be ascertained without undue burden; and (b) state with particularity the basis for such objection, including a description of the process or method required to obtain the response to the interrogatory and the estimated cost and time required to obtain the response to the interrogatory.

6. If the Responding Party cannot answer any interrogatory in full after exercising due diligence to secure the information to do so, please so state and answer the interrogatory to the extent possible, explaining any inability to answer the remainder of any such interrogatory and

5

stating all information or knowledge presently available to USDA concerning the unanswered portion of said interrogatory.

7. Unless otherwise indicated, the relevant time period for purposes of these Interrogatories is from January 20, 2025 to the present.

8. Whenever necessary to bring within the scope of the interrogatory responses that might be otherwise construed to be outside their scope, construe:

        a.   the use of the singular form of any word as including the plural and vice versa;

        b.   the use of a verb in any tense as the use of that verb in all other tenses; and

        c.   the use of the feminine, masculine, or neuter genders as including all genders.

9. The interrogatories are continuing in nature. In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, the Responding Party is required promptly to serve supplementary responses and produce additional documents if the Responding Party obtains further or different information.

## INTERROGATORIES

**INTERROGATORY NO. 1**

Identify all individuals at USDA, DOGE or any other federal agency, or any third-party contractors involved in (i) USDA's decision to issue the Challenged Data Demands, (ii) the drafting of the Challenged Data Demands, (iii) the design or development of the SNAP Information Database and (iv) the preparation of the SNAP ID SORN. For each identified individual, provide that individual's name, title, employer, and role.

**INTERROGATORY NO. 2**

Identify all individuals who are or were part of the SNAP Program Integrity Data Team, as referenced on page 2 of the SNAP Data Preliminary Report, and any other individual who authored or otherwise contributed to the SNAP Data Preliminary Report. For each identified individual, provide that individual's name, title, employer, role, and the dates they served on the SNAP Program Integrity Data Team or participated in the report drafting process.

**INTERROGATORY NO. 3**

Identify all persons who have ever had access to the SNAP Information Database or information

6

held within that system of records. For each identified individual, provide that individual's name, title, employer, contact information and role, as well as the time period during which the individual had access to the SNAP Information Database or information held within that system of records.

**INTERROGATORY NO. 4**

Identify any analysis, report, memorandum, statistical analysis or policy recommendation developed by USDA, any other federal agency or employee, or any other third-party using data collected for the SNAP Information Database.

**INTERROGATORY NO. 5**

Identify all individuals involved in reviewing and responding to Plaintiff States' proposed edits to USDA's proposed data and security protocols. For each identified individual, provide that individual's name, title, employer, contact information, and role.

**INTERROGATORY NO. 6**

Identify any agreement, draft agreement or proposed agreement between USDA and any other agency or party to share data from the SNAP Information Database.

**INTERROGATORY NO. 7**

For each agreement identified in your response to Interrogatory No. 6, describe the basis for the decision to enter into that agreement, and the anticipated use of data from the SNAP Information Database that would result from any such agreement.

Respectfully submitted,

ROB BONTA
Attorney General of California
PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
ANDREW Z. EDELSTEIN
ANNA RICH
LIAM E. O'CONNOR
MARIA F. BUXTON
WILLIAM BELLAMY
SEBASTIAN BRADY

*/s/ Julia Heming Segal*

7

JULIA HEMING SEGAL
Deputy Attorneys General
*Attorneys for Plaintiff State of California*

Plaintiff States' First Set of Interrogatories to Defendant USDA (Case No. 3:25-cv-06310-MMC)