ROB BONTA
Attorney General of California
PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
ANDREW Z. EDELSTEIN
ANNA RICH
SEBASTIAN BRADY
WILLIAM BELLAMY
MARIA F. BUXTON
JULIA HEMING SEGAL
LIAM E. O'CONNOR
Deputy Attorneys General
State Bar No. 330050
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone:  (415) 510-3915
 Fax:  (415) 703-5480
 E-mail:  Liam.OConnor@doj.ca.gov
*Attorneys for Plaintiff State of California*

*Additional counsel listed on signature pages*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, ET AL.**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL.**<br><br>Defendants. | Case No. 3:25-cv-06310-MMC-KAW<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SHORTEN TIME RE: BRIEFING AND HEARING SCHEDULE FOR MOTION TO ENJOIN PROSECUTION OF RELATED CASES**<br><br>Courtroom: 7<br>Judge: Maxine M. Chesney<br>Trial Date: None set<br>Action Filed: July 28, 2025 |

## ADMINISTRATIVE MOTION TO SHORTEN TIME

Pursuant to Local Rules 6-3 and 7-11, Plaintiffs move the Court to shorten the briefing and hearing schedule for Plaintiffs' Motion to Enjoin Prosecution of Related Cases, ECF No. 186, following Plaintiffs' unsuccessful efforts to obtain a stipulation to the time change. *See* L.R. 6-3(a)(2); O'Connor Decl. ¶¶ 6-8 & Ex. C. Plaintiffs have sought one prior time modification in this case: a stipulated request to shorten the briefing and hearing schedule on Plaintiffs' first preliminary injunction motion. *See* L.R. 6-3(a)(5); ECF Nos. 67, 69. This administrative motion would have no effect on any other case deadlines. *See* L.R. 6-3(a)(6).

## INTRODUCTION

The first-to-file rule provides that when a duplicative case is filed, "the first case should proceed while the second case is enjoined." *Broadcom Corp. v. Qualcomm Inc.*, No. SACV 05-468-JVS(MLGx), 2005 WL 5925585, *2 (C.D. Cal. Sept. 26, 2005). The entire purpose of the rule is to avoid "conflicting judgments" and "an unnecessary burden on the federal judiciary." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc). And an injunction is particularly warranted when parties "baldly seek to relitigate past rulings" of the first court in other forums. *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715-SC, 2012 WL 3757486, at *12 (N.D. Cal. July 5, 2012).

As explained in Plaintiffs' Motion to Enjoin Prosecution of Related Cases (hereinafter "Motion"), ECF No. 186, that is the case here. In their new lawsuits filed in federal courts in Kentucky, Michigan, Minnesota, and Pennsylvania (the "Later-Filed Suits"), the U.S. Department of Agriculture and the U.S. Department of Justice (the "federal agencies") seek to litigate the same disputes already before this Court over the legality of USDA's SNAP applicant data demands. To make matters worse, they are asking the other courts to countermand this Court's rulings that (1) Plaintiffs' agreement to data and security protocols is a condition precedent to USDA's access to the demanded data under 7 U.S.C. § 2020(a)(3), and (2) Plaintiffs have not unreasonably rejected USDA's proposed protocols. *Compare* ECF No. 134 (Second PI Order) at 11-15, *with* ECF No. 183, Ex. A ¶ 9; Ex. B ¶ 9; Ex. C ¶ 9; Ex. D ¶ 9.

1

Plaintiffs now request an expedited briefing and hearing schedule on their Motion because, in the last few days, the federal agencies have doubled down on their duplicative cases, filing preliminary injunction (PI) motions against Kentucky, Michigan, Minnesota, and Pennsylvania (the "Later-Sued States") and refusing to stay the related deadlines to allow this Court to consider Plaintiffs' Motion before the other courts weigh in on the merits of the parties' dispute. USDA should not be permitted to evade this Court's jurisdiction by asking other courts to resolve the same disputes after this Court has repeatedly addressed the merits and before it has a chance to rule on the parties' cross-motions for summary judgment on a complete record. The expedited briefing and hearing schedule proposed by Plaintiffs is needed to enable this Court to issue a ruling on Plaintiffs' Motion before all the Later-Sued States are forced to fully brief—and all the other courts are forced to consider—the federal agencies' PI motions, thereby avoiding inconsistent decisions and reducing the needless burden that the duplicative suits impose on both the Later-Sued States and the judiciary.

