BRETT A. SHUMATE
Assistant Attorney General
TYLER BECKER
Counsel to the Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BENJAMIN S. KURLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>                *Plaintiffs*,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>                *Defendants*. | Case No. 3:25-cv-06310-MMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SHORTEN TIME RE: BRIEFING AND HEARING SCHEDULE FOR MOTION TO ENJOIN PROSECUTION OF RELATED CASES** |

Defendants will fully contest Plaintiffs' claims that suits recently filed in Kentucky, Michigan, Minnesota, and Pennsylvania (the "Enforcement Actions") are duplicative of this suit and, therefore, should be enjoined, in opposition to Plaintiffs' motion to enjoin prosecution of those cases. ECF No. 186. In brief, these actions are not duplicative because they seek to enforce separate agency action—USDA's Third Data Request—and involve no action enjoined by this Court. USDA and the Department of Justice have acted pursuant to Section 2020(g) of the SNAP Act and Plaintiffs face no immediate threat of having their administrative funding disallowed, in accordance with this Court's previous orders. Thus, there is no threat of conflicting rulings or imminent breach of the Courts' order.

Indeed, there is no imminent threat of harm at all. Plaintiffs' only alleged imminent harms are that the courts in the Enforcement Actions may rule on the Government's preliminary injunction prior to this Court reviewing Plaintiffs' motion to enjoin those actions. *See* ECF No. 187 at 4. This, they claim, may "wast[e] the resources of the parties and the judiciary" and produce rulings contrary to this Court's previous orders.

First, conservation of the judicial resources in the Enforcement Actions should be left to those courts to determine. Indeed, Pennsylvania has already filed an emergency motion for a temporary stay, *see U.S. v. PA. Dep't of Human Servs.*, 1:26-cv-1787 (M.D. Pa.), ECF No. 7, and the other States are likely to follow. Those can be litigated in those courts. Further, expenditure of judicial resources is not a harm to Plaintiffs.

Second, it is well established that having to defend oneself in court is not an irreparable injury. *See F.T.C. v. Standard Oil Co. of California*, 449 U.S. 232, 244 (1980) ("the expense and annoyance of litigation is 'part of the social burden of living under government. As we recently reiterated: Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.") (internal quotations and citations omitted). Plaintiffs' motion presents no reason to question why the four defendant States are incapable of defending themselves in their home courts.

Finally, it is purely speculation that there will be contradictory rulings absent expedition of this briefing schedule. There is no indication that the courts in the Enforcement Action will issue an opinion or finding contrary to this Court's previous holdings. Further, the Court's previous

preliminary injunctions enjoined Defendants from disallowing the States' administrative funding for failure to comply with the now withdrawn First and Second Data Requests. The Enforcement Actions involve no questions of disallowance. Thus, there can be no imminent violation of the Court's orders.

But Defendants will fully explain all of this in due course in Defendants' opposition. Defendants do not object to Plaintiffs expediting or forgoing their reply in support of their motion. Defendants also do not oppose the Court moving forward a hearing date to July 31 or August 3 or 4, if the Court is available and determines that argument is required on Plaintiffs' motion. Defendants vehemently object, however, to Plaintiffs' attempt to cut short Defendants' time to oppose Plaintiffs' motion. Plaintiffs had 14 days—from June 26 when the Enforcement Actions were filed to July 10 when Plaintiffs filed their motion—to write their motion. The local rules afford Defendants the same amount of time to respond in opposition. *See* LCvR 7-3(a). Equity dictates that Defendants be given a full opportunity to oppose Plaintiffs' motion.

Dated: July 15, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

TYLER BECKER
Counsel to the Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

BENJAMIN S. KURLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 598-7755
ben.kurland@usdoj.gov

*Counsel for Defendants*