United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,

Defendants.

Case No. 25-cv-06310-MMC

**ORDER DENYING PLAINTIFFS' MOTION TO ENJOIN PROSECUTION OF RELATED CASES**

Before the Court is plaintiffs'[1] Motion, filed July 10, 2026, "to Enjoin Prosecution of Related Cases." Defendants United States Department of Agriculture ("USDA") and Secretary of Agriculture Brooke Rollins have filed opposition, to which plaintiffs have replied.

The matter came on regularly for hearing on August 14, 2026. Liam O'Connor, Maria Buxton, Julia Segal, Paul Stein, and Joseph Meeker of the California Attorney General's Office appeared on behalf of plaintiffs. Tyler Becker of the United States Department of Justice ("DOJ") and Brian Mizoguchi of USDA's Office of the General Counsel appeared on behalf of defendants.

The Court, having considered the parties' respective written submissions and the arguments of counsel made at the hearing, hereby rules as follows.

**BACKGROUND**

**I. First Data Demand and First Preliminary Injunction**

Between May and August 2025, the U.S. Department of Agriculture ("USDA")

[1] Plaintiffs are the States of California, New York, Arizona, Colorado, Connecticut, Delaware, Hawai'i, Illinois, Maine, Maryland, Michigan, Minnesota, Nevada, New Jersey, New Mexico, Oregon, Rhode Island, Washington, Wisconsin, the District of Columbia, the Commonwealth of Massachusetts, and the Office of The Governor ex rel. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky, and the Office of The Governor ex rel. Josh Shaprio, in his official capacity as Governor of the Commonwealth of Pennsylvania (collectively, "the States").

demanded from each state data regarding all individuals who had applied for or received SNAP benefits since 2020, and threatened to withhold SNAP funding, pursuant to 7 U.S.C. § 2020(g), from each state that failed to comply with such demand. (See Doc. No. 106 ("First PI") at 3:19-5:24.)

In October 2025, the Court preliminarily enjoined USDA from withholding SNAP funding from the States for refusing to comply with its data demand. (See id. at 24:10-12.) In particular, the Court held that the primary authority relied upon by USDA in making its demand, 7 U.S.C. § 2020(e)(8), permits, but does not require, a state to give the data to USDA. (See id. at 17:19-18:1.) The Court also noted that the secondary authority relied upon by USDA, 7 U.S.C. § 2020(a)(3), requires USDA and a state to agree to data and security protocols before a state must provide USDA with the data. (See id. at 13:19-25.)

**II. Second Data Demand and Second Preliminary Injunction**

Between November and December 2025, USDA again demanded the same SNAP data from the States and threatened to withhold SNAP funding from each state that failed to comply with such demand. (See Doc. No. 134 ("Second PI") at 2:18-3:1.) USDA cited § 2020(a)(3), rather than § 2020(e)(8), as authority for its demand, and provided the States with proposed data and security protocols. (See id. at 7:3-14.)

In February 2026, the Court preliminarily enjoined USDA from withholding SNAP funding from the States for refusing to comply with USDA's second data demand. (See id. at 19:21-24.) The Court held that, under § 2020(a)(3), USDA and a state must agree to reasonable data and security protocols before a state is obligated to provide USDA with the data. (See id. at 11:23-12:12.) While acknowledging "a State is not entitled to unreasonably decline to agree to a protocol" (see id. at 12:15-16), the Court held that the States had not acted unreasonably in refusing to agree to the data and security protocols USDA had proposed because said protocols would have required the States to provide the data in a manner contrary to the States' obligations to "safeguard" such data under § 2020(e)(8) (see id. at 14:4-15:12).

United States District Court
Northern District of California

### III. Third (Current) Data Request

On May 15, 2026, USDA sent the States a "Third Data Request" (see Doc. No. 186-3 ("O'Connor Decl. Ex. 2") at 1), along with new proposed data and security protocols (see id. Ex. 2, Attachment B). The Third Data Request cites § 2020(a)(3) as authority, and states it "supersedes [the] First and Second Data Requests, which are hereby withdrawn." (See id. Ex. 2 at 1.)

On May 22, 2026, the States, citing concerns with the Third Data Request and the proposed data and security protocols, refused to comply with the Third Data Request. (See Doc. No. 186-4 ("O'Connor Decl. Ex. 3").)

### IV. Related Actions

On June 26, 2026, the DOJ, "upon referral by the Secretary of Agriculture under 7 U.S.C. § 2020(g)," filed separate suits against four of the plaintiffs in this action, namely, the States of Kentucky, Michigan, Minnesota, and Pennsylvania. (See Doc. No. 183, Ex. A ("Kentucky Complaint"); Ex. B ("Michigan Complaint"); Ex. C ("Minnesota Complaint"); Ex. D ("Pennsylvania Complaint") (collectively, "Related Actions").)

