BRETT A. SHUMATE
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BENJAMIN S. KURLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>*Defendants*. | Case No. 3:25-cv-06310-MMC<br><br>**DEFENDANTS' MOTION TO STAY DISCOVERY SCHEDULE PENDING DEFENDANTS' FORTHCOMING OBJECTIONS UNDER FED. R. CIV. P. 72(A)**<br><br>Courtroom: 7<br>Judge: Maxine M. Chesney<br>Trial Date: None set<br>Action Filed: July 28, 2025 |

Pursuant to Local Rule 7-11, Defendants hereby move the Court to stay the September 30 deadline set by Magistrate Judge Westmore for Defendants to complete the administrative record, respond to Plaintiffs' discovery requests, and to prepare a privilege log, Order Re 6/18/2026 Discovery Letters at 13, ECF No. 204 ("Disc. Order"), until after the District Court rules on Defendants' forthcoming motion for relief from the Magistrate Judge's nondispositive discover order and sets a subsequent schedule for proceedings in this case. Good cause warrants a stay.

## I. AFFIRMATION OF CONFERENCE (CIVIL L.R. 7-11(A))

Defendants conferred with Plaintiffs' counsel regarding this request and could not reach agreement. *See* Decl. of Benjamin Kurland ¶ 3.

## II. BACKGROUND

Plaintiff States filed the instant litigation against Defendants United States Department of Agriculture ("USDA"), United States Secretary of Agriculture Brooke Rollins, and United States Department of Agriculture's Office of Inspector General, challenging Defendant USDA's demand for personally identifying information and total amounts of benefits received for all SNAP applicants and recipients since January 2020. Second Amend. Compl. ("SAC") ¶¶ 1, 11, ECF No. 146. To date, Defendants have produced, and several times supplemented, the Administrative Records ("AR"): first on January 8, 2026, AR Notice, ECF No 115, and supplemented on February 11, 2026, Suppl. AR Notice, ECF No. 125; May 1, 2026, Second Suppl. AR Notice, ECF No. 161; and May 29, 2026, Third Suppl AR. Notice, ECF No. 169.

On May 29, 2026, Plaintiffs filed a motion to further complete and supplement the administrative record, in which Plaintiffs sought responses to proposed discovery requests and the production of a privilege log. Mot. to Complete AR, ECF No. 173. On June 2, 2026, the motion and all other discovery matters were referred to the Magistrate Judge Westmore. Order, ECF No. 174. In that order, the Court ordered the parties to meet and confer and prepare a joint discovery letter. *Id.* On June 18, 2026, the parties submitted three joint discovery letters concerning: (1)

whether Defendants should be required to complete and supplement the AR, (2) Plaintiffs' requests for production ("RFPs"), and (3) Plaintiffs' interrogatories. *See* Disc. Letter re AR, ECF No. 179 ("AR Letter"); Disc. Letter re RFPs, ECF No. 180 ("RFP Letter"); Disc. Letter re Interrogs., ECF No. 181 ("Rog Letter").

On August 31, 2026, Magistrate Judge Westmore ordered Defendants to complete the AR by "producing and including all documents directly or indirectly before the agency, including inter- and intra-agency records pre-dating the first request for SNAP data and documents explaining the scope of data requested or the decision to depart from past practice." Disc. Order at 5. Magistrate Judge Westmore clarified that Defendants must also produce documents that "point to the use of the demanded data for immigration enforcement[.]" Disc. Order at 5. Judge Westmore ordered Defendants to produce the documents contained in Plaintiffs' RFPs Nos. 4–7 in their entirety, RFP No. 13 insofar as they related to data requests, and for the parties to meet and confer on RFPs Nos. 8 and 9. *Id*. at 8–11; *see also* ECF No. 180. Judge Westmore further ordered Defendants to respond to Plaintiffs' Interrogatories Nos. 1 and 4. Disc. Order at 11–12; *see also* ECF No. 181. And Judge Westmore ordered Defendants to prepare a privilege log. Disc. Order at 8. Judge Westmore ordered Defendants to produce all of this within 30 days of her order, by September 30, 2026. *Id*. at 13.

Defendants intend file a motion for relief from Magistrate Judge Westmore's nondispostive discovery order and do so within the 14-days mandated by Local Rule 72-2, Federal Rule of Civil Procedure 72(a), and 28 U.S.C. § 636. *See* Decl. of Benjamin Kurland ¶ 2. Defendants hereby seek a modest stay of discovery until the Court can rule on Defendants' forthcoming objection to the Magistrate Judge's order.

