ROB BONTA
Attorney General of California
PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
SEBASTIAN BRADY
WILLIAM BELLAMY
MARIA F. BUXTON
JOSEPH H. MEEKER
LIAM E. O'CONNOR
JULIA HEMING SEGAL
Deputy Attorneys General
State Bar No. 363672
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 229-0128
Fax: (415) 703-5480
E-mail: Julia.HemingSegal@doj.ca.gov
*Attorneys for Plaintiff State of California*

*Additional counsel listed on signature pages*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, ET AL.**<br><br>Plaintiffs,<br><br>**v.**<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL.**<br><br>Defendants. | Case No. 3:25-cv-06310-MMC-KAW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO STAY DISCOVERY SCHEDULE**<br><br>District Judge Maxine M. Chesney<br>Magistrate Judge Kandis A. Westmore<br>Trial Date: None set<br>Action Filed: July 28, 2025 |

On August 31, Judge Westmore entered an order explaining that, although this case has been pending for more than 13 months, Defendants *still* have not produced a complete administrative record. *See* ECF No. 204 (Order). Accordingly, Judge Westmore ordered Defendants to complete the administrative record and to respond to certain discovery requests, *see id.*, so this case can finally proceed to summary judgment. Judge Westmore also found that Plaintiffs were entitled to a privilege log for any documents withheld on the basis of deliberative process or other privilege. *Id.*

Following Judge Westmore's order, Plaintiffs promptly contacted Defendants to meet and confer, including regarding potential custodians. *See* Heming Segal Decl. ¶ 4. Defendants refused to meet and confer and instead requested that Plaintiffs agree to an indefinite stay of the entirety of Judge Westmore's order pending Defendants' forthcoming objections. *Id*. As a courtesy, Plaintiffs proposed a 21-day extension of the deadlines and suggested that the parties continue to at least meet and confer regarding potential custodians. *Id*. As Plaintiffs observed, objections to magistrate judge discovery dispute orders are routinely resolved within a couple of weeks, *see* L.R. 72-2(d), and Plaintiffs offered to confer with Defendants in another 21 days in the event that Defendants believed that a further extension was necessary at that time. Heming Segal Decl. Ex. A.

Without responding to Plaintiffs, Defendants filed the instant motion. But Defendants' motion does not even argue that they have made the showing required for a stay of Judge Westmore's order pending resolution of their forthcoming objections to that order. Filing objections to a magistrate judge's non-dispositive discovery order does not automatically justify a stay of the underlying discovery order. *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1093 (D. Nev. 2022); *Alvarez v. Larose*, No. 3:20-cv-00782-DMS-AHG, 2020 WL 5632659, at *1 (S.D. Cal. Sept. 21, 2020). Instead, "the presumption is that discovery ordered by a Magistrate Judge will proceed regardless of the filed objection." *Ignite Spirits, Inc. v. Consulting by AR, LLC*, No. 2:21-cv-01590-JCM-EJY, 2022 WL 4112222, at *2 (D. Nev. Aug. 22, 2022). Overcoming this presumption requires the movant to make the same showing that is required for a stay pending appeal. *Forrest v. Facebook, Inc.*, No. 5:22-cv-03699-EJD, 2023 WL 1931356, at *1 (N.D. Cal.

Jan. 18, 2023). Thus, Defendants must establish: (1) a strong showing that they are likely to succeed on the merits of the objections; (2) irreparable injury absent the stay; (3) lack of substantial injury to the other parties interested in the proceeding based on the issuance of the stay; and (4) that the stay is in the public interest. *Mi Familia Vota v. Fontes*, 111 F.4th 976, 981 (9th Cir. 2024); *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012). In short, the movant has "a steep hill to climb." *PlayUp*, 635 F. Supp. 3d at 1095 ("'A stay of a magistrate judge's discovery order should be granted sparingly.'"). Defendants do not even come close to surmounting it.

First, Defendants have failed to make a strong showing—or really any showing—that they are likely to succeed on the merits of their impending objections to Judge Westmore's order. Magistrate judges possess broad discretion in resolving discovery matters, and their orders on such issues are entitled to significant deference. *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court."). Accordingly, "a party seeking a stay pending resolution of its objection to a magistrate judge's non-dispositive ruling is generally unable to make a strong showing of likely success on the merits of the objection." *PlayUp*, 635 F. Supp. 3d at 1096-97. As Judge Westmore explained, Defendants' administrative record is missing entire categories of documents—including "**any** intra- or inter-agency documents pre-dating Defendant USDA's first demand for data on May 6, 2025," even though Defendants have "acknowledg[ed] coordinating with DOGE" and "attempt[ing]" to "obtain[] data from Plaintiffs' EBT vendors" during that period. Order at 3 (emphasis in original). Defendants' motion ignores that finding, refers generally to its discovery letter briefs, which Judge Westmore already considered, and simply asserts that Judge Westmore's order "will likely be overtaken by the Court's decision on Defendants' forthcoming objection." Admin. Mot. at 5. But conclusory assertions such as these fall far short of establishing the requisite likelihood of success. *Pom Wonderful LLC v. Coca-Cola Co.*, No. 08-cv-06237 SJO (FMOx), 2009 WL 10654700, at *3 (C.D. Cal. Nov. 13, 2009).

