BRETT A. SHUMATE
Assistant Attorney General
TYLER J. BECKER
Counsel to the Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BENJAMIN S. KURLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>*Defendants*. | Case No. 3:25-cv-06310-MMC<br><br>**DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Courtroom: 7<br>Judge: Maxine M. Chesney<br>Trial Date: None set<br>Action Filed: July 28, 2025 |

Magistrate Judge Westmore's discovery order, ECF No. 204 ("Disc. Order"), is clearly erroneous and contrary to law. *See* Fed. R. Civ. P 72(a). The order transgresses controlling Supreme Court and Ninth Circuit precedent without even addressing those precedents, nor contrary holdings by this Court. In ordering high-level, intra-Executive Branch, pre-decisional and deliberative communications based on mere speculation and an improper finding of bad faith, the order flaunts the Ninth Circuit's holding in *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438 (9th Cir. 2024), the separation of powers and the Presidential communications privilege, the presumption of regularity, and foundational APA law. The order must be vacated for these reasons and those outlined in Defendants' portions of the letter briefs.[1]

## I. Specific Statement of the Portions to Which Objections are Made

Defendants object to the order to (1) complete the AR, Disc. Order at 2–5; (2) supplement the AR, *id.* at 5–8; (3) produce a privilege log, *id.* at 8; and (4) to the scope of the discovery ordered pursuant to Requests for Production ("RFPs") 4, 5, 6, 7, 8, 9, 13, and Interrogatories ("Rogs") 1 and 4, *id.* at 8–13.

## II. Statement of the Court Action Required

Defendants request that the Court vacate Judge Westmore's order and order the parties to propose a schedule to brief summary judgment.

## III. Statement of the Reasons and Authority Supporting this Motion

### A. The order's completion ruling is contrary to law and controlling precedent.

Judge Westmore ordered completion of the Record with (1) pre-decisional, intra- and inter-agency communications; and materials explaining (2) the scope of data requested; and (3) FNA's "departure from past precedent," based on their alleged absence from the existing Record. *See* Disc. Order at 2–5. In doing so, she failed to acknowledge the extraordinary nature of this relief, the presumption of regularity, and contrary Ninth Circuit precedent.

Judge Westmore relied on *Doe I v. DHS*, 2021 WL 3402311 (N.D. Cal. Aug. 4, 2021) and *Treez, Inc. v. DHS*, 2023 WL 4240142 (N.D. Cal. June 27, 2023) to order completion of the

[1] ECF Nos. 179 ("AR Letter"), 180 ("RFP Letter"), 181 ("Rog Letter").

Record because FNA did not provide pre-decisional documents. These cases were both decided prior to *Blue Mountains* that held that deliberative materials are not part of an administrative record and no privilege log need be provided. 99 F.4th at 444–45. Judge Westmore's order turns Ninth Circuit precedent on its head by ordering production of a broad, vague, and speculative cache of communications without establishing that such communications are properly part of the Administrative Record. Disc. Order at 3; *see* AR Letter at 7.

Further, Judge Westmore's reliance on *Doe I* is misplaced as the plaintiffs in that case challenged a three-year delay and agency reversal, which the agency failed to explain or acknowledge. *See* 2021 WL 3402311, at *2. FNA has repeatedly explained the purpose of its data requests, including providing pre-request reports establishing error rates in the relevant States that FNA sought to audit. *See* ECF No. 170 at 2–9 (AR 001368–003120). This Court has repeatedly found that FNA articulated a sufficient basis to conduct its audits based on the existing record. *See* ECF No. 106 at 19–20 ("First PI"); ECF No. 134 at 17–18 ("Second PI").

Judge Westmore's reliance on a single statement by Secretary Rollins does nothing to show that relevant, non-deliberative communications were omitted from the AR. Disc. Order at 3. In the interview cited, Secretary Rollins stated that "we asked every state for the [first time in history, and this was in February,] to send us their data and let us with DOGE [in a war room] actually start going through this data . . .." Second Am. Compl. ¶ 244. But courts cannot infer agency bad faith from "political advocacy statements made by government officials." *QueerDoc, PLLC v. DOJ*, --- F.4th ---, 2026 WL 2359440, at *14 (9th Cir. Aug. 14, 2026). Further, the statement was prospective, did not identify allegedly missing documents with specificity, and failed to establish that the U.S. DOGE Service, or other government agency, was involved in initiating the First Data Request. Indeed, FNA's preliminary data report shows no indication of involvement outside of FNA. *See* USDA, *SNAP Program Integrity Data Team: Preliminary Report* (May 13, 2026) [2] (AR 003121–64).

---

[2] https://www.fna.usda.gov/research/snap/program-integrity-data-preliminary

Judge Westmore found completion appropriate because FNA allegedly failed to provide documents explaining the scope of the data requested and its departure from past precedent. Disc. Order at 3–4. Unlike *Treez*, which involved an unexplained departure from identifiable prior policy, USDA's demand under a separate SNAP Act provision is not a change in position, and Judge Westmore identified no prior USDA policy or precedent under 7 U.S.C. 2020(a)(3) or (e)(8) from which USDA departed. Moreover, this Court has already evaluated these claims, and found that FNA adequately explained the scope of its request and its determination to proceed through data request, see ECF No. 116 at 19–20 (Plaintiffs arguing selection of data elements was arbitrary and capricious); Second PI at 18 (rejecting claims). The order's reliance on the notion that "it is simply not apparent how no documents could exist" erroneously elevates the Magistrate's speculation over applicable law. Disc Order at 3; *see Goffney v. Becerra*, 995 F.3d 737, 747 (9th Cir. 2021) (plaintiffs must identify "specific documents [they] believe[] to be missing.").

