BRETT A. SHUMATE
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BENJAMIN S. KURLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br>*Plaintiffs*,<br>v.<br>UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br>*Defendants*. | Case No. 3:25-cv-06310-MMC<br>**DEFENDANTS' MOTION TO ENLARGE DISCOVERY DEADLINE**<br>Courtroom: 7<br>Judge: Maxine M. Chesney<br>Trial Date: None set<br>Action Filed: July 28, 2025 |

Pursuant to Local Rules 6-1(b), 6-3, and 7-11, Defendants hereby move the Court to enlarge the September 30 deadline set by Magistrate Judge Westmore for Defendants to complete the administrative record, respond to Plaintiffs' discovery requests, and prepare a privilege log. *See* Order Re 6/18/2026 Discovery Letters at 13, ECF No. 204 ("Disc. Order"). Defendants request that the Court order the Parties to submit a joint status report on October 30, 2026, updating on progress reviewing and producing discovery to date and suggesting a further schedule to complete discovery.

Since Magistrate Judge Westmore's order, the U.S. Department of Agriculture's ("USDA") Food and Nutrition Administration and Office of the General Counsel has been working diligently to gather, organize, and review potentially relevant documents. *See* Decl. of Brian Mizoguchi ¶¶ 2–5 ("Mizoguchi Decl."). FNA has also committed significant resources to completing discovery. *Id.* ¶ 3–5. Still, an initial identification of documents identified over 500,000 potentially relevant documents and significant work was required to organize, deduplicate, and eliminate irrelevant returns. *Id.* ¶ 3, 5. While FNA is working expeditiously to review, log, and make production determinations of this massive trove of documents prior to September 30, it is impossible to meet that deadline.

Additionally, Defendants have been negotiating custodians, search terms, timeframes, and a protective order with Plaintiffs in good faith. Decl. of Benjamin S. Kurland ¶¶ 3–8 ("Kurland Decl."). Defendants have agreed to many of Plaintiffs' terms, even though agreeing to additional parameters will enlarge the number of documents to review. Further, where Defendants have not been able to agree to Plaintiffs' terms, Defendants have explained why and proposed practical compromises.

Given the impossibility of meeting the present deadline, Defendants timely raised this concern with Plaintiffs and attempted to negotiate a stipulated extension in good faith. *See* Kurland Decl. ¶¶ 3–8. While Defendants agreed to Plaintiffs' demand that FNA produce responses to Plaintiffs' interrogatories by September 30—and stand ready to do so, subject to an agreed upon protective order—Defendants could not agree to Plaintiffs' demand to merely

extend the present deadline to October 30. *Id.* ¶ 7. Given the number of documents to be reviewed, the complexities of document production, and the additional burden of producing a privilege log, Defendants cannot agree to a discovery deadline that Defendants know is impossible to meet.

On September 25, Defendants proposed that the Parties instead agree to submit a joint status report to the Court on October 30, updating the Court on progress and suggesting a further schedule to complete discovery, once the Parties reached agreement and USDA could get a complete picture of the task before it. Kurland Decl. ¶ 7. Plaintiffs did not respond until the afternoon of September 29, declined to agree to a reasonable extension of time, demanded additional burdensome requirements such as weekly rolling productions, and proposed a protective order which Defendants could not agree to. *Id.* ¶ 8.

Federal Rule of Civil Procedure 6 provides for extending deadlines for good cause. Fed R. Civ. P. 6(b); *see also* 4B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1165 (4th ed. 2026) ("an application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."). Further Federal Rule of Civil Procedure 16 permits a court to modify a scheduling order for good cause shown and with the judge's consent. Fed. R. Civ. P. 16(b)(4); *see also* *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) ("'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). This Court has already said that Defendants may request additional time to complete discovery by "raising the matter with Judge Westmore upon a showing of good cause." Order Denying Defs.' Mot. for Relief from Nondispositive Pretrial Order of Magistrate Judge at 1, ECF No. 1 ("Order Denying Disc. Objs.").

Good cause exists. It is physically impossible for FNA to complete the burdensome task of reviewing, producing, and logging the large quantity of documents identified for review prior to September 30. Further, since the Parties have not completed a final determination of custodians, search terms, and timeframes, additional data pulls and reviews will be necessary, which also cannot be completed before September 30. *See* Mizoguchi Decl. ¶¶ 6–8. Further, Defendants cannot produce discovery in this matter which includes confidential information prior to the parties agreeing to a protective order.

Defendants have been diligent in seeking additional time to complete this burdensome discovery. Defendants have twice requested extensions or stays of the discovery deadline. *See* Defs.' Mot. to Stay Disc. Schedule Pending Defs.' Forthcoming Objs. Under Fed. R. Civ. P. 72(a), ECF No. 205; Defs.' Mot. for Relief from Nondispositive Pretrial Order of Magistrate Judge at 5 n.3, ECF No. 208. The Court denied both motions, *see* Order Denying Defs.' Mot. to Stay Disc. Schedule Pending Defs.' Forthcoming Objs.' under Fed. R. Civ. P. 72(a), ECF No. 207; Order Denying Disc. Objs. at 1. The latter denial, however, was without prejudice to reassert that additional time is necessary. Order Denying Disc. Objs. at 1.

Further, Defendants have attempted to negotiate a stipulated extension with Plaintiffs in good faith. *See* Kurland Decl. ¶¶ 4–8. While Defendants agreed to make significant concessions, Defendants could not agree to represent to the Court that they could complete discovery by a deadline which they know to be impossible to meet. Further, while Defendants offered early and timely responses raising their concerns regarding the September 30 deadline, Plaintiffs' responses did not come until the last minute and demanded ever-increasing burdens that further exacerbated the problem.

Plaintiffs will be minimally prejudiced by Defendants' request. Defendants propose a reasonable extension during which time the Parties can complete their negotiations and develop an orderly discovery plan without the need for further Court intervention. In fact, Plaintiffs will benefit from providing Defendants with sufficient time to identify, review, and produce

potentially relevant discovery, as doing so will ensure complete and orderly production. As noted, it is simply impossible for FNA to complete the task at hand by September 30.

For these reasons, the Court should grant Defendants' motion to enlarge the discovery deadline and order the Parties to submit a joint status report on October 30, 2026.

Dated: September 29, 2026.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

BENJAMIN S. KURLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 598-7755
ben.kurland@usdoj.gov

*Counsel for Defendants*