BRETT A. SHUMATE
Assistant Attorney General
TYLER J. BECKER
Counsel to the Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BENJAMIN S. KURLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>*Defendants*. | Case No. 3:25-cv-06310-MMC-KAM<br><br>**DECLARATION OF BENJAMIN S. KURLAND IN SUPPORT OF DEFENDANTS' MOTION TO ENLARGE DISCOVERY DEADLINE** |

I, Benjamin S. Kurland, declare as follows:

1. I am a member in good standing of the Bar of the District of Columbia. I am a Trial Attorney in the United States Department of Justice, Civil Division, Federal Programs Branch, and an attorney of record for Defendants in this action. I am authorized to practice in this Court under Local Rule 11-2. I have personal knowledge of the matters set forth below, except those matters that are based on information and belief, which I believe to be true, and could and would testify competently to them if called to do so. I make this declaration in support of the Defendants' motion to extend the Court's current discovery deadline.

2. On August 31, 2026, Magistrate Judge Westmore resolved a discovery dispute between the Parties and ordered Defendants to complete and supplement the administrative record and produce a privilege log by September 30, 2026. ECF No. 204

3. Counsel for the Parties in this case agreed to meet and confer on September 17, 2026, regarding the scope of discovery. Prior to that meeting, Defendants provided a list of proposed custodians, search terms, and timeframes to identify relevant discovery without creating undue burden. As stated in the Declaration of Brian Mizoguchi, USDA identified a substantial number of documents as part of their initial searches which required significant work to organize, deduplicate, eliminate irrelevant returns, and begin reviewing. *See* Decl. of Brian Mizoguchi ¶ 3, 5.

4. The Parties met on September 17, 2026. During that meeting, Plaintiffs informed Defendants that they would request additional custodians, search terms, and broader timeframes. Defense counsel advised Plaintiffs that FNA had already identified a significant number of documents to review and that adding additional terms would create additional burden. Defense counsel advised that, even based on terms proposed by Defendants, USDA could not complete review and production by September 30.

5. On September 18, Plaintiffs sent their suggested additions via email. Defendants responded on September 23 agreeing to many of the terms proposed by Plaintiffs and explaining their opposition to others but offering several compromises. Defendants also provided a draft protective order based on the U.S. District Court for the Northern District of California's model order to facilitate discovery. Again, Defendants asserted that discovery—either before Plaintiffs' additions and then including Plaintiffs' additions—could not be completed prior to September 30. Defendants proposed that the Parties agree to a 30-day extension of the September 30 deadline to be followed by a joint status report to the Court updating on progress to date and suggesting a further schedule to complete discovery.

6. Plaintiffs responded on September 25, 2026. In counter to Defendants' proposal, Plaintiffs demanded that Defendants agree to produce responses to Plaintiffs' interrogatories by

September 30, 2026, and to a deadline to complete discovery and production of a privilege log by October 30. Plaintiffs also stated that they needed additional explanation prior to agreeing to Defendants' proposed protective order.

7. Defendants responded on the same day, agreeing to produce interrogatory responses by September 30, but informing Plaintiffs that they could not in good faith agree to a production deadline of October 30 based on the number of documents identified to that date, the resources available, and the fact that the Parties had not yet agreed to final terms. Additionally, Defendants informed Plaintiffs that they could not produce discovery without a protective order, including the previously agreed upon interrogatories, which contain confidential information in the form of the identities of non-decisionmaking employees.

8. On September 29, 2029, Plaintiffs responded stating that they would "not agree to any modification of the schedule that does not include a fixed deadline for the completion of the AR and all discovery, including a privilege log." Plaintiffs also responded with additional search parameter requirements, a demand for weekly rolling discovery, and proposed a protective order including significant changes and narrowing of Defendants' ability to protect confidential information, which Defendants cannot agree to in the proposed form.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 29, 2026.

Benjamin S. Kurland
Trial Attorney