ROB BONTA
Attorney General of California
PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
SEBASTIAN BRADY
WILLIAM BELLAMY
MARIA F. BUXTON
JOSEPH H. MEEKER
JULIA HEMING SEGAL
LIAM E. O'CONNOR
Deputy Attorneys General
State Bar No. 330050
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3915
Fax: (415) 703-5480
E-mail: Liam.OConnor@doj.ca.gov
*Attorneys for Plaintiff State of California*

*Additional counsel listed on signature pages*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**STATE OF CALIFORNIA, ET AL.**

Plaintiffs,

**v.**

**UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL.**

Defendants.

Case No. 3:25-cv-06310-MMC-KAW

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO VACATE THE DISCOVERY DEADLINE**

District Judge Maxine M. Chesney
Magistrate Judge Kandis A. Westmore
Trial Date: None set
Action Filed: July 28, 2025

Today is the deadline set by this Court for Defendants to *complete* their production of the administrative record and their responses to a limited number of discovery requests (seven requests for production and two interrogatories). ECF No. 204 at 13. But in the 30 days since this Court issued its discovery order, Defendants have not produced *any discovery*—not a single document or interrogatory response. Instead, the night before today's deadline, they filed an administrative motion to vacate the deadline altogether, without even addressing Plaintiffs' proposed schedule, which would ensure that this case progresses towards summary judgment. Defendants' motion should be denied for lack of good cause, or, in the alternative, the Court should enter a schedule consistent with Plaintiffs' reasonable proposal, as set forth below.

## BACKGROUND

After this Court ordered Defendants to complete the administrative record and to produce discovery, Defendants initially refused to even meet and confer with Plaintiffs (as the Court had ordered) regarding the scope of Plaintiffs' requests for production, *see* ECF No. 204 at 19-10, claiming that this Court's order was wrong and that they intended to object to it. *See* Ex. A at 21.[1] At the time, Plaintiffs offered to agree to a 21-day extension of the discovery deadline and to meet and confer in 21 days' time if Defendants believed they needed a further extension. *Id.* at 20. In response, Defendants proceeded to file an administrative motion, asking Judge Chesney to stay all discovery pending resolution of Defendants' forthcoming objections, without even mentioning Plaintiffs' proposed extension. *See* ECF No. 205. Judge Chesney denied Defendants' administrative motion, ECF No. 207, and later their objections to the discovery order, ECF No. 209, explaining in her latter order that if Defendants needed "an additional 30 days" to complete discovery (as they had requested in their objections, ECF No. 208 at 5 n.3), they could raise that request with this Court "upon a showing of good cause," ECF No. 209 at 1.

Now, Defendants have filed a second administrative motion, this time to vacate the discovery deadline entirely. ECF No. 210. Once again, however, they have presented a one-sided account of the parties' efforts to meet and confer, *see* Admin Mot. at 3 (summarily claiming that "Plaintiffs . . . declined to agree to a reasonable extension of time"), failing to explain that

[1] All exhibit citations are to the concurrently filed Declaration of Julia Heming Segal.

Plaintiffs have offered to stipulate to an extension of that deadline, and to negotiate in good faith over any further extension if and when necessary. Specifically, Plaintiffs proposed:

1. Defendants serve interrogatory responses and begin rolling weekly productions of documents this Friday, October 2;

2. To the extent Defendants intend to designate any materials as "confidential," Defendants begin producing such materials three days after the parties reach agreement on a protective order (or, in the absence of agreement, after the entry of a protective order); and

3. Defendants complete discovery by November 13, and, in the event Defendants ultimately believe that they will need more time, the parties "shall meet and confer on or before October 30 to discuss the current status, including how many documents Defendants have reviewed, how many documents Defendants have produced, and how many documents Defendants have left to review at that time."

Ex. A at 2. Defendants did not even respond to Plaintiffs' proposal before filing their motion.

## ARGUMENT

Defendants' administrative motion does not come close to showing that "good cause" warrants vacatur of the discovery deadline rather than entry of Plaintiffs' proposed schedule.

