# Exhibit A

[redacted]

| | |
|---|---|
| **From:** | Julia HemingSegal |
| **Sent:** | Tuesday, September 29, 2026 12:01 PM |
| **To:** | Kurland, Benjamin S (CIV) |
| **Cc:** | Liam O'Connor; Paul Stein; Maria Buxton; Ladov, Mark; Gaber, Sherief; Chung, Jennifer (ATG); Becker, Tyler (CIV); Shapiro, Elizabeth (CIV) |
| **Subject:** | RE: California v. USDA - Discovery Order Next Steps |
| **Attachments:** | 2026.09.22 - Stipulated Protective Order_Redline_Plaintiffs' Revisions.docx |

Ben,

We address each outstanding issue in turn, below.

**Search parameters**

The date ranges that we have proposed are in line with Judge Westmore's order. For example, Judge Westmore ordered Defendants to produce documents concerning what USDA considered in determining the scope of its data demands. Defendants did not identify and confirm the demanded data elements to Plaintiffs before sending correspondence to Plaintiffs on November 24, 2025 and December 23, 2025. Thus, the appropriate timeframe for Defendants' search for responsive documents is at least January 20, 2025 through December 23, 2025. In an attempt to reach compromise and to avoid court intervention, we are willing to narrow our proposed date range to end on December 23, 2025 instead of March 31, 2026 for RFPs 8 and 9 (consistent with our proposals for RFPs 4 and 6). Defendants' proposal of narrowing the date range to May 6, 2025 would not ensure an adequate administrative record and would exclude relevant documents responsive to the court-ordered RFPs.

You have expressed concerns regarding burden, referencing a "pull" of "500k documents." But in our experience, the number of documents that will actually be reviewed is a small fraction of the total number collected after (1) the universe of documents is de-duped, (2) message chains are threaded, and (3) search terms are run. That is why, if Defendants believe the search parameters are unduly burdensome, we have requested hit reports showing our proposed search parameters versus Defendants' proposed search parameters. These hit reports should include unique counts for each term so that potentially overbroad terms can be identified, and parties can consider potential revisions to appropriately narrow the population. That is common practice in eDiscovery, and, in our experience, it significantly furthers negotiations because it allows the parties to identify which parameters, if any, are disproportionately driving up the hit count.

To further negotiations, if Defendants disagree with Plaintiffs' proposal for search parameters, could you please provide hit reports for Plaintiffs' proposal and Defendants' counterproposal? For reporting, we encourage Defendants to consider disaggregating each compound term to its component pieces in hopes of identifying particularly noisy term combinations. If helpful, Plaintiffs can provide a list of disaggregated terms.

In addition to managing the volume of the review population as described above, we assume Defendants have considered review workflow efficiencies such as technology-assisted review (TAR) to manage the review burden. If helpful, Plaintiffs can set up a call including both counsel and our eDiscovery experts to facilitate agreement on these issues and ensure a timely and responsive production.

**Protective Order**

In our experience, protective orders are not a "matter of course" in litigation between government entities concerning matters of significant public interest. However, we understand Defendants' concerns regarding the

privacy of employees' names and contact information, which thus far is the only category of information that Defendants have identified that could warrant protection. In the attached, we have proposed some further revisions which we hope are not controversial. Please note that while we are sharing this proposal now, we are still soliciting feedback from our coalition and will need their final sign off before filing.

**Next Steps**

So long as Defendants continue to prosecute duplicative cases against Plaintiff States in courts across the country in the hopes of obtaining "emergency" relief without having to produce a complete record, we will not agree to any modification of the schedule that does not include a fixed deadline for the completion of the AR and all discovery, including a privilege log.

There is no reason why Defendants cannot *begin* responding to discovery by tomorrow, which is, of course, the current deadline to complete discovery set by Magistrate Judge Westmore. And even if we are unable to reach agreement on the protective order today, that is no reason to delay the production of non-confidential materials.

Accordingly we propose that the parties stipulate to the following deadlines:

| Event | Old Deadline | New Deadline |
|---|---|---|
| Responses to ROGs 1 and 4 | September 30 | • October 2 for material that Defendants do not designate confidential<br>• 3 days after agreement on protective order for material that Defendants designate confidential (or, in the absence of agreement, after the entry of a protective order) |
| Beginning of weekly rolling document productions | N/A | • October 2 for documents that Defendants do not designate confidential<br>• 3 days after agreement on protective order (or, in the absence of agreement, after the entry of a protective order) for documents that Defendants designate confidential |
| Completion of AR and discovery (including production of privilege log) | September 30 | • November 13, provided that Defendants agree to weekly rolling productions, as detailed above.<br>• If Defendants believe they will need more time, the parties shall meet and confer on or before October 30 to discuss the current status, including how many documents Defendants have reviewed, how many documents Defendants have produced, and how many documents Defendants have left to review at that time |

Best,

Julia

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Tuesday, September 29, 2026 8:17 AM
**To:** Julia HemingSegal <Julia.HemingSegal@doj.ca.gov>
**Cc:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Maria Buxton <Maria.Buxton@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Chung, Jennifer (ATG) <jennifer.chung@atg.wa.gov>; Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** RE: California v. USDA - Discovery Order Next Steps

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Thank you, Julia.

Is it possible to respond to the extension piece first? We need to timely raise the issue o an extension with the Court and I would prefer to do so as a stipulation between the parties in good faith.

Thank you,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

---

**From:** Julia HemingSegal <Julia.HemingSegal@doj.ca.gov>
**Sent:** Tuesday, September 29, 2026 11:15 AM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Maria Buxton <Maria.Buxton@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Chung, Jennifer (ATG) <jennifer.chung@atg.wa.gov>; Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** [EXTERNAL] RE: California v. USDA - Discovery Order Next Steps

Hi Ben,

I apologize for the delay in my response—I was out yesterday. We are working on getting back to you today on the outstanding issues.

