BRETT A. SHUMATE
Assistant Attorney General
TYLER J. BECKER
Counsel to the Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BENJAMIN S. KURLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
*Counsel for Defendants*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Formatted: Line spacing: single

| | |
|---|---|
| ~~Plaintiff,~~<br>~~v.~~<br>~~Defendant.~~ | ~~Case No.~~<br>~~MODEL STIPULATED PROTECTIVE ORDER (for standard litigation)~~ |
| STATE OF CALIFORNIA, *et al.*,<br>*Plaintiffs*,<br>v.<br>UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br>*Defendants*. | Case No. 3:25-cv-06310-MMC-KAW<br>**STIPULATED PROTECTIVE ORDER** |

Formatted Table

Formatted: Font: Bold

Formatted: Right: 0", Line spacing: single

Formatted: Indent: Left: 0.5", Right: 0"

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action ~~are likely to involve~~implicates production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 House Counsel: attorneys who are employees of a ~~party~~Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of a partyParty to this action but are retained to represent or advise a partyParty to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalfwho, as employees of that partythe Department of Justice, represent parties to this action, or who, as employees of state attorneys general offices (for all Plaintiff States other than Kentucky and Pennsylvania) or the governors offices of Kentucky or Pennsylvania, represent parties to this action.

2.10 Party: any partyParty to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs). For Plaintiff States, the term "Party" includes the governors' offices and the state agencies that administer or oversee the administration of the Supplemental Nutrition Assistance Program (including any subagencies' parent agencies).

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Where, pursuant to section 5.2, a Designating Party has identified a portion or portions of a document as CONFIDENTIAL, the remaining portions shall not be deemed CONFIDENTIAL. In these circumstances, if the Receiving Party redacts the portion or portions designated CONFIDENTIAL by the Designating Party, the Receiving Party may use and disclose the redacted version without restriction and need not file the redacted version under seal.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Therefore, if the Designating Party claims that a portion or portions of a document is CONFIDENTIAL solely on the basis of employee name(s) or contact information, then the Designating Party must clearly identify the portions designated CONFIDENTIAL, and the remaining portions shall not be deemed CONFIDENTIAL.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

**Formatted:** Indent: First line: 0.5"

appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony., or by letter from counsel within fourteen (14) days of receipt of written notification that the transcript is available, listing the specific pages and lines of the transcript and/or any exhibits that should be treated as "CONFIDENTIAL" Information. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) and any audio or video recording of the deposition shall be treated as "CONFIDENTIAL" Information under this Protective Order until the expiration of the above-referenced 14-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 14-day period but shall be subject to this Protective Order and the requirement of executing the certification attached as Exhibit A.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original

designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. or other litigation between any Plaintiff States or their officers or agencies and the United States or its officers or agencies, including *United States v. Kentucky Cabinet for Health & Family Servs.*, No. 3:26-cv-00051-CHB (E.D. Ky.); *United States v. Michigan Dep't. of Health & Human Servs.*, No. 1:26-cv-01950 (W.D. Mich.); *United States v. Minnesota Dep't. of Children, Youth, & Families*, No. 0:26-cv-03120 (D. Minn.); *United States v. Pennsylvania Dep't of Human Servs.*, No. 1:26-cv-01787-JPW (M.D. Pa.). Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material designated "CONFIDENTIAL" may not be disclosed pursuant to state public records disclosure laws unless the "CONFIDENTIAL" designation has been removed, waived, or otherwise previously successfully challenged pursuant to the provisions of section 6. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a

copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). ~~This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.~~

Pursuant to Rules 16(b) and 26(c) of the Federal Rules of Civil Procedure, and pursuant to Rule 502 of the Federal Rules of Evidence, the Parties further agree and it is hereby ORDERED:

This Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence.

The Court hereby orders pursuant to Rule 502(b) and (d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority that the inadvertent production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges, or any other applicable privilege. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any Party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

If a Party determines that it has inadvertently produced a document upon which it wishes to make a claim of privilege, the producing Party shall, within 7 days of making such determination, give all counsel of record notice of the claim of privilege. The notice shall identify each such document and the date it was produced. The producing Party must specify which portions of a document are privileged, and shall provide, along with the notice of the claim of privilege, a new copy of the document with the allegedly privileged portions redacted. Any party that complies with this paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials.

If a Party identifies a document that appears on its face or in light of facts known to the Party to be subject to another Party's claim of privilege, the Party identifying the potential claim of privilege is under a good-faith obligation to notify the Party holding the potential claim of privilege. Such notification shall not waive the identifying Party's ability to subsequently challenge any assertion of privilege with respect to the identified document. If the Party holding the potential claim of privilege wishes to assert a claim of privilege, it shall provide notice within 10 business days of receiving notice from the identifying Party.