## BACKGROUND

In February 2026, the Court enjoined Defendants USDA and Agriculture Secretary Brooke Rollins from enforcing their renewed data demands under 7 U.S.C. § 2020(a)(3), holding that that section does not permit Defendants to compel Plaintiffs to share any data with USDA absent Plaintiffs' agreement to data and security protocols and that Plaintiffs had reasonably declined to agree to Defendnats' proposed protocols because they would have permitted USDA to redisclose the demanded data beyond the circumstances permitted by § 2020(e)(8). Second PI Order at 11-15. Shortly thereafter, Defendants used a status report that was supposed to propose a joint schedule for summary judgment to "request[] that the Court hold a status hearing to resolve the narrow differences between the parties on [USDA's] proposed protocol." ECF No. 143 at 8. At the status conference, the Court began by expressly "disabusing" Defendants of the "notion" that the Court had "preapproved" any protocol language proposed by Defendants. ECF No. 186-2, Ex. 1 (Status Conf. Tr.) at 9:5-17; *see also id.* at 5:1-5. Then, Defendants announced their intent to file a counterclaim that would simply "be the flip side" of Plaintiffs' claims, *id.* at 23:18-25, so Defendants could seek "affirmative relief of [their] own," *id.* at 19:14-18. In response, the Court

2

observed that Defendants' plan to counterclaim and force another round of preliminary motions practice would just require "extra work" of everyone "to no productive end," because there is already another "vehicle" for Defendants to ask the Court to reconsider the Second PI Order: the parties' cross-motions for summary judgment. *Id.* at 35:3-9.

Apparently unsatisfied with this Court's assessment, Defendants have decided to seek a second opinion—and a third, and a fourth, and a fifth. Although this Court has already invested significant resources in this matter through three rounds of preliminary motions practice, *see* ECF No. 83 (TRO); ECF No. 106 (First PI Order); Second PI Order, and although this Court will soon resolve the parties' disputes over the legality of Defendants' data demands on summary judgment, *see* ECF No. 172, the federal agencies have sued four Plaintiffs' agencies in the U.S. District Courts for the Eastern District of Kentucky, the Western District of Michigan, the District of Minnesota, and the Middle District of Pennsylvania. *See* ECF No. 183. Currently, the federal agencies claim that Kentucky's deadline to respond to the complaint is July 29 (Kentucky disputes the adequacy of service and reserves all rights to challenge service); Pennsylvania's deadline to respond is July 22; Michigan's is August 28, and Minnesota's is August 31.[1]

Because the Later-Filed Suits are blatantly duplicative of the present case, Plaintiffs moved under the first-to-file rule to enjoin the federal agencies' prosecution of them—as well as any other duplicative cases the federal agencies may file in alternative forums against the 19 other Plaintiff States and their agencies. But in the past few days, the federal agencies have only ramped up their efforts to relitigate this Court's Second PI Order elsewhere.

At nearly the same time that Plaintiffs filed their Motion on July 10, the federal agencies filed a PI motion against Kentucky, asking the court to order compliance with Defendants' data demands within seven days. *See* O'Connor Decl., Ex. A (PI Mot. Against KY). The federal agencies have since filed a substantively identical PI motion against Michigan, *id.*, Ex. B (PI Mot. Against MI), and they have stated that they will file additional PI motions against Pennsylvania and Minnesota in the coming days. O'Connor Decl. ¶ 7.

---

[1] The federal agencies have indicated that they would not oppose a 60-day extension of Pennsylvania's deadline to respond to the complaint.

3

Currently, the federal agencies claim that Kentucky's opposition to the federal agencies' PI motion is due July 31 (again, Kentucky disputes the adequacy of service and reserves all rights to challenge service); Michigan's opposition is due August 10; and Pennsylvania's opposition will be due no later than July 31 if the federal agencies file by the end of the week.[2] In each of these cases, the federal agencies may file replies immediately after the opposition deadlines, and the courts may then rule on the motions.[3] Yet the federal agencies' counsel—who overlap with counsel of record in this case—have refused to stay the PI motion deadlines until after the noticed August 14 hearing on Plaintiffs' Motion. O'Connor Decl. ¶¶ 6-8. Defendants have simultaneously declined to stipulate to Plaintiffs' proposed expedited briefing and hearing schedule for Plaintiffs' Motion. *Id.* ¶ 8.