In each of the Related Actions, the DOJ seeks the same relief, specifically, an order declaring each respective State is in violation of § 2020(a)(3) for unreasonably rejecting USDA's proposed data and security protocols, as well as an injunction, pursuant to § 2020(g), compelling each State to comply with USDA's Third Data Request. (See Kentucky Complaint ¶¶ 45-53; Michigan Complaint ¶¶ 85-93; Minnesota Complaint ¶¶ 87-94; Pennsylvania Complaint ¶¶ 86-93.)

## DISCUSSION

By the instant motion, plaintiffs, relying on the first-to-file rule, seek to enjoin the prosecution of each of the Related Actions. (See Doc. No. 186 ("Mot.") at 2:15-18.)

### I. First-to-File Rule

The first-to-file rule "may be invoked when a complaint involving the same parties and issues has already been filed in another district." Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991) (internal quotation and citation omitted).

"The rule gives the second district the discretion to transfer, stay, or dismiss the second case, and it also gives the first district the power to enjoin later-filed actions when the first district has jurisdiction over all parties involved." Dang v. TEOCO Corporation Group Benefit Plan, 2023 WL 5925890, at *1 (9th Cir. Sept. 12, 2023) (internal quotation and citations omitted). "The most basic aspect of the first-to-file rule is that it is discretionary." Alltrade, 946 F.2d at 628 (holding "[t]he decision and the discretion" to apply the rule "belong to the district court").

"In determining whether the rule applies, courts look to: (1) the chronology of the lawsuits, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake." Dang, 2023 WL 5925890, at *1 (internal quotation and citation omitted).

**A. Chronology of the Lawsuits**

"The first factor requires that one action be filed meaningfully prior to the other." National Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc., 2012 WL 3277222, at *3 (N.D. Cal. Aug. 9, 2012) (holding chronology requirement met where later-filed action was filed four months after first-filed action).

Here, the instant action was filed on July 28, 2025, and each of the Related Actions was filed nearly one year later, on June 26, 2026.

Accordingly, the Court finds the instant action was filed meaningfully prior to the Related Actions.

**B. Similarity of the Parties Involved**

"[T]he first-to-file rule does not require exact identity of the parties," but, rather, "requires only substantial similarity of parties." Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc., 787 F.3d 1237, 1240 (9th Cir. 2015). "Courts have found that…the parties are…'substantially similar'…if they represent the same interests." Aqua Connect, Inc. v. SHI International Corp., 2019 WL 8883452, at *3 (C.D. Cal. Dec. 16, 2019).

Here, the parties are substantially similar. In the instant action, plaintiffs are various states, including Kentucky, Michigan, Minnesota, and Pennsylvania, and defendants are USDA and Secretary Rollins. (See Doc. No. 146 ("Second Amended

Complaint").) In the Related Actions, plaintiff is the United States, and defendants are the state agencies responsible for administering SNAP benefits in Kentucky, Michigan, Minnesota, and Pennsylvania, as well as the Secretaries of those agencies.

Although the United States, rather than USDA, is the plaintiff in the Related Actions, the parties "represent the same interests," see Aqua Connect, 2019 WL 8883452, at *3, as the United States expressly stated it filed the Related Actions "upon referral by the Secretary of Agriculture under 7 U.S.C. § 2020(g)." (See Kentucky Complaint ¶ 13; Michigan Complaint ¶ 13; Minnesota Complaint ¶ 13; Pennsylvania Complaint ¶ 13.) Additionally, the relief the United States seeks is on behalf of USDA. (See Kentucky Complaint ¶ 52 (seeking "[a] declaratory judgment that [d]efendants are in violation of…7 U.S.C. § 2020(a)(3), by failing to comply with USDA's Third Records Request dated May 15, 2026 [and] by unreasonably rejecting USDA's proposed data and security protocols"); ¶ 53 (seeking "[a]n injunction that orders [d]efendants to comply with USDA's Third Records [R]equest"); see also Michigan Complaint ¶¶ 92-93 (same); Minnesota Complaint ¶¶ 93-94 (same); Pennsylvania Complaint ¶¶ 92-93 (same).)

Accordingly, the Court finds the parties in the instant action and the Related Actions are substantially similar.

### C. Similarity of the Issues

"The issues in both cases also need not be identical, only substantially similar." Kohn Law Group, 787 F.3d at 1240. "To determine whether two suits involve substantially similar issues, [courts] look at whether there is substantial overlap between the two suits." Id. at 1241 (internal quotation and citation omitted). This requirement "is satisfied even where different claims are advanced in each action, so long as the key dispute in each action is the same." See National Union, 2012 WL 3277222, at *3 (internal quotation and citation omitted).