## III. DISCUSSION

Good cause exists for the modest stay requested. A district court has "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and may issue an order staying discovery upon a showing of "good cause," *Arnold v. Metro. Life Ins. Co.*, No.

24-CV-07122-EKL (VKD), 2025 WL 2300440, at *1 (N.D. Cal. July 9, 2025) (citing Fed. R. Civ. P. 26(c)(1)(A). Courts routinely grant stays of discovery to promote the "just, speedy, and inexpensive" resolution of cases. *Mahamedi IP L., LLP v. Paradice & Li, LLP*, No. 5:16-CV-02805-EJD, 2017 WL 2727874, at *2 (N.D. Cal. Feb. 14, 2017) (quoting Fed. R. Civ. P. 1). Courts also consider the breadth of the discovery sought and the prejudice a stay would have on the non-moving party. *Weserve Drone, LLC v. SZ DJI Tech. Co.*, No. CV1904382ABAFMX, 2020 WL 4373365, at *1 (C.D. Cal. Mar. 17, 2020).

There is good cause to stay discovery pending Defendants' forthcoming motion. First, the order implicates a wide breadth of documents, including deliberative communications, which are not part of the administrative record. *See Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 444–45 (9th Cir. 2024). Magistrate Judge Westmore ordered Defendants to produce "all documents . . . including inter- and intra-agency records pre-dating the first request for SNAP data[,]" "documents explaining the scope of data request[s,]" documents explaining "the decision to depart from past practice[,]" and "documents that, for example, point to the use of the demanded data for immigration enforcement[.]" Disc. Order at 5. Judge Westmore further ordered Defendants to produce documents explaining Defendant Rollins' statement that USDA asked every state to send SNAP data, *id*. at 8–9; documents describing USDA's decision to request data from EBT vendor, *id*. at 9; documents explaining Defendant USDA's determination that each piece of requested data was necessary to complete its audit, *id*.; information regarding USDA's March 27, 2026, email that it was pausing development on the National Accuracy Clearinghouse to leverage new technology and stop abuse, *id*.; all documents relating to data requests implementing the Executive Order, *id*. at 10–11; the identities "of all individuals at . . . USDA, DOGE, any other federal agency, or any third-party contractor involved in the decision to issue the data requests," *id*. at 11; and "the identity of any analysis, report, memorandum, statistical analysis or policy recommendation developed using" the collected data. *Id*. at 12. This represents 11 categories of documents which Judge Westmore has permitted Plaintiffs to fish for discovery without the proper

showing for completing or supplementing the record. Such discovery is inappropriate (as described in Defendants' portion of the Joint Discovery Letter, *see* AR Letter at 5–9), burdensome, disproportionate to the needs of this case, and will likely be overtaken by the Court's decision on Defendants' forthcoming objection. Further, Judge Westmore's order to assemble a privilege log creates another significant burden, without the proper showing, especially where deliberative materials are not part of administrative records.

Thus, conservation of resources and judicial efficiency dictate the Court first determining whether (or what) discovery is appropriate prior to Defendants expending the time and resources to produce discovery while the Court reviews Judge Westmore's order.

Plaintiffs would also not be prejudiced by the proposed stay. The Court has already enjoined Defendants from disallowing SNAP funding based on Plaintiffs' noncompliance with the First and Second Data Requests. PI Or., ECF No. 106; *see also* Order Expanding PI, ECF No. 134. Accordingly, there is no harm that can occur during the time the Court is considering Defendants' motion. Also, Defendants have produced a complete Administrative Record that is sufficient to proceed to summary judgment on Plaintiffs' claims. *See supra* at 1. While Plaintiffs may complain about delay in reaching the merits, it is Plaintiffs who have waylaid this matter through a discovery disputes about data requests—the First and Second Data Requests—that have been entirely superseded and rendered moot by the Third Data Request, which Plaintiffs have not challenged.

Plaintiffs further have not alleged any risk of spoilation nor provided any evidence that their claims are time sensitive. *See* AR Letter; RFP Letter; Rog Letter. This case is now more than 13 months old. *See* Compl., ECF No. 1 (filed on July 28, 2025). Plaintiffs will not be prejudiced by waiting for the District Court to review Magistrate Westmore's order.

## IV. CONCLUSION

For these reasons, the Court should grant Defendants' Motion to Stay Discovery Pending Defendants' Forthcoming Objection Pursuant to Fed. R. Civ. P. 72(a). A proposed order accompanies this motion pursuant to Local Rule 7-11(a).

Dated: September 8, 2026.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

BENJAMIN S. KURLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 598-7755
ben.kurland@usdoj.gov

*Counsel for Defendants*