Second, Defendants have failed to show irreparable injury absent a stay. While Defendants insinuate that Judge Westmore's order requires them to produce privileged "deliberative

communications," Admin. Mot. at 4, it in fact only requires them to produce a privilege log, *see* Order at 8. And while Defendants complain about the burden caused by having to respond to Plaintiffs' discovery requests, it is well-established that the ordinary burdens of discovery do not constitute an irreparable injury. *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 735 n.20 (9th Cir. 2017) ("'[M]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.'"); *PlayUp*, 635 F. Supp. 3d at 1103 ("Ample case law finds that the burden of meeting one's discovery obligations does not generally constitute irreparable injury."). Moreover, any harm to Defendants is self-inflicted: Plaintiffs offered Defendants a 21-day extension of the deadlines to produce a complete administrative record and to respond to the targeted discovery requests and merely asked that Defendants meet and confer regarding custodians and the scope of Plaintiffs' RFPs in the interim. Defendants rejected that offer without responding and did not bother to even tell the Court about it, let alone explain why it was insufficient. Thus, Defendants have not satisfied this prong to justify their requested unlimited stay.

Because Defendants do not make a strong showing of the first two factors, the Court need not consider the second two factors. *See Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020). However, even if the Court were to consider the second two factors, they also weigh in Plaintiffs' favor. Again, this matter has been pending for more than 13 months, and Defendants' continued failure to meet their administrative record and discovery obligations is the sole impediment to resolution of this case. *See* ECF No. 172 (case schedule providing for summary judgment briefing to begin as soon as Defendants satisfy their obligations). And while Defendants are seeking to delay production of the record in this case, they are simultaneously using that delay to argue to four other district courts that those courts should *not* stay their proceedings under the first-to-file rule and should instead immediately require Kentucky, Michigan, Minnesota, and Pennsylvania to comply with Defendants' demands.[1] Thus, Defendants are seeking to preliminarily enforce

[1] *See, e.g.*, *United States v. Kentucky Cabinet for Health & Family Servs.*, No. 3:26-cv-00051-CHB, ECF No. 26 at 15-16 (E.D. Ky.); *United States v. Michigan Dep't. of Health & Human Servs.*, No. 1:26-cv-01950, ECF No. 28 at 8 (W.D. Mich.); *United States v. Minnesota Dep't. of Children, Youth, & Families*, No. 0:26-cv-03120, ECF No. 36 at 17 (D. Minn.); *United*
(continued…)

their data demands in other tribunals, while seeking to avoid producing a complete record that will allow Plaintiffs to finally resolve this pending action. Each day that goes by without Defendants producing a complete record in this matter frustrates the judicial process and allows Defendants to instead litigate substantively identical claims on an incomplete record in the separate tribunals of their choosing. Such a stay therefore harms Plaintiffs and is not in the public interest.[2]

The Court should deny Defendants' Administrative Motion.

Dated: September 10, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
SEBASTIAN BRADY
WILLIAM BELLAMY
MARIA F. BUXTON
JOSEPH H. MEEKER
LIAM E. O'CONNOR
JULIA HEMING SEGAL

*Julia Heming Segal*
JULIA HEMING SEGAL
DEPUTY ATTORNEY GENERAL
*Attorneys for Plaintiff State of California*

---

*States v. Pennsylvania Dep't of Human Servs.*, No. 1:26-cv-01787-JPW, ECF No. 27 at 18-19 (M.D. Pa.).

[2] Defendants further contend that Plaintiffs would not be harmed by a stay because their claims have been "rendered moot by the Third Data Request," Admin. Mot. at 5. But Defendants failed to raise any mootness objection before Judge Westmore, ECF Nos. 179-81, and any such objection would be baseless. Plaintiffs' complaint, which challenges both Defendants' entire SNAP Information Database and Defendants' data demands, encompasses the Third Data Request, which merely renews the Second Data Request, and Plaintiffs' objections to that Third Data Request will be resolved on summary judgment. *See* ECF No. 199 at 6; ECF No. 184-1 (USDA's certified administrative record purporting to contain documents considered "in connection with USDA's decision to seek SNAP data pursuant to 7 USC 2020(a)(3) and enforce FN Administration's data request."). Even if Defendants filed a motion to dismiss on the ground of mootness, they could never prevail because they have not even ceased the challenged conduct. *See FBI v. Fikre*, 601 U.S. 234, 241 (2024) (explaining the voluntary cessation doctrine). If necessary, Plaintiffs can further supplement their complaint in advance of summary judgment.