Further, as explained in Defendants' Motion to Dismiss claims against the Office of the Inspector General, data requests are not themselves final agency action, and agencies are afforded deference in determining the data they need to conduct their investigations and audits. *See* ECF No. 165 at 8–9.

**B. There is No Bad Faith Warranting Supplementing the Record**

Judge Westmore determined that supplementation was appropriate for the same reasons as completion, *see* Disc. Order at 6, and her order is erroneous for the same reasons. But Judge Westmore went further and ordered extra-record discovery based on a single comment by Secretary Rollins, which allegedly showed bad faith through "pretext and impropriety[.]" *Id.* at 7. But Secretary Rollins did nothing more than state that FNA would request SNAP data from State Agencies to determine whether waste, fraud, and abuse was responsible for increased SNAP expenditures, including instances of duplicative and improper enrollment. *See* Disc. Order at 7. This is not "bad faith" or "pretext." Secretary Rollins' statement showed no indication of an ulterior motive other than that expressed throughout the AR and the record in

this case. Further, it fails to show bad faith on FNA's part or that the certified AR is insufficient for Court review.

Judge Westmore's reliance on *DOC v. New York*, 588 U.S. 752 (2019), is misplaced. Disc. Order at 6. Unlike in that case, Plaintiffs here point to political commentary and generalized criticisms, not a Cabinet-level reversal tied to concealed reasons; nor did the order find that FNA relied on extra-record materials.

**C. Privilege Log**

Judge Westmore, despite correctly identifying that deliberative materials are not part of an administrative record, erroneously ordered a privilege log based on the same finding of "bad faith." Disc. Order at 8. But she made no finding of bad faith based on FNA improperly withholding a single document or in compiling the record. *See Stand Up for California! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 122–24 (D.D.C. 2014).

**D. Scope of Discovery Ordered**

The scope of the discovery ordered by Judge Westmore is also erroneous.

RFP 4 - Judge Westmore ordered production pursuant to RFP 4 because it is "directly related to the issue of bad faith and pretext." Disc. Order at 9. But there was no finding of bad faith on FNA's part. Ordering discovery to establish bad faith puts the cart before the horse and sanctions a fishing expedition to find the bad faith required to obtain extra-record discovery, all contrary to the presumptions of regularity. *See* AR Letter at 6–7.

RFP 5 - Judge Westmore ordered production regarding alleged requests of data from EBT processors which "goes to the dearth of" pre-First Data Request material. Disc. Order at 9. But Plaintiffs have raised no claims based on a request to EBT processors nor has FNA pursued data from such processors, *see* RFP Letter at 4. Any communications are irrelevant to this case.

RFP 6 - Judge Westmore ordered production regarding the data elements. FNA has already explained these choices, *see, e.g.* ECF No. 116-2 at 1, 2, 3–4 (AR 000932–37), and pre-decisional documents constitute protected, deliberative materials. *See* RFP letter at 4.

RFP 7 - Judge Westmore ordered production related to the National Accuracy Clearing

House ("NAC"), Disc. Order at 9, but the NAC is not at issue this case. *See* RFP Letter at 4.

RFP 8 - Judge Westmore ordered the parties to confer regarding inter-agency and White House communications. Disc. Order at 9. This puts the cart before the horse on finding of bad faith. Additionally, Plaintiffs made no showing that such communications exist, are relevant to their claims, and not excluded from the AR as deliberative. *See* RFP Letter at 5. Further, Plaintiffs failed to meet the heightened standard for seeking White House communications, *see In re Sealed Case*, 121 F.3d 729, 754 (D.C. Cir. 1997), and the order failed to address the privilege, *see Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 390 (2004).

RFP 9 - Judge Westmore also ordered the parties to confer regarding RFP 9. This is erroneous for the same reason as RFP 8. The Record already indicates that no outside agencies assisted in analyzing the data which FNA collected. *See* Prelim. Data Report.

RFP 13 - Judge Westmore ordered Defendants to produce "documents concerning the interpretation and implementation of the Executive Order[.]" Disc. Order at 11. This order is vague and fails to meet the standard for definiteness required to both complete and supplement the Record. To the extent the First and Second Data Requests implement the Executive Order, the relevant documents are already provided. Plaintiffs have failed to establish that relevant, non-deliberative documents interpreting or implementing the Executive Order are missing.

Rog 1 - Judge Westmore ordered production of the identities of non-decisionmaking agency employees involved in assembling FNA's data requests to establish the "motivations for the data requests." Disc. Order at 11. The identities of these personnel do nothing to establish bad faith, nor have Plaintiffs established bad faith by those personnel. *See* Rog Letter at 2.

Rog 4 - Judge Westmore ordered the identification of a list of analysis and reports regarding FNA's data requests as they went to "pretext and bad faith." Disc. Order at 12. Plaintiffs have not identified what relevant, non-deliberative reports are missing from the AR and allowing discovery to fish for bad faith is erroneous. *See* AR Letter at 6–7.[3]

[3] Should the Court deny this motion, Defendants request an additional 30 days from the date of the Order to comply with the scope of discovery the Court determines appropriate.

Dated: September 14, 2026.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

TYLER J. BECKER
Counsel to the Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

BENJAMIN S. KURLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 598-7755
ben.kurland@usdoj.gov

*Counsel for Defendants*