***First***, Defendants argue that it is "physically impossible for FNA to complete the burdensome task of reviewing, producing, and logging the large quantity of documents identified for review *prior to September 30*." Admin. Mot. at 2 (emphasis added). Even if that were true, Plaintiffs have not insisted that Defendants *finish* producing discovery by today (as required by the Court's prior order); they merely ask that Defendants be required *to start* by this Friday, as explained above. As of last week (and more than three weeks after this Court's order), Defendants had not even finished collecting the documents from their initial custodians and loading them into a document review platform. Ex. A at 11. And while Defendants claim that there are "over 500,000 potentially relevant documents," Admin Mot. at 2, Defendants' email correspondence clarifies that this is just the gross number of documents that Defendants have *collected*—not the number of documents that they will *review*, Ex. A at 11 (Defendants' counsel stating that Defendants' "pull[ed]" "over 500k documents"). As Plaintiffs have explained to Defendants, "the number of documents that will actually be reviewed is a small fraction of the

total number collected after (1) the universe of documents is de-duped, (2) message chains are threaded, and (3) search terms are run." Ex. A at 1.

***Second***, Defendants assert in conclusory fashion that Plaintiffs have "demanded ever-increasing burdens that further exacerbated the problem." Admin. Mot. at 4. Not so. In fact, Plaintiffs have repeatedly narrowed their proposed search parameters in an attempt to find common ground with Defendants. *See* Ex. A at 6-11 (Plaintiffs agreeing to narrow their proposed custodians, search terms, and date ranges in response to Defendants' concerns); *id.* at 1 (Plaintiffs agreeing to narrow their proposed date ranges in response to Defendants' concerns). As a result, the parties have reached agreement on custodians and search terms, and Plaintiffs are still awaiting Defendants' response on Plaintiffs' proposed search date ranges—the last issue potentially in dispute.[2] If Defendants believe that Plaintiffs' proposed search parameters are still too burdensome, Plaintiffs have repeatedly requested that Defendants provide "hit reports" showing the number of documents that would be reviewed under Plaintiffs' proposed search parameters as opposed to Defendants'. *Id.* at 1. Hit reports are common practice in eDiscovery, and they often help further negotiations over search parameters because they allow the parties to identify which parameters, if any, are disproportionately driving up the hit counts. *Id.* But to date Defendants have refused to produce any hit reports or to even provide Plaintiffs (or the Court) with an estimate of the number of documents likely to be reviewed under the parties' competing proposals, instead continuing to cite the virtually meaningless statistic that Defendants have *collected* "over 500,000" documents. Admin Mot. at 2.[3]

***Third***, entry of Plaintiffs' proposal would cause no harm to Defendants. In particular, it would not require Defendants to produce any discovery that Defendants deem "confidential" until (a) the parties have agreed to a protective order or (b) if the parties are unable to reach an

[2] Thus, Defendants' declaration's purported concerns about "additional data pulls based on the as-yet unagreed upon terms" are both unfounded and out-of-date. Mizoguchi Decl. ¶ 7.

[3] At times, even Defendants appear to acknowledge that the "half-million plus" number is grossly inflated because it includes "duplicative and irrelevant material." Mizoguchi Decl. ¶ 5; *accord* Kurland Decl. ¶ 3. Defendants go on to claim that they have "reviewed over 12,734 documents to date," but they fail to offer any explanation why they have not produced a single one of those documents. Mizoguchi Decl. ¶ 5. If it is the case that Defendants have reviewed over 12,000 documents, then they should be in position to begin rolling productions of those materials now.

agreement on a protective order, this Court resolves that dispute. *See* Ex. A at 2. Defendants have identified only one category of information that could warrant protection—lower-level federal employees' names and contact information—and Plaintiffs are willing to agree to a protective order to protect such information. *Id.* at 1-2, 5. But Defendants have not even attempted to explain to Plaintiffs or the Court why they supposedly "cannot agree" to Plaintiffs' proposed revisions to Defendants' draft protective order, Kurland Decl. ¶ 8, and in the interim, there is certainly no basis for Defendants to hold *all* discovery hostage—even interrogatory responses and documents that Defendants do not intend to designate as confidential. *But see* Ex. A at 5 (claiming that "USDA cannot produce discovery in this matter without a protective order"); Admin Mot. at 2 (claiming that Defendants "stand ready" to "produce responses to Plaintiffs' interrogatories by September 30" but only "subject to an agreed upon protective order").

Moreover, Plaintiffs have offered not only to provide Defendants with an extra *44 days* to complete discovery, but also to meet and confer by October 30 if Defendants believe at that time that a further extension of the deadline is warranted. In that event, Plaintiffs will meet and confer with Defendants in good faith and consider the appropriate path forward based on Defendants' progress to date. There is simply no need to vacate the discovery deadline altogether at this time, especially given that Defendants do not present *any* argument—let alone evidence—that they will be unable to comply with their administrative record and discovery obligations by Plaintiffs' proposed deadline of November 13.