Best,

Julia

---

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Monday, September 28, 2026 6:37 PM
**To:** Julia HemingSegal <Julia.HemingSegal@doj.ca.gov>
**Cc:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Maria Buxton <Maria.Buxton@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Chung, Jennifer (ATG) <jennifer.chung@atg.wa.gov>; Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV)

<Elizabeth.Shapiro@usdoj.gov>
**Subject:** Re: California v. USDA - Discovery Order Next Steps

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Julia,

Can Plaintiffs confirm by tomorrow morning if they agree to my proposal from Friday so we can timely submit to the Court?

Thank you,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

---

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Friday, 25 September 2026 20:42:19
**To:** Julia HemingSegal <Julia.HemingSegal@doj.ca.gov>
**Cc:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Maria Buxton <Maria.Buxton@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Chung, Jennifer (ATG) <jennifer.chung@atg.wa.gov>; Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** RE: California v. USDA - Discovery Order Next Steps

Hi Julie,

USDA will agree to a significant portion of your proposals below. USDA remains concerned, however, about the burden and relevance of some of Plaintiffs' terms. I'll address in greater depth below, but to facilitate speedy production, and avoid additional involvement of the Court, we propose some practical solutions to keep things moving.

Custodians
USDA will agree to including the Secretary as custodian for all RFPs. This will include significantly more emails for USDA to review, extending the time it will take USDA to complete production. As I mentioned in my previous email, USDA has currently identified upwards of 500K emails before additions, which will take significant time to review.

Individual Requests
USDA will agree to the search terms as they appear in your chart. USDA notes that the chart includes some word proximity requirements, despite Plaintiffs overall objection to proximity requirements, in RFPs 8 and 9. We assume, however, that the broader objection does not apply to those terms.

On Plaintiffs' broader objection to word proximity requirements, USDA again notes the large and burdensome number of documents already identified. Practically speaking, proximity requirements cut down on the number of documents to review and increases the likelihood of identifying relevant documents. It is difficult to provide precise hit counts at the moment as we have not agreed to final terms and it takes some time to pull such reports when the data is no longer in flux. As such, USDA

proposes that the parties agree to the terms in this email and as outlined in Plaintiffs' chart, then conduct a hit count report to determine if further narrowing through proximity requirements is necessary to bring review and production into a reasonable timeframe.

Timeframes

USDA believes the timeframes it has proposed are what was ordered by the Court. Specifically, Magistrate Judge Westmore found that completion and supplementation of the record was appropriate based on "the absence of any intra- or inter-agency documents *pre-dating Defendant USDA's first demand for data on May 6, 2025*." ECF No. 204 at 3; see also id. at 5 ("Accordingly, the Court ORDERS Defendants to complete the AR by producing and including all documents directly or indirectly before the agency, including inter- and intra-agency records *pre-dating the first request* for SNAP data and documents explaining the scope of data requested or the decision to depart from past practice."). The Magistrate specifically denied Plaintiffs' requests outside of this date range, for example requests related to the May 13, 2026, preliminary report and in relation to immigration enforcement. Id. at 7.

Nevertheless, USDA has sought to compromise with Plaintiffs by providing responses to Plaintiffs outside of the date range where the RFP focuses on an action or event that was taken after the first data request, for example the Secretary's comments or the NAC email. See RFPs 4 and 7. Otherwise, this is a significant issue for USDA as it is not only outside of the Court's order but would add a year's worth of data to review and log, representing a significant burden.

To compromise, however, and to avoid raising another dispute before the Court, USDA proposes that it focus present review and production on the timeframes it has suggested. After production is complete, and if Plaintiffs are able to demonstrate relevance of additional timeframes at a later date, the Parties can address those issues at that time.

Protective Order

USDA insists on a protective order, which is a matter of course in discovery. Protective orders protect the identities of employees (including those Plaintiffs wish to be produced pursuant to Rog 1 on September 30), protect against incidental disclosure, and speed up production. At this time, USDA cannot list all the categories of confidential information that might be found in discovery, since we will not know what protected information is in the materials until it is reviewed. But, this case involves Privacy Act claims, and information which Plaintiffs assert is protected by the Privacy Act, as well as a host of other federal laws and regulations. USDA cannot produce discovery in this matter without a protective order.

Next Steps

USDA can agree—pending agreement to a protective order—to producing responses to Plaintiffs' interrogatories by September 30. It is physically impossible, however, to finish discovery in the presently allotted time, which I am sure Plaintiffs agree with. Further, given the current amount of data to be reviewed and the fact that we are only now finalizing terms, I do not believe we can in good faith agree to an October 30th deadline, which I am certain cannot be met. I am sure there is enough legal experience on this chain to agree that reviewing, logging, and producing over 500k documents from an agency as large as USDA cannot be completed in that timeframe. USDA has agreed to many of Plaintiffs' terms in good faith, despite the certainty that they will add significant burdens to the process. As such, USDA still believes the most practical and honest course of action is to agree to submit a JSR by October 30, at which time USDA will likely be able to better assess how long discovery will take based on finalized data pulls, review rates, and actual data.

Thank you,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

---

**From:** Julia HemingSegal <Julia.HemingSegal@doj.ca.gov>
**Sent:** Friday, September 25, 2026 10:34 AM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Maria Buxton <Maria.Buxton@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Chung, Jennifer (ATG) <jennifer.chung@atg.wa.gov>; Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** [EXTERNAL] RE: California v. USDA - Discovery Order Next Steps

Dear Ben,

Plaintiffs write to respond to USDA's positions on the various outstanding discovery issues.