Upon receiving notice of a claim of privilege on a produced document, the receiving Party must, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the specified information and any copies it has and may not use or disclose the information, except as provided by Fed. R. Civ. P. 26(b)(5)(B) (including to challenge the claim of privilege, which may require filing the document under seal for a determination of the claim), until the claim is resolved. Copies of privileged documents or information that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored; if such data is restored, the receiving Party must take steps to re-sequester the restored information. If the receiving Party disclosed the information before being notified, it must take reasonable steps to prevent further use of such information until the claim is resolved.

If a Party wishes to dispute a claim of privilege asserted on an inadvertently produced document, it must not assert, as a ground for compelling disclosure, the fact of the inadvertent disclosure to a Party in connection with the litigation. Pending resolution of the motion, the Parties shall not use the challenged information for any other purpose and shall not disclose it to any person other than those required by law to be served with a copy of the motion.

The Party wishing to assert a claim of privilege retains the burden, upon challenge, of establishing the applicability of the claimed privilege.

This Order does not preclude a Party from voluntarily waiving any claims of privilege. The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses privileged information to support a claim or defense.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must take reasonable steps to return all Protected Material to the Producing Party or destroy such material, consistent with applicable law, including the Federal Records Act. As used in this subdivision, “all Protected Material” includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:

DATED: [X] BRETT A. SHUMATE
Assistant Attorney for Plaintiff General

Formatted: Indent: Left: 3", Right: 0", Line spacing: single, Keep with next, Tab stops: Not at 3.25"

DATED:

Civil Division

TYLER J. BECKER
Counsel to the Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

DRAFT
BENJAMIN S. KURLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 598-7755
ben.kurland@usdoj.gov

*Counsel for Defendant*

Formatted: Font: Italic

Formatted: Indent: Left: 3", Right: 0", Line spacing: single, Tab stops: Not at 3.25"

Formatted: Right: 0", Line spacing: single, Tab stops: Not at 3.25"

Dated: October 8, 2026

Rob Bonta
Attorney General of California
Paul Stein
Robin Goldfaden
Supervising Deputy Attorneys General
Sebastian Brady
William Bellamy
Maria F. Buxton
Joseph H. Meeker
Liam E. O'Connor

*Julia Heming Segal*
Julia Heming Segal
Deputy Attorney General
*Attorneys for Plaintiff State of California*

Letitia James
Attorney General of New York

*/s/ Mark Ladov*
Mark Ladov
Special Counsel
Julie Dona
Special Counsel
28 Liberty St.
New York, NY 10005
(212) 416-8240
mark.ladov@ag.ny.gov
*Attorneys for Plaintiff State of New York*

Kwame Raoul
Attorney General of Illinois

*/s/ Sherief Gaber*
Harpreet K. Khera
Bureau Chief, Special Litigation
Sherief Gaber
Assistant Attorney General
115 S. LaSalle St., 35th Flr.
Chicago, Illinois 60603
(773) 590-7127
sherief.gaber@ilag.gov
*Attorneys for Plaintiff State of Illinois*

Kristin Mayes
Attorney General of Arizona

*/s/ Luci D. Davis*
Luci D. Davis (AZ No. 035347)
Hayleigh S. Crawford (AZ No. 032326)
2005 N. Central Ave. Phoenix, AZ 85004
(602) 542-3333
Luci.Davis@azag.gov
Hayleigh.Crawford@azag.gov
ACL@azag.gov
*Attorneys for Plaintiff State of Arizona*

Philip J. Weiser
Attorney General of Colorado

*/s/ David Moskowitz*
David Moskowitz
Deputy Solicitor General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6000
david.moskowitz@coag.gov
*Attorneys for Plaintiff State of Colorado*

William Tong
Attorney General of Connecticut

*/s/ Patricia E. McCooey*
Patricia E. McCooey
Assistant Attorney General
(860) 808-5152
Patricia.McCooey@ct.gov
*Attorneys for Plaintiff State of Connecticut*

Kathleen Jennings
Attorney General of Delaware

*/s/ Vanessa L. Kassab*
Ian R. Liston
Director of Impact Litigation
Vanessa L. Kassab
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov
*Attorneys for Plaintiff State of Delaware*

Brian L. Schwalb
Attorney General for the District of Columbia

*/s/ Nicole S. Hill*
Nicole S. Hill
Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 727-4171
nicole.hill@dc.gov
*Attorneys for Plaintiff District of Columbia*