**ARGUMENT**

Absent expedited consideration of Plaintiffs' Motion, the federal agencies' pending and forthcoming PI motions threaten to cause the very harms that Plaintiffs' Motion is intended to prevent. First, before this Court has the opportunity to rule on Plaintiffs' Motion, the other district courts may be required to take up the federal agencies' PI motions and the Later-Sued States' own motions to extend or stay proceedings, wasting the resources of the parties and the judiciary.[4] Second, the federal agencies' PI motions ask the other courts to quickly order compliance with Defendants' data demands, contrary to this Court's Second PI Order and in advance of summary judgment in this case, creating an imminent risk of inconsistent rulings.[5]

Indeed, the federal agencies' PI motions argue that agreed-upon data and security protocols are *not* a "condition precedent" to USDA's access to Plaintiffs' data, without even mentioning

---

[2] *See* Joint Ky. Civ. Prac. R. 7.1(c); W.D. Mich. Civ. R. 7.2(c); M.D. Pa. R. 7.6. The federal agencies are required to meet and confer with Minnesota on a briefing schedule for any PI motion. *See United States v. Minn. Dep't. of Children, Youth, & Families*, No. 0:26-cv-03120, ECF No. 16 (D. Minn. July 15, 2026).

[3] *See* Joint Ky. Civ. Prac. R. 7.1(f) & (g); W.D. Mich. Civ. R. 7.2(c) & (d); M.D. Pa. R. 7.7, 7.9.

[4] Pennsylvania filed a motion to temporarily stay proceedings in the duplicative case against its state agency earlier today. *See United States v. Pa. Dep't of Human Servs.,* No. 1:26-cv-01787-JPW, ECF No. 7 (M.D. Pa. July 15, 2026).

[5] This case will proceed to summary judgment 28 days after resolution of Plaintiffs States' pending motion to complete and supplement the administrative record, including completion of any document productions or discovery ordered. ECF No. 172; *see* ECF Nos. 179-81.

4

that this Court has already rejected that argument. *Compare* Second PI Order at 12 (rejecting Defendants' argument that "an agreement on protocols" is not "a 'condition precedent' to USDA's entitlement to the data"), *with* PI Mot. Against KY at 15 (arguing that "[n]othing in [the statutory] terms suggests that agreement on protocols is a condition precedent to the State's underlying obligation to permit inspection and audit"), *and* PI Mot. Against MI at 15 (same). Then, they go so far as to represent to the other courts that Defendants' proposed data and security protocols—the same ones that were before this Court at the status conference—comply with this Court's "guidance," PI Mot. Against KY at 11; PI Mot. Against MI at 11—making no mention of the fact that this Court took pains to "disabuse" Defendants of the "notion" that it has "preapproved" their protocol language. Status Conf. Tr. at 9:5-17. And just as Defendants did not bother to file any Notice of Pendency of Other Action or Proceeding in this case, so too the federal agencies have not bothered to notify any of the other courts of Plaintiffs' pending Motion.

To reduce the harms caused by the federal agencies' PI motions—the waste of resources for both the parties and the courts and the risks of inconsistent rulings, Plaintiffs request that the Court enter the following schedule, which affords Defendants ample time to respond to Plaintiffs' Motion and which also attempts to afford the Court flexibility in setting any hearing:

| Event | Old Date | New Date |
|---|---|---|
| Opposition | July 24 | July 21 |
| Reply | July 31 | July 24 |
| Hearing | August 14 | July 31, August 3, or 4, should the Court choose to hold a hearing[6] |

**CONCLUSION**

The Court should shorten time and decide Plaintiffs' Motion at its earliest convenience.

---

[6] Plaintiffs acknowledge that the Court is unavailable August 5 to 7. *See* Calendar for Judge Maxine M. Chesney, https://apps.cand.uscourts.gov/CEO/cfd.aspx?7132#Notes (last visited July 15, 2026).