USDA contends the issues in the instant action and the Related Actions are not similar. As set forth below, the Court disagrees.

First, USDA argues, the issues in the instant action and Related Actions are not

United States District Court
Northern District of California

similar because, "[t]hrough the Third Data Request, [USDA] formally withdrew the previous data requests" (see Doc. No. 191 ("Opp.") at 7:24-27), and "the Court has not yet reviewed nor ruled on the operative proposed protocol" (see id. at 9:7).

As plaintiffs point out, however, and USDA does not argue to the contrary, the Third Data Request seeks the same data USDA previously sought and the Court evaluated, and relies on the same authority as the earlier demands, namely, § 2020(a)(3). (See Doc. No. 193 ("Reply") at 2:17-3:14.) Although the Third Data Request is accompanied by a revised protocol as to which this Court has not ruled, said protocol, given the evolving nature of the instant action, will, in all likelihood, be presented to this Court as well. See National Union, 2012 WL 3277222, at *3 (holding "it is enough that the overall content of each suit…will be likely to overlap to a substantial degree") (internal quotation and citation omitted).

Second, USDA argues, the issues in the instant action and Related Actions are not similar because the Third Data Request, unlike USDA's previous demands, does not threaten withholding of SNAP funding (see Opp. at 10:12-22), nor has USDA "issued an advanced warning" of any sort (see id. at 2:17-19). "The form of relief sought," however, "does not determine the similitude of the issues." See National Union, 2012 WL 3277222, at *3.

Accordingly, the Court finds the issues raised in the instant action and the Related Actions are substantially similar.

**II. Comity**

Where the first-to-file motion is made in the earlier-filed, rather than the later-filed, action, additional considerations are presented. As the Ninth Circuit has explained, "[w]hen an injunction sought in one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunctions should be granted only in the most unusual cases." See Bergh v. State of Wash., 535 F.2d 505, 507 (9th Cir. 1976); see also Del Mar Avionics v. Quinton Instruments Co., 645 F.2d 832, 835 (9th Cir. 1981) (noting, "as a matter of

United States District Court
Northern District of California

comity, a federal court injunction against proceedings in another federal court will rarely be granted"); National Union, 2012 WL 3277222, at *8 (holding "[t]he circuit courts are generally in agreement that principles of comity restrain a district court from enjoining an action underway in a sister court").

Here, the Court finds considerations of comity weigh against enjoining the Related Actions, in that such an injunction would interfere with proceedings pending in four other federal district courts, which courts are located in three other circuits. Moreover, comity concerns are particularly heightened here, given that two of the district courts in the Related Actions have denied motions to stay those actions pending resolution of the instant first-to-file motion. In particular, as the district court in Michigan explained, "it appears that the California case may not be materially on all fours" with the Michigan action and that the Michigan action "concerns a document request that is not at issue in the California lawsuit" (see Doc No. 22 at 2-3, U.S. v. Michigan Department of Health and Human Services, No. 26-cv-1950 (W.D. Mich. Aug. 7, 2026)) (internal quotation and citation omitted), and, as the district court in Pennsylvania explained, "it is not clear to the court that the issues presented in this case are identical to those at issue in California" (see Doc. No. 16 at 4, U.S. v. Pennsylvania Department of Health and Human Services, No. 26-cv-1787 (M.D. Pa. July 28, 2026)).

Further, 7 U.S.C. § 2020 itself contemplates that where, as here, multiple states have assertedly failed to comply with the same demand, multiple enforcement actions will be proceeding simultaneously in different forums. See 7 U.S.C. § 2020(g) (providing where United States seeks "injunctive relief…to require compliance forthwith by [a] State agency," such suit must be brought in the "district court…having jurisdiction of the geographic area in which the State agency is located").

Lastly, the Court notes that the States remain free to bring a first-to-file motion in each of the Related Actions, and, indeed, have done so in Minnesota and Pennsylvania, where those motions remain pending. (See Doc. No. 31, U.S. v. Minnesota Department of Children, Youth, and Families, No. 26-3120 (D. Minn. Aug. 6, 2026); Doc. No. 21, U.S.

v. Pennsylvania Department of Health and Human Services, No. 26-cv-1787 (M.D. Pa. Aug. 13, 2026).)

Given all of the above circumstances, the Court finds considerations of comity weigh against enjoining the Related Actions.

**CONCLUSION**

For the reasons stated above, plaintiffs' Motion to Enjoin Prosecution of Related Cases is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 20, 2026

MAXINE M. CHESNEY
United States District Judge

United States District Court
Northern District of California