| ADDITIONAL COUNSEL FOR PLAINTIFFS | |
|---|---|
| Letitia James<br>Attorney General of New York<br><br>*/s/ Mark Ladov*<br>Mark Ladov<br>Special Counsel<br>Julie Dona<br>Special Counsel<br>28 Liberty St.<br>New York, NY 10005<br>(212) 416-8240<br>mark.ladov@ag.ny.gov<br>*Attorneys for Plaintiff State of New York* | Kwame Raoul<br>Attorney General of Illinois<br><br>*/s/ Sherief Gaber*<br>Harpreet K. Khera<br>Bureau Chief, Special Litigation<br>Sherief Gaber<br>Assistant Attorney General<br>115 S. LaSalle St., 35th Flr.<br>Chicago, Illinois 60603<br>(773) 590-7127<br>sherief.gaber@ilag.gov<br>*Attorneys for Plaintiff State of Illinois* |
| Kristin Mayes<br>Attorney General of Arizona<br><br>*/s/ Luci D. Davis*<br>Luci D. Davis (AZ No. 035347)<br>Hayleigh S. Crawford (AZ No. 032326)<br>2005 N. Central Ave. Phoenix, AZ 85004<br>(602) 542-3333<br>Luci.Davis@azag.gov<br>Hayleigh.Crawford@azag.gov<br>ACL@azag.gov<br>*Attorneys for Plaintiff State of Arizona* | Philip J. Weiser<br>Attorney General of Colorado<br><br>*/s/ David Moskowitz*<br>David Moskowitz<br>Deputy Solicitor General<br>Colorado Department of Law<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>Phone: (720) 508-6000<br>david.moskowitz@coag.gov<br>*Attorneys for Plaintiff State of Colorado* |
| William Tong<br>Attorney General of Connecticut<br><br>*/s/ Patricia E. McCooey*<br>Patricia E. McCooey<br>Assistant Attorney General<br>(860) 808-5152<br>Patricia.McCooey@ct.gov<br>*Attorneys for Plaintiff State of Connecticut* | Kathleen Jennings<br>Attorney General of Delaware<br><br>*/s/ Vanessa L. Kassab*<br>Ian R. Liston<br>Director of Impact Litigation<br>Vanessa L. Kassab<br>Deputy Attorney General<br>Delaware Department of Justice<br>820 N. French Street<br>Wilmington, DE 19801<br>(302) 683-8899<br>vanessa.kassab@delaware.gov<br>*Attorneys for Plaintiff State of Delaware* |

| | |
|---|---|
| Brian L. Schwalb<br>Attorney General for the District of Columbia<br><br>*/s/ Nicole S. Hill*<br>Nicole S. Hill<br>Assistant Attorney General<br>Office of the Attorney General for the District of Columbia<br>400 Sixth Street, NW<br>Washington, D.C. 20001<br>(202) 727-4171<br>nicole.hill@dc.gov<br>*Attorneys for Plaintiff District of Columbia* | Anne E. Lopez<br>Attorney General of Hawaiʻi<br><br>*/s/ Kalikoʻonālani D. Fernandes*<br>Special Assistant to the Attorney General<br>Kalikoʻonālani D. Fernandes<br>Solicitor General<br>425 Queen Street<br>Honolulu, HI 96813<br>(808) 586-1360<br>kaliko.d.fernandes@hawaii.gov<br>*Attorneys for Plaintiff State of Hawaiʻi* |
| Office of The Governor *ex rel*. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky<br><br>*/s/ S. Travis Mayo*<br>S. Travis Mayo<br>General Counsel<br>Laura C. Tipton<br>Deputy General Counsel<br>Office of the Governor<br>700 Capitol Avenue, Suite 106<br>Frankfort, KY 40601<br>(502) 564-2611<br>travis.mayo@ky.gov<br>laurac.tipton@ky.gov<br>*Attorneys for Plaintiff Kentucky Governors' Office* | Aaron M. Frey<br>Attorney General of Maine<br><br>*/s/ Brendan Kreckel*<br>Brendan Kreckel<br>Assistant Attorney General<br>Office of the Attorney General<br>6 State House Station<br>Augusta, ME 0433-0006<br>Tel.: 207-626-8800<br>Fax: 207-287-3145<br>brendan.kreckel@maine.gov<br>*Attorneys for Plaintiff State of Maine* |
| Anthony G. Brown<br>Attorney General of Maryland<br><br>*/s/ James C. Luh*<br>James C. Luh<br>Senior Assistant Attorney General<br>Office of the Attorney General<br>200 Saint Paul Place, 20th Floor<br>Baltimore, Maryland 21202<br>410-576-6411<br>jluh@oag.state.md.us<br>*Attorneys for Plaintiff State of Maryland* | Andrea Joy Campbell<br>Attorney General of Massachusetts<br><br>*/s/ Katherine Dirks*<br>Katherine Dirks<br>Chief State Trial Counsel<br>Cassandra Thomson<br>Assistant Attorney General<br>Office of the Massachusetts Attorney General<br>1 Ashburton Place Boston, MA 02108<br>(617) 963-2277<br>katherine.dirks@mass.gov<br>cassandra.thomson@mass.gov<br>*Attorneys for Plaintiff Commonwealth of Massachusetts* |