***Finally***, Defendants' proposal to indefinitely extend the discovery deadline would severely prejudice Plaintiffs. Defendants have not even *started* producing discovery, and their proposal does not even require to them to do that—it would only set a deadline for the parties to "submit a joint status report" a month from now. Admin Mot. at 2. Yet this matter has been pending for more than 14 months, and Defendants' continued failure to produce a complete record is the sole impediment to resolution of this case. *See* ECF No. 172 (case schedule providing for summary judgment briefing to begin as soon as Defendants satisfy their obligations).

Meanwhile, instead of producing a complete record in this case, Defendants have used the last several months to shop around for other forums in the hope that another court will greenlight their data demands after Judge Chesney has enjoined them twice, *see* ECF Nos. 106, 134. Specifically, since the parties filed their discovery letter briefs three months ago, Defendants have filed duplicative cases against four of the Plaintiff States and moved for preliminary injunctions that would require those States to immediately comply with Defendants' demands to produce the exact same data at issue in this case. The four States have moved to stay Defendants' duplicative cases—which expressly ask other courts to render inconsistent rulings and which are a waste of judicial and party resources (and taxpayer dollars)—under the first-to-file rule, and one court has already done so.[4] But while Defendants continue to delay the production of a complete record, they are simultaneously citing the delay in this case to argue to three other district courts that those courts should *not* stay their proceedings.[5]

In short, Defendants are seeking to "preliminarily" enforce their data demands in other tribunals in a bid to take immediate possession of Plaintiff States' data, while at the same time seeking to be relieved of a fixed deadline to produce a complete record in this case that will allow Plaintiff States to finally resolve it on the merits. Each day that goes by without Defendants producing a complete record in this matter frustrates the judicial process and allows Defendants to instead litigate substantively identical claims on an incomplete record in the separate tribunals of their choosing. For all the reasons explained above, Defendants' proposed schedule would fail to drive this case towards resolution, and the delay would harm Plaintiff States.

## CONCLUSION

The Court should deny Defendants' administrative motion outright or, in the alternative, enter an order consistent with Plaintiffs' proposed schedule, as set forth above.

---

[4] *United States v. Pennsylvania Dep't of Human Servs.*, No. 1:26-cv-01787-JPW, ECF No. 30 (M.D. Pa. Sept. 28, 2026). Judge Chesney agreed that all the first-to-file factors are met, but denied Plaintiff States' motion to enjoin Defendants from prosecuting their duplicative cases solely on comity grounds. *See* ECF No. 199.

[5] *See United States v. Kentucky Cabinet for Health & Family Servs.*, No. 3:26-cv-00051-CHB, ECF No. 26 at 15-16 (E.D. Ky.); *United States v. Michigan Dep't. of Health & Human Servs.*, No. 1:26-cv-01950, ECF No. 28 at 8 (W.D. Mich.); *United States v. Minnesota Dep't. of Children, Youth, & Families*, No. 0:26-cv-03120, ECF No. 36 at 17 (D. Minn.).

Dated: September 30, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
PAUL STEIN
ROBIN GOLDFADEN
Supervising Deputy Attorneys General
SEBASTIAN BRADY
WILLIAM BELLAMY
MARIA F. BUXTON
JOSEPH H. MEEKER
JULIA HEMING SEGAL

*Liam E. O'Connor*
LIAM E. O'CONNOR
DEPUTY ATTORNEY GENERAL
*Attorneys for Plaintiff State of California*