Custodians:

Plaintiffs appreciate the inclusion of James Miller and Richard Lucas with the originally proposed custodians from USDA. Plaintiffs agree to exclude Akash Bobba, Jordan Wick, Michael Cole, Daniel Abrahamson, and Jeremy Lichtman as custodians at this time (reserving the right to renew these requests if needed based on new information), but maintain that Secretary Rollins should serve as a custodian for all RFPs. Judge Westmore's order clearly recognizes Secretary Rollins' role in the conduct challenged here. ECF No. 204 at 3. Secretary Rollins has repeatedly admitted to personal involvement in the decision to demand Plaintiffs' SNAP data, as well as the implementation of that decision, and Judge Westmore found that the RFPs that Defendants must respond to are relevant to those actions. To the extent that Secretary Rollins' communications may be duplicative with those of her Chiefs of Staff, the additional burden of reviewing and producing Secretary Rollins' communications unique to Secretary Rollins will be minimal.

Individual Requests

Plaintiffs remain concerned that Defendants' proposed timeframes and search terms would result in an incomplete administrative record and would exclude relevant documents responsive to the court-ordered RFPs. With respect to the timeframes, Plaintiffs do not accept Defendants' proposal to generally limit the search to a period prior to May 6, 2025. Even Defendants do not dispute that Plaintiffs' Second Amended Complaint challenges Defendants' data demands through March 31, 2026. As such, the administrative record and defendants' RFP responses must contain materials leading up to the agency actions indisputably at issue in this case. In an attempt to reach an agreement, Plaintiffs have narrowed their proposed date ranges and agreed to several of Defendants' proposals, as illustrated in the chart below.

With respect to the search terms to be used with each individual request, Plaintiffs similarly wish to ensure that Defendants' searches will capture the relevant documents requested. For example, Judge Westmore found that RFP 4 properly seeks documents relating to Secretary Rollins' bad faith and pretextual representations regarding the SNAP data initiative, ECF No. 204 at 9, findings that she made based in part on Plaintiffs' Second Amended Complaint, which notes Secretary Rollins' representations that "Biden increased [SNAP] 40 percent in his four years—of course, trying to buy reelection for the *Democrats*," and "speculat[ing]" that "*blue states*" are "working to put people into government programs where they can buy their vote for the election[,]" SAC ¶ 244 n.61 (emphasis added). Thus, Plaintiffs' proposed terms are necessary to ensure a complete search. Note that it is

Plaintiffs' understanding that Defendants are aware of and will comply with their obligation to produce documents responsive to the various RFPs should such documents come up in a search of the search terms of another RFP.

Plaintiffs have otherwise noted below where the parties are in agreement regarding the search terms, and will agree to further limit the search terms from their prior proposal to the following:

| RFP# | RFP Text | Search Timeframe | Search Terms |
|---|---|---|---|
| RFP4 | Documents explaining Secretary Brooke Rollins' statement that "[USDA] asked every state for the first time in history, and this was in February [2025], to send us their [SNAP] data and let us with DOGE and a war room actually start going through this data to better understand how this explosion of SNAP benefits happened under Joe Biden. We increased almost 40% on this program in just a couple of years under the Biden administration. Of course, we know that they were trying to buy the election, but that's a conversation for another time." | Jan. 20, 2025 – Dec. 23, 2025 | "war room" or "Fox*" or "Fox & Friends*" or "Rachel Duffy*"; **("SNAP*" or "food stamp*") and ("data*" or ~~"fraud*" or~~ "DOGE*" or "Biden*" or "blue state*" or "Democrat*" or ~~"blue state*" or "Democrat*" or "vot*" or~~ "election*")** ~~**and ("Brooke" or "Rollins" or "Secretary" or <Secretary Rollins' email or other contact address>); "fraud*" and ("data*" or "DOGE*" or "Biden*" or "blue state*" or "Democrat*" or "vot*" or "election*") and ("Brooke" or "Rollins" or "Secretary" or <Secretary Rollins' email or other contact address>)**~~ |
| RFP5 | Documents describing and explaining USDA's decision to request data from EBT Vendors on or after February 13, 2025, and any materials or information that EBT Vendors provided to USDA about the data requests. | Parties in agreement: Jan. 20, 2025 to May 6, 2025 | Parties in agreement: ("SNAP*" and "data*") or ("recipient*" and "data*") or ("SNAP*" and "SORN*") or ("EBT*" and "contractor*") or ("EBT*" and "processor*") or ("data*" and "MOU*") or ("FIS*" or "Fidelity Information Services") or "Conduent*" or "Morse*" or "Inmar*" |