Anne E. Lopez
Attorney General of Hawai'i

*/s/ Kaliko'onālani D. Fernandes*
Special Assistant to the Attorney General
Kaliko'onālani D. Fernandes
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov
*Attorneys for Plaintiff State of Hawai'i*

Office of The Governor *ex rel*. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky

*/s/ S. Travis Mayo*
S. Travis Mayo
General Counsel
Laura C. Tipton
Deputy General Counsel
Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
laurac.tipton@ky.gov
*Attorneys for Plaintiff Kentucky Governors' Office*

Aaron M. Frey
Attorney General of Maine

*/s/ Brendan Kreckel*
Brendan Kreckel
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 0433-0006
Tel.: 207-626-8800
Fax: 207-287-3145
brendan.kreckel@maine.gov
*Attorneys for Plaintiff State of Maine*

Anthony G. Brown
Attorney General of Maryland

*/s/ James C. Luh*
James C. Luh
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6411
jluh@oag.state.md.us
*Attorneys for Plaintiff State of Maryland*

Andrea Joy Campbell
Attorney General of Massachusetts

*/s/ Katherine Dirks*
Katherine Dirks
Chief State Trial Counsel
Cassandra Thomson
Assistant Attorney General
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
cassandra.thomson@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

Dana Nessel
Attorney General of Michigan

*/s/ Neil Giovanatti*
Neil Giovanatti
Assistant Attorney General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
giovanattin@michigan.gov
*Attorneys for Plaintiff State of Michigan*

Keith Ellison
Attorney General of Minnesota

*/s/ Joseph R. Richie*
Joseph R. Richie
Special Counsel
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 300-0921
joseph.richie@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

Jennifer Davenport
Attorney General of New Jersey

/s/ *Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008)
Assistant Attorney General
New Jersey Office of the Attorney General, Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
kashif.chand@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

Raúl Torrez
Attorney General of the State of New Mexico

*/s/ Steven Prefrement*
Steven Perfrement
Senior Litigation Counsel
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
SPerfrement@nmdoj.gov
505-601-7727
*Attorneys for the State of New Mexico*

Dan Rayfield
Attorney General of Oregon

*/s/ Scott P. Kennedy*
Scott P. Kennedy
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 453-9050
Fax (971) 673-5000
Scott.Kennedy@doj.oregon.gov
*Attorneys for Plaintiff State of Oregon*

Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania

*/s/ Jacob B. Boyer*
Jennifer Selber
General Counsel
Jacob B. Boyer
Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 460-6786
jacobboyer@pa.gov
*Counsel for Governor Josh Shapiro*

Peter F. Neronha
Attorney General of Rhode Island

/s/ *Madeline R. Becker*
Madeline R. Becker (RI Bar No. 10034)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2151
mbecker@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

Nicholas W. Brown
Attorney General of Washington

*/s/ Jennifer K. Chung*
Jennifer K. Chung, WSBA #51583
William Mcginty, WSBA #41868
Julie Moroney, WSBA #59017
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
jennifer.chung@atg.wa.gov
william.mcginty@atg.wa.gov
julie.moroney@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

Joshua L. Kaul
Attorney General of Wisconsin

*/s/ Karla Z. Keckhaver*
Karla Z. Keckhaver
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-6365
karla.keckhaver@wisdoj.gov
*Attorneys for Plaintiff State of Wisconsin*

Aaron D. Ford
Attorney General of Nevada

*/s/ Heidi Parry Stern*
Heidi Parry Stern (Bar. No. 8873)
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov
*Attorneys for Plaintiff State of Nevada*

**Formatted:** Right: 0", Line spacing: single, Widow/Orphan control, Tab stops: Not at 3.25"

PURSUANT TO STIPULATION, IT IS SO ORDERED.

~~DATED:~~ ______________________ ______________________

DATED: [X] ______________________

HON. KANDIS A. WESTMORE

United States ~~District~~ Magistrate Judge

Formatted: Right: 0", Line spacing: single, Tab stops: Not at 3.25"

Formatted: Indent: Left: 3", Right: 0", Line spacing:

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of ~~___________ [insert formal name of the case and the number and initials assigned to it by the court].~~ *State of California, et al., v. U.S. Department of Agriculture, et al.*, No. 3:25-cv-06310-MMC-KAW (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint __________________________ [print or type full name] of _______________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________________________

City and State where sworn and signed: _________________________________

Printed name: _______________________________

Signature: __________________________________