Pls.' Admin. Mot. to Shorten Time re: Mot. to Enjoin Prosecution of Related Cases (3:25-cv-06310-MMC-KAW)

Dated: July 15, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
ANDREW Z. EDELSTEIN
ANNA RICH
SEBASTIAN BRADY
WILLIAM BELLAMY
MARIA F. BUXTON
JULIA HEMING SEGAL

*Liam E. O'Connor*
LIAM E. O'CONNOR
DEPUTY ATTORNEY GENERAL
*Attorneys for Plaintiff State of California*

6

**ADDITIONAL COUNSEL FOR PLAINTIFFS**

| | |
|---|---|
| Letitia James<br>Attorney General of New York<br><br>*/s/ Mark Ladov*<br>Mark Ladov<br>Special Counsel<br>Julie Dona<br>Special Counsel<br>28 Liberty St.<br>New York, NY 10005<br>(212) 416-8240<br>mark.ladov@ag.ny.gov<br>*Attorneys for Plaintiff State of New York* | Kwame Raoul<br>Attorney General of Illinois<br><br>*/s/ Sherief Gaber*<br>Harpreet K. Khera<br>Bureau Chief, Special Litigation<br>Sherief Gaber<br>Assistant Attorney General<br>115 S. LaSalle St., 35th Flr.<br>Chicago, Illinois 60603<br>(773) 590-7127<br>sherief.gaber@ilag.gov<br>*Attorneys for Plaintiff State of Illinois* |
| Kristin Mayes<br>Attorney General of Arizona<br><br>*/s/ Luci D. Davis*<br>Luci D. Davis (AZ No. 035347)<br>Hayleigh S. Crawford (AZ No. 032326)<br>2005 N. Central Ave. Phoenix, AZ 85004<br>(602) 542-3333<br>Luci.Davis@azag.gov<br>Hayleigh.Crawford@azag.gov<br>ACL@azag.gov<br>*Attorneys for Plaintiff State of Arizona* | Philip J. Weiser<br>Attorney General of Colorado<br><br>*/s/ David Moskowitz*<br>David Moskowitz<br>Deputy Solicitor General<br>Colorado Department of Law<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>Phone: (720) 508-6000<br>david.moskowitz@coag.gov<br>*Attorneys for Plaintiff State of Colorado* |
| William Tong<br>Attorney General of Connecticut<br><br>*/s/ Janelle R. Medeiros*<br>Janelle R. Medeiros<br>Special Counsel for Civil Rights<br>165 Capitol Ave<br>Hartford, CT 06106<br>(860) 808-5020<br>Janelle.Medeiros@ct.gov<br>*Attorneys for Plaintiff State of Connecticut* | Kathleen Jennings<br>Attorney General of Delaware<br><br>*/s/ Vanessa L. Kassab*<br>Ian R. Liston<br>Director of Impact Litigation<br>Vanessa L. Kassab<br>Deputy Attorney General<br>Delaware Department of Justice<br>820 N. French Street<br>Wilmington, DE 19801<br>(302) 683-8899<br>vanessa.kassab@delaware.gov<br>*Attorneys for Plaintiff State of Delaware* |

7

Brian L. Schwalb
Attorney General for the District of Columbia

/s/ Nicole S. Hill
Nicole S. Hill
Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 727-4171
nicole.hill@dc.gov
*Attorneys for Plaintiff District of Columbia*

Anne E. Lopez
Attorney General of Hawaiʻi

/s/ Kalikoʻonālani D. Fernandes
Special Assistant to the Attorney General
Kalikoʻonālani D. Fernandes
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov
*Attorneys for Plaintiff State of Hawaiʻi*

Office of The Governor *ex rel*. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky

/s/ S. Travis Mayo
S. Travis Mayo
General Counsel
Laura C. Tipton
Deputy General Counsel
Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
laurac.tipton@ky.gov
*Attorneys for Plaintiff Kentucky Governors' Office*

Aaron M. Frey
Attorney General of Maine

/s/ Brendan Kreckel
Brendan Kreckel
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 0433-0006
Tel.: 207-626-8800
Fax: 207-287-3145
brendan.kreckel@maine.gov
*Attorneys for Plaintiff State of Maine*

Anthony G. Brown
Attorney General of Maryland

/s/ James C. Luh
James C. Luh
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6411
jluh@oag.state.md.us
*Attorneys for Plaintiff State of Maryland*

Andrea Joy Campbell
Attorney General of Massachusetts

/s/ Katherine Dirks
Katherine Dirks
Chief State Trial Counsel
Cassandra Thomson
Assistant Attorney General
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
cassandra.thomson@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