| | |
|---|---|
| Dana Nessel<br>Attorney General of Michigan<br><br>*/s/ Neil Giovanatti*<br>Neil Giovanatti<br>Assistant Attorney General<br>Michigan Department of Attorney General<br>525 W. Ottawa<br>Lansing, MI 48909<br>(517) 335-7603<br>giovanattin@michigan.gov<br>*Attorneys for Plaintiff State of Michigan* | Keith Ellison<br>Attorney General of Minnesota<br><br>*/s/ Joseph R. Richie*<br>Joseph R. Richie<br>Special Counsel<br>445 Minnesota Street, Suite 1400<br>St. Paul, Minnesota, 55101<br>(651) 300-0921<br>joseph.richie@ag.state.mn.us<br>*Attorneys for Plaintiff State of Minnesota* |
| Jennifer Davenport<br>Attorney General of New Jersey<br><br>/s/ *Kashif T. Chand*<br>Kashif T. Chand (NJ Bar No. 016752008)<br>Assistant Attorney General<br>New Jersey Office of the Attorney General,<br>Division of Law<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101<br>Tel: (973) 648-2052<br>kashif.chand@law.njoag.gov<br>*Attorneys for Plaintiff State of New Jersey* | Raúl Torrez<br>Attorney General of the State of New Mexico<br><br>*/s/ Steven Prefrement*<br>Steven Perfrement<br>Senior Litigation Counsel<br>New Mexico Department of Justice<br>408 Galisteo Street<br>Santa Fe, New Mexico 87501<br>SPerfrement@nmdoj.gov<br>505-601-7727<br>*Attorneys for the State of New Mexico* |
| Dan Rayfield<br>Attorney General of Oregon<br><br>*/s/ Scott P. Kennedy*<br>Scott P. Kennedy<br>Senior Assistant Attorney General<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>Tel (971) 453-9050<br>Fax (971) 673-5000<br>Scott.Kennedy@doj.oregon.gov<br>*Attorneys for Plaintiff State of Oregon* | Josh Shapiro, in his official capacity as<br>Governor of the Commonwealth of<br>Pennsylvania<br><br>*/s/ Jacob B. Boyer*<br>Jennifer Selber<br>General Counsel<br>Jacob B. Boyer<br>Deputy General Counsel<br>Pennsylvania Office of the Governor<br>30 N. 3rd St., Suite 200<br>Harrisburg, PA 17101<br>(717) 460-6786<br>jacobboyer@pa.gov<br>*Counsel for Governor Josh Shapiro* |

| | |
|---|---|
| Peter F. Neronha<br>Attorney General of Rhode Island<br><br>/s/ *Madeline R. Becker*<br>Madeline R. Becker (RI Bar No. 10034)<br>Special Assistant Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>(401) 274-4400, Ext. 2151<br>mbecker@riag.ri.gov<br>*Attorneys for Plaintiff State of Rhode Island* | Nicholas W. Brown<br>Attorney General of Washington<br><br>/s/ *Jennifer K. Chung*<br>Jennifer K. Chung, WSBA #51583<br>William Mcginty, WSBA #41868<br>Julie Moroney, WSBA #59017<br>Assistant Attorneys General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>206-464-7744<br>jennifer.chung@atg.wa.gov<br>william.mcginty@atg.wa.gov<br>julie.moroney@atg.wa.gov<br>*Attorneys for Plaintiff State of Washington* |
| Joshua L. Kaul<br>Attorney General of Wisconsin<br><br>/s/ *Karla Z. Keckhaver*<br>Karla Z. Keckhaver<br>Assistant Attorney General<br>Wisconsin Department of Justice<br>Post Office Box 7857<br>Madison, Wisconsin 53707-7857<br>608-264-6365<br>karla.keckhaver@wisdoj.gov<br>*Attorneys for Plaintiff State of Wisconsin* | Aaron D. Ford<br>Attorney General of Nevada<br><br>/s/ *Heidi Parry Stern*<br>Heidi Parry Stern (Bar. No. 8873)<br>Solicitor General<br>Office of the Nevada Attorney General<br>1 State of Nevada Way, Ste. 100<br>Las Vegas, NV 89119<br>HStern@ag.nv.gov<br>*Attorneys for Plaintiff State of Nevada* |