| ADDITIONAL COUNSEL FOR PLAINTIFFS | |
|---|---|
| Letitia James<br>Attorney General of New York<br><br>*/s/ Mark Ladov*<br>Mark Ladov<br>Special Counsel<br>Julie Dona<br>Special Counsel<br>28 Liberty St.<br>New York, NY 10005<br>(212) 416-8240<br>mark.ladov@ag.ny.gov<br>*Attorneys for Plaintiff State of New York* | Kwame Raoul<br>Attorney General of Illinois<br><br>*/s/ Sherief Gaber*<br>Harpreet K. Khera<br>Bureau Chief, Special Litigation<br>Sherief Gaber<br>Assistant Attorney General<br>115 S. LaSalle St., 35th Flr.<br>Chicago, Illinois 60603<br>(773) 590-7127<br>sherief.gaber@ilag.gov<br>*Attorneys for Plaintiff State of Illinois* |
| Kristin Mayes<br>Attorney General of Arizona<br><br>*/s/ Luci D. Davis*<br>Luci D. Davis (AZ No. 035347)<br>Hayleigh S. Crawford (AZ No. 032326)<br>2005 N. Central Ave. Phoenix, AZ 85004<br>(602) 542-3333<br>Luci.Davis@azag.gov<br>Hayleigh.Crawford@azag.gov<br>ACL@azag.gov<br>*Attorneys for Plaintiff State of Arizona* | Philip J. Weiser<br>Attorney General of Colorado<br><br>*/s/ David Moskowitz*<br>David Moskowitz<br>Deputy Solicitor General<br>Colorado Department of Law<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>Phone: (720) 508-6000<br>david.moskowitz@coag.gov<br>*Attorneys for Plaintiff State of Colorado* |
| William Tong<br>Attorney General of Connecticut<br><br>*/s/ Patricia E. McCooey*<br>Patricia E. McCooey<br>Assistant Attorney General<br>(860) 808-5152<br>Patricia.McCooey@ct.gov<br>*Attorneys for Plaintiff State of Connecticut* | Kathleen Jennings<br>Attorney General of Delaware<br><br>*/s/ Vanessa L. Kassab*<br>Ian R. Liston<br>Director of Impact Litigation<br>Vanessa L. Kassab<br>Deputy Attorney General<br>Delaware Department of Justice<br>820 N. French Street<br>Wilmington, DE 19801<br>(302) 683-8899<br>vanessa.kassab@delaware.gov<br>*Attorneys for Plaintiff State of Delaware* |

| | |
|---|---|
| Brian L. Schwalb<br>Attorney General for the District of Columbia<br><br>*/s/ Nicole S. Hill*<br>Nicole S. Hill<br>Assistant Attorney General<br>Office of the Attorney General for the District of Columbia<br>400 Sixth Street, NW<br>Washington, D.C. 20001<br>(202) 727-4171<br>nicole.hill@dc.gov<br>*Attorneys for Plaintiff District of Columbia* | Anne E. Lopez<br>Attorney General of Hawaiʻi<br><br>*/s/ Kalikoʻonālani D. Fernandes*<br>Special Assistant to the Attorney General<br>Kalikoʻonālani D. Fernandes<br>Solicitor General<br>425 Queen Street<br>Honolulu, HI 96813<br>(808) 586-1360<br>kaliko.d.fernandes@hawaii.gov<br>*Attorneys for Plaintiff State of Hawaiʻi* |
| Office of The Governor *ex rel*. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky<br><br>*/s/ S. Travis Mayo*<br>S. Travis Mayo<br>General Counsel<br>Laura C. Tipton<br>Deputy General Counsel<br>Office of the Governor<br>700 Capitol Avenue, Suite 106<br>Frankfort, KY 40601<br>(502) 564-2611<br>travis.mayo@ky.gov<br>laurac.tipton@ky.gov<br>*Attorneys for Plaintiff Kentucky Governors' Office* | Aaron M. Frey<br>Attorney General of Maine<br><br>*/s/ Brendan Kreckel*<br>Brendan Kreckel<br>Assistant Attorney General<br>Office of the Attorney General<br>6 State House Station<br>Augusta, ME 0433-0006<br>Tel.: 207-626-8800<br>Fax: 207-287-3145<br>brendan.kreckel@maine.gov<br>*Attorneys for Plaintiff State of Maine* |
| Anthony G. Brown<br>Attorney General of Maryland<br><br>*/s/ James C. Luh*<br>James C. Luh<br>Senior Assistant Attorney General<br>Office of the Attorney General<br>200 Saint Paul Place, 20th Floor<br>Baltimore, Maryland 21202<br>410-576-6411<br>jluh@oag.state.md.us<br>*Attorneys for Plaintiff State of Maryland* | Andrea Joy Campbell<br>Attorney General of Massachusetts<br><br>*/s/ Katherine Dirks*<br>Katherine Dirks<br>Chief State Trial Counsel<br>Cassandra Thomson<br>Assistant Attorney General<br>Office of the Massachusetts Attorney General<br>1 Ashburton Place Boston, MA 02108<br>(617) 963-2277<br>katherine.dirks@mass.gov<br>cassandra.thomson@mass.gov<br>*Attorneys for Plaintiff Commonwealth of Massachusetts* |