| | | | |
|---|---|---|---|
| RFP6 | Documents explaining USDA’s determinations that “USDA has determined that each data element requested is necessary to complete its audit” (see May 2026 Data Demand at 8), and that “USDA shall collect only the data elements necessary to achieve specific, legally permissible goals, such as fraud detection, duplicate enrollment prevention, and program integrity checks. The scope of data collection shall be limited by excluding sensitive PII unless directly relevant to these goals (i.e., the collection of data elements spelled out in the Privacy Impact Assessment)” (see Fourth Proposed Protocol § 2.2.1). | Jan. 20, 2025 to Dec. 23, 2025. | (“SNAP*” and “data* element*”); **“SNAP*” and (“data* field*” or schema); (“SNAP*” or “food stamp*”) and (“PII*” or “personal* identif* info*” or “PIA*” or “Privacy Impact Assessment*” or “social security number*” or “SSN*”)** ~~*” or “non-recipient*” or “nonrecipient” or “household member*” or “family member*” or “PIA” or “Privacy Impact Assessment”); (“data* element*” or “data* field*” or schema) and (“security” or “home address*” or “street address*” or “social security number*” or “SSN*” or “date* of birth” or “DOB*”)~~ |
| RFP7 | Documents concerning USDA’s e-mail on March 27, 2026, that it is “pausing further development on the National Accuracy Clearinghouse temporarily as we take an opportunity to leverage new technology and enhance functionality in order to achieve the Secretary of Agriculture’s goal of stopping fraud and abuse” and any plans by USDA to replace or supplement the National Accuracy Clearinghouse by using the SNAP Information Database. | Jan. 20, 2025 to March 27, 2026. | (“National Accuracy Clearinghouse*” or “NAC*”) and ((“pause*” or “stop*” **or “duplicate*” or “data*” or “PII*” or “freez*” or “froz*” or “suspen*” or “halt*” or “replac*”)** ~~or (“Palantir*” or “Starlight*”))~~ |
| RFP8 | All Documents reflecting or constituting communications between Defendants and any other federal agency (including, | Jan. 20, 2025 to March 31, 2026. | Parties in agreement: (“data*” or “SNAP*”) and (“DHS*” or “ICE*” or ~~“CPB” or~~ “OIG*” or “Palantir*” or “DOGE*” or “MOU*” or “contract*” **or “memo* /2 understanding*” or** |

| | | | |
|---|---|---|---|
| | but not limited to, DOGE, DHS, or USDA-OIG), federal employee (including, but not limited to, White House officials), federal contractor (including, but not limited to, Palantir) or other third party concerning the use or potential use of data collected for the SNAP Information Database. | | **“USCIS*” or “HSI*” or “CBP*” or “Homeland*” or “immigra*”)** ~~**/4 “enforc*” or “SOW*” or “agreement*” or “protocol*”)**~~ |
| RFP9 | All Documents concerning the role of any other federal agency (including, but not limited to, DOGE, DHS, or USDA-OIG), federal employee (including, but not limited to, White House officials), federal contractor (including, but not limited to, Palantir) or other third party (including, but not limited to, the Foundation for Government Accountability) in (i) issuing and drafting the Challenged Data Demands, (ii) analyzing the existence of waste, fraud or abuse in the SNAP program, and (iii) analyzing data held in the SNAP Information Database. Documents produced in response to this Request for Production shall include but not be limited to any contracts, memoranda of understanding (MOUs), statements of work (SOWs), data protocols, or other agreements, including drafts, between USDA and any federal agency, employee, contractor or other party concerning access to, development of, or use of | Jan. 20, 2025 to March 31, 2026. | Parties in agreement: (“data*” or “SNAP*”) and (“DHS*” or “ICE*” ~~**or “CPB”**~~ or “OIG*” or “Palantir*” or “DOGE*” or “MOU*” or “contract*” **or “memo* /2 understanding*” or “USCIS*” or “HSI*” or “CBP*” or “Homeland*” or “immigra*” /4 “enforc*” or “SOW*” or “agreement*” or “protocol*”)** |

| | | | |
|---|---|---|---|
| | the SNAP Information Database. | | |
| RFP13 | All Documents concerning Defendants' interpretation and implementation of Executive Order 14243, "Stopping Waste, Fraud, and Abuse by Eliminating Information Silos," including any directions or guidance from the Executive Office of the President concerning implementation of Executive Order 14243. | Parties in agreement: Jan. 20, 2025 to May 6, 2025. | Parties in agreement: ("Executive Order*" or "EO*" or "E.O.*") and ("14243*" **or silo*)** and "SNAP*") |

We note that Defendants have proposed a 2-word proximity requirement on various RFPs. Plaintiffs do not agree to such an extreme narrowing of search terms. If Defendants believe further narrowing of search terms is warranted, Plaintiffs are happy to consider any hit reports produced by Defendants that substantiate any claimed undue burden.

As with our prior proposal, Plaintiffs may revisit the proposed custodians, search terms, and time periods upon receipt of Defendants' responses to Plaintiffs' requests.

Protective Order

Plaintiffs are reviewing Defendants' proposed protective order and will respond under separate cover. If we recall correctly, you indicated on the last call that you are seeking the protective order because Defendants expect the discovery to include the names of USDA employees who are GS-15 and lower. Could Defendants please identify any other categories of documents that they expect to produce and deem confidential and any other reason for Defendants seeking the proposed protective order so that we can better evaluate Defendants' claimed need and the scope of any such order?

Next Steps

Defendants request a blanket 30-day extension of the discovery deadlines. But Defendants should be in a position to promptly respond to Plaintiffs' Interrogatories, which are limited in number and do not depend on the parties'

search term negotiations. Of course, if, upon reviewing documents, Defendants learn of new information, they can and must supplement their interrogatory responses under FRCP 26(e). Accordingly, Plaintiffs do not believe an extension of Defendants' deadline to produce interrogatory responses is warranted.

With respect to Defendants' production of documents in response to Plaintiffs' RFPs, Plaintiffs will agree to stipulate to Defendants making a rolling production, beginning on September 30, with a new deadline to complete the administrative record and production of all requested documents and a privilege log by October 30. If Defendants believe they will need more time beyond that 30-day extension, Plaintiffs propose that the parties meet and confer two weeks in advance of that deadline to discuss the current status, including how many documents Defendants have reviewed, how many documents Defendants have produced, and how many documents Defendants have left to produce at that time.