Pls.' Admin. Mot. to Shorten Time re: Mot. to Enjoin Prosecution of Related Cases (3:25-cv-06310-MMC-KAW)

| | |
|---|---|
| Dana Nessel<br>Attorney General of Michigan<br><br>*/s/ Neil Giovanatti*<br>Neil Giovanatti<br>Assistant Attorney General<br>Michigan Department of Attorney General<br>525 W. Ottawa<br>Lansing, MI 48909<br>(517) 335-7603<br>giovanattin@michigan.gov<br>beachb@michigan.gov<br>*Attorneys for Plaintiff State of Michigan* | Keith Ellison<br>Attorney General of Minnesota<br><br>*/s/ Joseph R. Richie*<br>Joseph R. Richie<br>Special Counsel<br>445 Minnesota Street, Suite 1400<br>St. Paul, Minnesota, 55101<br>(651) 300-0921<br>joseph.richie@ag.state.mn.us<br>*Attorneys for Plaintiff State of Minnesota* |
| Jennifer Davenport<br>Attorney General of New Jersey<br><br>/s/ *Kashif T. Chand*<br>Kashif T. Chand (NJ Bar No. 016752008)<br>Assistant Attorney General<br>New Jersey Office of the Attorney General,<br>Division of Law<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101<br>Tel: (973) 648-2052<br>kashif.chand@law.njoag.gov<br>*Attorneys for Plaintiff State of New Jersey* | Raúl Torrez<br>Attorney General of the State of New Mexico<br><br>*/s/ Steven Prefrement*<br>Steven Perfrement<br>Senior Litigation Counsel<br>New Mexico Department of Justice<br>408 Galisteo Street<br>Santa Fe, New Mexico 87501<br>SPerfrement@nmdoj.gov<br>505-601-7727<br>*Attorneys for the State of New Mexico* |
| Dan Rayfield<br>Attorney General of Oregon<br><br>*/s/ Scott P. Kennedy*<br>Scott P. Kennedy<br>Senior Assistant Attorney General<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>Tel (971) 453-9050<br>Fax (971) 673-5000<br>Scott.Kennedy@doj.oregon.gov<br>*Attorneys for Plaintiff State of Oregon* | Josh Shapiro, in his official capacity as<br>Governor of the Commonwealth of<br>Pennsylvania<br><br>*/s/ Jacob B. Boyer*<br>Jennifer Selber<br>General Counsel<br>Jacob B. Boyer<br>Deputy General Counsel<br>Pennsylvania Office of the Governor<br>30 N. 3rd St., Suite 200<br>Harrisburg, PA 17101<br>(717) 460-6786<br>jacobboyer@pa.gov<br>*Counsel for Governor Josh Shapiro* |

| | |
|---|---|
| Peter F. Neronha<br>Attorney General of Rhode Island<br><br>/s/ *Madeline R. Becker*<br>Madeline R. Becker (RI Bar No. 10034)<br>Special Assistant Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>(401) 274-4400, Ext. 2151<br>mbecker@riag.ri.gov<br>*Attorneys for Plaintiff State of Rhode Island* | Nicholas W. Brown<br>Attorney General of Washington<br><br>/s/ *Jennifer K. Chung*<br>Jennifer K. Chung, WSBA #51583<br>William Mcginty, WSBA #41868<br>Julie Moroney, WSBA #59017<br>Assistant Attorneys General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>206-464-7744<br>jennifer.chung@atg.wa.gov<br>william.mcginty@atg.wa.gov<br>julie.moroney@atg.wa.gov<br>*Attorneys for Plaintiff State of Washington* |
| Joshua L. Kaul<br>Attorney General of Wisconsin<br><br>/s/ *Karla Z. Keckhaver*<br>Karla Z. Keckhaver<br>Assistant Attorney General<br>Wisconsin Department of Justice<br>Post Office Box 7857<br>Madison, Wisconsin 53707-7857<br>608-264-6365<br>karla.keckhaver@wisdoj.gov<br>*Attorneys for Plaintiff State of Wisconsin* | Aaron D. Ford<br>Attorney General of Nevada<br><br>/s/ *Heidi Parry Stern*<br>Heidi Parry Stern (Bar. No. 8873)<br>Solicitor General<br>Office of the Nevada Attorney General<br>1 State of Nevada Way, Ste. 100<br>Las Vegas, NV 89119<br>HStern@ag.nv.gov<br>*Attorneys for Plaintiff State of Nevada* |

10