| | |
|---|---|
| Dana Nessel<br>Attorney General of Michigan<br><br>*/s/ Neil Giovanatti*<br>Neil Giovanatti<br>Assistant Attorney General<br>Michigan Department of Attorney General<br>525 W. Ottawa<br>Lansing, MI 48909<br>(517) 335-7603<br>giovanattin@michigan.gov<br>*Attorneys for Plaintiff State of Michigan* | Keith Ellison<br>Attorney General of Minnesota<br><br>*/s/ Joseph R. Richie*<br>Joseph R. Richie<br>Special Counsel<br>445 Minnesota Street, Suite 1400<br>St. Paul, Minnesota, 55101<br>(651) 300-0921<br>joseph.richie@ag.state.mn.us<br>*Attorneys for Plaintiff State of Minnesota* |
| Jennifer Davenport<br>Attorney General of New Jersey<br><br>/s/ *Kashif T. Chand*<br>Kashif T. Chand (NJ Bar No. 016752008)<br>Assistant Attorney General<br>New Jersey Office of the Attorney General, Division of Law<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101<br>Tel: (973) 648-2052<br>kashif.chand@law.njoag.gov<br>*Attorneys for Plaintiff State of New Jersey* | Raúl Torrez<br>Attorney General of the State of New Mexico<br><br>*/s/ Steven Prefrement*<br>Steven Perfrement<br>Senior Litigation Counsel<br>New Mexico Department of Justice<br>408 Galisteo Street<br>Santa Fe, New Mexico 87501<br>SPerfrement@nmdoj.gov<br>505-601-7727<br>*Attorneys for the State of New Mexico* |
| Dan Rayfield<br>Attorney General of Oregon<br><br>*/s/ Scott P. Kennedy*<br>Scott P. Kennedy<br>Senior Assistant Attorney General<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>Tel (971) 453-9050<br>Fax (971) 673-5000<br>Scott.Kennedy@doj.oregon.gov<br>*Attorneys for Plaintiff State of Oregon* | Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania<br><br>*/s/ Jacob B. Boyer*<br>Jennifer Selber<br>General Counsel<br>Jacob B. Boyer<br>Deputy General Counsel<br>Pennsylvania Office of the Governor<br>30 N. 3rd St., Suite 200<br>Harrisburg, PA 17101<br>(717) 460-6786<br>jacobboyer@pa.gov<br>*Counsel for Governor Josh Shapiro* |

| | |
|---|---|
| Peter F. Neronha<br>Attorney General of Rhode Island<br><br>/s/ *Madeline R. Becker*<br>Madeline R. Becker (RI Bar No. 10034)<br>Special Assistant Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>(401) 274-4400, Ext. 2151<br>mbecker@riag.ri.gov<br>*Attorneys for Plaintiff State of Rhode Island* | Nicholas W. Brown<br>Attorney General of Washington<br><br>/s/ *Jennifer K. Chung*<br>Jennifer K. Chung, WSBA #51583<br>William Mcginty, WSBA #41868<br>Julie Moroney, WSBA #59017<br>Assistant Attorneys General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>206-464-7744<br>jennifer.chung@atg.wa.gov<br>william.mcginty@atg.wa.gov<br>julie.moroney@atg.wa.gov<br>*Attorneys for Plaintiff State of Washington* |
| Joshua L. Kaul<br>Attorney General of Wisconsin<br><br>/s/ *Karla Z. Keckhaver*<br>Karla Z. Keckhaver<br>Assistant Attorney General<br>Wisconsin Department of Justice<br>Post Office Box 7857<br>Madison, Wisconsin 53707-7857<br>608-264-6365<br>karla.keckhaver@wisdoj.gov<br>*Attorneys for Plaintiff State of Wisconsin* | Aaron D. Ford<br>Attorney General of Nevada<br><br>/s/ *Heidi Parry Stern*<br>Heidi Parry Stern (Bar. No. 8873)<br>Solicitor General<br>Office of the Nevada Attorney General<br>1 State of Nevada Way, Ste. 100<br>Las Vegas, NV 89119<br>HStern@ag.nv.gov<br>*Attorneys for Plaintiff State of Nevada* |