Best,

Julia

**Julia Heming Segal**
Deputy Attorney General
Civil Rights Enforcement Section
California Department of Justice
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA 94102-7004
Tel: (415) 229-0128
Email: Julia.HemingSegal@doj.ca.gov

---

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Wednesday, September 23, 2026 9:16 AM
**To:** Julia HemingSegal <Julia.HemingSegal@doj.ca.gov>
**Cc:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Maria Buxton <Maria.Buxton@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Chung, Jennifer (ATG) <jennifer.chung@atg.wa.gov>; Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** RE: California v. USDA - Discovery Order Next Steps

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Julia,

USDA has been diligently working to conduct discovery. I will start out by noting that, even prior to addressing Plaintiffs' requests below, USDA's initial document pull identified over 500k documents. This does not represent what may ultimately be relevant or non-privileged. But it should give you a sense of the monumental task at hand and the time required to review, produce, and log discovery. USDA has committed significant resources including personnel to the review. USDA is currently working on loading discovery into a document review platform, but their contractor hit some technical snags over the weekend, delaying the process. All that being said, progress is being made but there is simply no way to accomplish the task by September 30.

As to your points below.

1. Custodians

USDA is willing to add James Miller and Richard Lucas with no caveats. USDA will agree to add Secretary Rollins but believe her search should be limited to RFP 4, which is the sole request relevant to her. USDA also notes that they have already listed as custodians, and pulled emails from, two of the Secretary's Chiefs of Staff. As for the other individuals raised by Plaintiffs, USDA believes that there will be little, if any, relevant information based on their known involvement in the data requests. That being said, they can be added if needed, but every additional custodian represents potentially thousands of additional emails which must be reviewed and logged, adding to the overall time it will take to complete the task. So, the more people Plaintiffs insist on adding, the more time USDA will insist on to conduct their review.

2. Individual Requests

The attached document includes USDA's suggestions regarding search terms in response to Plaintiffs' comments below. Additionally, below is feedback on each request, but one overarching comment is that search terms should be limited to terms within the RFP, including any quotes on which the RFP is based.

- RFP 4: Search terms should be limited to those that appear in the Secretary's quote or the RFP itself. Further, including the Secretary as a custodian in this search makes Plaintiff's second paragraph redundant. Inclusion of those terms will result in false positives for any email sent to or from her. Regarding the remaining terms, USDA will utilize a two-word proximity requirement.

- RFP 5: USDA confirms that the terms previously utilized capture domain names. Since that is the case, USDA suggests dropping the root expanders, since the information will already be captured and dropping the expanders will limit false positives and save USDA time in having to re-run the search.

- RFP 6: USDA will add a two-word proximity requirement to limit potentially relevant hits. USDA notes that the basis for the list comes from the statute and various elements that determine eligibility and benefit levels. Thus, Plaintiffs proposed terms would likely produce extensive hits, few of which ultimately would be relevant.

- RFP 7: Search terms should be limited to those that appear in the RFP itself. USDA will add a two-word proximity requirement to limit potentially relevant hits.

- RFP 8: Search terms should be limited to those that appear in the RFP itself. USDA will add a two-word proximity requirement to limit potentially relevant hits.

- RFP 9: USDA will add a two-word proximity requirement to limit potentially relevant hits.

- RFP 13: USDA can agree to Plaintiffs' suggestions.

I will note that your request for "hit counts" on each individual RFP and search terms is difficult to accomplish. It takes USDA's IT team several days to conduct pulls and limiting construct numerous iterations of search terms, adding to the overall time to complete this task and respond to Plaintiffs' questions. Given the expansive hit count already, it is safe to say that adding additional terms will add to the overall burden.

3. Time frame:

For RFP 4, USDA suggests limiting the search to October 2, 2025, through November 2, 2025 (the date of the interview).
For RFP 7, USDA suggests limited the search to February 27, 2026, through March 27, 2026 (the date of the email).
For all others, USDA can agree to a start date of January 20, 2025, but believes May 6 is the appropriate end date given the Magistrates finding focusing on *pre*-First Data Request discovery. Further, limiting the time frame in this way will limit the documents that need to be reviewed, saving additional time and burden.

4. Document Searches

USDA confirms that searches are being conducted on all potentially relevant mediums, including emails, Teams, and file systems.

5. Protective Order

I am also including a draft protective order. It is based on the NDCA's template, and I am including a redline to chow the changes.

6. Additional Limitations

While USDA can agree to the terms above, we reserve the right to suggest additional limitations in the future should, after the parties reach an agreement on terms, the number of documents-to-review remains exceedingly burdensome to timely review. The addition of extra custodians, search terms, and overinclusive time frames significantly increases the documents to be reviewed and the time to review them.

7. Path Forward

Because we are still negotiating terms, USDA does not have an estimate of the total time needed to conduct the review. USDA suggests that the parties agree to a 30-day extension followed by a JSR to the Court updating on progress to date and suggesting a further schedule to complete discovery.

Thank you,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

---

**From:** Julia HemingSegal <Julia.HemingSegal@doj.ca.gov>
**Sent:** Friday, September 18, 2026 6:45 PM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Maria Buxton <Maria.Buxton@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Chung,

Jennifer (ATG) <jennifer.chung@atg.wa.gov>; Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** [EXTERNAL] RE: California v. USDA - Discovery Order Next Steps

Ben,

Thanks for the productive discussion yesterday. We write to follow up regarding Plaintiffs' position on custodians, the relevant timeframe for Defendants' searches to respond to Plaintiffs' RFPs, and Plaintiffs' additional proposed search terms for each RFP.

As discussed during our call, Plaintiffs propose the following additional individuals as custodians given their apparent or potential involvement in the SNAP Information Database and USDA's demands for SNAP data as reflected in publicly available information and the administrative record:

- Brooke Rollins
- James Miller
- Richard Lucas
- Akash Bobba
- Jordan Wick
- Michael Cole
- Daniel Abrahamson
- Jeremy Lichtman

Please let us know Defendants' position on these proposed custodians, and, if Defendants object to the inclusion of any of these individuals as custodians, please provide an explanation. As discussed on our call, Plaintiffs may also revisit the list of custodians upon receipt of Defendants' response to Interrogatory No. 1 and the rolling document productions.

With respect to the timeframe for Defendants' search for responsive documents, Plaintiffs' position is that the start of the search period should be January 20, 2025 for all of the requests to ensure that Defendants capture documents and communications that reflect the basis for decisions made in the first days after Secretary Rollins was sworn into office in February. With respect to the end date of the search period, Plaintiffs note their current proposed end date for the search timeframe, as well as additional proposed search terms (provided in red) for each request, below, but, again, reserve the right to revisit these search periods and terms upon receipt of Defendants' rolling document productions.

We appreciate your confirmation that Defendants are searching relevant electronic document systems, and not just Outlook, for this production. Can you also clarify which systems of documents Defendants will be reviewing? In particular, please confirm the forms of communications that Defendants will be reviewing (email, Teams, Signal, text messages, etc.), and that Defendants will be searching file servers and other locations where documents are stored.

| RFP# | RFP Text | End Date of Search Timeframe | Search Terms |
|---|---|---|---|

| | | | |
|---|---|---|---|
| RFP4 | Documents explaining Secretary Brooke Rollins’ statement that “[USDA] asked every state for the first time in history, and this was in February [2025], to send us their [SNAP] data and let us with DOGE and a war room actually start going through this data to better understand how this explosion of SNAP benefits happened under Joe Biden. We increased almost 40% on this program in just a couple of years under the Biden administration. Of course, we know that they were trying to buy the election, but that’s a conversation for another time.” | March 31, 2026 [note that Plaintiffs had originally proposed an earlier time period for subparts A-C, but given that the same search terms will be applied to all aspects of the search, we have revised to a single time period for the whole request] | “war room” or “Fox*” or “Fox & Friends*” or “Rachel Duffy*”;<br><br>**(“SNAP*” or “food stamp*”) and (“data*” or “fraud*” or “DOGE*” or “Biden*” or “blue state*” or “Democrat*” or “vot*” or “election*”) and (“Brooke” or “Rollins” or “Secretary” or <Secretary Rollins’ email or other contact address>);**<br><br>**“fraud*” and (“data*” or “DOGE*” or “Biden*” or “blue state*” or “Democrat*” or “vot*” or “election*”) and (“Brooke” or “Rollins” or “Secretary” or <Secretary Rollins’ email or other contact address>)** |
| RFP5 | Documents describing and explaining USDA’s decision to request data from EBT Vendors on or after February 13, 2025, and any materials or information that EBT Vendors provided to USDA about the data requests. | Concur with Defendants’ proposed May 6, 2025 end date for search | (“SNAP*” and “data*”) or (“recipient*” and “data*”) or (“SNAP*” and “SORN*”) or (“EBT*” and “contractor*”) or (“EBT*” and “processor*”) or (“data*” and “MOU*”) or (“FIS*” or “Fidelity Information Services”) or “Conduent*” or “Morse*” or “Inmar*”<br><br>**Plaintiffs additionally seek clarification that the search terms will be used to search domain names of senders and recipients.** |
| RFP6 | Documents explaining USDA’s determinations that “USDA has determined that each data element requested is necessary to complete its audit” (see May 2026 Data Demand at 8), and that “USDA shall collect only the data elements necessary to achieve specific, legally permissible goals, such as fraud detection, duplicate enrollment prevention, and program integrity checks. | March 31, 2026 | (“SNAP*” and “data* element*”);<br><br>**“SNAP*” and (“data* field*” or schema);**<br><br>**(“SNAP*” or “food stamp*”) and (“PII*” or “personal* identif* info*” or “non-recipient*” or “nonrecipient” or “household member*” or “family member*” or “PIA” or “Privacy Impact Assessment”);** |

| | | | |
|---|---|---|---|
| | The scope of data collection shall be limited by excluding sensitive PII unless directly relevant to these goals (i.e., the collection of data elements spelled out in the Privacy Impact Assessment)” (see Fourth Proposed Protocol § 2.2.1). | | **(“data* element*” or “data* field*” or schema) and (“security” or “home address*” or “street address*” or “social security number*” or “SSN*” or “date* of birth” or “DOB*”)** |
| RFP7 | Documents concerning USDA’s e-mail on March 27, 2026, that it is “pausing further development on the National Accuracy Clearinghouse temporarily as we take an opportunity to leverage new technology and enhance functionality in order to achieve the Secretary of Agriculture’s goal of stopping fraud and abuse” and any plans by USDA to replace or supplement the National Accuracy Clearinghouse by using the SNAP Information Database. | March 31, 2026 | (“National Accuracy Clearinghouse*” or “NAC*”) and (**(**“pause*” or “stop*” **or “duplicate*” or “data*” or “PII*” or “freez*” or “froz*” or “suspen*” or “halt*”) or (“Palantir*” or “Starlight*”)**) |
| RFP8 | All Documents reflecting or constituting communications between Defendants and any other federal agency (including, but not limited to, DOGE, DHS, or USDA-OIG), federal employee (including, but not limited to, White House officials), federal contractor (including, but not limited to, Palantir) or other third party concerning the use or potential use of data collected for the SNAP Information Database. | March 31, 2026 | (“data*” or “SNAP*”) and (“DHS*” or “ICE*” or ~~“CPB” or~~ “OIG*” or “Palantir*” or “DOGE*” or “MOU*” or “contract*” **or “memo* /2 understanding*” or “USCIS*” or “HSI*” or “CBP*” or “Homeland*” or “immigra*” /4 “enforc*” or “SOW*” or “agreement*” or “protocol*”)**<br><br>**Plaintiffs additionally seek clarification that the search terms will be used to search domain names of senders and recipients.** |

| | | | |
|---|---|---|---|
| RFP9 | All Documents concerning the role of any other federal agency (including, but not limited to, DOGE, DHS, or USDA-OIG), federal employee (including, but not limited to, White House officials), federal contractor (including, but not limited to, Palantir) or other third party (including, but not limited to, the Foundation for Government Accountability) in (i) issuing and drafting the Challenged Data Demands, (ii) analyzing the existence of waste, fraud or abuse in the SNAP program, and (iii) analyzing data held in the SNAP Information Database. Documents produced in response to this Request for Production shall include but not be limited to any contracts, memoranda of understanding (MOUs), statements of work (SOWs), data protocols, or other agreements, including drafts, between USDA and any federal agency, employee, contractor or other party concerning access to, development of, or use of the SNAP Information Database. | March 31, 2026 | (“data*” or “SNAP*”) and (“DHS*” or “ICE*” ~~or “CPB”~~ or “OIG*” or “Palantir*” or “DOGE*” or “MOU*” or “contract*” **or “memo* /2 understanding*” or “USCIS*” or “HSI*” or “CBP*” or “Homeland*” or “immigra*” /4 “enforc*” or “SOW*” or “agreement*” or “protocol*”)**<br><br>**Plaintiffs additionally seek clarification that the search terms will be used to search domain names of senders and recipients.** |
| RFP13 | All Documents concerning Defendants’ interpretation and implementation of Executive Order 14243, “Stopping Waste, Fraud, and Abuse by Eliminating Information Silos,” including any directions or guidance from the Executive Office of the President concerning implementation of Executive Order 14243. | Concur with Defendants’ proposed May 6, 2025 end date for search | (“Executive Order*” or “EO*” or “E.O.*”) and (“14243*” **or silo*)** and “SNAP*”) |

To the extent that Defendants disagree with our proposed additional search terms, or believe they would be duplicative of your existing searches, it would be helpful if Defendants could provide a hit count chart to inform further discussions.

We look forward to your response.

Best,

Julia

**Julia Heming Segal**
Deputy Attorney General
Civil Rights Enforcement Section
California Department of Justice
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA 94102-7004
Tel: (415) 229-0128
Email: Julia.HemingSegal@doj.ca.gov

---

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Wednesday, September 16, 2026 5:34 PM
**To:** Julia HemingSegal <Julia.HemingSegal@doj.ca.gov>
**Cc:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Maria Buxton <Maria.Buxton@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Chung, Jennifer (ATG) <jennifer.chung@atg.wa.gov>; Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** RE: California v. USDA - Discovery Order Next Steps

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Julia,

In advance of our meeting, Defendants propose the following custodians and search terms. Defendants also propose that searches be limited to the time frame of March 20, 2025 (the date of the relevant Executive Order) and May 6, 2025 (the date of FNA's First Data Request).

| Custodian | Title | Search Terms |
|---|---|---|
| Kailee Buller | Chief of Staff (former) | **RFP 4**: "war room"; "Fox" or "Fox & Friends"; "Rachel Duffy"<br><br>**RFP 5**: "SNAP" and "data"; "recipient" and "data"; "SNAP" and "SORN"; "EBT" and "contractor"; "EBT" and "processor"; "data" and "MOU"; "FIS" or "Fidelity Information Services"; "Conduent"; "Morse" or "Inmar"<br><br>**RFP 6**: "SNAP" and "data element*"<br><br>**RFP 7**: ["National Accuracy Clearinghouse" or "NAC"] and ["pause" or "stop"]<br><br>**RFPs 8 & 9**: ["data" or "SNAP"] and ["DHS" or "ICE" or "CPB" or "OIG" or "Palantir" or "DOGE" or "MOU" or "contract"]<br><br>**RFP 13**: ["Executive Order" or "EO" or "E.O."] and "14243" and "SNAP" |
| Tate Bennett | Chief of Staff (current) | |
| Jen Tiller | Chief of Staff to the Deputy Secretary and Senior Advisor on Nutrition | |
| Patrick Penn | Deputy Under Secretary for FNCS (former) | |
| Shiela Corley | Chief of Staff for FNCS (former); Acting Administrator for FNA (current) | |
| Gina Brand | Senior Policy Advisor for Integrity | |
| Conor Fennessy | Senior Advisor with the Secretary's Office (former) | |
| Joshua Fox | Senior Advisor with the Secretary's Office (former) | |
| Samuel Berry | Chief Information Officer (former); Senior Advisor with the Secretary's Office (former) | |
| Timothy Ronan | Senior Advisor with the Secretary's Office (former) | |

| | | |
|---|---|---|
| Gavin Kliger | Senior Advisor with the Secretary's Office (former) | |
| Alec Varsamis | Deputy Communications Director | |
| John Walk | Acting Deputy Under Secretary for FNCS (former) | |

Thank you,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

---

**From:** Kurland, Benjamin S (CIV)
**Sent:** Monday, September 14, 2026 12:57 PM
**To:** Julia HemingSegal <Julia.HemingSegal@doj.ca.gov>
**Cc:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Maria Buxton <Maria.Buxton@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Chung, Jennifer (ATG) <jennifer.chung@atg.wa.gov>; Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Giles, Richard C (CIV) <Richard.C.Giles@usdoj.gov>
**Subject:** RE: California v. USDA - Discovery Order Next Steps

Hi Julia,

Betsy and I are available Thursday at 2 ET.

Thank you,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

---

**From:** Julia HemingSegal <Julia.HemingSegal@doj.ca.gov>
**Sent:** Friday, September 11, 2026 5:16 PM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Maria Buxton <Maria.Buxton@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Chung, Jennifer (ATG) <jennifer.chung@atg.wa.gov>; Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Giles, Richard C (CIV) <Richard.C.Giles@usdoj.gov>
**Subject:** [EXTERNAL] RE: California v. USDA - Discovery Order Next Steps

Ben,

Now that Judge Chesney has denied Defendants' stay motion, we are again reaching out to schedule a meet and confer regarding Plaintiffs' RFPs 8 and 9, pursuant to Judge Westmore's order. Again, we think it would be most efficient for Defendants to provide a proposed list of custodians for those two RFPs in advance of the meet and confer.

Accordingly, we propose that Defendants provide that list by Wednesday and that we meet and confer on Thursday or Friday. We are available at the following times:

- Thursday, September 17 at 2-5pm ET/11am-2pm PT
- Friday, September 18 at 1:30-3 ET/10:30am-12pm PT

Thanks,
Julia

**Julia Heming Segal**
Deputy Attorney General
Civil Rights Enforcement Section
California Department of Justice
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA 94102-7004
Tel: (415) 229-0128
Email: Julia.HemingSegal@doj.ca.gov

---

**From:** Julia HemingSegal
**Sent:** Friday, September 4, 2026 8:49 AM
**To:** 'Kurland, Benjamin S (CIV)' <Ben.Kurland@usdoj.gov>
**Cc:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Maria Buxton <Maria.Buxton@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Chung, Jennifer (ATG) <jennifer.chung@atg.wa.gov>; Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Giles, Richard C (CIV) <Richard.C.Giles@usdoj.gov>
**Subject:** RE: California v. USDA - Discovery Order Next Steps

Hi Ben,

It shouldn't take Defendants very long to draft any objections, given that Defendants have already had Judge Westmore's order since Monday and objections are limited to 5 pages. Also, under the Local Rules, the Court will rule on the objections within 14 days. If Defendants agree to provide the requested preliminary list of custodians and to meet and confer with us in good faith on RFP Nos. 8 and 9, as Magistrate Westmore ordered, we are willing to agree at this time to extend the AR and discovery deadlines by 21 days or until Chesney rules on your objections, whichever is earlier. Twenty-one days provides ample time for Defendants to file their objections and to get a ruling from Judge Chesney. If, 21 days from now, Defendants still believe they need more than the time remaining to comply with Judge Westmore's order, we can discuss it then. But this case is now more than 13 months old, and we *still* don't have a complete record—and Defendants' delay in providing a complete record continues to be the impediment to this case progressing towards summary judgment.

Thanks,

Julia

---

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Thursday, September 3, 2026 10:46 AM
**To:** Julia HemingSegal <Julia.HemingSegal@doj.ca.gov>

**Cc:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Maria Buxton <Maria.Buxton@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Chung, Jennifer (ATG) <jennifer.chung@atg.wa.gov>; Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Giles, Richard C (CIV) <Richard.C.Giles@usdoj.gov>
**Subject:** Re: California v. USDA - Discovery Order Next Steps

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Julia,

Defendants intend to object to the Magistrate Judge's order, so believe a meet and confer is premature. Would Plaintiffs agree to a stay of the 30-day deadline pending reduction of the objections?

Thank you,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

---

**From:** Julia HemingSegal <Julia.HemingSegal@doj.ca.gov>
**Sent:** Wednesday, September 2, 2026 1:39 PM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Cc:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Maria Buxton <Maria.Buxton@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>; Chung, Jennifer (ATG) <jennifer.chung@atg.wa.gov>; Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** [EXTERNAL] California v. USDA - Discovery Order Next Steps

Ben,

We write to schedule a meet and confer regarding Plaintiffs' Requests for Production Nos. 8 and 9, pursuant to Judge Westmore's August 31 Order. To ensure that the parties can meaningfully engage regarding the appropriate scope of those requests, please provide defendants' proposed list of custodians for those two Requests for Production by Tuesday, September 8.

In addition, since the Court's Order responds to our proposal to "address Defendants' overbreadth objection by discussing relevant custodians after Defendants respond to Interrogatories No. 1-5," we think it makes sense for Defendants to produce their required responses to Interrogatories Nos. 1 and 4 in advance of our meet and confer. At minimum, a response to Interrogatory No. 1 (which the Court agreed "goes to ensuring that the record is complete") will facilitate a productive discussion about next steps. Let us know if Defendants will agree to that.

Once we review Defendants' initial responses and proposed custodians for these requests, we will be prepared to discuss the appropriate scope of the requests. Our team is available at the following times for the meet and confer:

Wednesday, September 9, 11-1PT/2-4ET

Friday, September 11, 9:30-2PT/12:30-5ET

We believe this schedule will accommodate Defendants' obligation to produce the ordered discovery responses by the Court's deadline of September 30, but please let us know if you'd prefer to meet and confer sooner.

We also note that independent of Defendants' obligation to produce the ordered discovery, Defendants have an obligation to produce a complete administrative record by September 30.

Let us know what works for you, and we can send a Teams links for the meeting.

Best,

Julia

**Julia Heming Segal**
Deputy Attorney General
Civil Rights Enforcement Section
California Department of Justice
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA 94102-7004
Tel: (415) 229-0128
Email: Julia.HemingSegal@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.